# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Tesla, Incorporated; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO,

    *Petitioners/ Cross-Respondents*

    v.

National Labor Relations Board,

    *Respondent/Cross-Petitioner*

No. 22-60493

## TESLA'S UNOPPOSED MOTION TO INTERVENE

In accordance with Federal Rules of Appellate Procedure 15(d) and 27(a)(3) and Fifth Circuit Rule 15.5, Petitioner/Cross-Respondent Tesla, Inc. hereby moves to intervene in opposition to the petition for review filed by Petitioner International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO ("Union").

In the order on review, the National Labor Relations Board agreed with the Union's argument that Tesla's "Team Wear" policy—which requires that certain employees wear a certain uniform—violates the National Labor Relations Act. Although the Union succeeded before the

Board on that argument, it has filed a petition for review, which is consolidated with Tesla's pending petition for review before this Court. According to correspondence from the Union's counsel, the Union intends to challenge the Board's decision not to order a notice-reading remedy that the Union favored and that Tesla opposed.

In NLRB appeals, the successful party before the Board—whether that party filed the charge or defended against it—has a right to intervene in the courts of appeals to defend the Board's order. *See Automobile Workers v. Scofield*, 382 U.S. 205, 208 (1965). By the same principle, charging and charged parties that succeeded only partially before the Board have a right to defend the portions of the Board order on which they were successful. *See id.* at 210 (describing such "hybrid situation[s]").

A similar situation arose in another recent Fifth Circuit appeal between these parties. *See Tesla, Inc. v. NLRB*, No. 21-60285 (5th Cir. filed Apr. 2, 2021). The Union had largely succeeded before the Board, but Tesla had succeeded on some issues, and both petitioned for review and moved to intervene. This Court granted both motions to intervene. *See* Order, *Tesla* (No. 21-60285), Doc. No. 00515879355 (attached as Exhibit

A). The same result is appropriate here. If the Union plans to renew its argument that a notice-reading remedy is justified, Tesla has a strong interest in opposing that argument and defending the Board's refusal to impose such a remedy.

This motion to intervene is timely under Federal Rule of Appellate Procedure 15(d) because it is filed within 30 days of the September 6, 2022 filing of the Union's petition for review. It is also timely under Fifth Circuit Rule 15.5 because it is filed more than 14 days from the due date of the Board's response brief, which has not yet been established.

In accordance with Fifth Circuit Rule 27.4, Tesla states that its counsel contacted counsel for the UAW and the Board and that neither party opposes this motion.

Dated: October 6, 2022

Respectfully submitted,

s/ Michael E. Kenneally
David B. Salmons
Michael E. Kenneally
David R. Broderdorf
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 739-3000

*Counsel for Tesla, Inc.*

## CERTIFICATE OF SERVICE

I certify that on 6th day of October, 2022, a true and correct copy of the foregoing was filed electronically and served on counsel of record for all other parties through this Court's CM/ECF system.

Dated:  October 6, 2022          s/ Michael E. Kenneally
                                                Michael E. Kenneally

                                                *Counsel for Tesla, Inc.*

## CERTIFICATE OF COMPLIANCE

1.　　This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 426 words.

2.　　This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated:  October 6, 2022　　　　　　　s/ Michael E. Kenneally
　　　　　　　　　　　　　　　　　　Michael E. Kenneally

　　　　　　　　　　　　　　　　　　*Counsel for Tesla, Inc.*

# EXHIBIT A

# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-60285

---

Tesla, Incorporated,

*Petitioner Cross-Respondent*,

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO,

*Petitioner*,

*versus*

National Labor Relations Board,

*Respondent Cross-Petitioner*.

---

Petition for Review of an Order of the
National Labor Relations Board
Agency No. 32-CA-197020
Agency No. 32-CA-197058
Agency No. 32-CA-197091
Agency No. 32-CA-197197
Agency No. 32-CA-200530
Agency No. 32-CA-208614
Agency No. 32-CA-210879
Agency No. 32-CA-220777

---

ORDER:

IT IS ORDERED that the unopposed motion of International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO for leave to intervene on behalf of National Labor Relations Board is GRANTED.

IT IS ORDERED that the unopposed cross-motion of Tesla, Incorporated for leave to intervene on behalf of National Labor Relations Board is GRANTED.

　　　　　　　　　　　　　　/s/ *Catharina Haynes*
　　　　　　　　　　　　　　CATHARINA HAYNES
　　　　　　　　　　　　　　*United States Circuit Judge*