No. 22-60493

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

TESLA, INC.,
Petitioner & Cross-Respondent

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL–CIO (UAW)
Petitioner

v.

NATIONAL LABOR RELATIONS BOARD,
Respondent & Cross-Petitioner

## On Appeal from
National Labor Relations Board
32-CA-197020, 32–CA–197058, 32–CA–197091, 32–CA–197197, 32–CA–200530, 32–CA–208614, 32–CA–210879 & 32–CA–220777

## MOTION FOR LEAVE TO INTERVENE

SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
MARGO A. FEINBERG      DANIEL E. CURRY
6300 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90048
Telephone:  (323) 655-4700  Facsimile:  (323) 655-4488
Email:  margo@ssdslaw.com dec@ssdslaw.com

Attorneys for Proposed Intervenors International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO (UAW)

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL–CIO ("UAW") moves for leave to intervene in support of the Respondent National Labor Relations Board and opposed to Petitioner Tesla, Inc. in Case No. 22-60493 pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure and Rule 15.5 of the Fifth Circuit.

Petitioner Tesla Inc. filed a Petition to Review the Order of the National Labor Relations Board ("NLRB" or "Labor Board") entered on August 29, 2022 in Case No. 32-CA-197020, *et al*. UAW was the charging party in the administrative proceedings, in which the NLRB ordered Tesla to cease and desist and engage in certain affirmative actions. UAW has a significant interest in this action in that a decision of this Court setting aside or modifying the portions of the NLRB's decision challenged by Tesla would materially affect its members' right to engage in concerted activity protected under § 7 of the National Labor Relations Act.

Under FRAP Rule 15(d) and Fifth Circuit Rule 15.5, an interested party may move to intervene before the Fifth Circuit Court of Appeals. In *International Union v. Scofield*, 382 U.S. 205, 208 (1965), the Supreme Court held: "[B]oth the successful charged party . . . and the successful charging party. . . have a right to intervene in the Court of Appeals proceeding which reviews or enforces Labor Board orders." Here, UAW, the applicant for intervention, was in part the successful charging party before the NLRB.

UAW has also filed its own Petition to Review the NLRB's order in Case No. 32-CA-197020, *et al*. The UAW originally filed its Petition in the Ninth Circuit, *UAW v. NLRB,* Case No. 22-1480, but the US Judicial Panel on Multidistrict Litigation has moved this proceeding to the Fifth Circuit and consolidated it with Case No. 22-60493. However, UAW's Petition relates only to a small portion of the NLRB's order where UAW was the unsuccessful party. This portion does not overlap with the portions of the Order that Tesla objects to in its Petition. UAW files this motion in order to ensure it has the right, as an intervenor, to file an answering brief in response to Tesla's Opening Brief in this matter. The UAW will be supporting the National Labor Relations Board.

This motion is made within 30 days of Tesla's Petition to Review. (F.R.C.P. 15(d))

Pursuant to Fifth Circuit Rule 27.4, on October 4, 2022, Tesla Counsel Michael E. Kenneally informed UAW that Tesla will not oppose this Motion For Leave to Intervene. On October 5, 2022, NLRB Counsel Micah Jost informed UAW that the NLRB will not oppose this Motion For Leave to Intervene.

For these reasons, UAW requests its motion for leave to intervene be granted.

DATED: October 6, 2022

                            SCHWARTZ, STEINSAPIR, DOHRMANN
                               & SOMMERS LLP
                            MARGO A. FEINBERG
                            DANIEL E. CURRY

                            By    /s/Daniel E. Curry
                                  DANIEL E. CURRY
                                 Attorneys for UAW

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 27(d)(2)(A) because this document contains 606 words in total.

2. This document complies with the typeface requirements of FED. R. APP. P. 27(d)(1)(E), 32(a)(5), and 5th CIR. R32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Office 2019 in Times Roman Numeral font size 14.

DATED: October 6, 2022

          SCHWARTZ, STEINSAPIR, DOHRMANN
            & SOMMERS LLP
          MARGO A. FEINBERG
          DANIEL E. CURRY

          By    /s/Daniel E. Curry
              DANIEL E. CURRY
             Attorneys for UAW