OFFICIAL REPORT OF PROCEEDINGS

BEFORE THE

NATIONAL LABOR RELATIONS BOARD

REGION 32

In the Matter of:

| | |
|---|---|
| TESLA, INC., | Case No.    32-CA-197020 |
| | 32-CA-197058 |
| and | 32-CA-197091 |
| | 32-CA-197197 |
| MICHAEL SANCHEZ, AN INDIVIDUAL, | 32-CA-200530 |
| | 32-CA-208614 |
| and | 32-CA-210879 |
| | |
| JONATHAN GALESCU, AN INDIVIDUAL, | |
| | |
| and | |
| | |
| RICHARD ORTIZ, AN INDIVIDUAL, | |
| | |
| and | |
| | |
| INTERNATIONAL UNION, UNITED | |
| AUTOMOBILE, AEROSPACE AND | |
| AGRICULTURAL WORKERS OF AMERICA, | |
| AFL-CIO, | |
| | |
| Charging Party, | |

---

---

GENERAL COUNSEL EXHIBITS

Place: Oakland, California

Dates: June 14, 2018

OFFICIAL REPORTERS
eScribers, LLC
E-Reporting and E-Transcription
7227 North 16th Street, Suite 207
Phoenix, AZ 85020
(602) 263-0885


www.escribers.net | 800-257-0885

**TESLA, INC.**

and

**MICHAEL SANCHEZ, an Individual**

and

**JONATHAN GALESCU, an Individual**

and

**RICHARD ORTIZ, an Individual**

and

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO**

**Cases: 32-CA-197020**
**32-CA-197058**
**32-CA-197091**
**32-CA-197097**
**32-CA-200530**
**32-CA-208614**
**32-CA-210879**

## INDEX AND DESCRIPTION OF FORMAL DOCUMENTS

1(a)    Charge Against Employer 32-CA-197020, dated 4-17-17

1(b)    Affidavit of Service of 1(a)

1(c)    Charge Against Employer 32-CA-197058, dated 4-17-17

1(d)    Affidavit of Service of 1(c)

1(e)    Charge Against Employer 32-CA-197091, dated 4-18-17

1(f)    Affidavit of Service of 1(e)

1(g)    Charge Against Employer 32-CA-197197, dated 4-19-17

1(h)    Affidavit of Service of 1(g)

1(i)    Charge Against Employer 32-CA-200530, dated 6-12-17

1(j)    Affidavit of Service of 1(i)

GE1 (22)

EXHIBIT NO. GC 1(zz) RECEIVED ✓ REJECTED
32-CA-197020   CASE NAME: Tesla, Inc.
CASE NO.
OF 4   DATE: 6/11/18 REPORTER: BRAST

22-60493.2624

### INDEX AND DESCRIPTION OF FORMAL DOCUMENTS CONTINUED

1(ll)    Respondents Tesla, Inc.'s Answer to Third Order Consolidating Cases and Second Amended Consolidated Complaint, dated 4-23-18

1(mm)    Request for a Motion to Change the Hearing, dated 5-2-18

1(nn)    Order Denying Request to Reschedule Hearing, dated 5-3-18

1(oo)    Affidavit of Service of 1(nn)

1(pp)    Motion to Take Video Testimony of Will Locklear, dated 5-29-18

1(qq)    Affidavit of Service of 1(pp)

1(rr)    Order to Show Cause Regarding General Counsel's Motion to Take Video Testimony, dated 5-29-18

1(ss)    Order Granting Motion to Permit Videoconference Testimony, dated 5-31-18

1(tt)    Amendment to Second Amended Consolidated Complaint and Notice of Hearing, dated 6-4-18

1(uu)    Affidavit of Service of 1(tt)

1(vv)    Order Granting Respondent's Motion for Reconsideration and Amended Order Denying General Counsel's Motion to Permit Videoconference Testimony, dated 6-6-18

1(ww)    Counsel for the General Counsel's Request for Special Permission to Appeal the Administrative Law Judge's Amended Order Denying General Counsel's Motion to Permit Videoconference Testimony of a Critical Third-Party Witness, dated 6-8-18

1(xx)    Affidavit of Service of 1(ww)

1(yy)    Respondent's Motion to Dismiss For Lack of Jurisdiction, dated 6-11-18

1(zz)    Index and Description of Formal Documents

## INDEX AND DESCRIPTION OF FORMAL DOCUMENTS CONTINUED

| | |
|---|---|
| 1(k) | First Amended Charge Against Employer 32-CA-190720, dated 7-28-17 |
| 1(l) | Affidavit of Service of 1(k) |
| 1(m) | First Amended Charge Against Employer 32-CA-197058, dated 7-28-17 |
| 1(n) | Affidavit of Service of 1(m) |
| 1(o) | First Amended Charge Against Employer 32-CA-197091, dated 7-28-17 |
| 1(p) | Affidavit of Service of 1(o) |
| 1(q) | First Amended Charge Against Employer 32-CA-197197, dated 7-28-17 |
| 1(r) | Affidavit of Service of 1(q) |
| 1(s) | First Amended Charge Against Employer 32-CA-200530, dated 7-28-17 |
| 1(t) | Affidavit of Service of 1(s) |
| 1(u) | Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, dated 8-31-17 |
| 1(v) | Affidavit of Service of 1(u) |
| 1(w) | Second Order Consolidating Cases, Amended Consolidated Complaint and Notice of Hearing, dated 9-1-17 |
| 1(x) | Affidavit of Service of 1(w) |
| 1(y) | Respondent Tesla, Inc.'s Answer to Complaint, dated 9-15-17 |
| 1(z) | Charge Against Employer 32-CA-208614, dated 10-25-17 |
| 1(aa) | Affidavit of Service of 1(y) |
| 1(bb) | Order Postponing Indefinitely, dated 10-26-17 |
| 1(cc) | Affidavit of Service of 1(cc) |
| 1(dd) | Charge Against Employer 32-CA-210879, dated 12-01-17 |
| 1(ee) | Affidavit of Service of 1(dd) |
| 1(ff) | First Amended Charge Against Employer 32-CA-210879, dated 12-06-17 |
| 1(gg) | Affidavit of Service of 1(ff) |
| 1(hh) | First Amended Charge Against Employer 32-CA-208614, dated 3-13-18 |
| 1(ii) | Affidavit of Service of 1(hh) |
| 1(jj) | Third Order Consolidating Cases, Second Amended Consolidated Complaint and Notice of Hearing, dated 3-30-18 |
| 1(kk) | Affidavit of Service of 1(jj) |

UNITED STATES OF AMERICA

BEFORE THE NATIONAL LABOR RELATIONS BOARD

REGION 32

| | |
|---|---|
| **TESLA, INC.**<br><br>**and**<br><br>**MICHAEL SANCHEZ, an Individual**<br><br>**and**<br><br>**JONATHAN GALESCU, an Individual**<br><br>**and**<br><br>**RICHARD ORTIZ, an Individual**<br><br>**and**<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURE WORKERS OF AMERICA, AFL-CIO** | Cases 32-CA-197020<br>32-CA-197058<br>32-CA-197091<br>32-CA-197197<br>32-CA-200530<br>32-CA-208614<br>32-CA-210879 |

**RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

I.     **INTRODUCTION**

On the eve of trial, and days after Tesla served its petitions to revoke the Region's and the Union's subpoenas *duces tecum* seeking Elon Musk's private communications based, in part, on the Complaint's failure to allege Mr. Musk's personal involvement in a single unfair labor practice, the Region filed and served an "Amendment to the Second Amended Consolidated Complaint."  For the very first time since it began its investigation nearly 14 months ago, the Region now conveniently alleges that Mr. Musk and Gaby Toledano violated Section 8(a)(1).  Tesla will not speculate as to why these allegations arising out of a June 7, 2017 meeting were

GC 1(yy)

22-60493.2627

EXHIBIT NO. GC-2(yy)    RECEIVED ✓    REJECTED___

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

_ OF  82    DATE: 6/11/18 REPORTER: B. RAST

omitted from the Union's June 12, 2017 charge filed in Case 32-CA-200530, the Union's July 28, 2017 amended charge filed in Case 32-CA-200530, the August 31, 2017 Consolidated Complaint, the September 1, 2017 Amended Consolidated Complaint, the Union's October 25, 2017 charge filed in Case 32-CA-208614, the Union's December 1, 2017 charge filed in Case 32-CA-210879, the Union's December 6, 2017 amended charge filed in Case 32-CA-210879, the Union's March 13, 2018 amended charge filed in Case 32-CA-200530, and the March 31, 2018 Second Amended Consolidated Complaint.  Regardless of whether these omissions resulted from sheer inadvertence by the Union or overly zealous prosecutorial gamesmanship by the General Counsel, the Region cannot establish its jurisdiction over these allegations by carrying its burden of proving that they are "closely related" to the violations asserted in any charge filed by the Union within the 10(b) limitations period.  Even if the General Counsel could somehow prove these allegations at trial (he cannot), the jurisdictional defect is incurable.  Accordingly, in the interest of judicial economy and avoiding the prejudice resulting to Tesla should it be forced to defend allegations that are insufficient as a matter of law, Tesla respectfully requests that each of the allegations asserted in the Amendment to the Second Amended Consolidated Complaint be dismissed.

## II.    PROCEDURAL AND OPERATIVE FACTS

### A.    The Union's Initial Charges—and the Region's Initial Complaints—Make No Allegations Against Mr. Musk or Ms. Toledano.

Between April 17, 2017 and July 28, 2017, the Charging Parties and their attorney Margo A. Feinberg (Counsel for Charging Parties) filed 5 unfair labor practice charges and 5 amended charges against Tesla, Inc. ("Tesla") under Case Nos. 32-CA-197020, 32-CA-197058, 32-CA-197091, 32-CA-197197, and 32-CA-200530.  None of these charges asserted any allegations against Tesla's CEO Elon Musk ("Mr. Musk"), Tesla's Chief People Officer Gaby Toledano

22-60493.2629

(Ms. Toledano), or Tesla's Director of HR for Production Josh Hedges ("Mr. Hedges"). By letter dated July 7, 2017, Field Attorney for Region 32 Edris W.I. Rodriguez Ritchie ("Mr. Rodriguez Ritchie") requested to take affidavits from Lisa Lipson, Lauren Holcomb, David Zweig, and Seth Woody as evidence regarding the allegations raised in Case 32-CA-200530,[1] a copy of which is attached hereto as **Exhibit A**, and further requested that Tesla submit a position statement ("7/7/2017 Request for Evidence," attached hereto as **Exhibit B**).

On August 31, 2017, the Regional Director for Region 32 ("Region") issued a Consolidated Complaint alleging, among other things, that Tesla's HR Business Partner David Zweig attempted to prohibit an employee from discussing safety concerns with other employees and/or with the Union on April 5, 2017; that Respondent's Director of Global Environmental Health and Safety Seth Woody attempted to prohibit an employee from discussing safety concerns with other employees and/or the Union on April 28, 2017; and that Human Resources Business Partner Lisa Lipson interrogated employees about protected concerted activities and/or union activities in the presence of Environmental Health and Safety Sustainability Specialist Lauren Holcomb during two separate meetings on May 24, 2017 ("Consolidated Complaint," attached hereto as **Exhibit C**). Though the Consolidated Complaint did not allege that Tesla Mr. Musk committed or was otherwise involved in any unfair labor practice, it named him as a statutory supervisor.[2] By contrast, the Consolidated Complaint did not name or otherwise reference Ms. Toledano or Mr. Hedges.

---

[1] The initial charge filed in case 32-CA-200530 is the only one of the aforementioned charges filed after June 7, 2017.
[2] The Region issued the Amended Consolidated Complaint the following day, apparently to remove the facially inaccurate allegation that Tesla is a "health care institution within the meaning of Section 2(14) of the Act."

22-60493.2630

**B.     The Region Takes Ms. Toledano's Affidavit and Does Not Ask Her Questions About any June 7, 2017 Meeting with Mr. Musk and Tesla Employees.**

On October 25, 2017, Charging Parties and their counsel filed the initial charge in Case No. 32-CA-208614, a copy of which is attached hereto as **Exhibit D**.  The charge does not assert any allegations against Mr. Musk, Ms. Toledano, or Mr. Hedges.  By letter dated November 21, 2017, Mr. Rodriguez Ritchie requested to take affidavits from "Vannick Ly, Lehi Gomez, Paul James, Arnold Camat, Timothy Fenelon, Tope Ogunniyi, Kyle Martin, Mario Last Name Unknown, Elena Elliott, Ricky Gecewich, Albert Rios, Duwone Ashley, Thuy Truong, Juan Martinez; Sean Boone; Kyle Last Name Unknown (Human Resources), Nicole White, Chris Padilla" and "Dane Last Name Unknown (Human Resources) as evidence regarding the allegations raised in Case 32-CA-208614, and further requested that Tesla submit a position statement ("11/21/2017 Request for Evidence," attached hereto as **Exhibit E**).  Though not requested, Tesla made Ms. Toledano available to provide an affidavit to Mr. Rodriguez Ritchie given her involvement in the implementation of the employee evaluation resulting in the layoffs referenced in the Region's letter.  When Mr. Rodriguez Ritchie took her affidavit on February 5, 2018, he did not ask her about any June 7, 2017 meeting, and it was not discussed.

On December 1, 2017, Charging Parties and their counsel filed the initial charge in Case No. 32-CA-210879, a copy of which is attached hereto as **Exhibit F**.  The charge does not assert any allegations against Mr. Musk, Ms. Toledano, or Mr. Hedges.  By letter dated December 20, 2017, Mr. Rodriguez Ritchie requested to take affidavits from "Dave Teston, Associate Manager, Josh Surgeon, (title unknown to Board Agent but known by Employer), Shawn Gaines, Supervisor, Kevin Kassekert, Vice President for Infrastructure Development, Matthew Stewart, Supervisor, Tyler Ash, Supervisor, Andy McIndoe, Associate Production Manager, Cindie Reneau, Human Resources Representative" and "Elliot Kent, Supervisor" as evidence regarding the allegations raised in Case

-4-

32-CA-210879, and further requested that Tesla submit a position statement ("12/20/2017 Request for Evidence," attached hereto as **Exhibit G**).

On March 30, 2017, the Region issued a Second Amended Consolidated Complaint (the "Operative Complaint"), a copy of which is attached hereto as **Exhibit H**. In addition to the allegations asserted in the Consolidated Complaint and the Amended Consolidated Complaint, the Operative Complaint alleged that Supervisor Homer Hunt made a statement of futility to employees in August of 2017; that Tesla's supervisors Tope Ogunniyi and Tim Fenelon disparately enforced work apparel restrictions against employees wearing clothing with Union insignia; that Employee Relations Investigator Ricky Gecewich interrogated employees about their protected activities in separate meetings conducted September 21, 2017 and October 19, 2017 and promulgated/disparately enforced a rule prohibiting employees from accessing internal work systems without proper business justification also on October 19, 2017; that Respondent unlawfully discharged Richard Ortiz on October 18, 2017; and that Respondent unlawfully disciplined Jose Moran on October 19, 2018. The Operative Complaint again named Mr. Musk as a statutory supervisor notwithstanding its failure to allege that he committed or was otherwise involved in any unfair labor practice. The Operative Complaint did not name or otherwise reference Ms. Toledano or Mr. Hedges. Nor did the Operative Complaint contain any allegations pertaining to the layoffs for which Ms. Toledano provided an affidavit to Mr. Rodriguez Ritchie.

C.    **Tesla Petitions to Revoke the Requests of the General Counsel's and the Union's Subpoenas *Duces Tecum* Seeking Mr. Musk's and Ms. Toledano's Electronic Communications Because There Are No Pending Allegations Against Them.**

On May 24, 2018, the Region served Tesla with subpoena *duces tecum* B-1-118CRIT ("Region's SDC") which contained several requests for Mr. Musk's personal email and social

22-60493.2632

media communications.  In its May 31, 2018 petition to revoke these requests, Tesla objected due to their irrelevance to any of the matters alleged in the complaint.  The petition stated: "None of the witnesses, including Gecewich stated that any of the individuals listed in Request No. 7 (including Elon Musk) participated in the decision to terminate Ortiz and counsel Moran for their misconduct.  In fact, the Complaint does not even allege that Elon Musk … violated any section of the NLRA, much less section 8(a)(3).  In its objections to Request No. 10, Tesla reiterated: "***There is no allegation that Elon Musk directed, was involved in, or in any way influenced any of the decisions or actions described in the Complaint.***"

On May 31, 2018, the Union served Tesla with subpoenas *duces tecum* Nos. B-1-11BJS5V and B-1-11BKOEJ ("Union's SDC").  Like the Region's SDC, the Union's SDC requested Mr. Musk's electronic communications, but also sought those made by Ms. Toledano and Mr. Hedges.  In its June 4, 2018 petition to revoke these requests, Tesla repeatedly objected due to their irrelevance to any of the matters alleged in the Operative Complaint.  For example, Tesla wrote: "Of the 3 individuals listed in Request No. 14, the Complaint references only Elon Musk, and only to allege his supervisory status. There are accordingly no allegations pending in these proceedings with respect to the role played by Mr. Musk, Mr. Hedges, or Ms. Toledano in any actions unlawfully motivated by anti-union animus."

### D.   The Region Amends the Complaint to Allege that Mr. Musk and Ms. Toledano Made Unlawful Statements During a June 7, 2017 Meeting with Tesla Employees.

On June 4, 2018, the Region issued an "Amendment to the Second Amended Consolidated Complaint" (the "Amendment"), a copy of which is attached hereto as **Exhibit I.** In addition to listing Ms. Toledano and Mr. Hedges as statutory supervisors, the Amendment asserted new factual allegations.  Specifically, the Amendment alleged that, on June 7, 2017,

Mr. Musk "solicited employee complaints about safety issues and impliedly promised to remedy their safety complaints if they refrained from their union organizational activity" and "informed its employees that it would be futile for them to select a union as their bargaining representative by telling them that employees did not need a union and that Respondent would allow them to have a union if Respondent failed in its efforts to remedy their safety grievances." The Amendment also alleged that Ms. Toledano "restrained and coerced employees from engaging in union organizational activity by telling them that no one at Respondent's facility wanted a union and asking them why employees would want to pay union dues" at this same June 7, 2017 meeting. Though it named him as a statutory supervisor, the Amendment did not assert any factual allegations against Mr. Hedges.

## III.  ARGUMENT

### A.  A Region Lacks Jurisdiction to Issue a Complaint on Allegations which are not "Closely Related" to a Timely Filed Charge.

Section 10(b) of the Act provides that "no complaint shall issue based upon any unfair labor practice occurring more than 6 months prior to the filing of the charge with the Board." 29 U.S.C. § 160. Interpreting and applying this language, the Board and U.S. Courts of Appeal have observed that Section 10(b) therefore serves "two separate functions." *Carney Hospital*, 350 NLRB 627, 628 (2007) (quoting *Precision Concrete v. NLRB*, 334 F.3d 88, 90 (D.C. Cir. 2003) (quoting *Ross Stores, Inc. v. NLRB*, 235 F.3d 669, 677 (D.C. Cir. 2001) (Randolph, J., concurring)).

First, Section 10(b) functions in part as a statute of limitations by prohibiting the issuance of a complaint based on conduct occurring more than 6 months prior to the filing of a charge. *Carney Hospital*, 350 NLRB 627, 628 (2007). Second, to the extent it underscores the Board's and the General Counsel's inability to initiate unfair labor practice proceedings *sua sponte*,

22-60493.2634

"Section 10(b) operates as a jurisdictional[3] limitation, under which the Board (through the General Counsel) may investigate and prosecute conduct *only* in response to the filing of a 'charge.'" *Carney Hospital*, 350 NLRB 627, 628 (2007) (citing *Precision Concrete*, supra, 334 F.3d at 90) (emphasis added). By this limitation, Congress intentionally denied the Board the "power to initiate or expand unfair labor practice proceedings, at the Board's initiative." *Allied Waste Services of Massachusetts, LLC*, 01-CA-123082, -126843, 2014 WL 7429200 (Dec. 31, 2014). Thus, though it has reasonable latitude to investigate unfair labor practices in a manner that goes beyond "the precise particularizations of a charge," *NLRB v. Fant Milling Co.*, 360 U.S. 301, 309 (1959), this "does *not* mean the Board has 'carte blanche to expand the charge as [it] might please, or to ignore it altogether.'" *Id.*

Section 10(b) accordingly establishes two independent requirements for complaints: the unfair labor practices alleged therein must have occurred less than 6 months before the filing of a charge, and the allegations must be "closely related" to that charge. "If either of these requirements is not met, the complaint will be dismissed." *Trade Fair Supermarkets*, 354 NLRB 190, 192 (2009) ("Having found that the charge does not support the complaint, we also find that the judge erred in failing to dismiss the complaint on that basis."); *see KFMB Stations*, 343 NLRB 748, 748–749 (2004) (complaint allegation dismissed where alleged unfair labor practice occurred less than 6 months before charge was filed but complaint allegation not closely related

---

[3] Section § 3-600 of the most recent edition of the NLRB Benchbook states—without support— that "[s]ection 10(b) is not jurisdictional." This view runs contrary to the clear weight of the authorities. *See, e.g., Hyundai Am. Ship. Agency, Inc. v. NLRB*, 805 F.3d 309, 313 (D.C. Cir. 2015) (the Board "lacked jurisdiction" over allegation that employer unlawfully maintained workplace rule insofar as it was unrelated to unlawful discharge violation asserted in charge); *Teamsters Local 955*, 325 NLRB 605, 607 (1998); *Drug Plastics & Glass Co. v. NLRB*, 44 F.3d 1017, 1022 (D.C. Cir. 1995) ("Where the Board is unable to connect the allegations in its complaint with the charge allegation, we are unable to find that the Board has jurisdiction over the unrelated complaint allegations.")

22-60493.2635

to charge allegations); *Towne Ford, Inc.*, 327 NLRB 193, 198–199 (1998) (same); *Seton Co.*, 332 NLRB 979, 983–984 (2000) (complaint allegation dismissed where complaint allegation closely related to charge allegations but alleged unfair labor practice occurred more than 6 months before charge was filed).

As shown below, the Region is patently incapable of satisfying the "closely related" test as to the allegations of the Amendment and the violations alleged in any of the 3 charges filed by the Union within 6 months of the alleged June 7, 2017 meeting.

**B.    The Region Cannot Establish that the New Allegations are "Closely Related" to Any Pending, Timely-Filed Charge.**

Under its "closely related" test as set forth in *Reddi-I, Inc.*, 290 NLRB 1115, 1116 (1988) and modified in *Nickles Bakery of Indiana, Inc.*, 296 NLRB 927, 928 (1989), the Board (1) considers whether the timely and untimely allegations involve the same legal theory; (2) considers whether the otherwise untimely allegations arise from the same factual situation or sequence of events as the allegations in the timely charge; and (3) "may look" at whether a respondent would raise the same or similar defenses to both the timely and untimely allegations. *Carney Hospital*, 350 NLRB 627, 628 (2007).

In *Nickles Bakery*, the Board explained that "[a]llowing the boilerplate 'other acts' language to support unrelated 8(a)(1) complaint allegations contravenes 10(b)'s mandate that the Board 'not originate complaints on its own initiative.'" 296 NLRB at 928. The Board added that "such an approach virtually renders meaningless the specificity required by Section 102.12(d) of the Board's Rules and Regulations that a charge contain a 'clear and concise statement of the facts constituting the alleged unfair labor practices affecting commerce.'" *Id.* The Board further clarified in *Carney Hospital*, supra, 350 NLRB at 631, that "a chronological

22-60493.2636

relationship without more is insufficient to support a finding of factual relatedness" as required
by the second prong of the "closely related" test.

   *Carney Hospital* and its progeny underscores the Board's wisdom in exercising restraint
over the invocation of the "closely related" doctrine to cure jurisdictional defects. *See Salon/Spa
at Boro, Inc.*, 356 NLRB 444 (2010). In *Salon/Spa*, the Board affirmed the ALJ's findings and
conclusions, including his reliance on *Carney Hospital* to find that a timely filed charge alleging
that an employee was discharged in violation of Section 8(a)(1) was not "closely related" to an
untimely allegation regarding unlawful threats made during a staff meeting. *Id* at 455. There,
the ALJ explained that he "must determine whether the allegedly unlawful threat … [had] some
meaningful nexus with the sequence of events contained in the timely filed charges" because "a
careless application of [the "closely related"] standard could easily prove to be so elastic as to
entirely vitiate the Congressional objective of limiting the period in which a party's past conduct
could subject it to unfair labor practice litigation." *Id* at 456. His observations (adopted without
comment by the Board) warrant repeating as they apply with equal force here:

> If one were to excuse an untimely filing simply because the alleged
> misconduct was part of a sequence of similar events to those timely raised,
> the intent underlying the statute of limitations would be completely
> compromised. There is no difference in principle between the Employer's
> application of the negativity policy to Bates in November 2008 and its
> alleged threat based on that policy in September 2009. Without the vital
> limits articulated by the Board in *Carney Hospital*, nothing would stand in
> the way of a party's attempt to employ the "closely related" doctrine to
> prosecute remote actions that possess only a mere sequential and topical
> relationship to a timely filed charge. For these reasons, I agree with the
> Employer that the allegation regarding an alleged threat on September 24
> is untimely and must be dismissed.

> *Id.*

   More recently, Judge Etchingham came to a similar conclusion in response to the General
Counsel's argument that 3 untimely *Weingarten* violation allegations were "closely related" to a

22-60493.2637

timely filed discriminatory discharge charge insofar as they "grew out of the same facts and circumstances." *Wal-Mart Stores, Inc.*, 28-CA-167277, JD(SF)-34-16, 2016 WL 4547576 (N.L.R.B. Div. of Judges) (August 31, 2016). Noting that there were no "common Respondent decision makers between the 2 groups of allegations" as the timely charge did not identify the supervisor who issued the discharge nor allege that the charging party was terminated for invoking his *Weingarten* rights, Judge Etchingham concluded that "the required factual relationship ... [was] lacking." *Id.* He further observed that there was "no evidence that the [charge's] boilerplate verbiage was intended to allege any of the allegations the General Counsel has in the complaint or the amended complaint". *Id.* Because the second prong of the "closely related" test was not satisfied, Judge Etchingham dismissed the case. *Id.*

In applying the "closely related" test, "the jurisdictional inquiry is wholly independent of the General Counsel's actual success in proving the alleged relationship." *Hyundai Am. Ship. Agency, Inc. v. NLRB*, supra, 805 F.3d at 313. The Board's jurisdiction instead "should be tested by the General Counsel's allegations rather than his proof", and "factual relatedness is evaluated 'as of the time of the allegations.'" *Id* (citing *Drug Plastics & Glass Co. v. NLRB*, 44 F.3d 1017, 1021 (D.C. Cir. 1995) (adopting dissenting view of then-Judge Stevens in *NLRB v. Braswell Motor Freight Lines, Inc.,* 486 F.2d 743 (7th Cir.1973)). Significantly, the General Counsel bears the burden of proof. *Precision Concrete v. NLRB*, supra, 334 F.3d at 91 ("Because the issue before the Board in this case was jurisdiction, the Board erred by placing the burden of proof upon the Company."); *Teamsters Local 955*, supra, 325 NLRB at 607 ("Section 10(b) of the Act is jurisdictional and the General Counsel has the specific burden of establishing this statutory requirement."); *A-NLV Cab Co.*, 340 NLRB 1005, 1009 (2003) (same).

/ / /

22-60493.2638

1.    **The General Counsel Cannot Establish that the New Allegations are "Closely Related" to Case 32-CA-200530.**

The Union's Charge in Case 32-CA-200530, filed June 12, 2017—5 days after the newly

alleged June 7, 2017 meeting, makes the following allegations:

> On or about February 10, 2017 and ongoing, the above-named Employer violated the Act by interrogating, intimidating, and harassing Jose Moran for engaging in protected concerted activity and expressing support for the union.
>
> On or about February 10, 2017 and ongoing, the above-named Employer violated the Act by creating the appearance of discipline, interrogation, and harassment of Jose Moran for engaging in protected concerted activity and expressing support for the union.
>
> On or about May 25, 2017 and ongoing, the above-named Employer violated the Act by interrogating, intimidating, and harassing Jonathan Galescu, Richard Ortiz, and others for engaging in protected concerted activity regarding worker safety concerns and other working conditions.
>
> On or about May 25, 2017 and ongoing, the above-named Employer violated the Act by creating the appearance of discipline, interrogation, and harassment of Jonathan Galescu, Richard Ortiz, and others for engaging in protected concerted activity regarding worker safety concerns and other working conditions.
>
> On or about May 24, 2017 and ongoing, the above-named Employer violated the Act by intimidating, creating the appearance of surveillance and conducting surveillance on Richard Ortiz, Michael Catura, Branton Phillips and others for their union activities and/or union sentiments, including passing out literature regarding working conditions at Tesla.
>
> On or about May 24, 2017 and ongoing, the above-named Employer violated the Act by creating the appearance of surveillance and conducting surveillance on employees who were receiving literature from fellow employees regarding working conditions at Tesla.

Ex. A.

Though, like the Amendment's allegations against Mr. Musk and Ms. Toledano, the

charge in Case 32-CA-200530 alleges that Tesla committed several 8(a)(1) violations, that is

where the similarity ends.  The charge does not name Mr. Musk or Ms. Toledano, does not state

22-60493.2639

that any ULP occurred on June 7, 2017, does not make any mention of any meeting with

employees, and does not make any assertions regarding unlawful solicitation of grievances,

statements of futility, or statements regarding union wages.  The employer's defenses to the

newly asserted allegations in the Amendment—i.e., that such statements were never made by

Mr. Musk or Ms. Toledano during the alleged June 7, 2017 meeting—are completely dissimilar.

The Union's First Amended Charge in Case 32-CA-200530, filed July 28, 2017 and

attached hereto as **Exhibit J**, adds the following allegation:

> Within the last six months, the above-named Employer, through its agents,
> violated the Act by: enforcing an overly broad confidentiality policy;
> interrogating employees regarding their protected concerted activities;
> intimidating and harassing employees engaged in Section 7 activities; and
> promulgating and/or maintaining an unlawful rule restricting Section 7
> activity, including an overly broad distribution policy.

The Union's amended charge is similarly incapable of supporting the allegations asserted

in the Amendment.  A review of the Region's 7/7/2017 Request for Evidence issued regarding

this charge will leave no doubt that the allegations of Charge 32-CA-200530 had absolutely

nothing to do with any June 7, 2017 meeting conducted by Mr. Musk and Ms. Toledano.  *See* Ex.

B.  The Region did not seek to take Mr. Musk's or Ms. Toledano's affidavits.  Nor did it request

that Tesla submit a position statement with respect to any June 7, 2017 meeting involving those

two individuals.  That the allegations of the Amendment are not "closely related" to those

asserted in this charge cannot be disputed given Union Counsel's failure to include them in the

charge's July 28, 2017 amendment.  Rather, its boilerplate 8(a)(1) allegations are insufficient as

a matter of law to support the new allegations against Mr. Musk and Ms. Toledano.  The General

Counsel accordingly cannot rely on Charge 32-CA-200530 to establish its jurisdiction over the

allegations of the Amendment.

22-60493.2640

## 2. The General Counsel Cannot Establish that the New Allegations are "Closely Related" to the Charge Filed in Case 32-CA-208614.

The Union's charge in Case 32-CA-208614, filed October 25, 2017, makes the following

allegations:

> Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating and/or disciplining employees in retaliation for participating in protected concerted activities and National Labor Relations Board activities.

> Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by among other things, terminating and/or disciplining employees for violating a confidentiality agreement that restricts protected concerted activities.

> Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things. terminating a group of employees to discourage protected concerted activity by other employees.

> Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating a group of employees in retaliation for members of that group participating in protected concerted activities.

> Within the past six months and ongoing, Tesla, Inc., through its agents, has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act by, among other acts, restricting employees' right to engage in protected concerted activity, including, but not limited to, wearing items with the Union's logo in Tesla facilities.

> Within the past six months and ongoing, Tesla, Inc., through its agents, has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act by intimidating and harassing employees for their Section 7 activities.

/ / /

22-60493.2641

By these and other acts, Tesla. Inc. has violated Section 8(a)(1), 8(a)(3) and 8(a)(4) of the National Labor Relations Act.

Ex. D.

Though, like the Amendment's allegations against Mr. Musk and Ms. Toledano, the initial charge in Case 32-CA-208614 alleges that Tesla committed several 8(a)(1) violations, these boilerplate allegations are legally insufficient to confer jurisdiction. The charge does not name Mr. Musk or Ms. Toledano, state that any ULP occurred on June 7, 2017, make any mention of any meeting with employees, or make any assertions regarding unlawful solicitation of grievances, statements of futility, or statements regarding union wages. Discounting the boilerplate 8(a)(1) language, the allegations of Charge 32-CA-208614 deal principally with the purported "mass discharge" theory which even the Region found was too untenable to support a complaint. The employer's defenses to the newly asserted allegations in the Amendment—i.e., that such statements were never by Mr. Musk or Ms. Toledano during the alleged June 7, 2017 meeting—are additionally completely dissimilar.

The Union's First Amended Charge in Case 32-CA-208614, filed March 13, 2017 and attached hereto as **Exhibit K**, adds the following allegation:

> Within the past six months, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of rights guaranteed in Section 7 of the Act by (1) disciplining and/or terminating employees in retaliation for engaging in union and/or protected concerted activities; (2) maintaining an unlawful teamwear policy prohibiting the wearing of Union t-shirts; (3) applying its teamwear policy in a discriminatory manner; (4) intimidating, harassing, and/or threatening employees including, but not limited to, interrogating employees regarding their Section 7 activities; (5) making a statement of futility regarding employee support for the Union; and (6) threatening an employee regarding the wearing of union insignia and engaging in Section 7 activity.

22-60493.2642

Assuming *arguendo* that the amended charge would relate back to the October 25, 2017 filing date of the initial charge, it is equally incapable of supporting the allegations asserted in the Amendment. As made clear by the Region in its 11/21/2017 Request for Evidence, the allegations of Charge 32-CA-208614 had absolutely nothing to do with any June 7, 2017 meeting conducted by Mr. Musk and Ms. Toledano. *See* Ex. E. The Region did not seek to take Mr. Musk's or Ms. Toledano's affidavits and, though Ms. Toledano did provide an affidavit to Mr. Rodriguez Ritchie, he did not ask her a single question pertaining to the newly alleged June 7, 2017 meeting. Nor did the Region request that Tesla submit a position statement with respect to any June 7, 2017 meeting involving those two individuals.

Further, while the amended charge asserts—in boilerplate language— that "Tesla…coerced employees...by…making a statement of futility regarding employee support for the Union," the subsequently issued Operative Complaint made clear that this allegation concerns comments made by Supervisor Homer Hunt in August 2017. That the allegations of the Amendment are not "closely related" to those asserted in this charge cannot be disputed given Union Counsel's failure to include them in the charge's March 13, 2017 amendment. The General Counsel accordingly cannot establish that the Amendment is "closely related" to Charge 32-CA-200530.

### 3. The General Counsel Cannot Establish that the New Allegations are "Closely Related" to the Charge Filed in Case 32-CA-210879.

The Union's charge in Case 32-CA-210879, filed December 1, 2017, makes the following allegations:

> In the past six months the above-named Employer has interfered with the protected Section 7 rights of William Locklear and those of his coworkers by intimidating him, creating the impression of surveillance of him and his coworkers, engaging in surveillance of his and his coworkers' activities,

22-60493.2643

subjecting him to heightened supervisory scrutiny and interrogating him
concerning his support for and activities on behalf of the Charging Party.

Ex. F.

William Locklear was employed at Tesla's Gigafactory in Sparks, Nevada. There is
nothing to suggest that the "co-workers" referenced in this charge were those that attended any
alleged meeting with Mr. Musk and Ms. Toledano on June 7, 2017. The charge makes no
reference to Mr. Musk, Ms. Toledano, solicitation of grievances, futility statements, union dues,
or worker safety.

The Union's First Amended Charge in Case 32-CA-210879, filed December 6, 2017 and
attached hereto as **Exhibit L**, adds the following allegation:

In the past six months the Employer has disciplined William Locklear because of
his Union and other protected concerted activities and otherwise discriminated
against him because of those activities.

Like the amended charges filed by Union Counsel in the cases that preceded 32-CA-
210879, this amended charge makes clear its underlying allegations had absolutely nothing to do
with those asserted in the Region's Amendment. The same rings true for the Region's
12/20/2017 Request for Evidence, which—again—did not seek to take Mr. Musk's or Ms.
Toledano's affidavits or give any indication whatsoever that the charge had initiated an
investigation into their activities. *See* Ex. G.

## IV.    <u>CONCLUSION</u>

Tesla has fully cooperated with the Region during its 14-month long investigation into
the dozens of charges filed against it by the UAW. It has submitted thousands of pages of
documents and position statements in response to the Region's requests for evidence and ensured
the availability of its high-ranking employees to provide nearly 20 affidavits. Yet
notwithstanding Tesla's efforts, the Region cynically chose to amend its Complaint on the eve of

22-60493.2644

trial to justify the overly broad subpoenas issued in these proceedings rather than attempting to meet and confer in good faith in an effort to narrow them to the issues in dispute. Thanks to Congress' foresight in creating the limitations outlined in Section 10(b), Tesla fortunately need not rely on the Region's good faith to protect itself against such abuses. Because the allegations of the Amendment are not "closely related" to those asserted in any pending, timely filed charge, the Region exceeded its jurisdiction. They must accordingly be dismissed.

Dated:  June 11, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      _____

MARK S. ROSS
KEAHN N. MORRIS

Attorneys for
TESLA, INC.

22-60493.2645

# Exhibit A

22-60493.2646

INTERNET
FORM NLRB-501
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|-----------|
| 32-CA-200530 | 06/12/2017 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Tesla Motors Corporation | b. Tel. No. (510) 249-3650 or (650) 681-5454 |
| | c. Cell No. (650) 454-5386 |
| | f. Fax No. |
| d. Address *(Street, city, state, and ZIP code)*<br>45500 Fremont Boulevard<br>Fremont, California 94538 | e. Employer Representative<br>Vice President of HR, Arnnon Geshuri |
| | g. e-Mail arnnon@tesla.com |
| | h. Number of workers employed Approximately 7000 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Factory | j. Identify principal product or service<br>Automotive Manufacturing |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Please see Attachment A

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*

International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO

| 4a. Address *(Street and number, city, state, and ZIP code)* | 4b. Tel. No. (313) 926-5000 |
|---|---|
| 8000 East Jefferson Avenue<br>Detroit, Michigan 48214 | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)* International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| | | |
|---|---|---|
| By *(signature of representative or person making charge)* | Attorney for Charging Party,<br>Margo A. Feinberg, Esq.<br>*(Print/type name and title or office, if any)* | Tel. No. (323) 655-4700 |
| | | Office, if any, Cell No. |
| Schwartz, Steinsapir, Dohrmann & Sommers, LLP<br>6300 Wilshire Blvd., Suite 2000, L.A., CA 90048<br>Address | 6/12/17<br>*(date)* | Fax No. (323) 655-4488 |
| | | e-Mail margo@ssdslaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

## ATTACHMENT A

On or about February 10, 2017 and ongoing, the above-named Employer violated the Act by interrogating, intimidating, and harassing Jose Moran for engaging in protected concerted activity and expressing support for the union.

On or about February 10, 2017 and ongoing, the above-named Employer violated the Act by creating the appearance of discipline, interrogation, and harassment of Jose Moran for engaging in protected concerted activity and expressing support for the union.

On or about May 25, 2017 and ongoing, the above-named Employer violated the Act by interrogating, intimidating, and harassing Jonathan Galescu, Richard Ortiz, and others for engaging in protected concerted activity regarding worker safety concerns and other working conditions.

On or about May 25, 2017 and ongoing, the above-named Employer violated the Act by creating the appearance of discipline, interrogation, and harassment of Jonathan Galescu, Richard Ortiz, and others for engaging in protected concerted activity regarding worker safety concerns and other working conditions.

On or about May 24, 2017 and ongoing, the above-named Employer violated the Act by intimidating, creating the appearance of surveillance and conducting surveillance on Richard Ortiz, Michael Catura, Branton Phillips and others for their union activities and/or union sentiments, including passing out literature regarding working conditions at Tesla.

On or about May 24, 2017 and ongoing, the above-named Employer violated the Act by creating the appearance of surveillance and conducting surveillance on employees who were receiving literature from fellow employees regarding working conditions at Tesla.

ID 326809

# Exhibit B

22-60493.2649

 UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**

REGION 32                                          Agency Website: www.nlrb.gov
1301 Clay St Ste 300N                       Telephone: (510)637-3300
Oakland, CA 94612-5224                    Fax: (510)637-3315

Agent's Direct Dial: (510)671-3041

July 7, 2017

**By E-Mail Only**

Elizabeth Parry, Esq.
Littler Mendelson, P.C.
1255 Treat Blvd, Suite 600
Walnut Creek, CA 94597-7605
E-Mail: mparry@littler.com

Michael J. Lotito
Littler Mendelson, P.C.
333 Bush St Fl 34
San Francisco, CA 94104-2874
E-Mail: mlotito@littler.com

JOHN M. SKONBERG, ATTORNEY
Littler Mendelson, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104-2842
E-Mail: jskonberg@littler.com

                          Re:     **Tesla Motors Corporation**
                                    **Case 32-CA-200530**

Dear Ms. Parry, Mr. Lotito, and Mr. Skonberg:

     I am writing this letter to advise you that it is now necessary for me to take evidence from your client regarding the allegations raised in the investigation of the above-referenced matter. Set forth below are the allegations and issues on which your evidence is needed, a request to take affidavits, a request for documentary evidence, and the date for providing your evidence.

     **Allegations:** The allegations for which I am seeking your evidence are as follows. The International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO (the Charging Party) alleges that Tesla Motors Corporation ("the Employer" or "the Charged Party") violated Section 8(a)(1) and (3) of the Act by engaging in the following conduct:

Tesla Motors Corporation                    - 2 -                          July 7, 2017
Case 32-CA-200530

1.      On February 9, 2017, the Employer, through Juan Martinez, interrogated an employee regarding the employee's protected concerted activities and/or union activities;

2.      On February 9, 2017, the Employer, through Juan Martinez, created an impression of surveillance of employees' protected concerted activities and/or union activities and created an appearance of discipline and harassment by interrogating an employee regarding the employee's protected concerted activities and/or union activities;

3.      On or about April 5, 2017, the Employer, through David Zweig, applied of an overly broad confidentiality policy prohibiting the sharing of information related to workplace safety at Tesla's Fremont facility;

4.      On or about April 5, 2017, the Employer, through David Zweig, discriminatorily applied a confidentiality policy to prohibit Tesla employees from sharing information related to workplace safety at Tesla's Fremont facility;

5.      On or about April 29, 2017, the Employer, through Seth Woody, applied of an overly broad confidentiality policy prohibiting the sharing of information related to workplace safety at Tesla's Fremont facility;

6.      On or about April 29, 2017, the Employer, through Seth Woody, discriminatorily applied a confidentiality policy to prohibit Tesla employees from sharing information related to workplace safety at Tesla's Fremont facility;

7.      On or about May 24, 2017, the Employer, through its security guards as agents of the Employer, at the Employer's Fremont location:

        a.      created an impression of surveillance of employees engaging in protected concerted activities and/or union activities;

        b.      engaged in unlawful surveillance of employees engaging in protected concerted activities and/or union activities;

        c.      engaged in unlawful and discriminatory harassment of employees engaged in protected concerted activities and/or union activities by repeatedly asking employees engaged in such activities for their identification;

8.      On May 24, 2017, through Lisa Lipson and Lauren Holcomb, interrogated and threatened employees regarding their protected concerted activities; and

9.      On May 24, 2017, through Lisa Lipson and Lauren Holcomb, created an impression of discipline, interrogation and harassment by interrogating and threatening employees regarding their protected concerted activities.

Tesla Motors Corporation                    - 3 -                    July 7, 2017
Case 32-CA-200530

   **Board Affidavits:** I am requesting to take affidavits from Lisa Lipson, Lauren Holcomb, David Zweig, Seth Woody, and any other individuals you believe have information relevant to the investigation of this matter. Please be advised that the failure to present representatives who would appear to have information relevant to the investigation of this matter, for the purposes of my taking sworn statements from them, constitutes less than complete cooperation in the investigation of the charge. Please contact me by Tuesday, July 11, 2017 to schedule these affidavits.

   **Documents:** Please provide the following documents, along with any and all other evidence you deem to be relevant to the case:

   1.    A completed copy of the attached "Commerce Questionnaire" by the Employer's person most knowledgeable on the topic of the Employer's participate in interstate commerce;

   2.    Any document that reflects communications between Tesla employees regarding the sharing of information related to workplace safety from February 1, 2017 to the present;

   3.    Copies of any document designated as "confidential" pursuant to Tesla's confidentiality policy on the topic of workplace safety that was given to any Tesla employee between February 1, 2017 and the present;

   4.    Any document reflecting Tesla's confidentiality policy that was maintained on April 5 and 29, 2017;

   5.    Copies of all documents referring to or memorializing any agreements for the provision of security services at the Employer's Fremont facility on May 24, 2017;

   6.    The names of any individuals working as "security guards" at the Employer's Fremont facility on May 24, 2017 between the times of 4:45 a.m. to 6:00 a.m. and between 4:45 p.m. and 6:00 p.m.;

   7.    Copies of any photographs or video recordings taken of any individual located in or near the Employer's Fremont facility parking lot or entrances between the times of 4:45 a.m. to 6:00 a.m. and between 4:45 p.m. and 6:00 p.m. on May 24, 2017;

   8.    Copies of any document that reflects or memorializes the Employer's policy for access to the parking lot at the Employer's Fremont facility, access to the Employer's facility by current employees, and the presentation of an employee's work identification in effect on May 24, 2017;

Tesla Motors Corporation                      - 4 -                      July 7, 2017
Case 32-CA-200530

9.     Copies of any document that reflects or refers to any meeting attended by Lisa Lipson or Lauren Holcomb on or about May 24, 2017 with employees.  This request shall include, but is not limited to, copies of notes taken by either Lipson or Holcomb in connection with their meetings with employees as well as copies of any recordings made by the Employer of such meetings;

10.    Copies of any documents referring to or memorializing any interactions or communications that occurred on May 24, 2017 between 4:45 a.m. and 6:00 a.m. and between 4:45 p.m. and 6:00 p.m. between Tesla security guards and employees at Tesla;

11.    Any document in the Employer's possession since January 1, 2016 on the topic of unions or the United Auto Workers;

12.    If the Employer contends that Lisa Lipson, Lauren Holcomb, Seth Woody, or David Zweig are not statutory employees within the meaning of the Act, documents reflecting the involvement or participation by Lisa Lipson, Lauren Holcomb, Seth Woody, or David Zweig in any of the following actions concerning any employee of the Employer: (a) Hiring; (b) Transferring; (c) Suspending; (d) Laying off; (e) Recalling; (f) Promoting; (g) Discharging; (h) Assigning of work; (i) Rewarding, including the granting of wage increases; (j) Disciplining; (k) Scheduling or granting of time off; (l) Assigning of overtime; (m) Adjusting of grievances; (n) Directing work; and (o) Evaluating; and

13.    Any document that reflects an asserted defense of the Employer.

**Position on 10(j) Relief:**  To the extent the Employer wishes to provide another position statement on the topic of Section 10(j) relief, you are also requested to provide your position as to the appropriateness of Section 10(j) injunctive relief in this matter.  As you may know, Section 10(j) of the Act permits the NLRB to ask a federal district court "for appropriate temporary relief or restraining order" pending the Board's resolution of an unfair labor practice charge.  The district court is authorized to grant "such temporary relief or restraining order as it deems just and proper."  *If* the Region determines the Charged Party has violated the Act as alleged, the Region will consider whether to seek injunctive relief in this matter.  Accordingly, please provide your position, legal theory, case law, and supporting evidence regarding whether injunctive relief would be appropriate for the alleged violations in this case and whether such injunctive relief would be just and proper.  I wish to emphasize that the Region has not yet made a decision as to whether the Charged Party has violated the Act as alleged.  Rather, we want to provide you with adequate notice that injunctive relief will be considered if such a decision is made.

**Date for Submitting Evidence:**  To resolve this matter as expeditiously as possible, you must provide your evidence and position in this matter by Friday, July 14, 2017.  If you are willing to allow me to take affidavits, please contact me by Tuesday, July 11, 2017 to schedule a time to take affidavits.  Electronic filing of position statements and documentary evidence through the Agency website is preferred but not required.  To file electronically, go to

Tesla Motors Corporation                         - 5 -                         July 7, 2017
Case 32-CA-200530

**www.nlrb.gov,** select **E-File Documents,** enter the **NLRB case number,** and follow the detailed instructions.  If I have not received all your evidence by the due date or spoken with you and agreed to another date, it will be necessary for me to make my recommendations based upon the information available to me at that time.

It is Agency policy that full and complete cooperation on your part in this investigation includes timely providing all material witnesses under your control to the investigating Board agent so that the witnesses' statements can be reduced to affidavit form and providing all relevant documentary evidence requested by the Board agent.  The mere submission of a position letter or memorandum, or the submission of affidavits not taken by the Board agent, does not constitute full and complete cooperation.  The Region seeks such full and complete cooperation by the close of business on Friday, July 14, 2017.  If I have not received all of your evidence by the due date or spoken with you and agreed to another date, it will be necessary for me to make my recommendations based upon the information available to me at that time.  Additionally, the Region will consider all of its options in order to complete its investigation, including the possibility of issuing investigative subpoenas for the witnesses and documents requested in this letter.

Please contact me at your earliest convenience by telephone, (510)671-3041, or e-mail, edris.rodriguezritchie@nlrb.gov, so that we can discuss how you would like to provide evidence and I can answer any questions you have with regard to the issues in this matter.

Very truly yours,

/s/ Edris Rodriguez Ritchie

EDRIS W.I. RODRIGUEZ RITCHIE
Field Attorney

# Exhibit C

22-60493.2655

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

TESLA, INC.

    and

MICHAEL SANCHEZ, an Individual                  Case 32-CA-197020

    and

JONATHAN GALESCU, an Individual            Case 32-CA-197058

    and

RICHARD ORTIZ, an Individual                 Case 32-CA-197091

    and

INTERNATIONAL UNION, UNITED           Case 32-CA-197197
AUTOMOBILE, AEROSPACE AND          Case 32-CA-200530
AGRICULTURAL WORKERS OF
AMERICA, AFL-CIO

## ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 32-CA-197020, Case 32-CA-197058, 32-CA-197091, 32-CA-197197, and 32-CA-200530, which are based on charges filed by Michael Sanchez, an Individual, Jonathan Galescu, an Individual, Richard Ortiz, an Individual, and Service Employees International Union, Local 2015 (Union), respectively, against Tesla Motor Corporation (Respondent) are consolidated.

This Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act

1

22-60493.2656

(the Act), 29 U.S.C. § 151 et seq. and Section 102.15 of the Board's Rules and Regulations, and alleges Respondent has violated the Act as described below.

1.

(a)      The charge in Case 32-CA-197020 was filed by Michael Sanchez on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(b)      The first-amended charge in Case 32-CA-197020 was filed by Michael Sanchez on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(c)      The charge in Case 32-CA-197058 was filed by Jonathan Galescu on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(d)      The first-amended charge in Case 32-CA-197058 was filed by Jonathan Galescu on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(e)      The charge in Case 32-CA-197091 was filed by Richard Ortiz on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 19, 2017.

(f)      The first-amended charge in Case 32-CA-197091 was filed by Richard Ortiz on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(g)      The charge in Case 32-CA-197197 was filed by the Union on April 19, 2017, and a copy was served on Respondent by U.S. mail on April 20, 2017.

(h)      The first-amended charge in Case 32-CA-197197 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(i)      The charge in Case 32-CA-200530 was filed by the Union on June 12, 2017, and a copy was served on Respondent by U.S. mail on June 13, 2017.

(k)      The first-amended charge in Case 32-CA-200530 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

22-60493.2657

2.

(a)    At all material times, Respondent, a Delaware technology and design corporation with its headquarters in Palo Alto, California, and an automotive manufacturing facility in Fremont, California (the Facility), has been engaged in the design, manufacture, and sale of electric vehicles and energy storage systems.

(b)    During the 12-month period ending August 31, 2017, Respondent, in conducting its operations described above in paragraph 2(a), purchased and received goods valued in excess of $50,000 directly from sources located outside the State of California.

3.

At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act and has been a health care institution within the meaning of Section 2(14) of the Act.

4.

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Victor Facha | - | Supervisor |
| Laura Holcomb | - | Environmental Health Safety and Sustainability Specialist |
| Lisa Lipson | - | Human Resources Business Partner |
| Mark Lipscomb | - | Vice-President of Human Resources |

3

22-60493.2658

| Juan Martinez | - | Production Manager |
| Elon Musk | - | Chief Executive Officer |
| Armando Rodriquez | - | Supervisor |
| Seth Woody | - | Human Resources Business Partner |
| David Zwieg | - | Human Resources Business Partner |
| Red Shirt Supervisor No. 1 | - | Supervisor |

6.

At all material, the following individuals held the positions set forth opposite their respective names and have been agents Respondent within the meaning of Section 2(13) of the Act:

| John Does 1-6 | - | Security Guards |
| Unknown Human Resources Agent | - | Agent |

7.

(a)    Since at least late October 2016, Respondent has maintained the following rules in its Confidentiality Agreement:

(i)    These obligations are straightforward.  Provided that it's not already public information, everything that you work on, learn about or observe in your work about Tesla is confidential information under the agreement that you signed when you first started.  This includes information about. .customers, suppliers, employees.    and anything similar.

(ii)    Additionally, regardless of whether information has already been made public, it is never OK to communicate with the media or someone closely related to the media about Tesla, unless you have been specifically authorized in writing to do so.

4

22-60493.2659

(iii) Unless otherwise allowed by law or you have received written approval, you must not, for example, discuss confidential information with anyone outside of Tesla,

(iv) take or post photos or make video or audio recordings inside Tesla facilities,

(v) forward work e-mails outside of Tesla or to a personal email account,

(vi) or write about your work in any social media, blog, or book. If you are unsure, check with your manager, HR, or Legal.

(vii) The consequences for careless violation of the confidentiality agreement, could include, depending on severity, loss of employment. Anyone engaging in intentional violation of the confidentiality agreement will be liable for all the harm and damage that is caused to the company, with possible criminal prosecution. These obligations remain in place even if no longer working at Tesla.

(b)     About late October 2016 or early November 2016, Respondent, by Human Resources Business Partner David Zweig, at Respondent's Facility, during a one-on-one meeting with an employee, prohibited the employee from taking a picture of Respondent's Confidentiality Agreement described above in paragraph 5(a).

(c)     On February 10, 2017, Respondent, by its Security Guards, including, but not limited to, Security Guards Nos. 1-4, restrained and coerced off-duty employees who were engaged in leafleting on Respondent's premises outside of Respondent's Facility by repeatedly asking them to produce their employee identification badges and/or telling them to leave Respondent's premises.

(d)     On February 10, 2017, Respondent, by Male Security Guard No. 1, outside the entrance to Door 2 at Respondent's Facility:

(i)     On two separate occasions, instructed an off-duty employee to leave Respondent's premises.

(ii)     Male Security Guard No. 1 engaged in the conduct described above in paragraph 5(d)(i) because the employee was engaged in

22-60493.2660

Union leafleting and to discourage these and other protected, concerted activities.

(e)    On February 10, 2017, Respondent, by Female Security Guard No. 2, outside the entrance to Door 1 at Respondent's Facility:

      (i)    told off-duty employees to leave Respondent's premises.

      (ii)    Security Guard No. 2 engaged in the conduct described above in paragraph 5(e)(i) because the employees were engaged in Union leafleting and to discourage these and other protected, concerted activities.

(f)    On February 10, 2017, Respondent, by Male Security Guard No. 3, outside the entrance to Door 1 at Respondent's Facility:

      (i)    told off-duty employees to leave Respondent's premises.

      (ii)    Security Guard No. 3 engaged in the conduct described above in paragraph 5(f)(i) because the employees were engaged in Union leafleting and to discourage these and other protected, concerted activities.

(g)    On February 10, 2017, Respondent, by Female Security Guard No. 4, outside the entrance to Door 3 at Respondent's Facility:

      (i)    told an off-duty employee to leave Respondent's premises.

      (ii)    Security Guard No. 4 engaged in the conduct described above in paragraph 5(g)(i) because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

(h)    On February 10, 2017, Respondent, by Red Shirt Male Supervisor No. 1, near the back entrance to Respondent's Facility by the Receiving Addition:

      (i)    told an off-duty employee to leave the premises.

      (ii)    Red Shirt Male Supervisor No. 1 engaged in the conduct described above in paragraph 5(h)(i) because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

22-60493.2661

(i)    On February 10, 2017, Respondent, by an unnamed Human Resources Agent who

was called by Red Shirt Male Supervisor No. 1, during a phone conversation:

> (i)    told an off-duty employee who was on medical leave to leave
> Respondent's premises.

> (ii)    The unnamed Human Resources Agent engaged in the conduct
> described above in paragraph 5(i)(i) because the employee was
> engaged in Union leafleting and to discourage these and other
> protected, concerted activities.

(j)    On March 23, 2017, Respondent, by Supervisor Armando Rodriguez,

during a pre-shift meeting at Respondent's Facility:

> (i)    told employees that they could not distribute stickers, leaflets, or
> pamphlets that were not approved by Respondent.

> (ii)    threatened that Respondent would terminate employees if they
> passed out stickers, leaflets, or materials that were not approved by
> Respondent.

> (iii)    Supervisor Armando Rodriguez engaged in the conduct described
> above in paragraph 5(j) because employees engaged in Union
> activities and to discourage these and other protected, concerted
> activities.

(k)    On April 5 2017, Respondent, by David Zweig, attempted to prohibit an

employee from discussing safety concerns with other employees and/or with the Union.

(l)    On April 28, 2017, Respondent, by Seth Woody, attempted to prohibit an

employee from discussing safety concerns with other employees and/or with the Union.

(m)    On May 24, 2017, Respondent, by its Security Guards, including, but not limited to,

Security Guards Nos. 5-6, restrained and coerced employees who were engaged in leafleting on

Respondent's premises outside of Respondent's Facility by repeatedly asking them to produce

their employee identification badges and/or telling them to leave Respondent's premises.

7

22-60493.2662

(n)    On May 24, 2017, by Female Security Guard No. 5, at the security counter near the Door 4 entrance at Respondent's Facility, told an employee that the employee could not hand out flyers on Respondent's premises.

(o)    On May 24, 2017, by Male Security Guard No. 6, outside the Door 4 entrance at Respondent's Facility:

    (i)    on two occasions, instructed an off-duty employee to leave the premises.

    (ii)    Male Security Guard No. 6 engaged in the conduct described above in paragraph 5(n)(i) because the employee because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

(p)    On May 24, 2017, Respondent, by Respondent's Human Resources Business Partner Lisa Lispon, during separate meetings with two employees, in the presence of Environmental Health Safety and Sustainability Specialist Laurent Holcomb, interrogated the employee about the employee's Union and/or protected, concerted activities and/or the Union and/or protected, concerted activities of other employees.

8.

By the conduct described above in paragraph 7, Respondent has been interfering with, restraining and coercing employees in the exercise of their rights guaranteed in Section 7 of the Act in violation of Sections 8(a)(1) of the Act.

9.

The unfair labor practices of Respondent described above affect commerce within the meaning of Sections 2(6) and (7) of the Act.

22-60493.2663

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Consolidated Complaint. The answer must be **received by this office on or before September 14, 2017, or postmarked on or before September 13, 2017**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules

9

and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Consolidated Complaint are true.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** on November 14, 2017, at 9:00 a.m., at the Oakland Regional Office of the National Labor Relations Board located at 1301 Clay Street, Suite 300N, Oakland, California 94612, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.    At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Consolidated Complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

**DATED AT** Oakland, California this 31st day of August 2017.

Valerie Hardy-Mahoney
Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

Attachments

10

# Exhibit D

INTERNET
FORM NLRB-501
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|-----------|
| 32-CA-208614 | 10-25-2017 |

INSTRUCTIONS:
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Tel. No. |
|---|---|
| Tesla, Inc. | |
| | c. Cell No. |
| d. Address (Street, city, state, and ZIP code) | e. Employer Representative | f. Fax No. |
| 45500 Fremont Boulevard | Gaby Toledano, Chief People Officer | g. e-Mail |
| Fremont, California 94538 | | gaby@tesla.com |
| | | h. Number of workers employed |
| | | 10,000 |
| i. Type of Establishment (factory, mine, wholesaler, etc.) | j. Identify principal product or service | |
| Factory | Automotive Manufacturing | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) and (4)
of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

See Attachment A

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Tel. No. (313) 926-5000 |
|---|---|
| 8000 East Jefferson | 4c. Cell No. |
| Detroit, Michigan 48214 | 4d. Fax No. |
| | 4e. e-Mail |
| | sreed@uaw.net |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*
International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-

6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| | Tel. No. (323) 655-4700 |
|---|---|
| By *(signature of representative or person making charge)* | Margo A. Feinberg, Esq., Attorney for Charging Party *(Print/type name and title or office, if any)* | Office, if any, Cell No. |
| | | Fax No. (323) 655-4488 |
| Schwartz, Steinsapir, Dohrmann & Sommers LLP | 10/25/17 | e-Mail |
| Address 6300 Wilshire Blvd., Suite 2000, Los Angeles, CA 90048 | *(date)* | margo@ssdslaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

22-60493.2667

## Attachment A

Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating and/or disciplining employees in retaliation for participating in protected concerted activities and National Labor Relations Board activities.

Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating and/or disciplining employees for violating a confidentiality agreement that restricts protected concerted activities.

Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating a group of employees to discourage protected concerted activity by other employees.

Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating a group of employees in retaliation for members of that group participating in protected concerted activities.

Within the past six months and ongoing, Tesla, Inc., through its agents, has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act by, among other acts, restricting employees' right to engage in protected concerted activity, including, but not limited to, wearing items with the Union's logo in Tesla facilities.

Within the past six months and ongoing, Tesla, Inc., through its agents, has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act by, intimidating and harassing employees for their Section 7 activities.

By these and other acts, Tesla, Inc. has violated Section 8(a)(1), 8(a)(3) and 8(a)(4) of the National Labor Relations Act.

ID 338093

# Exhibit E

22-60493.2669



UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD

REGION 32
1301 Clay St Ste 300N
Oakland, CA 94612-5224

Agency Website: www.nlrb.gov
Telephone: (510)637-3300
Fax: (510)637-3315

Agent's Direct Dial: (510)671-3041

November 21, 2017

**By E-Mail Only**

Elizabeth Parry, Esq.
Littler Mendelson, P.C.
1255 Treat Blvd, Suite 600
Walnut Creek, CA 94597-7605
E-Mail: mparry@littler.com

John Skonberg, Esq.
Michael Lotito
Littler Mendelson, P.C.
333 Bush St., 34th Floor
San Francisco, CA 94104-2842
E-Mail: jskonberg@littler.com
E-Mail: mlotito@littler.com

Re:     **TESLA, INC.**
        **Case 32-CA-208614**

Dear Ms. Parry, Mr. Skonberg, and Mr. Lotito:

I am writing this letter to advise you that it is now necessary for me to take evidence from your client regarding the allegations raised in the investigation of the above-referenced matter. Set forth below are the allegations and issues on which your evidence is needed, a request to take affidavits, a request for documentary evidence, and the date for providing your evidence. Please also be advised that the undersigned Board agent will likely send a follow-up letter with additional allegations.

**Preservation of Evidence**:  Please be mindful of your obligation to preserve all relevant documents and electronically stored information (ESI) in this case and to take all steps necessary to avoid the inadvertent loss of information in you possession, custody or control. Relevant information includes, but is not limited to, paper documents and all ESI (e.g. SMS text messages, electronic documents, e-mails, audio or video recordings, photographs, and any data created by proprietary software tools) related to the above-captioned case.

**Allegations:**  The allegations for which I am seeking your evidence are as follows. The United Automobile, Aerospace and Agricultural Implement Workers of America International Union (the Union or the Charging Party) alleges that Tesla, Inc. (the Employer or the Charged Party) has violated Sections 8(a)(1), (3), and (4) of the Act by engaging in the following conduct:

1.     engaging in a mass layoff of employees at Tesla, Inc.'s facilities in order to discourage employees from engaging in Section 7 protected activities and in retaliation for engaging in Board activities, including the filing of charges and/or the issuance of a Complaint in Case Nos. 32-CA-197020, 32-CA-197058, 32-CA-197091, 32-CA-197197,

TESLA, INC.                           - 2 -                      November 21, 2017
Case 32-CA-208614

and 32-CA-200530;

2.    At the Tesla, Inc. facility located at 45500 Fremont Boulevard, Fremont,
California:

    a.    In October 2017, terminating the following individuals in retaliation for
engaging in protected concerted activities and/or union activities:

        i.    Richard Ortiz (also in retaliation for having filed charges with the
Board);

        ii.    Jayson Henry;

        iii.    Juan Guadalupe Reyes;

        iv.    Juan Maldonado;

        v.    Mike Williams;

        vi.    Tim Cotton;

        vii.    Brandon Hill;

        viii.    Erick Vasquez; and

        ix.    Stephen Barbosa;

    b.    On or about June 29 and 30, 2017, by Vannick Ly and Lehi Gomez,
audited the work of Branton Phillips and provided verbal and written negative
feedback in retaliation for engaging in protected concerted activities and/or union
activities;

    c.    On or about October 20, 2017, by Paul James, giving Jonathan Galescu a
negative performance review in retaliation for engaging in protected concerted
activities and/or union activities and/or Board activities (including having filed
charges with the Board);

    d.    In or about August 2017, by Paul James on two occasions, creating an
impression of surveillance by implying he had reviewed an employee's notebook;

    e.    In or about July or August 2017, by Tope Ogunniyi, discriminatorily
applied a uniform policy prohibiting the warning of union paraphernalia on work
clothing;

TESLA, INC.                              - 3 -                        November 21, 2017
Case 32-CA-208614

      f.     In or about late September or early October 2017, by Ricky Gecewich, interrogated an employee about their and other employees' protected concerted activities pertaining to the posting of pictures on social media;

      g.     On October 19, 2017, by Ricky Gecewich, gave a verbal and written warning to Jose Moran threatening action if the employee or other employees engaged in protected concerted activities;

      h.     On October 2, 2017, by Thuy Truong, a verbal and written reprimand of Juan Maldonado for having two late-ins in retaliation for engaging in protected concerted activities and/or union activities;

3.     At the Tesla, Inc. facility located at 18280 Harlan Road, Lathrop, California:

      a.     In October 2017, terminating Dezzimond Vaughn in retaliation for engaging in protected concerted activities and/or union activities;

      b.     In October 2017, giving Vaughn a poor performance review for the period of January to June 2017 in retaliation for engaging in protected concerted activities and/or union activities;

4.     In connection with each of the above-referenced terminations and in October 2017, offering an employee/employees a severance agreement containing an overly broad confidentiality policy and no disparagement policy;

5.     Within the Section 10(b) period, by Ricky Hofrichter, Jeremie Hansen, and Gregory Slettvet, instructed Tesla security guards to surveil employees engaged in protected concerted activities and/or union activities;

6.     Within the Section 10(b) period, by Ricky Hofrichter, Jeremie Hansen, Gregory Slettvet, and Savannah Morgana, instructed Tesla security guards to tell Tesla employees engaged in lawful leafleting that they were not welcome at Tesla, that they needed to leave, and threatened to call the police.

**Board Affidavits:** I am requesting to take affidavits from Vannick Ly, Lehi Gomez, Paul James, Arnold Camat, Timothy Fenelon, Tope Ogunniyi, Kyle Martin, Mario Last Name Unknown, Elena Elliott, Ricky Gecewich, Albert Rios, Duwone Ashley, Thuy Truong, Juan Martinez; Sean Boone; Kyle Last Name Unknown (Human Resources), Nicole White, Chris Padilla, Dane Last Name Unknown (Human Resources), and any other individuals you believe have information relevant to the investigation of this matter. Please be advised that the failure to present representatives who would appear to have information relevant to the investigation of this matter, for the purposes of my taking sworn statements from them, constitutes less than complete cooperation in the investigation of the charge. Please contact me by Tuesday, November 28, 2017 to schedule these affidavits. Please be advised that a position statement will not be accepted in lieu of Board affidavits and the undersigned Board agent will likely

TESLA, INC.                          - 4 -                     November 21, 2017
Case 32-CA-208614

recommend the issuance of investigative subpoenas to compel the testimony of the above-identified individuals should Tesla, Inc. refuse to voluntarily produce the witnesses for Board affidavits.

If any of the above-listed individuals are no longer employed by Tesla, Inc., please provide their last known contact information, including street address, telephone number(s), and e-mail address(es).

**Documents:**  Please provide the following documents, along with any and all other evidence you deem to be relevant to the case:

1.  The complete personnel file of the individuals listed in Allegation Paragraphs (2)(a), (2)(b), (2)(c), (2)(g), (2)(h), and (3);

2.  Every document since 2016 communicated to Tesla employees (whether by physically posting, emailing the document to Employees, or posting on an internal site) on the topic of unions, unionizing, and the United Auto Workers;

3.  Every document since 2016 in Tesla's custody, possession, or control on the topic of unions, unionizing, and the United Auto Workers, excluding any documents subject to the attorney-client privilege and/or attorney work product;

4.  A listing of all individuals terminated by Tesla in October 2017 as part of Tesla's layoff of employees.  For each individual listed, please include the following information: the name of the employee, the employee's department, the employee's immediate supervisor, the reason for the employee's termination, and any documents that relate to the employee's termination including, but not limited to, performance reviews or disciplinary actions;

5.  Any document that refers to the reason for Tesla's mass layoff of its employees in October 2017;

6.  If Tesla, Inc. alleges that it has done mass layoffs in the past, for each mass layoff, please provide the information requested in Document Request Nos. 4 and 5 pertaining to each of those massive layoffs;

7.  For each of the individuals listed in Allegation Paragraphs (2)(a), (2)(b), (2)(c), (2)(g), (2)(h), and (3), please provide any document reviewed or relied upon by the Employer in making its decisions to discipline and/or terminate the listed employee;

8.  The name of the individual or individuals who made the decision to lay off employees at one time in October 2017;

9.  Any documents that reflect or memorialize communication(s) with security guards regarding the surveillance of pro-union employees, the threatening of employees by threatening to call the police, or the requesting of employees to

TESLA, INC.                                                - 5 -                                      November 21, 2017
Case 32-CA-208614

    leave Tesla property.  This request shall include, but is not limited to, copies of all reports held in the RIMS system and copies of any audio or video surveillance taken of Tesla employees engaging in protected concerted activities and/or union activities;

10.    Any document that reflects Tesla's policies on the following topics:

    a.    Attitude/Mindset;

    b.    Confidentiality;

    c.    Social media;

    d.    Use of Workday and information contained in Workday;

    e.    Work uniforms;

    f.    Workplace fights, arguments, and the use of obscenities while at work;

    g.    Attendance, being late, and calling in.

11.    Any document the Employer believes supports an affirmative defense.

    The Agency requests all evidence submitted electronically to be in the form it is normally used and maintained in the course of business (i.e. native format).  Where evidence submitted electronically is not in native format, it should be submitted in a manner that retails the essential functionality of the native format (i.e. in a machine-readable and searchable electronic format). The Region does not seek any documents or information that is covered by the attorney-client privilege and/or attorney work-product doctrine.  To the extent any responsive documents are withheld on those bases, please provide a privilege log laying the appropriate foundation for the privilege asserted as the basis for withholding a document.

    **Date for Submitting Evidence:**  To resolve this matter as expeditiously as possible, you must provide your evidence and position in this matter by Friday, December 1, 2017.  If you are willing to allow me to take affidavits, please contact me by Tuesday, November 28, 2017 to schedule a time to take affidavits.  Electronic filing of position statements and documentary evidence through the Agency website is preferred but not required.  To file electronically, go to **www.nlrb.gov,** select **E-File Documents,** enter the **NLRB case number,** and follow the detailed instructions.  If I have not received all your evidence by the due date or spoken with you and agreed to another date, it will be necessary for me to make my recommendations based upon the information available to me at that time.

    It is Agency policy that full and complete cooperation on your part in this investigation includes timely providing all material witnesses under your control to the investigating Board agent so that the witnesses' statements can be reduced to affidavit form and providing all relevant documentary evidence requested by the Board agent.  The mere submission of a position letter or memorandum, or the submission of affidavits not taken by the Board agent, does not

TESLA, INC.                                    - 6 -                          November 21, 2017
Case 32-CA-208614

constitute full and complete cooperation.  The Region seeks such full and complete cooperation
by the close of business on Friday, December 1, 2017.  If I have not received all of your evidence
by the due date or spoken with you and agreed to another date, it will be necessary for me to
make my recommendations based upon the information available to me at that time.
Additionally, the Region will consider all of its options in order to complete its investigation,
including the possibility of issuing investigative subpoenas for the witnesses and documents
requested in this letter.

      Please contact me at your earliest convenience by telephone, (510)671-3041, or e-mail,
edris.rodriguezritchie@nlrb.gov, so that we can discuss how you would like to provide evidence
and I can answer any questions you have with regard to the issues in this matter.

                                   Very truly yours,

                                   /s/ Edris Rodriguez Ritchie


                                   EDRIS W.I. RODRIGUEZ RITCHIE
                                   Field Attorney

22-60493.2675

# Exhibit F

22-60493.2676

FORM EXEMPT UNDER 44 U.S.C 3512

| INTERNET FORM NLRB-501 (2-08) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD CHARGE AGAINST EMPLOYER | DO NOT WRITE IN THIS SPACE | |
|---|---|---|---|
| | | Case 32-CA-210879 | Date Filed 12/01/17 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer  Tesla, Inc. | | b. Tel. No. |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax No. |
| d. Address (Street, city, state, and ZIP code)  45500 Fremont Boulevard  Fremont, California 94538 | e. Employer Representative | g. e-Mail  gaby@tesla.com |
| | | h. Number of workers employed  Approximately 7000 |
| i. Type of Establishment (factory, mine, wholesaler, etc.)  Factory | j. Identify principal product or service  Automotive Manufacturing | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

In the past sin months the above-named Employer has interfered with the protected Section 7 rights of William Locklear and those of his coworkers by intimidating him, creating the impression of surveillance of him and his coworkers, engaging in surveillance of his and his coworkers' activities, subjecting him to heightened supervisory scrutiny and interrogating him concerning his support for and activities on behalf of the Charging Party.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO

| 4a. Address (Street and number, city, state, and ZIP code)  800 East Jefferson  Detroit, Michigan 48214 | 4b. Tel. No. (313) 926-5000 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION  I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.  By _____  (signature of representative or person making charge)   Henry M. Willis, Attorney  (Print/type name and title or office, if any)  Schwartz, Steinsapir, Dohrmann & Sommers, LLP   12/01/17  Address 6300 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90048   (date) | Tel. No. (323) 655-4700 |
|---|---|
| | Office, if any, Cell No. |
| | Fax No. (323) 655-4488 |
| | e-Mail hmw@ssdslaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

# Exhibit G

22-60493.2678



UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD

REGION 32
1301 Clay St Ste 300N
Oakland, CA 94612-5224

Agency Website: www.nlrb.gov
Telephone: (510)637-3300
Fax: (510)637-3315

Agent's Direct Dial: (510)671-3024

December 20, 2017

SENT VIA EMAIL ONLY AT mparry@littler.com

ELIZABETH PARRY, ATTORNEY
LITTLER MENDELSON
TREAT TOWERS
1255 TREAT BLVD, SUITE 600
WALNUT CREEK, CA 94597

Re:     Tesla, Inc.
        Case 32-CA-210879

Dear Ms. Parry:

I am writing this letter to advise you that it is now necessary for me to take evidence from you regarding the allegations raised in the investigation of the above-captioned matter. As explained below, I am requesting to take affidavits on or before **January 15, 2018**, with regard to certain allegations in this case.

**Allegations:** The allegations for which I am seeking your evidence are as follows.

- On or about July 22, 2017, by and through supervisors Josh Surgeon and Shawn Gaines, violating Sections 8(a)(3) and (1) of the Act. Specifically, the Charging Party-Union alleges that Surgeon and Gaines issued a warning letter to an employee in retaliation for that employee's protected concerted and/or Union activities. The Charging Party-Union also asserts that the incidents relied upon by the Employer in the July 22, 2017, warning letter are not used by the Employer to discipline other employees.

- On or about August 24, 2017, by and through supervisor Matthew Stewart, violating Section 8(a)(1) of the Act. Specifically, the Charging Party-Union alleges that Stewart was engaged in surveillance of employees and/or created the impression of surveillance by standing approximately 5 feet away from two employees working at an auditing station on the Model 3 line.

- On or about August 30, 2017, by and through supervisor Tyler Ash, violating Section 8(a)(1) of the Act. Specifically, the Charging Party-Union alleges that Ash was engaged in surveillance of employees and/or created the impression of surveillance by attending the full orientation training meeting for employees.

Tesla, Inc.                                    - 2 -                        December 20, 2017
Case 32-CA-210879

- On or about August 31, 2017, by and through supervisor Tyler Ash, violating Section 8(a)(1) of the Act. Specifically, the Charging Party-Union alleges that Ash was engaged in surveillance of employees and/or created the impression of surveillance by standing approximately 15 feet away from three employees who work on the Model 3 line.

- On or about September 8, 2017, by and through associate manager Dave Teston, violating Section 8(a)(1) of the Act. Specifically, the Charging Party-Union alleges that Teston engaged in surveillance of employees and/or created the impression of surveillance by instructing an employee to work in a new area directly under a camera with a microphone.

- Since on or about September 8, 2017, and continuing to the present date, by and through agents of the Employer, violating Section 8(a)(1) of the Act. Specifically, the Charging Party-Union alleges that the Employer has engaged in surveillance of employees and/or created the impression of surveillance of employees by installing cameras with microphones in work areas.

- On or about September 14, 2017, by and through supervisors Matthew Stewart and Roderick Stevens, violating Section 8(a)(1) of the Act. Specifically, the Charging Party-Union alleges that Stewart and Stevens engaged in surveillance of employees and/or created the impression of surveillance by standing about 5 feet from two employees working on the Model 3 line.

- On or about September 8, 2017, by and through associate manager Dave Teston, violating Section 8(a)(1) of the Act. Specifically, the Charging Party-Union alleges that Teston interrogated employees about their protected concerted and/or Union activities.

- On or about October 21, 2017, by and through associate production manager Andy McIndoe, violating Section 8(a)(1) of the Act. Specifically, the Charging Party-Union alleges that McIndoe interrogated employees about their protected concerted and/or Union activities.

- On or about November 2, 2017, by and through supervisors and managers of the Employer, including, but not limited to, Dave Teston and Cindie Reneau, violating Sections 8(a)(3) and (1) of the Act. Specifically, the Charging Party-Union alleges that the Employer issued a lower performance review to an employee in retaliation for that employee's protected concerted and/or Union activities. The Charging Party-Union asserts that the reasons for the lowered performance review are pretextual, and that the lowered performance review was issued because the employee had engaged in protected concerted and/or Union activities.

**Board Affidavits:** I am requesting to take affidavits from **Dave Teston**, Associate Manager, **Josh Surgeon**, (title unknown to Board Agent but known by Employer), **Shawn Gaines**, Supervisor, **Kevin Kassekert**, Vice President for Infrastructure Development, **Matthew**

Tesla, Inc.                                    - 3 -                        December 20, 2017
Case 32-CA-210879

**Stewart**, Supervisor, **Tyler Ash**, Supervisor, **Andy McIndoe**, Associate Production Manager, **Cindie Reneau**, Human Resources Representative, **Elliot Kent**, Supervisor, and any other individuals you believe have information relevant to the investigation of the above-captioned matter. Please be advised that the failure to present representatives who would appear to have information relevant to the investigation of this matter, for the purposes of my taking sworn statements from them, constitutes less than complete cooperation in the investigation of the charge. Please contact me by **January 9, 2018**, to schedule these affidavits.

**Documents:** Please provide the following documents, along with any and all other evidence you deem to be relevant to the case:

1. A copy of the Employer's employee handbook or other similar document issued to employees that work at the Employer's Sparks, Nevada facility.

2. The true and correct titles of the Employer's supervisors and managers listed above, and the contact information for any such supervisor and manager if they are no longer employed by the Employer.

3. A document that shows the Employer's management hierarchy currently in place at its Sparks, Nevada facility.

4. Copies of any and all documents relating to the Employer's position of "training coordinator," including any documents that show the incumbent's duties and responsibilities for that position and the work location, e.g., desk area, for incumbents in those positions.

5. Copies of any and all documents concerning the Employer's rules, policies, and/or procedures as they relate to dress codes, solicitation, distribution, orientation training, discipline and discharge, and performance reviews.

6. A copy of employee Will Locklear's personnel file.

7. Copies of the discipline issued to Will Locklear on July 22, 2017, the performance review issued to Will Locklear on November 2, 2017, and any and all documents relied upon by the Employer in issuing the discipline and writing the performance review.

8. Copies of any disciplines issued to employees within the past six months for reasons similar to those used to issue the discipline to Will Locklear on July 22, 2017.

9. Copies of the performance reviews for employees working as "training coordinators" at the Sparks, Nevada facility within the past six months.

10. Copies of any and all documents referring to cameras installed by the Employer at its Sparks, Nevada facility, including, but not limited to, any and all documents showing the reason for the installation of such cameras and the location of such cameras.

22-60493.2681

Tesla, Inc.                                  - 4 -                            December 20, 2017
Case 32-CA-210879

    11. Copies of any and all documents relating to the United Auto Workers and the employees working for the Employer at the Sparks, Nevada facility.

    12. The contact information for the following employees working at the Employer's Sparks, Nevada facility: Morissa Leach, Rebecca Mortenson, Jordan Drayer, and Wyatt Laughlin.

      **Position on 10(j) Relief:** You are also requested to provide your position as to the appropriateness of Section 10(j) injunctive relief in this matter. As you may know, Section 10(j) of the Act permits the NLRB to ask a federal district court "for appropriate temporary relief or restraining order" pending the Board's resolution of an unfair labor practice charge. The district court is authorized to grant "such temporary relief or restraining order as it deems just and proper." *If* the Region determines the Charged Party has violated the Act as alleged, the Region will consider whether to seek injunctive relief in this matter. Accordingly, please provide your position, legal theory, case law, and supporting evidence regarding whether injunctive relief would be appropriate for the alleged violations in this case and whether such injunctive relief would be just and proper. I wish to emphasize that the Region has not yet made a decision as to whether the Charged Party has violated the Act as alleged. Rather, we want to provide you with adequate notice that injunctive relief will be considered if such a decision is made.

      **Date for Submitting Evidence:** To resolve this matter as expeditiously as possible, you must provide your evidence and position in this matter by **January 15, 2018**. If you are willing to allow me to take affidavits, please contact me by **January 9, 2018**, to schedule a time to take affidavits. Electronic filing of position statements and documentary evidence through the Agency website is preferred but not required. To file electronically, go to **www.nlrb.gov,** select **E-File Documents,** enter the **NLRB case number,** and follow the detailed instructions. If I have not received all your evidence by the due date or spoken with you and agreed to another date, it will be necessary for me to make my recommendations based upon the information available to me at that time.

      Please contact me at your earliest convenience by telephone, (510)671-3024, or e-mail, alexander.hajduk@nlrb.gov, so that we can discuss how you would like to provide evidence and I can answer any questions you have with regard to the issues in this matter.

                Very truly yours,

                /s/ Alexander M. Hajduk

                ALEXANDER M. HAJDUK
                Field Examiner

# Exhibit H

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

TESLA, INC.

and

MICHAEL SANCHEZ, an Individual                    Case 32-CA-197020

and

JONATHAN GALESCU,  an Individual                  Case 32-CA-197058

and

RICHARD ORTIZ, an Individual                      Case 32-CA-197091

and

INTERNATIONAL UNION, UNITED               Case 32-CA-197197
AUTOMOBILE, AEROSPACE AND                 Case 32-CA-200530
AGRICULTURAL WORKERS OF                   Case 32-CA-208614
AMERICA, AFL-CIO                          Case 32-CA-210879

## THIRD ORDER CONSOLIDATING CASES, SECOND AMENDED CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, **IT IS ORDERED THAT** the Amended Consolidated Complaint that issued on September 1, 2017, in Cases 32-CA-197020, 32-CA-197058, 32-CA-197091, 32-CA-197197, and 32-CA-200530, alleging that Tesla, Inc. (Respondent) has violated the National Labor Relations Act, 29 U.S.C. § 151 et seq. (the Act), by engaging in unfair labor practices, is further consolidated with Cases 32-CA-208614 and 32-CA-210879, filed by the International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO (Union) against Respondent, which allege that Respondent has engaged in further unfair labor practices within the meaning of the Act.

This Third Order Consolidating Cases, Second Amended Consolidated Complaint and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq. and Sections 102.15 and 102.17 of the Board's Rules and Regulations, and alleges Respondent has violated the Act as described below.

1.

(a)    The charge in Case 32-CA-197020 was filed by Michael Sanchez on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(b)    The first-amended charge in Case 32-CA-197020 was filed by Michael Sanchez on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(c)    The charge in Case 32-CA-197058 was filed by Jonathan Galescu on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(d)    The first-amended charge in Case 32-CA-197058 was filed by Jonathan Galescu on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(e)    The charge in Case 32-CA-197091 was filed by Richard Ortiz on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 19, 2017.

(f)    The first-amended charge in Case 32-CA-197091 was filed by Richard Ortiz on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(g)    The charge in Case 32-CA-197197 was filed by the Union on April 19, 2017, and a copy was served on Respondent by U.S. mail on April 20, 2017.

22-60493.2685

(h)     The first-amended charge in Case 32-CA-197197 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(i)     The charge in Case 32-CA-200530 was filed by the Union on June 12, 2017, and a copy was served on Respondent by U.S. mail on June 13, 2017.

(k)     The first-amended charge in Case 32-CA-200530 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(l)     The charge in Case 32-CA-208614 was filed by the Union on October 25, 2017, and a copy was served on Respondent by U.S. mail on October 25, 2017.

(m)    The first-amended charge in Case 32-CA-208614 was filed by the Union on March 12, 2017, and a copy was served on Respondent by U.S. mail on March 13, 2018.

(n)     The charge in Case 32-CA-210879 was filed on December 1, 2017, and a copy was served on Respondent by U.S. mail on December 4, 2017.

(o)     The first-amended charge in Case 32-CA-210879 was filed on December 6, 2017, and a copy was served on Respondent by U.S. mail on December 7, 2017.

2.

(a)     At all material times, Respondent, a Delaware technology and design corporation with its headquarters in Palo Alto, California, an automotive manufacturing facility in Fremont, California (the Fremont Facility), and an automotive battery facility in Sparks, Nevada (the Sparks Facility), has been engaged in the design, manufacture, and sale of electric vehicles and energy storage systems.

(b)     During the 12-month period ending December 31, 2017, Respondent, in conducting its operations described above in paragraph 2(a) at its Fremont Facility,

3

purchased and received goods valued in excess of $50,000 directly from sources located outside the State of California.

(c)    During the 12-month period ending December 31, 2017, Respondent, in conducting its operations described above in paragraph 2(a) at its Sparks Facility, purchased and received goods valued in excess of $50,000 directly from sources located outside the State of Nevada.

3.

At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

4.

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| Elon Musk | - | Chief Executive Officer |
| Mark Lipscomb | - | Vice-President of Human Resources |
| Emma Cruz | - | Human Resources Business Partner |
| Liza Lipscomb | - | Human Resources Business Partner |
| Seth Woody | - | Human Resources Business Partner |
| David Zwieg | - | Human Resources Business Partner |

4

| | | |
|---|---|---|
| Juan Martinez | - | Manager, Manufacturing |
| Andrew McIndoe | - | Associate Production Manager |
| Tope Ogunniyi | - | Associate Production Manager |
| Victor Facha | - | Supervisor |
| Tim Fenelon | - | Supervisor |
| Homer Hunt | - | Supervisor |
| Armando Rodriguez | - | Supervisor |
| Dave Teston | - | Supervisor |
| Red Shirt Male Supervisor No. 1 | - | Supervisor |
| Arnold (Last Name Unknown) | - | Supervisor |
| John Doe | - | Production Supervisor |
| Lauren Holcomb | - | Environmental Health Safety and Sustainability Specialist |
| Ricky Gecewich | - | Employee Relations Investigator |

6.

At all material times, the following individuals held the positions set forth opposite their respective names and have been agents Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| John/Jane Does 1-6 | - | Security Guards |
| Name Unknown | - | Human Resources Agent |

7.

(a)    Since at least late October 2016, Respondent has maintained the following rules in its Confidentiality Agreement at the Fremont facility:

5

(i)    These obligations are straightforward.  Provided that it's not already public information, everything that you work on, learn about or observe in your work about Tesla is confidential information under the agreement that you signed when you first started.  This includes information about…customers, suppliers, employees…. and anything similar.

(ii)    Additionally, regardless of whether information has already been made public, it is never OK to communicate with the media or someone closely related to the media about Tesla, unless you have been specifically authorized in writing to do so.

(iii)    Unless otherwise allowed by law or you have received written approval, you must not, for example, discuss confidential information with anyone outside of Tesla,

(iv)    or write about your work in any social media, blog, or book. If you are unsure, check with your manager, HR, or Legal.

(v)    The consequences for careless violation of the confidentiality agreement, could include, depending on severity, loss of employment.  Anyone engaging in intentional violation of the confidentiality agreement will be liable for all the harm and damage that is caused to the company, with possible criminal prosecution. These obligations remain in place even if no longer working at Tesla.

(b)    About late October 2016 or early November 2016, Respondent, by Human Resources Business Partner David Zweig, at the Fremont facility, during a one-on-one meeting with employees, prohibited employees from taking a picture of Respondent's Confidentiality Agreement described above in paragraph 7(a).

(c)    On February 10, 2017, Respondent, by its Security Guards, including, but not limited to, John/Jane Does Security Guards Nos. 1-4, restrained and coerced off-duty employees who were engaged in leafleting on Respondent's premises outside of the Fremont facility by repeatedly asking them to produce their employee identification badges and/or telling them to leave Respondent's premises.

6

    (d)  On February 10, 2017, Respondent, by John Doe Security Guard No. 1, outside the entrance to Door 2 at the Fremont facility:

        (i)  On two separate occasions, instructed an off-duty employee to leave Respondent's premises.

        (ii)  Security Guard No. 1 engaged in the conduct described above in paragraph 7(d)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

    (e)  On February 10, 2017, Respondent, by Jane Doe Security Guard No. 2, outside the entrance to Door 1 at the Fremont facility:

        (i)  told off-duty employees to leave Respondent's premises.

        (ii)  Security Guard No. 2 engaged in the conduct described above in paragraph 7(e)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

    (f)  On February 10, 2017, Respondent, by John Doe Security Guard No. 3, outside the entrance to Door 1 at the Fremont facility:

        (i)  told off-duty employees to leave Respondent's premises.

        (ii)  Security Guard No. 3 engaged in the conduct described above in paragraph 7(f)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

    (g)  On February 10, 2017, Respondent, by Jane Doe Security Guard No. 4, outside the entrance to Door 3 at the Fremont facility:

        (i)  told an off-duty employee to leave Respondent's premises.

        (ii)  Security Guard No. 4 engaged in the conduct described above in paragraph 7(g)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

22-60493.2690

(h)   On February 10, 2017, Respondent, by Red Shirt Male Supervisor No. 1, near the back entrance to the Fremont facility by the Receiving Addition:

    (i)   told an off-duty employee to leave the premises.

    (ii)   Red Shirt Male Supervisor No. 1 engaged in the conduct described above in paragraph 7(h)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

(i)   On February 10, 2017, Respondent, by a Human Resources Agent (whose name is currently unknown to the General Counsel) at the Fremont facility, during a phone conversation initiated by Red Shirt Male Supervisor No. 1:

    (i)   told an off-duty employee who was on medical leave to leave Respondent's premises.

    (ii)   The unnamed Human Resources Agent engaged in the conduct described above in paragraph 7(i)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

(j)   On March 23, 2017, Respondent, by Supervisor Armando Rodriguez, during a pre-shift meeting at the Fremont facility:

    (i)   told employees that they could not distribute stickers, leaflets, or pamphlets that were not approved by Respondent; and

    (ii)   threatened that Respondent would terminate employees if they passed out stickers, leaflets, or materials that were not approved by Respondent.

    (iii)   Supervisor Armando Rodriguez engaged in the conduct described above in paragraph 7(j)(i) and (ii) in response to employees engaging in Union activities and to discourage these and other protected, concerted activities.

(k)   On April 5, 2017, Respondent, by Human Resources Business Partner David Zweig, at the Fremont facility, attempted to prohibit an employee from discussing safety concerns with other employees and/or with the Union.

8

(l)    Since about April 25, 2017, Respondent has maintained the following rule at the Fremont facility:

> Team Wear:  It is mandatory that all Production Associates and Leads wear the assigned team wear.
>
> - On occasion, team wear may be substituted with all black clothing if approved by supervisor.
> - Alternative clothing must be mutilation free, work appropriate and pose no safety risks (no zippers, yoga pants, hoodies with hood up, etc.).

(m)    On April 28, 2017, Respondent, by Human Resources Business Partner Seth Woody, at the Fremont facility, attempted to prohibit employees from discussing safety concerns with other employees and/or with the Union.

(n)    On May 24, 2017,  Respondent, by its Security Guards, including, but not limited to, John/Jane Does Security Guards Nos. 5-6, restrained and coerced employees who were engaged in leafleting on Respondent's premises outside of the Fremont facility by repeatedly asking them to produce their employee identification badges and/or telling them to leave Respondent's premises.

(o)    On May 24, 2017, by Jane Doe Security Guard No. 5, at the security counter near the Door 4 entrance at the Fremont facility, told an employee that the employee could not hand out flyers on Respondent's premises.

(p)    On May 24, 2017, by John Doe Security Guard No. 6, outside the Door 4 entrance at the Fremont facility:

> (i)    on two occasions, instructed an off-duty employee to leave the premises.
>
> (ii)    Security Guard No. 6 engaged in the conduct described above in paragraph 7(p)(i) in response to employees engaged in Union leafleting and to discourage these and other protected, concerted activities.

9

(q)    On May 24, 2017, Respondent, by Respondent's Human Resources Business Partner Lisa Lipscomb, at the Fremont Facility during separate meetings with individual employees, in the presence of Environmental Health Safety and Sustainability Specialist Lauren Holcomb, interrogated employees about their Union and/or protected, concerted activities and/or the Union and/or protected, concerted activities of other employees.

(r)    In the Spring of 2017, Respondent, by Supervisor Arnold (Last Name Unknown), at the Fremont facility, impliedly threatened an employee with unspecific reprisals for wearing a hat with Union insignia.

(s)    In August 2017, Respondent, by Supervisor Homer Hunt, at the Fremont facility, informed its employees that it would be futile for them to select the Union as their bargaining representative.

(t)    Respondent, at the Fremont facility in August or September 2017:

    (i)    by Production Supervisor (whose name is unknown) told employees they could not wear Union shirts at work and threatened employees they would be sent home for wearing shirts with Union insignia;

    (ii)    by Associate Production Manager Tope Ogunniyi, attempted to enforce the rule described above in paragraph 7(l) selectively and disparately by prohibiting shirts with Union insignia.

(u)    About August 10, 2017, Respondent, at the Fremont Facility:

    (i)    by Supervisor Tim Fenelon, told employees to remove their shirts with Union insignia; and

    (ii)    by Associate Production Manager Tope Ogunniyi attempted to enforce the rule described above in paragraph 7(l) selectively and disparately by prohibiting shirts with Union insignia.

22-60493.2693

(v)     About August 14, 2017, by Associate Production Manager Tope Ogunniyi, at Respondent's Fremont facility, attempted to enforce the rule described above in paragraph 7(l) selectively and disparately by telling employees they are prohibited from wearing shirts with Union insignia.

(w)     On September 8, 2017, Respondent, by Supervisor Dave Teston, at Respondent's Sparks Facility in the production administrative room, impliedly threatened an employee with unspecified reprisals for wearing a hat with Union insignia.

(x)     On October 21, 2017, Respondent, by Associate Production Manager Andre McIndoe, at the Sparks Facility, told an employee that the employee should not speak with other employees about workplace concerns.

<div align="center">8.</div>

(a)     On September 14, 2017, Respondent's employees Jose Moran and Richard Ortiz engaged in concerted activities with each other for the purposes of their mutual aid and protection when Jose Moran sent, via text message, screenshots of employee photographs and job titles obtained from Respondent's Workday system to Richard Ortiz, who posted comments regarding wages and working conditions along with the screenshots of the employee photographs and job titles on "Fremont Tesla Employees for UAW Representation" a private employee-only Facebook page.

(b)     Respondent, by Employee Relations Investigator Ricky Gecewich, at the Fremont facility:

>    (i)     About September 21, 2017, during separate meetings with individual employees, interrogated employees about the conduct described above in paragraph 8(a).

<div align="center">11</div>

      (ii)     About October 19, 2017, during separate meetings with individual employees, interrogated employees about the conduct described above in paragraph 8(a).

      (iii)     About October 19, 2017, in an email, promulgated and/or disparately enforced a rule prohibiting employees from accessing the Workday System for non-business purposes without proper business justification.

(c)     On October 18, 2017, Respondent discharged Richard Ortiz.

(d)     On October 19, 2018, Respondent issued a disciplinary warning to Jose Moran.

(e)     Respondent engaged in the conduct described above in paragraphs 8(b)(iii), 8(c) and 8(d), because Jose Moran and Richard Ortiz engaged in the conduct described above in paragraph 8(a) and to discourage its employees from engaging in these and/or other protected concerted activities.

(f)     Respondent engaged in the conduct described above in paragraphs 8(b)(iii), 8(c), and 8(d), because Jose Moran and Richard Ortiz supported and assisted the Union and/or because they engaged in concerted activities, and to discourage employees from engaging in these activities.

<p style="text-align:center">9.</p>

By the conduct described above in paragraphs 7 and 8(b) through 8(e), Respondent has been interfering with, restraining and coercing employees in the exercise of their rights guaranteed in Section 7 of the Act in violation of Sections 8(a)(1) of the Act.

<p style="text-align:center">10.</p>

By the conduct described above in paragraphs 8(b)(iii), 8(c), 8(d), and 8(f), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of

<p style="text-align:center">12</p>

employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

<div align="center">11.</div>

The unfair labor practices of Respondent described above affect commerce within the meaning of Sections 2(6) and (7) of the Act.

**WHEREFORE**, as part of the remedy for the unfair labor practices described above in paragraphs 7 and 8(b) through 8(f), the General Counsel seeks an order requiring Respondent to Respondent to hold meetings with Respondent's production employees at its Fremont and Sparks facilities, scheduled to ensure the widest possible attendance, at which the Board's Notice is to be read to employees by a responsible management official of Respondent, or at Respondent's option, by a Board agent in that official's presence. Respondent shall be required to allow a representative of the Union to be present during such reading or readings of the Notice.

<div align="center"><b><u>ANSWER REQUIREMENT</u></b></div>

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Second Amended Consolidated Complaint. The answer must be **<u>received by this office on or before April 13, 2018, or postmarked on or before April 12, 2018</u>**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case

<div align="center">13</div>

Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Second Amended Consolidated Complaint are true.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** on June 11, 2018, at 9:00 a.m., at the Oakland Regional Office of the National Labor Relations Board located at 1301 Clay Street,

14

22-60493.2697

Oakland, California 94612, at a conference room to be determined, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.    At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Second Amended Consolidated Complaint.    The procedures to be followed at the hearing are described in the attached Form NLRB-4668.    The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.


**DATED AT** Oakland, California this 30th day of March 2018.


/s/ Valerie Hardy-Mahoney

Valerie Hardy-Mahoney
Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

Attachments

15

22-60493.2698

# Exhibit I

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

TESLA, INC.

    and

MICHAEL SANCHEZ, an Individual                Case 32-CA-197020

    and

JONATHAN GALESCU,  an Individual          Case 32-CA-197058

    and

RICHARD ORTIZ, an Individual              Case 32-CA-197091

    and

INTERNATIONAL UNION, UNITED AUTOMOBILE,   Case 32-CA-197197
AEROSPACE AND AGRICULTURAL WORKERS OF   Case 32-CA-200530
AMERICA, AFL-CIO                            Case 32-CA-208614
                                           Case 32-CA-210879

## AMENDMENT TO SECOND AMENDED CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

Pursuant to Section 102.17 of the Rules and Regulations of the National Labor Relations Board (the Board), the Second Amended Consolidated Complaint and Notice of Hearing (Complaint) issued on March 30, 2018, is amended as follows:

**Amend paragraph 5** of the Complaint to include two more individuals as a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act. The two individuals to include are:

Gaby Toledano      -     Respondent's Chief People Officer

Josh Hedges        -     Director of HR for Production

**Amend paragraph 7** to include the following new allegations as 7(y) of the Complaint:

(y)     On about June 7, 2017, Respondent, in a conference room at its Fremont Facility, during a meeting held by CEO Elon Musk and Chief People Officer Gaby Toledano:

(i) by Elon Musk, solicited employee complaints about safety issues and impliedly promised to remedy their safety complaints if they refrained from their union organizational activity.

(ii) by Elon Musk, informed its employees that it would be futile for them to select a union as their bargaining representative by telling them that employees did not need a union and that Respondent would allow them to have a union if Respondent failed in its efforts to remedy their safety grievances; and

(iii) by Gaby Toledano, restrained and coerced employees from engaging in union organizational activity by telling them that no one at Respondent's Facility wanted a union and asking them why employees would want to pay union dues.

**Amend paragraph 8(d)** to correct the year Jose Moran was issued a disciplinary warning. The existing paragraph 8(d) should be replaced with the following paragraph:

(d)     On or about October 19, 2017, Respondent issued a disciplinary warning to Jose Moran.

## ANSWER REQUIREMENT

RESPONDENT IS FURTHER NOTIFIED that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, Respondent must file an answer to the above Amendment to Second Amended Consolidated Complaint. The answer must be **received by this office on or before June 18, 2018, or postmarked on or before June 17, 2018**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

2

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on File Case Documents, enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Amendment to Second Amended Consolidated Complaint are true.

## NOTICE OF HEARING LOCATION

**PLEASE TAKE NOTICE THAT** on June 11, 2018, at 9:00 a.m., at the Oakland Regional Office of the National Labor Relations Board located at 1301 Clay Street, Oakland, California 94612, at Conference Room H on the 5th Floor, and on consecutive days thereafter until

22-60493.2702

concluded, a hearing will be conducted before an administrative law judge of the National Labor

Relations Board.     At the hearing, Respondent and any other party to this proceeding have the right

to appear and present testimony regarding the allegations in this Second Amended Consolidated

Complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-

4668.  The procedure to request a postponement of the hearing is described in the attached Form

NLRB-4338.

 

     **DATED AT** Oakland, California this 4th day of June 2018.

Valerie Hardy-Mahoney
Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

Attachments

4

# Exhibit J

Form NLRB - 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

FIRST AMENDED **CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32-CA-200530 | 7-28-2017 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Tesla Motors Corporation | | b. Tel. No.<br>(510)249-3650 |
|---|---|---|
| | | c. Cell No.<br>(650)454-5386 |
| d. Address (street, city, state ZIP code)<br>45500 Fremont Blvd, Fremont, CA<br>94538-6326 | e. Employer Representative<br>Arnnon Geshuri<br>Vice President of HR | f. Fax No. |
| | | g. e-Mail<br>arnnon@tesla.com |
| | | h. Dispute Location (City and State)<br>Fremont, CA |
| i. Type of Establishment (factory, nursing home, hotel)<br>Factory | j. Principal Product or Service<br>Automotive Manufacturing | k. Number of workers at dispute location<br>Approximately 7000 |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsection (1) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the last six months, the above-named Employer, through its agents, violated the Act by: enforcing an overly broad confidentiality policy; interrogating employees regarding their protected concerted activities; intimidating and harassing employees engaged in Section 7 activities; and promulgating and/or maintaining an unlawful rule restricting Section 7 activity, including an overly broad distribution policy.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO | |
|---|---|
| 4a. Address (street and number, city, state, and ZIP code)<br>8000 E JEFFERSON AVE, DETROIT, MI 48214-2699 | 4b. Tel. No.<br>(313)926-5000 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. |
|---|---|
| By: *Margo A. Feinberg*    Margo Feinberg, Esq.,<br>Attorney for Charging Party<br>(signature of representative or person making charge)    Print Name and Title | Office, if any, Cell No.<br>(323) 655-4700 |
| | Fax No.<br>(323) 655-4488 |
| Address: 8000 E JEFFERSON AVE,<br>DETROIT, MI 48214-2699    Date: 7/28/17 | e-Mail<br>margo@ssdslaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C, § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

# Exhibit K

Form NLRB - 501  (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32-CA-208614 | 3/13/2018 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

**1.  EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| a. Name of Employer<br>Tesla, Inc. | | b. Tel. No. |
|---|---|---|
| | | c. Cell No. |
| d. Address (street, city, state ZIP code)<br>45500 Fremont Blvd, Fremont, CA<br>94538-6326 | e. Employer Representative<br>Gaby Toledano<br>Chief People Officer | f. Fax No. |
| | | g. e-Mail<br>gaby@tesla.com |
| | | h. Dispute Location (City and State)<br>Fremont, CA |
| i. Type of Establishment (factory, nursing home, hotel)<br>Factory | j. Principal Product or Service<br>Automotive Manufacturing | k. Number of workers at dispute location<br>10000 |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the past six months, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of rights guaranteed in Section 7 of the Act by (1) disciplining and/or terminating employees in retaliation for engaging in union and/or protected concerted activities; (2) maintaining an unlawful teamwear policy prohibiting the wearing of Union t-shirts; (3) applying its teamwear policy in a discriminatory manner; (4) intimidating, harassing, and/or threatening employees including, but not limited to, interrogating employees regarding their Section 7 activities; (5) making a statement of futility regarding employee support for the Union; and (6) threatening an employee regarding the wearing of union insignia and engaging in Section 7 activity.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA<br>INTERNATIONAL UNION (UAW), AFL-CIO | |
|---|---|
| 4a. Address (street and number, city, state, and ZIP code)<br>8000 East Jefferson Avenue, Detroit, MI 48214 | 4b. Tel. No.<br>313-926-5000 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail<br>sreed@uaw.net |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA INTERNATIONAL UNION (UAW), AFL-CIO

| 6.  DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No.<br>323-655-4700 |
|---|---|---|
| By: *Margo L Feinberg* <br>(signature of representative or person making charge) | Margo A. Feinberg, Esq.<br>Attorney for Charging Party<br>Print Name and Title | Office, if any, Cell No. |
| | | Fax No.<br>323-655-4488 |
| Address: 8000 East Jefferson Avenue, Detroit,<br>MI 48214 | Date: | e-Mail<br>margo@ssdslaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

# Exhibit L

22-60493.2708

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

| | |
|---|---|
| TESLA, INC. | |
| and | |
| MICHAEL SANCHEZ, an Individual | Case 32-CA-197020 |
| and | |
| JONATHAN GALESCU, an Individual | Case 32-CA-197058 |
| and | |
| RICHARD ORTIZ, an Individual | Case 32-CA-197091 |
| and | |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO | Case 32-CA-197197<br>Case 32-CA-200530<br>Case 32-CA-208614<br>Case 32-CA-210879 |
| | **Date: June 8, 2018** |

**AFFIDAVIT OF SERVICE OF COUNSEL FOR THE GENERAL COUNSEL'S REQUEST FOR SPECIAL PERMISSION TO APPEAL THE ADMINISTRATIVE LAW JUDGE'S AMENDED ORDER DENYING GENERAL COUNSEL'S MOTION TO PERMIT VIDEOCONFERENCE TESTIMONY OF A CRITICAL THIRD-PARTY WITNESS**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) upon the persons at the addresses and in the manner indicated below. Persons listed below under "E-Service" have voluntarily consented to receive service electronically, and such service has been effected on the same date indicated above.

Mark S. Ross, Esq.
Sheppard Mullin Richter & Hampton, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
**VIA EMAIL: mross@sheppardmullin.com**

Margo A. Feinberg, Esq.
Schwartz, Steinsapir, Dohrmann & Sommers, LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90048
**VIA EMAIL: margo@ssdslaw.com**

Office of the Executive Secretary
National Labor Relations Board
1015 Half Street SE
Washington, DC 20570-0001
**VIA E-FILE**

June 8, 2018

Frances Hayden, Designated Agent of NLRB
Name

Signature

1 (xx)

EXHIBIT NO. GC-7(xx) RECEIVED ✓ REJECTED

32-CA-197020

CASE NO ___ CASE NAME: Tesla, Inc

OF 2 DATE: 6/11/18 REPORTER B RAST

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

TESLA, INC.

and

MICHAEL SANCHEZ, an Individual

and

JONATHAN GALESCU,  an Individual

and

RICHARD ORTIZ, an Individual

and

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL WORKERS OF
AMERICA, AFL-CIO

Cases 32-CA-197020
32-CA-197058
32-CA-197091
32-CA-197197
32-CA-200530
32-CA-208614
32-CA-210879

**COUNSEL FOR THE GENERAL COUNSEL'S REQUEST FOR SPECIAL
PERMISSION TO APPEAL THE ADMINISTRATIVE LAW JUDGE'S AMENDED
ORDER DENYING GENERAL COUNSEL'S MOTION TO PERMIT
VIDEOCONFERENCE TESTIMONY OF A CRITICAL THIRD-PARTY WITNESS**

Pursuant to Section 102.26 of the National Labor Relation Board's (the Board) Rules and

Regulations, Counsel for the General Counsel (General Counsel) requests special permission to

appeal Administrative Law Judge Amita Tracy's (the Judge) Amended Order Denying General

Counsel's motion to permit a critical third-party witness named William Locklear to testify via

videoconference. He currently resides in Buffalo, New York and the hearing in this matter is

taking place in Oakland, California.

22-60493.2711

1 (WW)

For the reasons set forth more fully below, the Board should accept this appeal and reverse the Judge's ruling, which is contrary to precedent and prejudices the General Counsel's case, causing manifest injustice.

## I.    **Procedural Background**

On May 29, 2018,[1] General Counsel filed a Motion to Take Video Testimony of Will Locklear (the Motion)[2] to permit the testimony of witness Will Locklear (Mr. Locklear), who currently lives in Buffalo, New York. If the Motion were granted, Mr. Locklear would testify from the Board's Region 3 office located in Buffalo, where the Board has access to secure video servers that cannot be tampered with. His testimony would be instantly transmitted to the hearing room in Region 32, located in Oakland, California. On May 25, Counsel for Tesla, Inc. (Respondent) Keahn Morris represented to the General Counsel that Respondent did not have a problem with the General Counsel's request for video testimony and indicated that Respondent would also likely want videoconference testimony of their witnesses located in Sparks, Nevada. Based on this conversation, General Counsel, in its Motion, represented that Respondent did not oppose the Motion.

Later on May 29, the Judge issued an Order to Show Cause[3] with a response due the following day; however, due to inadvertent clerical errors by both Respondent and the San Francisco Division of Judges, Respondent was not served with the Judge's Order to Show Cause for why the Motion should not be granted. As no response was filed, on May 31, the Judge granted the Motion to permit videoconference testimony of Mr. Locklear.[4] On June 4, in contravention of its previous discussions with General Counsel, and for reasons never explained

---

[1] All dates herein occurred in 2018.
[2] A copy of the General Counsel's Motion is attached as Exhibit 1.
[3] A copy of the Judge's Order to Show Cause is attached as Exhibit 2.
[4] A copy of the Judge's Order is attached as Exhibit 3.

2

EXHIBIT NO. GC-1(ww) RECEIVED ✓ REJECTED

32-CA-197020   Tesla, Inc.

CASE NO.                    CASE NAME:

OF 27 DATE: 6/11/18 REPORTER: BRAST

to General Counsel, Respondent filed an Opposition to the Motion.  On June 5, Respondent filed a Motion for Reconsideration of the Judge's May 31 Order Granting the Motion, in which Respondent explained that it was not served with the Judge's May 29 Order to Show Cause.[5]  On June 6, the Judge issued an Order Granting Respondent's Motion for Reconsideration and Amended Order Denying the General Counsel's Motion.[6]

Mr. Locklear is the only witness who can testify in support of the allegations listed in paragraphs 7(w) and 7(x) of the Second Amended Consolidated Complaint because they occurred during one-on-one conversations between him and a supervisor. He is also not a Charging Party and therefore a third-party witness. Because of the Agency's budgetary constraints, General Counsel is not permitted to subpoena Mr. Locklear to testify in Oakland, California. He is currently under subpoena to appear in Region 3, located in Buffalo, New York. Therefore, the Judge's Order denying his ability to testify by videoconference effectively precludes the General Counsel from presenting any evidence in support of these Complaint allegations.

## II.    It is Appropriate to Reverse the Judge's Order and Permit Videoconference Testimony of Mr. Locklear under Current Case Law

Section 102.35(c) of the Board's Rules and Regulations permits the use of videoconference testimony at unfair labor practice hearings.  The request for videoconference testimony must state where the witness resides, the compelling circumstances that require the use of videoconference testimony, the location where the video testimony will be held, the matter about which the witness will testify, the safeguards in place to ensure that the video will be transmitted, and the Judge must be able to clearly hear and see the witness as well as a panoramic view of the room.  Id.  Moreover, Federal Rule of Civil Procedure (FRCP) 43(a)

---

[5] A copy of Respondent's Motion for Reconsideration is attached as <u>Exhibit 4</u>.
[6] A copy of the Judge's Order is attached as <u>Exhibit 5</u>.

22-60493.2713

allows "[f]or good cause and compelling circumstances" that testimony be taken via videoconference. Further yet, the Board's Bench Book allows for videoconference testimony. See § 11-620 (Aug. 2010) ( "[v]ideo testimony has been used in Board trials without objection.").

Courts have recognized that videoconference testimony is permissible because a witness testifying by videoconference is observed directly, with virtually instantaneous transmission, and videoconference testimony can sufficiently enable cross-examination and credibility determinations. *Warner v. Cate*, 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015); see also *Parkhurst v. Belt*, 569 F.3d 995, 1003 (8th Cir.2009). This is because there is no material difference between live testimony and testimony via video transmission. *FTC v. Swedish Match North America, Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000). While FRCP 43(a) calls for good cause and shares the Board's requirement for compelling circumstances to allow videoconference testimony, courts have interpreted FRCP 43(a) to allow videoconference testimony because it will save the government the cost of transporting witnesses. See, e.g., *Hankins v. Wolf*, 2016 WL 3087677, at *3 (W.D. Pa. June 2, 2016) (Court granted videoconference testimony since it would "save the Commonwealth substantial expense.").

In *EF International Language School, Inc. v. NLRB*, 673 F. App'x 1, 3–4 (D.C. Cir. 2017), the District of Columbia Circuit affirmed the ALJ's use, and the Board's adoption of, videoconference testimony. There, the employer challenged the use of videoconference testimony arguing that it contradicted Board rules and violated the employer's due process rights by preventing the employer from examining the witness in person. Id. The Circuit Court noted that the Board properly determined that Sec. 102.30 of the Board's Rules and Regulations did not preclude the taking of testimony by videoconference and these purported concerns related to

4

due process were obviated by the videoconferencing technology that enabled observation of the witness. Id. at 4.

Similarly, in *MPE, Inc.*, 2015 WL 400660, at *1 (NLRB Jan. 29, 2015),[7] the Board granted the General Counsel's request for special permission to appeal the administrative law judges denial of the use of videoconference testimony and remanded the matter to the administrative law judge for a hearing to include videoconference testimony. There the Board noted that the administrative law judge erred in denying the motion to allow video testimony where the witness at issue was a key witness and unavailable to testify in person. Id.

Here, Mr. Locklear is a key witness that is vital to the General Counsel's case. Specifically, Mr. Locklear will testify about the unfair labor practices alleged in Complaint paragraphs 7(w) and 7(x). In this regard, Mr. Locklear is the *only* employee witness that can establish the unfair labor practices alleged in the Complaint—which occurred in two separate one-on-one conversations with Respondent's supervisors. Moreover, Counsel for the General Counsel notes that the use of video testimony will alleviate the economic burden to Mr. Locklear from flying 3,000 miles cross-country, paying for his lodging, transport to/from the airport, and meals. Further yet, Mr. Locklear is a third-party witness on behalf of another Charging Party. Nor is it appropriate to ask Mr. Locklear, a former factory worker, to bear the expense of travel. In this regard, requiring Mr. Locklear to travel cross country would require him to miss days of work and potentially lose vacation time and/or income.

Since Mr. Locklear is the only witness who can substantiate the above-referenced allegations of the Complaint, denying the use of videoconference testimony here results in

---

[7] The witness involved in *MPE* was imprisoned at the time of the hearing in that matter; however, *MPE* stands for the proposition that videoconference testimony is allowable when a witness is otherwise unavailable. As described more herein, as a result of Mr. Locklear's physical and financial barriers to the hearing, he should be considered unavailable.

22-60493.2715

manifest injustice. Because of the physical and financial barriers to Mr. Locklear's in-person testimony, the Judge's refusal to allow videoconference testimony effectively requires the General Counsel to forgo pursuit of paragraphs 7(w) and (x) of the Complaint. These allegations are not cumulative of other Section 8(a)(1) allegations in the Complaint because the conduct is alleged to have occurred in Respondent's facility in Sparks, Nevada, whereas the other Section 8(a)(1) violations are alleged to have occurred in Fremont, California.

Finally, General Counsel will ensure that Section 102.35(c)'s safeguards are maintained. If permitted, Mr. Locklear would testify via videoconference from the Board's Region 3 office in Buffalo, New York, which contains a secure internet connection with firewall protections. Additionally, all Board field offices are equipped with adequate video equipment to transmit Mr. Locklear's testimony to the hearing in Region 32 via a secure internet connection. Both Region 32 and Region 3 have video conference equipment that offers clear, audible, video testimony, including a hi-tech camera that allows the user to pan around the room, tilt, and zoom-in on any item or person in the hearing room. The system further includes a movable microphone and remote control that permits the user to adjust the volume settings to ensure audible clarity. Finally, Board Agents in Region 3, who are under the same ethical rules as all attorneys and under the supervision of the Regional Attorney of Region 3, would be available to present Mr. Locklear with any exhibits as needed by the Judge, General Counsel, the Charging Parties, or Respondent.

### III.  **Conclusion**

Given that: (1) the use of video testimony will save the Board the substantial cost of transporting a witness cross the country; (2) Mr. Locklear is a third-party witness who should not bear the financial responsibility of travel cross country; (3) it is unreasonable to make a third-

22-60493.2716

party witness pay to fly across country for a case in which he has no standing; (4) without his testimony, the Board cannot establish elements of its case making Mr. Locklear essential; and (5) all the safeguards in the Board's Rules and Regulations are met, Counsel for the General Counsel respectfully urges the Board to grant this special appeal, reverse the Judge's Amended Order Denying the Motion, and permit Mr. Locklear to testify by videoconference from Buffalo, New York.

**DATED AT** Oakland, California this 8th day of June 2018.

/s/ Noah Garber

_____
Noah Garber
Counsel for the General Counsel
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

7

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

TESLA, INC.

    **and**

MICHAEL SANCHEZ, an Individual

    **and**

JONATHAN GALESCU, an Individual

    **and**

RICHARD ORTIZ, an Individual

    **and**

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL WORKERS OF
AMERICA, AFL-CIO

**Cases 32-CA-197020**
**32-CA-197058**
**32-CA-197091**
**32-CA-197197**
**32-CA-200530**
**32-CA-208614**
**32-CA-210879**

## MOTION TO TAKE VIDEO TESTIMONY OF WILL LOCKLEAR

I.    **Introduction**

Counsel for the General Counsel (the General Counsel) files this Motion to Take Video

Testimony of Will Locklear at the upcoming hearing in this matter scheduled to begin on June

11, 2018. Mr. Locklear lives and works in Buffalo, New York whereas the hearing in this matter

is scheduled to take place at the Region 32 Field Office of the National Labor Relations Board

(the Board) located in Oakland, California.

II.    **Legal Standard and Discussion**

Federal Rule of Civil Procedure 43 provides that "for good cause in compelling

circumstances and with appropriate safeguards, the court may permit testimony in open court by

1

EXH. _____ I

contemporaneous transmission from a different location." FRCP 43. Moreover, the Board allows the use of video testimony in trials. See *M.V.M., Inc.*, 352 NLRB 1165, 1165 fn. 1 (2008) (Administrative Law Judge allowed witness testimony by video.); see also NLRB Bench Book § 11-620 (Aug. 2010) (noting "[v]ideo testimony has been used in Board trials without objection.").

Good cause exists for permitting Mr. Locklear to testify via video. Specifically, economical and logistical reasons underlie the need to take Mr. Locklear's testimony by video. First, Mr. Locklear's testimony is essential to the General Counsel's case because he has key testimony regarding violations of the National Labor Relations Act (the Act) as alleged in the Consolidated Complaint. Currently, Mr. Locklear resides in the Buffalo, New York. The cost of a round trip plane ticket to fly across country from Buffalo to Oakland to testify in this matter would place a significant financial burden on Mr. Locklear. Mr. Locklear is, however, able to appear at the Board's Region 3 Field Office located in Buffalo, which is a cost-effective alternative to appearing in Oakland. By appearing in the Region 3 Field Office, Mr. Locklear will be able to participate in the hearing and provide his essential testimony when he otherwise would not have been able to do so.

Additionally, adequate video equipment is available to transmit Mr. Locklear's testimony at the hearing in Region 32. Each Board office contains video conference capabilities that offer clear, audible, video testimony, including a hi-tech camera that allows the user to pan, tilt, and zoom-in on any item or person in the hearing room. The system further includes a movable microphone and remote control that permits the user to adjust the volume settings to ensure audible clarity.

2

Finally, after discussions with the parties, the Union does not oppose the use of video conference testimony for Mr. Locklear. Similarly, Respondent does not oppose the use of video conference testimony for Mr. Locklear, but reserves the right to make a similar motion should it desire to use video conference testimony.

In summary, Mr. Locklear is the only witness for Counsel for the General Counsel expected to testify via video conference and the General Counsel does not anticipate an extensive number of exhibits to be used during his testimony. Exhibits can be e-mailed to the Region 3 Office Manager and/or Assistant Office Manager who are available to assist during Mr. Locklear's testimony and ensure the video equipment runs smoothly during Mr. Locklear's testimony. Therefore, the General Counsel petitions the Administrative Law Judge to allow Mr. Locklear to provide his testimony via video conferencing equipment at the Board office in Oakland.

**DATED AT** Oakland, California this 29th day of May 2018.

/s/ Noah Garber
Noah Garber
Field Attorney
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

3

### UNITED STATES OF AMERICA
### BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 32

| | |
|---|---|
| **TESLA, INC.** | |
| **and** | |
| **MICHAEL SANCHEZ, an Individual** | Case 32-CA-197020 |
| **and** | |
| **JONATHAN GALESCU, an Individual** | Case 32-CA-197058 |
| **and** | |
| **RICHARD ORTIZ, an Individual** | Case 32-CA-197091 |
| **and** | |
| **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO** | Case 32-CA-197197<br>Case 32-CA-200530<br>Case 32-CA-208614<br>Case 32-CA-210879 |
| | **Date: May 29, 2018** |

## AFFIDAVIT OF SERVICE OF MOTION TO TAKE VIDEO TESTIMONY OF WILL LOCKLEAR

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) upon the persons at the addresses and in the manner indicated below. Persons listed below under "E-Service" have voluntarily consented to receive service electronically, and such service has been effected on the same date indicated above.

Mark S. Ross, Esq.
Sheppard Mullin Richter & Hampton, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
**VIA EMAIL: mross@sheppardmullin.com**

National Labor Relations Board
Division of Judges
901 Market St., Suite 300
San Francisco, CA 94103
**E-FILE**

Margo A. Feinberg, Esq.
Schwartz, Steinsapir, Dohrmann
& Sommers, LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90048
**VIA EMAIL: margo@ssdslaw.com**

| May 29, 2018 | Ida Lam, Designated Agent of NLRB |
|---|---|
| | Name |
| | /s/ Ida Lam |
| | Signature |

/

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES
SAN FRANCISCO BRANCH OFFICE


TESLA, INC.

    and                            Cases  32-CA-197020
                                                 32-CA-197058
MICHAEL SANCHEZ, an Individual           32-CA-197091
                                               32-CA-197197
    And                                    32-CA-200530
                                             32-CA-208614
JONATHAN GALESCU, an Individual        32-CA-210879

    and

RICHARD ORTIZ, an Individual

    and

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL WORKERS
OF AMERICA, AFL-CIO


**ORDER TO SHOW CAUSE REGARDING GENERAL COUNSEL'S MOTION TO TAKE VIDEO TESTIMONY**

      On May 29, 2018, counsel for the General Counsel filed a Motion to take video testimony at the upcoming hearing in this matter, scheduled to begin on June 11, 2018 at 9 a.m. in Oakland, California at the Regional Office. The Parties are hereby advised to file a response no later than 12 p.m. (noon) Wednesday, May 30, 2018 as to why the General Counsel's motion should not be granted.

      Date: May 29, 2018, San Francisco, California.


                     *[signature]*
                     Amita B. Tracy
                     Administrative Law Judge


*Served by facsimile upon the following:*

Noah Garber, Esq., Fax: (510) 637-3315 (NLRB)
Mark S. Ross, Esq., Fax:(415)434-5947 (Respondent)
Margo A. Feinberg, Esq., Esq., Fax: (323)655-4488 (Charging Party)

EXH. 2

9/2018 16:28:36 (Eastern Time) NLRB Fax-on-Demand from vanise.lee@nlrb.gov for NLRB                                    02/2

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES
SAN FRANCISCO BRANCH OFFICE

TESLA, INC.

    **and**                                          Cases  32-CA-197020
                                         32-CA-197058
**MICHAEL SANCHEZ, an Individual**                     32-CA-197091
                                         32-CA-197197
    **And**                                          32-CA-200530
                                         32-CA-208614
**JONATHAN GALESCU, an Individual**                    32-CA-210879

    **and**

**RICHARD ORTIZ, an Individual**

    **and**

**INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL WORKERS
OF AMERICA, AFL-CIO**

## ORDER TO SHOW CAUSE REGARDING GENERAL COUNSEL'S MOTION TO TAKE VIDEO TESTIMONY

On May 29, 2018, counsel for the General Counsel filed a Motion to take video testimony at the upcoming hearing in this matter, scheduled to begin on June 11, 2018 at 9 a.m. in Oakland, California at the Regional Office. The Parties are hereby advised to file a response no later than 12 p.m. (noon) Wednesday, May 30, 2018 as to why the General Counsel's motion should not be granted.

Date: May 29, 2018, San Francisco, California.

*[signature]*
Amita B. Tracy
Administrative Law Judge

*Served by facsimile upon the following:*

Noah Garber, Esq., Fax: (510) 637-3315 (NLRB)
Mark S. Ross, Esq., Fax:(415)434-5947 (Respondent)
Margo A. Feinberg, Esq., Esq., Fax: (323)655-4488 (Charging Party)

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES
SAN FRANCISCO BRANCH OFFICE

TESLA, INC.

    **and**

MICHAEL SANCHEZ, an Individual

    **And**.

JONATHAN GALESCU,  an Individual

    **and**

RICHARD ORTIZ, an Individual

    **and**

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL WORKERS
OF AMERICA, AFL-CIO

**Cases  32-CA-197020**
**32-CA-197058**
**32-CA-197091**
**32-CA-197197**
**32-CA-200530**
**32-CA-208614**
**32-CA-210879**

## ORDER GRANTING MOTION TO PERMIT VIDEOCONFERENCE TESTIMONY

On May 29, 2018, counsel for the General Counsel filed a Motion to take Video Testimony to permit the testimony of its witness, Will Locklear, who is currently residing in Buffalo, New York, to testify via video teleconference during the trial in this matter. The General Counsel's Motion indicated that Respondent and the Charging Parties did not oppose the Motion. I issued an Order to Show Cause that same day with responses due by noon on May 30, 2018. No party filed responses. Accordingly, counsel for the General Counsel's Motion is **GRANTED**, provided that safeguards as indicated by Section 102.35(c) of the Board's Rules and Regulations, adopted effective September 29, 2017, are in place. The timing and arrangements for the videoconference testimony will be discussed on the record when the hearing opens on June 11, 2018, or soon thereafter.

**SO ORDERED.**

Date: May 31, 2018, San Francisco, California.

Amita B. Tracy
Administrative Law Judge

EXH. 3

*Served by facsimile upon the following:*
Noah Garber, Esq., Fax: (510) 637-3315 (NLRB)
Mark S. Ross, Esq., Fax:(415)434-5947 (Respondent)
Margo A. Feinberg, Esq., Esq., Fax: (323)655-4488 (Charging Party)

2

22-60493.2725

UNITED STATES OF AMERICA

BEFORE THE NATIONAL LABOR RELATIONS BOARD

REGION 32

| | |
|---|---|
| **TESLA, INC.** | Cases 32-CA-197020 |
| | 32-CA-197058 |
| **and** | 32-CA-197091 |
| | 32-CA-197197 |
| **MICHAEL SANCHEZ, an Individual** | 32-CA-200530 |
| | 32-CA-208614 |
| **and** | 32-CA-210879 |
| | |
| **JONATHAN GALESCU, an Individual** | |
| | |
| **and** | |
| | |
| **RICHARD ORTIZ, an Individual** | |
| | |
| **and** | |
| | |
| **INTERNATIONAL UNION, UNITED** | |
| **AUTOMOBILE, AEROSPACE AND** | |
| **AGRICULTURE WORKERS OF** | |
| **AMERICA, AFL-CIO** | |

## RESPONDENT'S MOTION FOR RECONSIDERATION OF ALJ'S ORDER GRANTING MOTION TO PERMIT VIDEOCONFERENCE TESTIMONY

Respondent Tesla, Inc. ("Tesla") hereby submits its Motion for Reconsideration of

Administrative Law Judge ("ALJ") Amita Tracy's Order Granting Counsel for the General

Counsel's ("the General Counsel") Motion to Permit Videoconference Testimony.

On May 29, 2018, the General Counsel filed a Motion to Permit Videoconference

Testimony. Earlier today, on June 4, 2018, Tesla filed an Opposition to the General Counsel's

Motion.

Later in the afternoon on June 4, 2018, the General Counsel informed Counsel for Tesla

that the ALJ had unbeknownst to Tesla issued an Order to Show Cause and issued an Order

EXH. **4**

Granting the General Counsel's Motion on May 31, 2018. Tesla was not served with or made aware of the ALJ's Order to Show Cause or the ALJ's Order Granting the General Counsel's Motion until June 4, 2018. Upon review of the pleadings provided by the General Counsel, it appears the Division of Judges endeavored to serve Mark S. Ross by fax at (415) 434-5947. Unfortunately, that fax number is incorrect. Counsel for Tesla's fax number is (415) 434-*3947*. Accordingly, Tesla was not provided with an opportunity to respond to the ALJ's Order to Show Cause. Accordingly for the reasons set forth in Tesla's Opposition to the General Counsel's Motion to Permit Videoconference Testimony filed earlier today and restated herein, Tesla requests that the ALJ issue an Order Denying the General Counsel's Motion to Permit Videoconference Testimony.

### A.     The General Counsel Has Not Shown Good Cause Based on Compelling Circumstances

The National Labor Relations Board ("Board") law generally favors in-person testimony at trial. *See Westside Painting, Inc.*, 328 NLRB 796, 797 (1999). However, under the Board's Rules, upon a showing of "good cause based on circumstances" and "appropriate safeguards," the Administrative Law Judge ("ALJ") may permit video testimony from a different location. Board's Rules § 102.35(c); *see also* Fed.R.Civ.P. 43(a).[1] Although the Board's Rules do not further define the standard, FRCP 43 has a nearly identical standard. "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness." Advisory Committee Notes to Fed.R.Civ.P. 43(a) (1996 Amendment). Mere inconvenience is insufficient to

---

[1] While the Federal Rules of Civil Procedure are not controlling, the Board has often referred to them for useful guidance. *EF International Language Schools, Inc.*, 363 NLRB No. 20 (2015).

demonstrate "good cause." *Id.* ("Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial").

The General Counsel has not demonstrated that there are unexpected occurrences, accidents or illnesses that prevent Mr. Locklear from testifying in person at trial. Rather, the General Counsel—without any authority—relies solely on the fact that Mr. Locklear will have to pay for a round trip plane ticket to fly across the country to testify at trial. Significantly, courts have rejected the cost of travel as insufficient to warrant "compelling circumstances," particularly where the cost is not unforeseen. *See Rodriguez v. SGLC, Inc.*, 2012 WL 3704922, at *2-3 (E.D. Cal. Aug. 24, 2012) (plaintiffs' expenses to travel out of the country to prosecute their own case are not unforeseen and do not rise to the level of good cause); *see also Niemeyer v. Ford Motor Co.*, 2012 WL 5199145 (D. Nev. Oct. 18, 2012). While some courts have allowed video conference testimony where an out-of-state witness is a third-party or peripheral witnesses with a limited scope of testimony, that is not the case here. *See Sunrider Corp. v. Bountiful Biotech Corp.*, 2010 WL 11596235, at *7-8 (C.D. Cal. June 4, 2010). Mr. Locklear is the General Counsel's key witness pertaining to all of the allegations concerning Respondent's Gigafactory 1 in Sparks, Nevada. The present charges were brought against Respondent on behalf of Mr. Locklear. The General Counsel cannot now claim it was blindsided by the cost of travel for its percipient witness to testify at trial to the allegations of unfair labor practices.

Notably, inconvenience of travel is not unique to Mr. Locklear. In fact, two percipient witnesses for Respondent are located in Sparks, Nevada. Respondent and both witnesses will bear the cost and burden of traveling out-of-state to appear and testify at trial. Should the General Counsel's motion be granted, the Charging Parties will enjoy the benefit of in-person

22-60493.2728

examination of Respondent's percipient witnesses, while Respondent will be unfairly denied the same opportunity with respect to the General Counsel's key witness.

**B.      Respondent is Unfairly Prejudiced by Mr. Locklear Testifying Via Video Conference**

In addition to the General Counsel's failure to demonstrate any compelling reason for Mr. Locklear to testify remotely, Respondent will be significantly prejudiced if Mr. Locklear is permitted to testify via video conference. The General Counsel acknowledges that Mr. Locklear is a key witness regarding Respondent's alleged unfair labor practices. Video conference testimony severely impedes Respondent's ability to confront a percipient witness through cross-examination, which is exponentially more difficult when it must be done through video conference rather than in the presence of the finder of fact, the attorneys, and the documents.

It is well-settled that Board law expresses a strong preference for live oral testimony, particularly because it enables the judge to observe the demeanor of the witness to determine the witness's credibility. *Westside Painting, Inc.*, 328 NLRB 796, 797 (1999) (citing *Canadian American Oil Co. v. NLRB*, 82 F.3d 469, 475 (D.C. Cir. 1996). "The opportunity to observe the demeanor of a witness is particularly important in Board proceedings because…a judge is often presented with situations where there is conflicting testimony and credibility determinations are central to the resolution of the case." *Id.* In fact, witness demeanor is an essential consideration in determining credibility. *See St. Paul Park Refining Co., LLC*, 366 NLRB No. 83 (2018). For example, the same words can convey different meanings depending on physical expressions, mannerisms, and presentations. *See Taylor Motors, Inc.*, 366 NLRB No. 69 (2018) (taking into account the witness's happy demeanor in determining his words were attempted humor, not intimidation); *Kapstone Paper and Packing Corp.*, 366 NLRB No. 63 (2018) (taking into account the witness's demeanor was "composed and steady" thus more credible); *Space Needle,*

22-60493.2729

*LLC*, 362 NLRB No. 11 (2015) (observed that the witness was carefully watching counsel's reaction to her answers, and therefore not credible).

The Administrative Law Judge must be able to visibly observe Mr. Locklear's demeanor in person in order to make a credibility determination. At trial, Respondent's witnesses and Mr. Locklear will likely provide conflicting testimony, thus requiring the Administrative Law Judge to determine which testimony is credible. Whether the Administrative Law Judge finds Mr. Locklear credible will be central to the outcome of this case. As such, it is essential for Mr. Locklear to testify in person at trial.

### C.   The General Counsel Has Not Set Forth Conditions to Protect the Integrity of the Testimony or Appropriate Safeguards

The General Counsel also has not complied with the requirements of the Board's Rule § 102.35(c)(1), which requires any application to take testimony by video conference to include "the compelling circumstances for such testimony, the witness's name and address, the location where the video testimony will be held, the matter concerning which the witness is expected to testify, the conditions in place to protect the integrity of the testimony, the transmission safeguards, and the electronic address from which the video testimony will be transmitted." The General Counsel's motion does not set forth the witness's address, the matter concerning which the witness is expected to testify, or the electronic address from which the video testimony will be transmitted.

The General Counsel also failed to comply with the Board's Rule § 102.35(c)(2), which sets forth the requirements for appropriate safeguards such that the Administrative Law Judge may assess the witness's credibility and the parties have a meaningful opportunity to examine and cross-examine the witness. The General Counsel makes no assurance that Respondent or its representative has the opportunity to be present at the location, and does not provide for any

22-60493.2730

technology assistance.  Most troubling is the fact that it has not set forth the conditions in place to protect the integrity of the testimony.  Rather, the General Counsel suggests that Respondent send its exhibits via e-mail in advance to an unnamed individual—the same person who will ensure the video "runs smoothly"—at the Region 3 office.  The General Counsel conveniently ignores the fact that it is a charging party in this matter, and suggests that Respondent should blindly provide its potential exhibits to a representative or agent of the General Counsel. Respondent should not be expected to hand over every exhibit it might use on cross-examination to another Field Office where Mr. Locklear is located.  The General Counsel makes no assurances that the exhibits will remain confidential, that Mr. Locklear will not have access to them beforehand, and that the General Counsel will not obtain access to them beforehand. Moreover, given the dynamic nature of trial, it is unlikely that Respondent will know what materials it will use on cross-examination with Mr. Locklear until he testifies on direct examination.  If Respondent is forced to provide its materials in advance, it will be deprived of a meaningful opportunity to cross-examine the witness.

### D.    Conclusion

In sum, the General Counsel cannot make the requisite showing of good cause based on compelling circumstances, under the Board's Rules and FRCP 43 that justify permitting Will Locklear, a key percipient witness, to testify via video conference for trial.  The prejudice Respondent will suffer if it is required to cross-examine Mr. Locklear by video conference outweighs any cost that the General Counsel may incur by attending the trial at the Regional Office in Oakland, California.  Accordingly, Respondent respectfully requests that the General Counsel's motion be denied, and require Mr. Locklear to testify live, in person, at trial if he is to testify.

22-60493.2731

Dated: June 5, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       _____

MARK S. ROSS
KEAHN N. MORRIS

Attorneys for
TESLA, INC.

22-60493.2732

1

<center>CERTIFICATE OF SERVICE</center>

2       At the time of service, I was over 18 years of age and not a party to this action.  I
am employed in the County of San Francisco, State of California.  My business address is
3 Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

4 On June 5, 2018, I served a true copy of the following document(s) described as
**RESPONDENT'S MOTION FOR RECONSIDERATION OF ALJ'S ORDER GRANTING**
5 **MOTION TO PERMIT VIDEOCONFERENCE TESTIMONY** on the interested parties in
this action as follows:

6

7 Edris W.I. Rodriguez Ritchie
Field Attorney, Region 32
8 National Labor Relations Board
1301 Clay Street, Ste. 300N
9 Oakland, CA  94612-5224
T: (510) 671-3041
10 E-mail: edris.rodriguezritchie@nlrb.gov

11 Noah J. Garber
Field Attorney, Region 32
12 National Labor Relations Board
1301 Clay Street, Suite 300N
13 Oakland, California 94612
T: (510) 671-3021
14 E-mail: noah.garber@nlrb.gov

15 Margo Feinberg
E-mail: margo@ssdslaw.com
16 Daniel E. Curry
E-mail: dec@ssdslaw.com
17 Julie Alarcon
E-mail: jsa@ssdslaw.com
18 Schwartz, Steinsapir, Dohrmann & Sommers, LLP
6300 Wilshire Blvd., Suite 2000
19 Los Angeles, CA  90048
T: (323) 655-4700
20

21 National Labor Relations Board
Division of Judges
22 901 Market St., Suite 300
San Francisco, CA 94103
23 T: (415) 356-5255
**E-FILE**

24

25

26       **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the
document(s) to be sent from e-mail address sasmith@sheppardmullin.com to the person(s)
27 at the e-mail address(es) listed above.  I did not receive, within a reasonable time after the
transmission, any electronic message or other indication that the transmission was
28 unsuccessful.

22-60493.2733

1        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of

2    the bar of this Court at whose direction the service was made.

3        Executed on June 5, 2018, at San Francisco, California.

4

5                                    _____

6                             Sarah Smith

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22-60493.2734

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES
SAN FRANCISCO BRANCH OFFICE

TESLA, INC.

    **and**                            Cases  **32-CA-197020**

                                              **32-CA-197058**

**MICHAEL SANCHEZ, an Individual**           **32-CA-197091**

                                                **32-CA-197197**

    **And**                                  **32-CA-200530**

                                              **32-CA-208614**

**JONATHAN GALESCU,  an Individual**       **32-CA-210879**

    **and**

**RICHARD ORTIZ, an Individual**

    **and**

**INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL WORKERS
OF AMERICA, AFL-CIO**

## ORDER GRANTING RESPONDENT'S MOTION FOR RECONSIDERATION AND AMENDED ORDER DENYING GENERAL COUNSEL'S MOTION TO PERMIT VIDEOCONFERENCE TESTIMONY

On May 29, 2018, counsel for the General Counsel filed a Motion to take Video Testimony to permit the testimony of its witness, Will Locklear (Locklear), who is currently residing in Buffalo, New York, to testify via video teleconference during the trial in this matter. The General Counsel's Motion indicated that Respondent and the Charging Parties did not oppose the Motion. I issued an Order to Show Cause that same day with responses due by noon on May 30, 2018. No party filed responses. Accordingly, on May 31, 2018, I granted counsel for the General Counsel's Motion, provided that safeguards as indicated by Section 102.35(c) of the Board's Rules and Regulations, adopted effective September 29, 2017, are in place. The timing and arrangements for the videoconference testimony were to be discussed on the record when the hearing opens on June 11, 2018, or soon thereafter.

However, on June 4, 2018, Respondent filed an Opposition to the General Counsel's Motion for Video Testimony. Thereafter, on June 5, 2018, Respondent filed a Motion for Reconsideration of my May 31, 2018 Order Granting the General Counsel's Motion for Video Testimony. In Respondent's Motion for Reconsideration, Respondent explained that it had not received my May 29, 2018 Order to Show Cause and my May 31, 2018 Order Granting the General Counsel's Motion for Video Testimony due to an incorrect fax number.

EXH. _____ 5 _____

The Division of Judges relies upon parties' notice of appearance sheets for fax service of documents. In these instances, the Division of Judges incorrectly faxed the documents to (415)434-5947, rather than (415)434-3967 in accordance with Respondent's April 10, 2018, notice of appearance sheet. However, even Respondent's notice of appearance sheet appears to be incorrect, as Respondent's Motion for Reconsideration indicates that the correct fax number is (415)434-3947. In addition, the General Counsel indicated in its Motion for Video Testimony that Respondent did not oppose the General Counsel's Motion. In light of these service errors along with changed circumstances as far as Respondent's position, as conveyed by the General Counsel, I **GRANT** Respondent's Motion for Reconsideration. **Please note that all parties are directed to ensure that their notices of appearance in this matter should be updated and corrected as appropriate to ensure accurate and timely service of documents as well as email addresses for electronic correspondences if needed.**

After reviewing the General Counsel's Motion for Video Testimony of Locklear and Respondent's Opposition, I **DENY** the General Counsel's Motion.

Locklear appears to be a critical witness, a discriminatee, whose in-person testimony is necessary for a credibility determination, including my observation of his demeanor. The Charging Party filed a charge on December 1, 2017 and a first amended charge on December 6, 2017, specifically concerning Locklear. The charge and first amended charge allege a variety of Section 8(a)(1) and (3) violations by Respondent against Locklear. After the General Counsel's investigation, at least some of these allegations resulted in this current complaint set for hearing beginning on June 11, 2018, in Oakland, California. The General Counsel's only reasons for requesting video testimony of Locklear is that Locklear lives and works in Buffalo, New York, and the costs of travel would place a "significant financial burden" on Locklear, without providing any proof. Moreover, the General Counsel argues that "adequate video equipment is available" in the Buffalo Regional Office for Locklear's testimony. I do not find these reasons by the General Counsel so compelling as to override the need for in-person testimony of an alleged discriminatee. The General Counsel has not provided in its Motion all the requirements of Section 102.35(c)((1) including Locklear's address, the matter in which Locklear intends to testify, and the electronic address of the transmission. In support of its Motion, the General Counsel also cites *M.V.M., Inc.*, 352 NLRB 1165, fn. 1 (2008), where the administrative law judge permitted uncontested video testimony of one witness. However, in *M.V.M*, the administrative law judge only permitted video testimony of the non-discriminatee witness after the court reporter lost the original *in-person* testimony of this witness. Thus, *M.V.M.* is distinguishable from this instance.

Based upon the above, I **DENY** the General Counsel's Motion for Video Testimony of Locklear.

Date: June 6, 2018, San Francisco, California.

Amita B. Tracy
Administrative Law Judge

2

22-60493.2736

*Served by facsimile upon the following:*

Edris W.I. Rodriguez Ritchie, Esq.
Noah Garber, Esq., Fax: (510) 637-3315 (NLRB)

Mark S. Ross, Esq., Fax:(415)434-3947 (Respondent)

Margo A. Feinberg, Esq., Esq., Fax: (323)655-4488 (Charging Party)

3

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES
SAN FRANCISCO BRANCH OFFICE

TESLA, INC.

      and

MICHAEL SANCHEZ, an Individual

      And

JONATHAN GALESCU,  an Individual

      and

RICHARD ORTIZ, an Individual

      and

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL WORKERS
OF AMERICA, AFL-CIO

Cases 32-CA-197020
32-CA-197058
32-CA-197091
32-CA-197197
32-CA-200530
32-CA-208614
32-CA-210879

## ORDER GRANTING RESPONDENT'S MOTION FOR RECONSIDERATION AND AMENDED ORDER DENYING GENERAL COUNSEL'S MOTION TO PERMIT VIDEOCONFERENCE TESTIMONY

On May 29, 2018, counsel for the General Counsel filed a Motion to take Video Testimony to permit the testimony of its witness, Will Locklear (Locklear), who is currently residing in Buffalo, New York, to testify via video teleconference during the trial in this matter. The General Counsel's Motion indicated that Respondent and the Charging Parties did not oppose the Motion. I issued an Order to Show Cause that same day with responses due by noon on May 30, 2018. No party filed responses. Accordingly, on May 31, 2018, I granted counsel for the General Counsel's Motion, provided that safeguards as indicated by Section 102.35(c) of the Board's Rules and Regulations, adopted effective September 29, 2017, are in place. The timing and arrangements for the videoconference testimony were to be discussed on the record when the hearing opens on June 11, 2018, or soon thereafter.

However, on June 4, 2018, Respondent filed an Opposition to the General Counsel's Motion for Video Testimony. Thereafter, on June 5, 2018, Respondent filed a Motion for Reconsideration of my May 31, 2018 Order Granting the General Counsel's Motion for Video Testimony. In Respondent's Motion for Reconsideration, Respondent explained that it had not received my May 29, 2018 Order to Show Cause and my May 31, 2018 Order Granting the General Counsel's Motion for Video Testimony due to an incorrect fax number.

EXHIBIT NO. GC-2(vv) RECEIVED ✓ REJECTED
32-CA-197020
CASE NO     CASE NAME Tesla Inc.
                              6/11/8
OF 4   DATE:         REPORTER B. RAST

22-60493.2739

Case: 22-60493      Document: 44-3      Page: 119      Date Filed: 10/25/2022

The Division of Judges relies upon parties' notice of appearance sheets for fax service of documents. In these instances, the Division of Judges incorrectly faxed the documents to (415)434-5947, rather than (415)434-3967 in accordance with Respondent's April 10, 2018, notice of appearance sheet. However, even Respondent's notice of appearance sheet appears to be incorrect, as Respondent's Motion for Reconsideration indicates that the correct fax number is (415)434-3947. In addition, the General Counsel indicated in its Motion for Video Testimony that Respondent did not oppose the General Counsel's Motion. In light of these service errors along with changed circumstances as far as Respondent's position, as conveyed by the General Counsel, I **GRANT** Respondent's Motion for Reconsideration. **Please note that all parties are directed to ensure that their notices of appearance in this matter should be updated and corrected as appropriate to ensure accurate and timely service of documents as well as email addresses for electronic correspondences if needed.**

After reviewing the General Counsel's Motion for Video Testimony of Locklear and Respondent's Opposition, I **DENY** the General Counsel's Motion.

Locklear appears to be a critical witness, a discriminatee, whose in-person testimony is necessary for a credibility determination, including my observation of his demeanor. The Charging Party filed a charge on December 1, 2017 and a first amended charge on December 6, 2017, specifically concerning Locklear. The charge and first amended charge allege a variety of Section 8(a)(1) and (3) violations by Respondent against Locklear. After the General Counsel's investigation, at least some of these allegations resulted in this current complaint set for hearing beginning on June 11, 2018, in Oakland, California. The General Counsel's only reasons for requesting video testimony of Locklear is that Locklear lives and works in Buffalo, New York, and the costs of travel would place a "significant financial burden" on Locklear, without providing any proof. Moreover, the General Counsel argues that "adequate video equipment is available" in the Buffalo Regional Office for Locklear's testimony. I do not find these reasons by the General Counsel so compelling as to override the need for in-person testimony of an alleged discriminatee. The General Counsel has not provided in its Motion all the requirements of Section 102.35(c)((1) including Locklear's address, the matter in which Locklear intends to testify, and the electronic address of the transmission. In support of its Motion, the General Counsel also cites *M.V.M., Inc.*, 352 NLRB 1165, fn. 1 (2008), where the administrative law judge permitted uncontested video testimony of one witness. However, in *M.V.M*, the administrative law judge only permitted video testimony of the non-discriminatee witness after the court reporter lost the original *in-person* testimony of this witness. Thus, *M.V.M.* is distinguishable from this instance.

Based upon the above, I **DENY** the General Counsel's Motion for Video Testimony of Locklear.

Date: June 6, 2018, San Francisco, California.

Amita B. Tracy
Administrative Law Judge

22-60493.2740

*Served by facsimile upon the following:*

Edris W.I. Rodriguez Ritchie, Esq.
Noah Garber, Esq., Fax: (510) 637-3315 (NLRB)

Mark S. Ross, Esq., Fax:(415)434-3947 (Respondent)

Margo A. Feinberg, Esq., Esq., Fax: (323)655-4488 (Charging Party)

Case: 22-60493     Document: 44-3     Page: 121     Date Filed: 10/25/2022

## UNITED STATES OF AMERICA
### BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 32

| | |
|---|---|
| TESLA, INC. | |
| and | |
| MICHAEL SANCHEZ, an Individual | Case 32-CA-197020 |
| and | |
| JONATHAN GALESCU, an Individual | Case 32-CA-197058 |
| and | |
| RICHARD ORTIZ, an Individual | Case 32-CA-197091 |
| and | |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO | Case 32-CA-197197<br>Case 32-CA-200530<br>Case 32-CA-208614<br>Case 32-CA-210879 |

**Date: June 4, 2018**

## AFFIDAVIT OF SERVICE OF AMENDED TO SECOND AMENDED CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) upon the persons at the addresses and in the manner indicated below. Persons listed below under "E-Service" have voluntarily consented to receive service electronically, and such service has been effected on the same date indicated above.

Arnnon Geshuri, Vice President of HR
Tesla Motors Corporation
45500 Fremont Blvd.
Fremont, CA 94538
**VIA CERTIFIED MAIL**
**7015 0920 0001 7784 8876**

Gaby Toledano, Chief People Officer
45500 Fremont Blvd
Fremont, CA 94538-6326
**VIA CERTIFIED MAIL**
**7015 0920 0001 7784 8883**

Margo A. Feinberg, Esq.
Schwartz, Steinsapir, Dohrmann
& Sommers
6300 Wilshire Bld., Suite 2000
Los Angeles, CA 90048
**VIA REGULAR MAIL**

Mark S. Ross, Attorney
Sheppard Mullin Richter & Hampton LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
**VIA REGULAR MAIL**

1 (us)<br>22-60493.2742

EXHIBIT NO. GC-1(uu) RECEIVED ✓ REJECTED___

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

OF 3 DATE: 6/4/18 REPORTER: BLAST

Michael Sanchez
25225 Soto Road
Hayward, CA 94544
**VIA REGULAR MAIL**

Susan Reed
IU, UA, A&AWA, AFL-CIO
8000 E Jefferson Avenue
Detroit, MI 48214
**VIA REGULAR MAIL**

Jonathan Galescu
361 Carousel Drive
Vallejo, CA 94589
**VIA REGULAR MAIL**

Richard Ortiz
36707 Walnut Street
Newark, CA 94560
**VIA REGULAR MAIL**

Attn: Davette Repola
AVTranz
7227 N. 16th Street, Suite 207
Phoenix, AZ 85020
**VIA E-MAIL:** davette.repola@avtranz.com

National Labor Relations Board
Division of Judges
901 Market St., Suite 485
San Francisco, CA 94103
**E-FILE**

June 4, 2018

Ida Lam, Designated Agent of NLRB
Name

_Ida Lam_
Signature

# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 32

TESLA, INC.

    and

MICHAEL SANCHEZ, an Individual                **Case 32-CA-197020**

    and

JONATHAN GALESCU, an Individual           **Case 32-CA-197058**

    and

RICHARD ORTIZ, an Individual                  **Case 32-CA-197091**

    and

INTERNATIONAL UNION, UNITED AUTOMOBILE,    **Case 32-CA-197197**
AEROSPACE AND AGRICULTURAL WORKERS OF    **Case 32-CA-200530**
AMERICA, AFL-CIO                                 **Case 32-CA-208614**
                                                **Case 32-CA-210879**

## AMENDMENT TO SECOND AMENDED CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

Pursuant to Section 102.17 of the Rules and Regulations of the National Labor Relations Board (the Board), the Second Amended Consolidated Complaint and Notice of Hearing (Complaint) issued on March 30, 2018, is amended as follows:

**Amend paragraph 5** of the Complaint to include two more individuals as a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act. The two individuals to include are:

| | | |
|---|---|---|
| Gaby Toledano | - | Respondent's Chief People Officer |
| Josh Hedges | - | Director of HR for Production |

1 (人내)


22-60493.2745

Case: 22-60493    Document: 44-3    Page: 125    Date Filed: 10/25/2022

**Amend paragraph 7** to include the following new allegations as 7(y) of the Complaint:

    (y)    On about June 7, 2017, Respondent, in a conference room at its Fremont Facility, during a meeting held by CEO Elon Musk and Chief People Officer Gaby Toledano:

        (i) by Elon Musk, solicited employee complaints about safety issues and impliedly promised to remedy their safety complaints if they refrained from their union organizational activity.

        (ii) by Elon Musk, informed its employees that it would be futile for them to select a union as their bargaining representative by telling them that employees did not need a union and that Respondent would allow them to have a union if Respondent failed in its efforts to remedy their safety grievances; and

        (iii) by Gaby Toledano, restrained and coerced employees from engaging in union organizational activity by telling them that no one at Respondent's Facility wanted a union and asking them why employees would want to pay union dues.

**Amend paragraph 8(d)** to correct the year Jose Moran was issued a disciplinary warning. The existing paragraph 8(d) should be replaced with the following paragraph:

    (d)    On or about October 19, 2017, Respondent issued a disciplinary warning to Jose Moran.

## ANSWER REQUIREMENT

RESPONDENT IS FURTHER NOTIFIED that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, Respondent must file an answer to the above Amendment to Second Amended Consolidated Complaint. The answer must be **received by this office on or before June 18, 2018, or postmarked on or before June 17, 2018**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

22-60493.2746

22-60493.2747

EXHIBIT NO. GC-1(H) RECEIVED ✓ REJECTED____

32 CA·19780

CASE NO ____ CASE NAME: Tesla Inc

___ OF 5 DATE: 6/11/18 REPORTER: B. RAST

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on File Case Documents, enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Amendment to Second Amended Consolidated Complaint are true.

## **NOTICE OF HEARING LOCATION**

**PLEASE TAKE NOTICE THAT** on June 11, 2018, at 9:00 a.m., at the Oakland Regional Office of the National Labor Relations Board located at 1301 Clay Street, Oakland, California 94612, at Conference Room H on the 5th Floor, and on consecutive days thereafter until

3

concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.    At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Second Amended Consolidated Complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

**DATED AT** Oakland, California this 4th day of June 2018.

Valerie Hardy-Mahoney
Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

Attachments

4

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES
SAN FRANCISCO BRANCH OFFICE

TESLA, INC.

    and

MICHAEL SANCHEZ, an Individual

    And.

JONATHAN GALESCU, an Individual

    and

RICHARD ORTIZ, an Individual

    and

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL WORKERS
OF AMERICA, AFL-CIO

Cases  32-CA-197020
           32-CA-197058
           32-CA-197091
           32-CA-197197
           32-CA-200530
           32-CA-208614
           32-CA-210879

## ORDER GRANTING MOTION TO PERMIT VIDEOCONFERENCE TESTIMONY

On May 29, 2018, counsel for the General Counsel filed a Motion to take Video Testimony to permit the testimony of its witness, Will Locklear, who is currently residing in Buffalo, New York, to testify via video teleconference during the trial in this matter. The General Counsel's Motion indicated that Respondent and the Charging Parties did not oppose the Motion. I issued an Order to Show Cause that same day with responses due by noon on May 30, 2018. No party filed responses. Accordingly, counsel for the General Counsel's Motion is **GRANTED**, provided that safeguards as indicated by Section 102.35(c) of the Board's Rules and Regulations, adopted effective September 29, 2017, are in place. The timing and arrangements for the videoconference testimony will be discussed on the record when the hearing opens on June 11, 2018, or soon thereafter.

**SO ORDERED.**

Date: May 31, 2018, San Francisco, California.

Amita B. Tracy
Administrative Law Judge

Date Filed: 10/25/2022    Page: 129    Document: 44-3    Case: 22-60493



EXHIBIT NO. GC-1(ss) RECEIVED ✓ REJECTED ___

32-CA-197020

CASE NO ___  CASE NAME: Tesla, Inc.

___ OF 3  DATE: 6/11/18  REPORTER: B. RAST

22-60493.2751

Case: 22-60493    Document: 44-3    Page: 131    Date Filed: 10/25/2022

*Served by facsimile upon the following:*
Noah Garber, Esq., Fax: (510) 637-3315 (NLRB)
Mark S. Ross, Esq., Fax:(415)434-5947 (Respondent)
Margo A. Feinberg, Esq., Esq., Fax: (323)655-4488 (Charging Party)

22-60493.2752

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES
SAN FRANCISCO BRANCH OFFICE

TESLA, INC.

    **and**

MICHAEL SANCHEZ, an Individual

    **And**

JONATHAN GALESCU, an Individual

    **and**

RICHARD ORTIZ, an Individual

    **and**

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL WORKERS
OF AMERICA, AFL-CIO

Cases  32-CA-197020
32-CA-197058
32-CA-197091
32-CA-197197
32-CA-200530
32-CA-208614
32-CA-210879

## ORDER TO SHOW CAUSE REGARDING GENERAL COUNSEL'S MOTION TO TAKE VIDEO TESTIMONY

On May 29, 2018, counsel for the General Counsel filed a Motion to take video testimony at the upcoming hearing in this matter, scheduled to begin on June 11, 2018 at 9 a.m. in Oakland, California at the Regional Office. The Parties are hereby advised to file a response no later than 12 p.m. (noon) Wednesday, May 30, 2018 as to why the General Counsel's motion should not be granted.

Date: May 29, 2018, San Francisco, California.

Amita B. Tracy
Administrative Law Judge

*Served by facsimile upon the following:*

Noah Garber, Esq., Fax: (510) 637-3315 (NLRB)
Mark S. Ross, Esq., Fax:(415)434-5947 (Respondent)
Margo A. Feinberg, Esq., Esq., Fax: (323)655-4488 (Charging Party)

EXHIBIT NO. GC-2(rr) ✓ RECEIVED ✓ REJECTED____

CASE NO 32-CA-197020   CASE NAME: Tesla, Inc.

__ OF 2   DATE: 6/11/18   REPORTER B. RAST

22-60493.2754

# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 32

| | |
|---|---|
| TESLA, INC. | |
| and | |
| MICHAEL SANCHEZ, an Individual | Case 32-CA-197020 |
| and | |
| JONATHAN GALESCU, an Individual | Case 32-CA-197058 |
| and | |
| RICHARD ORTIZ, an Individual | Case 32-CA-197091 |
| and | |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO | Case 32-CA-197197 Case 32-CA-200530 Case 32-CA-208614 Case 32-CA-210879 |

**Date: May 29, 2018**

## AFFIDAVIT OF SERVICE OF MOTION TO TAKE VIDEO TESTIMONY OF WILL LOCKLEAR

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) upon the persons at the addresses and in the manner indicated below. Persons listed below under "E-Service" have voluntarily consented to receive service electronically, and such service has been effected on the same date indicated above.

Mark S. Ross, Esq.
Sheppard Mullin Richter & Hampton, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
**VIA EMAIL: mross@sheppardmullin.com**

Margo A. Feinberg, Esq.
Schwartz, Steinsapir, Dohrmann
& Sommers, LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90048
**VIA EMAIL: margo@ssdslaw.com**

National Labor Relations Board
Division of Judges
901 Market St., Suite 300
San Francisco, CA 94103
**E-FILE**

| May 29, 2018 | Ida Lam, Designated Agent of NLRB |
|---|---|
| | Name |
| | /s/ Ida Lam |
| | Signature |



EXHIBIT NO. GC-1(99)   RECEIVED ✓   REJECTED___
32-CA-197020
CASE NO   CASE NAME: Tesla, Inc.
6/11/8
OF 2 DATE: ___ REPORTER: B RAST

22-60493.2756

Case: 22-60493   Document: 44-3   Page: 136   Date Filed: 10/25/2022

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

TESLA, INC.

and

MICHAEL SANCHEZ, an Individual

and

JONATHAN GALESCU, an Individual

and

RICHARD ORTIZ, an Individual

and

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL WORKERS OF
AMERICA, AFL-CIO

Cases 32-CA-197020
32-CA-197058
32-CA-197091
32-CA-197197
32-CA-200530
32-CA-208614
32-CA-210879

## MOTION TO TAKE VIDEO TESTIMONY OF WILL LOCKLEAR

I.    Introduction

Counsel for the General Counsel (the General Counsel) files this Motion to Take Video

Testimony of Will Locklear at the upcoming hearing in this matter scheduled to begin on June

11, 2018. Mr. Locklear lives and works in Buffalo, New York whereas the hearing in this matter

is scheduled to take place at the Region 32 Field Office of the National Labor Relations Board

(the Board) located in Oakland, California.

II.   Legal Standard and Discussion

Federal Rule of Civil Procedure 43 provides that "for good cause in compelling

circumstances and with appropriate safeguards, the court may permit testimony in open court by

1

EXHIBIT NO. GC-7(88) RECEIVED ✓ REJECTED

CASE NO 32-CA-197020    CASE NAME: Tesla, Inc.

OF 4    DATE: 10/11/18    REPORTER: B. RAST

22-60493.2758

contemporaneous transmission from a different location." FRCP 43. Moreover, the Board allows the use of video testimony in trials. See *M.V.M., Inc.*, 352 NLRB 1165, 1165 fn. 1 (2008) (Administrative Law Judge allowed witness testimony by video.); see also NLRB Bench Book § 11-620 (Aug. 2010) (noting "[v]ideo testimony has been used in Board trials without objection.").

Good cause exists for permitting Mr. Locklear to testify via video. Specifically, economical and logistical reasons underlie the need to take Mr. Locklear's testimony by video. First, Mr. Locklear's testimony is essential to the General Counsel's case because he has key testimony regarding violations of the National Labor Relations Act (the Act) as alleged in the Consolidated Complaint. Currently, Mr. Locklear resides in the Buffalo, New York. The cost of a round trip plane ticket to fly across country from Buffalo to Oakland to testify in this matter would place a significant financial burden on Mr. Locklear. Mr. Locklear is, however, able to appear at the Board's Region 3 Field Office located in Buffalo, which is a cost-effective alternative to appearing in Oakland. By appearing in the Region 3 Field Office, Mr. Locklear will be able to participate in the hearing and provide his essential testimony when he otherwise would not have been able to do so.

Additionally, adequate video equipment is available to transmit Mr. Locklear's testimony at the hearing in Region 32. Each Board office contains video conference capabilities that offer clear, audible, video testimony, including a hi-tech camera that allows the user to pan, tilt, and zoom-in on any item or person in the hearing room. The system further includes a movable microphone and remote control that permits the user to adjust the volume settings to ensure audible clarity.

22-60493.2759

Finally, after discussions with the parties, the Union does not oppose the use of video conference testimony for Mr. Locklear. Similarly, Respondent does not oppose the use of video conference testimony for Mr. Locklear, but reserves the right to make a similar motion should it desire to use video conference testimony.

In summary, Mr. Locklear is the only witness for Counsel for the General Counsel expected to testify via video conference and the General Counsel does not anticipate an extensive number of exhibits to be used during his testimony. Exhibits can be e-mailed to the Region 3 Office Manager and/or Assistant Office Manager who are available to assist during Mr. Locklear's testimony and ensure the video equipment runs smoothly during Mr. Locklear's testimony. Therefore, the General Counsel petitions the Administrative Law Judge to allow Mr. Locklear to provide his testimony via video conferencing equipment at the Board office in Oakland.

**DATED AT** Oakland, California this 29th day of May 2018.

/s/ Noah Garber
Noah Garber
Field Attorney
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

22-60493.2760

Case: 22-60493    Document: 44-3    Page: 140    Date Filed: 10/25/2022

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 32**

| | |
|---|---|
| TESLA, INC.<br>      and<br><br>MICHAEL SANCHEZ, an Individual<br><br>      and<br><br>JONATHAN GALESCU,  an Individual<br><br>      and<br><br>RICHARD ORTIZ, an Individual<br><br>      and<br><br>INTERNATIONAL UNION, UNITED AUTOMOBILE,<br>AEROSPACE AND AGRICULTURAL WORKERS OF<br>AMERICA, AFL-CIO | Case 32-CA-197020<br><br><br>Case 32-CA-197058<br><br><br>Case 32-CA-197091<br><br><br>Case 32-CA-197197<br>Case 32-CA-200530<br>Case 32-CA-208614<br>Case 32-CA-210879<br><br>**Date: May 3, 2018** |

## <u>AFFIDAVIT OF SERVICE OF ORDER DENYING REQUEST TO<br>RESCHEDULE HEARING</u>

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) upon the persons at the addresses and in the manner indicated below. Persons listed below under "E-Service" have voluntarily consented to receive service electronically, and such service has been effected on the same date indicated above.

Mark S. Ross, Esq.
Sheppard Mullin Richter & Hampton, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
**VIA EMAIL: mross@sheppardmullin.com**

Margo A. Feinberg, Esq.
Schwartz, Steinsapir, Dohrmann
& Sommers, LLP
6300 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90048
**VIA EMAIL: margossds@aol.com**

National Labor Relations Board
Division of Judges
901 Market St., Suite 300
San Francisco, CA  94103
**E-FILE**

_____
May 3, 2018

Christy J. Kwon, Designated Agent of NLRB
Name

_____
Signature

22-60493.2761

EXHIBIT NO. GC1(oo) RECEIVED ✓ REJECTED

32-CA-197020    CASE NAME: Tesla, Inc.

CASE NO

2 OF    DATE: 6/11/18    REPORTER B. RAST

22-60493.2762

<div align="center">

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

</div>

TESLA, INC.

  and

MICHAEL SANCHEZ, an Individual          Case 32-CA-197020

  and

JONATHAN GALESCU, an Individual         Case 32-CA-197058

  and

RICHARD ORTIZ, an Individual            Case 32-CA-197091

  and

INTERNATIONAL UNION, UNITED       Case 32-CA-197197
AUTOMOBILE, AEROSPACE AND        Case 32-CA-200530
AGRICULTURAL WORKERS OF         Case 32-CA-208614
AMERICA, AFL-CIO                     Case 32-CA-210879

<div align="center">

**ORDER DENYING REQUEST TO RESCHEDULE HEARING**

</div>

Pursuant to Section 102.16 of the Rules and Regulations of the National Labor Relations Board (the Board), and having considered the parties' joint request to reschedule the hearing from June 11, 2018, to September 20, 2018, I am denying the request for the reasons stated below.

On August 31, 2017, the Regional Director for Region 32 of the National Labor Relations Board (the Regional Director) issued an Order Consolidating Cases, a Consolidated Complaint and Notice of Hearing in Case Nos. 32-CA-197020, 32-CA-197058, 32-CA-197091, 32-CA-197197, and 32-CA-200530, setting these matters for hearing on November 14, 2017, at 9:00 a.m. at the Oakland Regional Office of the National Labor Relations Board. On September 1,

<div align="center">

1

</div>

EXHIBIT NO. GC-1(nn)  RECEIVED ✓  REJECTED ___

32-CA-197020

CASE NO    CASE NAME: Tesla, Inc.

___ OF 7    DATE: 6/11/18    REPORTER: B. RAST

22-60493.2764

2017, the Regional Director issued a Second Order Consolidating Cases, an Amended Consolidated Complaint and Notice of Hearing in Case Nos. 32-CA-197020, 32-CA-197058, 32-CA-197091, 32-CA-197197, and 32-CA-200530, setting these matters for hearing on November 14, 2017.

On October 26, 2017, the Regional Director issued an order postponing the above-referenced hearing indefinitely pending the investigation into a new charged in related Case 32-CA-208614.

On March 30, 2018,[1] the Regional Director issued a Third Order Consolidating Cases, Second Amended Complaint and Notice of Hearing in Case Nos. 32-CA-197020, 32-CA-197058, 32-CA-197091, 32-CA-197197, 32-CA-200530, 32-CA-208614, and 32-CA-210879 (the Consolidated Cases).

On April 9, ten days after the Regional Director's issuance of a Second Amended Complaint in the Consolidated Cases, counsel for Respondent sent a letter to the Regional Director stating, inter alia, that counsel was unavailable for consecutive days of hearing due to pre-planned family gatherings and vacations plans. Specifically, he noted he would be unavailable between June 15 and June 23 but is otherwise ready to begin the hearing on June 11 through June 14.

On April 9, after Respondent's April 9 letter, counsel for the Charging Parties[2] sent a letter to counsel for Respondent stating, inter alia, "we do not wish to have an open-ended continuance and want new dates close in time before any continuance would be considered. We understand you have family obligations, but you substituted into this case already knowing the

---

[1] All dates hereafter are 2018 unless otherwise specified.
[2] Counsel represents both the Union and the Individual Charging Parties.

trial date was set." Counsel for the Charging Parties made no reference of the unavailability of any of its own witnesses for the June 11 through 14 hearing dates.

On April 10, counsel for the Charging Parties wrote to counsel for the General Counsel and the Regional Director stating that the Charging Parties and Respondent agree to the rescheduling of the hearing to the weeks of July 30, August 6, or August 13 in Oakland, California.

On April 19, counsel for the General Counsel sent an e-mail to counsel for the parties informing the parties that counsel for the General Counsel would not agree to move the hearing date from June 11, but would be amenable to continuing the hearing date after June 14, 2018, to a later mutually agreed upon date.

On April 23, counsel for the Charging Parties informed counsel for the General Counsel that the Charging Parties were available to proceed on June 11 through 14, July 30 through August 3, August 6 through 10, and August 13 through 17. During this conversation, counsel for the Charging Parties also stated that the Union's chief organizing representative at the time of the alleged unfair labor practices occurred, would be unavailable from June 11 through 14 because she needs to attend the Union's annual convention. Later on April 23, counsel for the Charging Parties requested that all parties agree to beginning on June 11, for the sole purpose of dealing with motions and document production matters. On April 23, counsel for Respondent wrote to counsel for the General Counsel and counsel for the Charging Parties to inform them that he was only available June 11 through 14, and August 6 through 17.

On April 24, counsel for the General Counsel informed the parties that he was not available between July 30 and August 3, August 6 through August 10, or August 13 through August 17, and on several religious holidays in September.

22-60493.2766

On May 2, for the first time, counsel for the Charging Parties made a written request to reschedule this matter pursuant to Sections 102.16 and 102.24 of the Rules and Regulations of the National Labor Relations Board, as amended. The request was submitted on behalf of Respondent as well.

In its May 2, request, counsel for the Charging Parties noted, "since receipt of [counsel for Respondent's] April 9 letter, which the Union originally believed would result in the hearing moving from June, [counsel for the Charging Parties] learned of conflict of several key Union witnesses for the June 11 – 14 time frame due to work obligations out of state." Counsel for the Charging Parties additionally stated that the Charging Parties were "not in agreement with four days of hearing in June as we believe that such a break is disruptive to the hearing process, costly due to repeated preparation of witnesses and unnecessary as it does not get us a sooner conclusion to the matter." In a footnote, counsel for the Charging Parties also noted, "as noted some of the Union witnesses have obligations during those June dates that have now come to light, which might require witnesses being taken out of order, and there is no benefit in starting if we can have a full continuous hearing in September – October." Further, the request noted that Respondent will stipulate to a later trial date that begins on September 20. However, absent the hearing continues on consecutive dates starting on September 20, Respondent prefers to begin the hearing on June 11, but not beyond June 14.

Having carefully considered the joint request, and in light of the fact there are no dates in between June 11 and September 20, that all parties can agree on, I have determined that rescheduling the hearing to September 20, is inappropriate and, therefore, the request is denied.

22-60493.2767

Under Section 102.16, the Regional Director *may* extend the hearing date or change the hearing place when a requesting party has demonstrated proper cause and in limited circumstances.

Here, the joint motion fails to demonstrate proper cause as to why the hearing cannot start on June 11. In this regard, I note that counsel for the Charging Parties did not initially notify the Region of any potential scheduling conflicts with the June 11 hearing date. It has since averred that its chief organizing representative, whom the Charging Parties have also designated as its representative at the hearing, is not available. However, counsel for the Charging Parties provides no explanation as to why this particular Union representative's attendance at the hearing is critical or necessary to the hearing since there were many other Union representatives involved in the Tesla organizing campaign. Further, counsel for the Charging Parties stated in her May 2 request that other Union witnesses are unavailable but did not specify the number of witnesses, the reason(s) they are unavailable, the reason why they could not testify at a later date during the hearing or provide any facts to demonstrate why their attendance from June 11 through 14 is necessary or critical to the case. In sum, counsel for the Charging Parties did not assert any facts upon which the undersigned could assess whether the "unavailability" of these witnesses from June 11 through 14 is for good cause shown. In making the determination to deny this request to reschedule the hearing to September 20, I have taken into consideration the fact that the original Complaint issued over eight months ago, the serious nature of the unfair labor practices alleged in this matter, including the allegation involving the termination of an employee, as well as Respondent's counsel availability from June 11 through 14, which I have concluded outweigh the parties desire not to begin the hearing in June. Although counsel for the Charging Parties asserts they will be prejudiced by non-consecutive days of hearing, there is no

22-60493.2768

Case: 22-60493     Document: 44-3     Page: 148     Date Filed: 10/25/2022

guarantee that starting the hearing on September 20 will guarantee consecutive days of hearing in this matter. Given the totality of circumstances, I have concluded that the advantage of beginning the hearing as scheduled on June 11, where it has already been delayed several months to investigate serial charges, outweighs the stated reasons for rescheduling the hearing to September 20.

This order does not preclude the parties from making a joint motion before the Division of Judges in accordance with Section 102.16(b) and Section 102.24(a).

**DATED AT** Oakland, California this 3rd day of May, 2018.

VALERIE HARDY-MAHONEY
Regional Director
National Labor Relations Board
Region 32
1301 Clay St Suite 300N
Oakland, CA 94612-5224

22-60493.2769

Case: 22-60493     Document: 44-3     Page: 149     Date Filed: 10/25/2022

# SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP

RICHARD D. SOMMERS
STUART LIBICKI
MICHAEL R. FEINBERG
MICHAEL D. FOUR
MARGO A. FEINBERG
HENRY M. WILLIS*
D. WILLIAM HEINE
CLAUDE CAZZULINO
ZOE S. MOSKOWITZ
AMY M. CU
RICHARD M. SWARTZ
JUDY H. LEE
DANIEL E. CURRY**
MELANIE LUTHERN
JULIE S. ALARCÓN
YESENIA LAGUNAS
MICHAEL E PLANK

\* MEMBER OF CA AND NV BARS
\*\* MEMBER OF CA AND NY BARS

**LAWYERS**

SUITE 2000
6300 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90048-5268
(323) 655-4700
FAX (323) 655-4488
WEBSITE: WWW.LALABORLAW.COM

KENNETH M. SCHWARTZ
(1915 - 2008)

LAURENCE D. STEINSAPIR
OF COUNSEL

ROBERT M. DOHRMANN
OF COUNSEL

NORTHERN CALIFORNIA OFFICE
MARGO A. FEINBERG
(323) 655-4700

WRITER'S DIRECT
E-MAIL ADDRESS:

MARGO@SSDSLAW.COM

May 2, 2018

*VIA E-MAIL & U.S. MAIL*

Valerie Hardy-Mahoney
Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300 N
Oakland, California 94612

> Re:   **Tesla, Inc.**
> Case Nos. 32-CA-197020, 32-CA-197058, 32-CA-197091, 32-CA-197197,
> 32-CA-200530, 32-CA-208614 and 32-CA-210879

Dear Regional Director Hardy-Mahoney:

This letter is written as a request for a motion to change the hearing date in the above referenced matter, pursuant to Code of Federal Regulations sections 102.16 and 102.24.

On April 9, 2018, counsel for Tesla, Inc. ("Tesla") Mark Ross, wrote a letter informing you, and Margo Feinberg, Schwartz, Steinsapir, et al., counsel to the named charging parties, that Sheppard, Mullin, Richter & Hampton LLP was substituting in for Littler Mendelson P.C. as counsel for Tesla in this matter. In that letter, Mark Ross also noted a schedule conflict with the hearing dates, set to begin on June 11, 2018, if the hearing were to extend beyond, Thursday, June 14, 2018 due to a personal matter. A conversation via email and phone among counsel and Regional attorneys Noah Garber and Edris Rodriguez-Ritchie ensued to reach a mutually agreeable hearing date, pending the approval of the Division of Judges. The Union was open to accommodating the Company's counsel conflict if the hearing could proceed in an orderly fashion.

On April 23 and April 24, 2018, Mark Ross and Margo Feinberg proposed to Mr. Garber and Mr. Rodriguez-Ritchie via email several dates in June, July, and August for a new hearing date. Due to the Region's scheduling conflicts in July and August, Mr. Garber informed all counsel on April 25, 2018 that a mutually agreeable hearing date was not likely until September of 2018. Further, since receipt of Mark Ross's April 9 letter, which the Union originally believed would result in the hearing moving from June, Margo Feinberg learned of conflict of several key Union witnesses for the June 11-14 time frame due to work obligations out of state. This information was shared with



the Region and Tesla. Therefore, in light of Mr. Garber's email, on April 27, 2018, Mark Ross and Margo Feinberg agreed that they and their clients would be available September 20-October 5, 2018 for a hearing in this matter to ensure sufficient time to address the issues in the complaint and consecutive dates of hearing.

On April 30, 2018, Mr. Garber notified Margo Feinberg that the request to move the hearing date must be in writing. To satisfy the Region's written request, Margo Feinberg drafted this letter to reflect the conversations between counsel and the Regional attorneys. Margo Feinberg shared the letter with Mark Ross for his approval on the same day.

Mark Ross responded to Margo on May 1, 2018 in the afternoon stating his concurrence and preference with a September 20, 2018 start date to a piecemeal hearing, especially one that is limited to June 11 only. Mark Ross will stipulate, as will Margo Feinberg, to a later trial that begins on September 20 and goes day to day thereafter until the hearing is completed. However, absent consecutive hearing dates beginning on September 20, 2018, Mark Ross would like to start on June 11 through June 14, and continue at a later date. We are in not in agreement with four days of hearing in June as we believe that such a break is disruptive to the hearing process, costly due to repeated preparation of witnesses and unnecessary as it does not get us a sooner conclusion to the matter.[1]

Based on counsels' availability and no objection from either party to the extension of the hearing date beginning on September 20, 2018, we respectfully ask the Regional Director to file a motion for a change of date, pursuant to 29 C.F.R. §§ 102.16, 102.24. Counsels respectfully request for this motion to change the hearing date to minimize expensive litigation costs associated with preparing witnesses and evidence twice, which would inevitably occur if the hearing is scheduled for two different time periods. Consecutive dates in this matter will allow all parties to expeditiously and contemporaneously prepare for the hearing, ensuring witness availability and no break in witness testimony. If a stipulation is necessary to achieve this end, we have agreed to enter into such a stipulation.

---

[1] Further, as noted some of the Union witnesses have obligations during those June dates that have now come to light, which might require witnesses being taken out of order, and there is no benefit in starting if we can have a full continuous hearing in September – October.

-XHIBIT NO. GC-1(mn) RECEIVED ✓    REJECTED___

32-CA-197020

CASE NO _____    CASE NAME: Tesla, Inc. __

_ OF 4    DATE: 6/11/18    REPORTER: B. RAST

22-60493.2772

Please let us know if you have any questions or concerns.

Sincerely,

SCHWARTZ, STEINSAPIR, DOHRMANN
& SOMMERS

Margo A. Feinberg

MAF:eah
cc:    Mark S. Ross
       Edris Rodriguez-Ritchie
       Noah Garber

Case: 22-60493   Document: 44-3   Page: 152   Date Filed: 10/25/2022

22-60493.2773

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

### REGION 32

| | |
|---|---|
| **TESLA, INC.** | |
| **and** | |
| **MICHAEL SANCHEZ, an Individual** | **Case No. 32-CA-197020** |
| **and** | |
| **JONATHAN GALESCU, an Individual** | **Case No. 32-CA-197058** |
| **and** | |
| **RICHARD ORTIZ, an Individual** | **Case No. 32-CA-197091** |
| **and** | |
| **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO** | **Case No. 32-CA-197197**<br>**Case No. 32-CA-200530**<br>**Case No. 32-CA-208614**<br>**Case No. 32-CA-210879** |

## RESPONDENT TESLA, INC.'S ANSWER TO THIRD ORDER CONSOLIDATING CASES AND SECOND AMENDED CONSOLIDATED COMPLAINT

Mark S. Ross
mross@sheppardmullin.com
Keahn N. Morris
kmorris@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    (415) 434-9100

*Attorneys for Tesla, Inc.*



## RESPONDENT'S ANSWER TO THIRD ORDER CONSOLIDATING CASES AND SECOND AMENDED CONSOLIDATED COMPLAINT

Responding to the initial unnumbered paragraphs of the Second Amended Consolidated Complaint ("Complaint"), Respondent does not object to consolidation of the charges cited above, but denies that it has engaged in any unfair labor practices set forth in the National Labor Relations Act, 29 U.S.C. § 151, et seq.

1.     In response to all the subsections of Paragraph 1 of the Complaint, Respondent admits that it received the charges in these proceedings. Respondent further admits that the various charges cited in paragraph 1 of the Complaint were filed and served on the dates alleged. Respondent denies that it violated the Act in any way.

2.     (a)     In response to Paragraph 2(a) of the Complaint, Respondent admits the material allegations contained in Paragraph 2(a) of the Complaint.

       (b)     In response to Paragraph 2(b) of the Complaint, Respondent admits the material allegations contained in Paragraph 2(b) of the Complaint.

       (c)     In response to Paragraph 2(c) of the Complaint, Respondent admits the material allegations contained in Paragraph 2(c) of the Complaint.

3.     In response to Paragraph 3 of the Complaint, Respondent admits that it is an employer engaged in commerce within the meaning of Sections 2(2) and 2(6) of the National Labor Relations Act ("the Act"), but denies that it has burdened or obstructed commerce or the free flow of commerce within the meaning of Section 2(7) of the Act.

4.     In response to Paragraph 4 of the Complaint, Respondent admits the material allegations contained in Paragraph 4 of the Complaint.

5.     In response to Paragraph 5 of the Complaint, Respondent admits that Elon Musk is the Chief Executive Officer; Mark Lipscomb was the Vice President of Human Resources; Juan Martinez is a Manager, Manufacturing; Andrew McIndoe was an Associate Production

EXHIBIT NO. GC-1(LL) RECEIVED ✓ REJECTED

32-CA-197020

CASE NO CASE NAME: Tesla, Inc.

OF 13 DATE: 6/11/18 REPORTER B. RAS

22-60493.2776

Manager up until February 19, 2018 when he became a Production Manager; Tope Ogunniyi is an Associate Production Manager; and Victor Facha, Armando Rodriguez, Tim Fenelon and Homer Hunt hold the title of "Supervisors." Respondent admits Elon Musk, Mark Lipscomb, Emee Cruz, Liza Lipson, Seth Woody, David Zweig, Juan Martinez, Andrew McIndoe, Tim Fenelon, Tope Ogunniyi, David Zweig, Dave Teston, Victor Facha, Homer Hunt, Armando Rodriguez, Tim Fenelon and Ricky Gecewich have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act. Respondent denies that Lauren Holcomb has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and agent of Respondent within the meaning of Section 2(13) of the Act based on lack of knowledge or information sufficient to form a belief as to the truth or falsity; counsel for Respondent's investigation is only now beginning and reserves the right to amend following conclusion of counsel's investigation. Respondent denies each and every remaining allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation pertaining to the unidentified "Red Shirt Supervisor No. 1," "John Doe," or "Arnold (Last Name Unknown)." The Complaint misidentified Lauren Holcomb's title. She is currently a "Sr. EHS Program Manager, Training & Education." Her previous title was "Sr. EHS Specialist." The Complaint misidentifies Liza Lipson's title. She is an "Associate Human Resources Manager." The Complaint misspells Emee Cruz's name and misidentifies her title. She is the "Sr. Human Resources Partner." The Complaint misidentifies Seth Woody's title. He was the "Director, Global Environmental Health and Safety." The Complaint misidentifies David Zweig's title. He is a "Senior Human Resources Partner." The Complaint misidentifies Ricky Gecewich's title. He is a "Sr. Employee Relations Manager." His previous title was "Principal Employee Relations Partner." The Complaint misidentifies Dave Teston's title. He is a "Associate Manager, Training  His previous title was "Associate Manager, Manufacturing."

6.      In response to Paragraph 6 of the Complaint, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a

Case: 22-60493    Document: 44-3    Page: 157    Date Filed: 10/25/2022

belief as to the truth or falsity of the allegation pertaining to the unidentified "John/Jane Does 1-6" and "Name Unknown Human Resources Agent" in Paragraph 6 of the Complaint.

7.    In response to Paragraph 7(a) of the Complaint, Respondent admits that Paragraphs 7(a)(i)-(v) of the Complaint contain excerpts from one of Respondent's acknowledgements , but those excerpts have been taken out of context and Respondent denies that they are accurate statements of the complete acknowledgement, and further denies that the acknowledgement violates the Act. In addition, Respondent denies that this acknowledgement is a "Confidentiality Agreement." The acknowledgement was an acknowledgement of the underlying Employee Proprietary Information and Inventions Agreement. Respondent also denies that this agreement was in effect since October 2016. Except as so specifically admitted, Respondent denies each and every remaining allegation contained in Paragraph 7(a)(i)-(v) of the Complaint.

8.    In response to Paragraph 7(b) of the Complaint, Respondent denies each and every allegation contained therein.

9.    In response to Paragraph 7(c) of the Complaint, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "John/Jane Does Security Guards Nos. 1-4" are not identified in the Complaint. Respondent denies that following its nondiscriminatory identification and security requirements for all employees and visitors to its Fremont, California manufacturing facility violates the Act.

10.    In response to Paragraph 7(d) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "John Doe Security Guard No. 1" is not identified in the Complaint.

11.    In response to Paragraph 7(e) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Jane Doe Security Guard No. 1" is not identified in the Complaint.

22-60493.2778

12.     In response to Paragraph 7(f) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "John Doe Security Guard No. 3" is not identified in the Complaint.

13.     In response to Paragraph 7(g) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Jane Doe Security Guard No. 4" is not identified in the Complaint.

14.     In response to Paragraph 7(h) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Red Shirt Male Supervisor No. 1" is not identified in the Complaint.

15.     In response to Paragraph 7(i) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Red Shirt Male Supervisor No. 1" and "Human Resources Agent (whose name is currently unknown to the General Counsel)" are not identified in the Complaint.

16.     In response to Paragraph 7(j) and 7(j)(i) of the Complaint, Respondent denies each and every allegation contained therein.

17.     In response to Paragraph 7(j)(ii) of the Complaint, Respondent denies each and every allegation contained therein.

18.     In response to Paragraph 7(j)(iii) of the Complaint, Respondent denies each and every allegation contained therein.

19.     In response to Paragraph 7(k) of the Complaint, Respondent denies each and every allegation contained therein.

20.     Respondent admits that Paragraph 7(1) of the Complaint contains excerpts from Respondent's General Assembly Expectations applicable to production associates in General

22-60493.2779

Assembly at Respondent's Fremont, California manufacturing facility, but those excerpts have been taken out of context and Respondent denies that they are accurate statements of the complete General Assembly Expectations, and further denies that the General Assembly Expectations violates the Act. Respondent also denies that the General Assembly Expectations were in effect since April 2017. Except as so specifically admitted, Respondent denies each and every remaining allegation contained in Paragraph 7(l) of the Complaint.

21.    In response to Paragraph 7(m) of the Complaint, Respondent denies each and every allegation contained therein.

22.    In response to Paragraph 7(n) of the Complaint, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Security Guards" and "John/Jane Does Security Guards Nos. 5-6" are not identified in the Complaint. Respondent denies that following its nondiscriminatory identification and security requirements for all employees and visitors to its Fremont, California manufacturing facility violates the Act.

23.    In response to Paragraph 7(o) of the Complaint, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Jane Doe Security Guard No. 5" is not identified in the Complaint.

24.    In response to Paragraph 7(p) of the Complaint, and all its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "John Doe Security Guard No. 6" is not identified in the Complaint.

25.    In response to Paragraph 7(q) of the Complaint, Respondent denies each and every allegation contained therein.

26.    In response to Paragraph 7(r) of the Complaint, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a

22-60493.2780

belief as to the truth or falsity of the allegation because "Arnold (Last Name Unknown)" is not identified in the Complaint.

27. In response to Paragraph 7(s) of the Complaint, Respondent denies each and every allegation contained therein.

28. In response to Paragraph 7(t) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Production Supervisor (whose name is unknown)" is not identified in the Complaint.

29. In response to Paragraph 7(u) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein.

30. In response to Paragraph 7(v) of the Complaint, Respondent denies each and every allegation contained therein.

31. In response to Paragraph 7(w) of the Complaint, Respondent denies each and every allegation contained therein.

32. In response to Paragraph 7(x) of the Complaint, Respondent denies each and every allegation contained therein.

33. In response to Paragraph 8(a) of the Complaint, Respondent denies each and every allegation contained therein.

34. In response to Paragraph 8(b) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein.

35. In response to Paragraph 8(c) of the Complaint, Respondent admits the allegation contained therein.

36. In response to Paragraph 8(d) of the Complaint, Respondent denies each and every allegation contained therein.

37. In response to Paragraph 8(e) of the Complaint, Respondent denies each and every allegation contained therein.

22-60493.2781

38. In response to Paragraph 8(f) of the Complaint, Respondent denies each and every allegation contained therein.

39. In response to Paragraph 9 of the Complaint, Respondent denies each and every allegation contained therein.

40. In response to Paragraph 10 of the Complaint, Respondent denies each and every allegation contained therein.

41. In response to Paragraph 11 of the Complaint, Respondent denies each and every allegation contained therein.

42. Counsel for Respondent's investigation is only now beginning and reserves the right to modify Respondent's Answer to the Complaint following completion of counsel's investigation.

## AFFIRMATIVE DEFENSES

1. The Complaint does not state facts sufficient to constitute an unfair labor practice or a violation of the Act.

2. To the extent the Complaint contains allegations that are beyond the applicable statute of limitations, the allegations are barred.

3. The Complaint fails to provide adequate notice to the Respondent of the particular allegations against it, and deprives the Respondent of fundamental due process, because certain allegations in the Complaint fail to identify specific supervisors and agents in a plant of over 10,000 employees. To the extent the Complaint fails to identify the supervisors and agents involved, and plead the allegations with sufficient particularity, the allegations are barred.

4. Respondent has a substantial legitimate business interest in requiring confidentiality to protect its trade secrets and other proprietary information, including but not limited to its manufacturing processes. None of the acknowledgement language alleged in the Complaint can reasonably be construed as chilling employees in the exercise of their protected rights and any potential adverse impact on protected rights is outweighed by legitimate business interests. To the extent that any Board decision holds to the contrary, it is distinguishable or should be overruled.

5.   Respondent also has a substantial business interest in adopting and enforcing uniform security measures governing identification and access to its Fremont, California manufacturing facility to protect trade secrets, manufacturing processes and employee safety. None of the allegations in the Complaint unlawfully prohibited employees' off-duty access to the facility. Instead, the Respondent enforced reasonable regulations, including identification requirements, designed to ensure the protection of Respondent's property and trade secrets.  Respondent applies these rules uniformly to all off duty employees seeking to gain access to the facility.

6.   The Complaint does not state a claim upon which relief can be granted.

7.   Assuming any allegation in the Complaint is found to be a violation, it is a de minimis violation of the Act insufficient to warrant the finding of an unfair labor practice or the issuance of a remedial order.

8.   Assuming any allegation in the Complaint is found to be a violation, the remedy requested by the General Counsel is inappropriate as a matter of law.

9.   Respondent has a substantial legitimate business interest in maintaining General Assembly Expectations regarding team wear to protect its manufacturing processes, including preventing mutilation to cars as they go through General Assembly. None of the General Assembly Expectations language alleged in the Complaint can reasonably be construed as chilling employees in the exercise of their protected rights and any potential adverse impact on protected rights is outweighed by legitimate business interests.  Notwithstanding the General Assembly Expectations regarding team wear, employees are allowed to wear union insignia that does not compromise the legitimate business interests underlying the Employer's rules. To the extent that any Board decision holds to the contrary, it is distinguishable or should be overruled.

10.   Respondent denies any wrong doing as alleged in the Complaint and further alleges that any conduct of Respondent constitutes free speech protected by the First Amendment to the United States Constitution and Section 8(c) of the Act, 29 U.S.C. § 158(c).

11. The General Counsel's claims challenging the lawfulness of Respondent's facially neutral policies are barred by the First Amendment to the United States Constitution and Section 8(c) of the Act, 29 U.S.C. § 158(c).

12. Respondent reserves the right to modify or supplement defenses as may be appropriate.

Respondent respectfully requests that the Administrative Law Judge dismiss the Complaint in its entirety and grant Respondent all appropriate relief.

Dated: April 23, 2018

By _____

MARK S. ROSS
KEAHN N. MORRIS

Attorneys for TESLA, INC.

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On April 23, 2018, I e-filed with the NLRB and served true copies of the document(s) described as **RESPONDENT TESLA, INC.'S ANSWER TO THIRD ORDER CONSOLIDATING CASES AND SECOND AMENDED CONSOLIDATED COMPLAINT** on the interested parties in this action via the U.S. Postal Service, First Class Mail and electronic mail (if available) as follows:

Margo A. Feinberg, Esq.                                   Electronic & U.S. Mail
Schwartz, Steinsapir, Dohrmann & Sommers LLP
6300 Wilshire Blvd., Suite 2000
Los Angeles, CA 90048
margo@ssdslaw.com

Jonathan Galescu                                                          U.S. Mail
361 Carousel Drive
Vallejo, CA 94589

Richard Ortiz                                                              U.S. Mail
37607 Walnut
Newark, CA 94560

Michael Sanchez                                                          U.S. Mail
25225 Soto Road
Hayward, CA 94544

Susan Reed                                                                  U.S. Mail
UAW
8000 E. Jefferson Avenue
Detroit, MI 48214

Edris Rodriguez Ritchie                                   Electronic & U.S. Mail
Field Attorney
NLRB – Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612
Edris.RodriguezRitchie@nlrb.gov

22-60493.2785

Case: 22-60493     Document: 44-3     Page: 165     Date Filed: 10/25/2022

Valerie Hardy-Mahoney                                    U.S. Mail
Regional Director
NLRB – Region 32
1301 Clay Street, Suite 300N
Oakland, CA  94612

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelopes for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address sasmith@sheppardmullin.com to the persons with e-mail addresses as listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 23, 2018, at San Francisco, California.

_Sarah Smith_
Sarah Smith

22-60493.2786

Case: 22-60493    Document: 44-3    Page: 166    Date Filed: 10/25/2022

# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 32

| | |
|---|---|
| TESLA, INC. | |
| and | |
| MICHAEL SANCHEZ, an Individual | Case 32-CA-197020 |
| and | |
| JONATHAN GALESCU, an Individual | Case 32-CA-197058 |
| and | |
| RICHARD ORTIZ, an Individual | Case 32-CA-197091 |
| and | |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO | Case 32-CA-197197<br>Case 32-CA-200530<br>Case 32-CA-208614<br>Case 32-CA-210879 |
| | **Date: March 30, 2018** |

## AFFIDAVIT OF SERVICE OF THIRD ORDER CONSOLIDATING CASES, SECOND AMENDED CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) upon the persons at the addresses and in the manner indicated below. Persons listed below under "E-Service" have voluntarily consented to receive service electronically, and such service has been effected on the same date indicated above.

Arnnon Geshuri, Vice President of HR
Tesla Motors Corporation
45500 Fremont Blvd.
Fremont, CA 94538
**VIA CERTIFIED MAIL**
**7015 0920 0001 7784 8609**

Gaby Toledano, Chief People Officer
45500 Fremont Blvd
Fremont, CA 94538-6326
**VIA CERTIFIED MAIL**
**7015 0920 0001 7784 8678**

Michael J. Lotito, Esq.
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
**VIA REGULAR MAIL**

John M. Skonberg, Esq.
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
**VIA REGULAR MAIL**



Michael Sanchez
25225 Soto Road
Hayward, CA 94544
**VIA REGULAR MAIL**

Margo A. Feinberg, Esq.
Schwartz, Steinsapir, Dohrmann & Sommers
6300 Wilshire Bld., Suite 2000
Los Angeles, CA 90048
**VIA REGULAR MAIL**

Jonathan Galescu
361 Carousel Drive
Vallejo, CA 94589
**VIA REGULAR MAIL**

Susan Reed
IU, UA, A&AWA, AFL-CIO
8000 E Jefferson Avenue
Detroit, MI 48214
**VIA REGULAR MAIL**

Richard Ortiz
36707 Walnut Street
Newark, CA 94560
**VIA REGULAR MAIL**

Elizabeth Parry, Esq.
Littler Mendelson, P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
**VIA REGULAR MAIL**

Attn: Davette Repola
AVTranz
7227 N. 16th Street, Suite 207
Phoenix, AZ 85020
**VIA E-MAIL:**
davette.repola@avtranz.com

National Labor Relations Board
Division of Judges
901 Market St., Suite 300
San Francisco, CA 94103
**E-FILE**

| March 30, 2018 | Ida Lam, Designated Agent of NLRB |
| | Name |

Signature

EXHIBIT NO. 6C-1(kk) RECEIVED ✓ REJECTED ___
CASE NO 32-CA-197020 CASE NAME: Tesla, Inc.
___ OF 2 DATE: 6/11/18 REPORTER: B. RAST

22-60493.2788

Case: 22-60493    Document: 44-3    Page: 168    Date Filed: 10/25/2022

<div align="center">

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 32**

</div>

| | |
|---|---|
| **TESLA, INC.** | |
| **and** | |
| **MICHAEL SANCHEZ, an Individual** | **Case 32-CA-197020** |
| **and** | |
| **JONATHAN GALESCU, an Individual** | **Case 32-CA-197058** |
| **and** | |
| **RICHARD ORTIZ, an Individual** | **Case 32-CA-197091** |
| **and** | |
| **INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO** | **Case 32-CA-197197**<br>**Case 32-CA-200530**<br>**Case 32-CA-208614**<br>**Case 32-CA-210879** |

<div align="center">

**THIRD ORDER CONSOLIDATING CASES, SECOND AMENDED**
**CONSOLIDATED COMPLAINT AND NOTICE OF HEARING**

</div>

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, **IT IS ORDERED THAT** the Amended Consolidated Complaint that issued on September 1, 2017, in Cases 32-CA-197020, 32-CA-197058, 32-CA-197091, 32-CA-197197, and 32-CA-200530, alleging that Tesla, Inc. (Respondent) has violated the National Labor Relations Act, 29 U.S.C. § 151 et seq. (the Act), by engaging in unfair labor practices, is further consolidated with Cases 32-CA-208614 and 32-CA-210879, filed by the International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO (Union) against Respondent, which allege that Respondent has engaged in further unfair labor practices within the meaning of the Act.

22-60493.2789

1(j-6)

This Third Order Consolidating Cases, Second Amended Consolidated Complaint and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq. and Sections 102.15 and 102.17 of the Board's Rules and Regulations, and alleges Respondent has violated the Act as described below.

1.

(a)　　The charge in Case 32-CA-197020 was filed by Michael Sanchez on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(b)　　The first-amended charge in Case 32-CA-197020 was filed by Michael Sanchez on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(c)　　The charge in Case 32-CA-197058 was filed by Jonathan Galescu on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(d)　　The first-amended charge in Case 32-CA-197058 was filed by Jonathan Galescu on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(e)　　The charge in Case 32-CA-197091 was filed by Richard Ortiz on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 19, 2017.

(f)　　The first-amended charge in Case 32-CA-197091 was filed by Richard Ortiz on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(g)　　The charge in Case 32-CA-197197 was filed by the Union on April 19, 2017, and a copy was served on Respondent by U.S. mail on April 20, 2017.

2

EXHIBIT NO. GC-1(jj) RECEIVED ✓ REJECTED
32-CA-197020
CASE NO _____ CASE NAME: Tesla, Inc
- OF 15 DATE: 6/11/18 REPORTER B. RAST

(h)    The first-amended charge in Case 32-CA-197197 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(i)    The charge in Case 32-CA-200530 was filed by the Union on June 12, 2017, and a copy was served on Respondent by U.S. mail on June 13, 2017.

(k)    The first-amended charge in Case 32-CA-200530 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(l)    The charge in Case 32-CA-208614 was filed by the Union on October 25, 2017, and a copy was served on Respondent by U.S. mail on October 25, 2017.

(m)    The first-amended charge in Case 32-CA-208614 was filed by the Union on March 12, 2017, and a copy was served on Respondent by U.S. mail on March 13, 2018.

(n)    The charge in Case 32-CA-210879 was filed on December 1, 2017, and a copy was served on Respondent by U.S. mail on December 4, 2017.

(o)    The first-amended charge in Case 32-CA-210879 was filed on December 6, 2017, and a copy was served on Respondent by U.S. mail on December 7, 2017.

2.

(a)    At all material times, Respondent, a Delaware technology and design corporation with its headquarters in Palo Alto, California, an automotive manufacturing facility in Fremont, California (the Fremont Facility), and an automotive battery facility in Sparks, Nevada (the Sparks Facility), has been engaged in the design, manufacture, and sale of electric vehicles and energy storage systems.

(b)    During the 12-month period ending December 31, 2017, Respondent, in conducting its operations described above in paragraph 2(a) at its Fremont Facility,

22-60493.2791

purchased and received goods valued in excess of $50,000 directly from sources located outside the State of California.

(c)     During the 12-month period ending December 31, 2017, Respondent, in conducting its operations described above in paragraph 2(a) at its Sparks Facility, purchased and received goods valued in excess of $50,000 directly from sources located outside the State of Nevada.

3.

At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

4.

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Elon Musk | - | Chief Executive Officer |
| Mark Lipscomb | - | Vice-President of Human Resources |
| Emma Cruz | - | Human Resources Business Partner |
| Liza Lipscomb | - | Human Resources Business Partner |
| Seth Woody | - | Human Resources Business Partner |
| David Zwieg | - | Human Resources Business Partner |

22-60493.2792

| | | |
|---|---|---|
| Juan Martinez | - | Manager, Manufacturing |
| Andrew McIndoe | - | Associate Production Manager |
| Tope Ogunniyi | - | Associate Production Manager |
| Victor Facha | - | Supervisor |
| Tim Fenelon | - | Supervisor |
| Homer Hunt | - | Supervisor |
| Armando Rodriguez | - | Supervisor |
| Dave Teston | - | Supervisor |
| Red Shirt Male Supervisor No. 1 | - | Supervisor |
| Arnold (Last Name Unknown) | - | Supervisor |
| John Doe | - | Production Supervisor |
| Lauren Holcomb | - | Environmental Health Safety and Sustainability Specialist |
| Ricky Gecewich | - | Employee Relations Investigator |

6.

At all material times, the following individuals held the positions set forth opposite their respective names and have been agents Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| John/Jane Does 1-6 | - | Security Guards |
| Name Unknown | - | Human Resources Agent |

7.

(a)     Since at least late October 2016, Respondent has maintained the following rules in its Confidentiality Agreement at the Fremont facility:

22-60493.2793

(i)     These obligations are straightforward.  Provided that it's not already public information, everything that you work on, learn about or observe in your work about Tesla is confidential information under the agreement that you signed when you first started.  This includes information about…customers, suppliers, employees…. and anything similar.

(ii)    Additionally, regardless of whether information has already been made public, it is never OK to communicate with the media or someone closely related to the media about Tesla, unless you have been specifically authorized in writing to do so.

(iii)   Unless otherwise allowed by law or you have received written approval, you must not, for example, discuss confidential information with anyone outside of Tesla,

(iv)    or write about your work in any social media, blog, or book. If you are unsure, check with your manager, HR, or Legal.

(v)     The consequences for careless violation of the confidentiality agreement, could include, depending on severity, loss of employment.  Anyone engaging in intentional violation of the confidentiality agreement will be liable for all the harm and damage that is caused to the company, with possible criminal prosecution. These obligations remain in place even if no longer working at Tesla.

(b)    About late October 2016 or early November 2016, Respondent, by Human Resources Business Partner David Zweig, at the Fremont facility, during a one-on-one meeting with employees, prohibited employees from taking a picture of Respondent's Confidentiality Agreement described above in paragraph 7(a).

(c)    On February 10, 2017, Respondent, by its Security Guards, including, but not limited to, John/Jane Does Security Guards Nos. 1-4, restrained and coerced off-duty employees who were engaged in leafleting on Respondent's premises outside of the Fremont facility by repeatedly asking them to produce their employee identification badges and/or telling them to leave Respondent's premises.

22-60493.2794

Case: 22-60493    Document: 44-3    Page: 174    Date Filed: 10/25/2022

(d)  On February 10, 2017, Respondent, by John Doe Security Guard No. 1, outside the entrance to Door 2 at the Fremont facility:

> (i)   On two separate occasions, instructed an off-duty employee to leave Respondent's premises.
>
> (ii)  Security Guard No. 1 engaged in the conduct described above in paragraph 7(d)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

(e)  On February 10, 2017, Respondent, by Jane Doe Security Guard No. 2, outside the entrance to Door 1 at the Fremont facility:

> (i)   told off-duty employees to leave Respondent's premises.
>
> (ii)  Security Guard No. 2 engaged in the conduct described above in paragraph 7(e)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

(f)  On February 10, 2017, Respondent, by John Doe Security Guard No. 3, outside the entrance to Door 1 at the Fremont facility:

> (i)   told off-duty employees to leave Respondent's premises.
>
> (ii)  Security Guard No. 3 engaged in the conduct described above in paragraph 7(f)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

(g)  On February 10, 2017, Respondent, by Jane Doe Security Guard No. 4, outside the entrance to Door 3 at the Fremont facility:

> (i)   told an off-duty employee to leave Respondent's premises.
>
> (ii)  Security Guard No. 4 engaged in the conduct described above in paragraph 7(g)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

22-60493.2795

(h)    On February 10, 2017, Respondent, by Red Shirt Male Supervisor No. 1, near the back entrance to the Fremont facility by the Receiving Addition:

    (i)    told an off-duty employee to leave the premises.

    (ii)    Red Shirt Male Supervisor No. 1 engaged in the conduct described above in paragraph 7(h)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

(i)    On February 10, 2017, Respondent, by a Human Resources Agent (whose name is currently unknown to the General Counsel) at the Fremont facility, during a phone conversation initiated by Red Shirt Male Supervisor No. 1:

    (i)    told an off-duty employee who was on medical leave to leave Respondent's premises.

    (ii)    The unnamed Human Resources Agent engaged in the conduct described above in paragraph 7(i)(i) in response to employees engaging in Union leafleting and to discourage these and other protected, concerted activities.

(j)    On March 23, 2017, Respondent, by Supervisor Armando Rodriguez, during a pre-shift meeting at the Fremont facility:

    (i)    told employees that they could not distribute stickers, leaflets, or pamphlets that were not approved by Respondent; and

    (ii)    threatened that Respondent would terminate employees if they passed out stickers, leaflets, or materials that were not approved by Respondent.

    (iii)    Supervisor Armando Rodriguez engaged in the conduct described above in paragraph 7(j)(i) and (ii) in response to employees engaging in Union activities and to discourage these and other protected, concerted activities.

(k)    On April 5, 2017, Respondent, by Human Resources Business Partner David Zweig, at the Fremont facility, attempted to prohibit an employee from discussing safety concerns with other employees and/or with the Union.

8

(l)     Since about April 25, 2017, Respondent has maintained the following rule at the Fremont facility:

Team Wear:   It is mandatory that all Production Associates and Leads wear the assigned team wear.

- On occasion, team wear may be substituted with all black clothing if approved by supervisor.
- Alternative clothing must be mutilation free, work appropriate and pose no safety risks (no zippers, yoga pants, hoodies with hood up, etc.).

(m)     On April 28, 2017, Respondent, by Human Resources Business Partner Seth Woody, at the Fremont facility, attempted to prohibit employees from discussing safety concerns with other employees and/or with the Union.

(n)     On May 24, 2017,  Respondent, by its Security Guards, including, but not limited to, John/Jane Does Security Guards Nos. 5-6, restrained and coerced employees who were engaged in leafleting on Respondent's premises outside of the Fremont facility by repeatedly asking them to produce their employee identification badges and/or telling them to leave Respondent's premises.

(o)     On May 24, 2017, by Jane Doe Security Guard No. 5, at the security counter near the Door 4 entrance at the Fremont facility, told an employee that the employee could not hand out flyers on Respondent's premises.

(p)     On May 24, 2017, by John Doe Security Guard No. 6, outside the Door 4 entrance at the Fremont facility:

(i)     on two occasions, instructed an off-duty employee to leave the premises.

(ii)    Security Guard No. 6 engaged in the conduct described above in paragraph 7(p)(i) in response to employees engaged in Union leafleting and to discourage these and other protected, concerted activities.

(q)     On May 24, 2017, Respondent, by Respondent's Human Resources Business Partner Lisa Lipscomb, at the Fremont Facility during separate meetings with individual employees, in the presence of Environmental Health Safety and Sustainability Specialist Lauren Holcomb, interrogated employees about their Union and/or protected, concerted activities and/or the Union and/or protected, concerted activities of other employees.

(r)     In the Spring of 2017, Respondent, by Supervisor Arnold (Last Name Unknown), at the Fremont facility, impliedly threatened an employee with unspecific reprisals for wearing a hat with Union insignia.

(s)     In August 2017, Respondent, by Supervisor Homer Hunt, at the Fremont facility, informed its employees that it would be futile for them to select the Union as their bargaining representative.

(t)     Respondent, at the Fremont facility in August or September 2017:

    (i)     by Production Supervisor (whose name is unknown) told employees they could not wear Union shirts at work and threatened employees they would be sent home for wearing shirts with Union insignia;

    (ii)    by Associate Production Manager Tope Ogunniyi, attempted to enforce the rule described above in paragraph 7(l) selectively and disparately by prohibiting shirts with Union insignia.

(u)     About August 10, 2017, Respondent, at the Fremont Facility:

    (i)     by Supervisor Tim Fenelon, told employees to remove their shirts with Union insignia; and

    (ii)    by Associate Production Manager Tope Ogunniyi attempted to enforce the rule described above in paragraph 7(l) selectively and disparately by prohibiting shirts with Union insignia.

22-60493.2798

(v)     About August 14, 2017, by Associate Production Manager Tope Ogunniyi, at Respondent's Fremont facility, attempted to enforce the rule described above in paragraph 7(l) selectively and disparately by telling employees they are prohibited from wearing shirts with Union insignia.

(w)     On September 8, 2017, Respondent, by Supervisor Dave Teston, at Respondent's Sparks Facility in the production administrative room, impliedly threatened an employee with unspecified reprisals for wearing a hat with Union insignia.

(x)     On October 21, 2017, Respondent, by Associate Production Manager Andre McIndoe, at the Sparks Facility, told an employee that the employee should not speak with other employees about workplace concerns.

8.

(a)     On September 14, 2017, Respondent's employees Jose Moran and Richard Ortiz engaged in concerted activities with each other for the purposes of their mutual aid and protection when Jose Moran sent, via text message, screenshots of employee photographs and job titles obtained from Respondent's Workday system to Richard Ortiz, who posted comments regarding wages and working conditions along with the screenshots of the employee photographs and job titles on "Fremont Tesla Employees for UAW Representation" a private employee-only Facebook page.

(b)     Respondent, by Employee Relations Investigator Ricky Gecewich, at the Fremont facility:

        (i)     About September 21, 2017, during separate meetings with individual employees, interrogated employees about the conduct described above in paragraph 8(a).

11

(ii)    About October 19, 2017, during separate meetings with individual employees, interrogated employees about the conduct described above in paragraph 8(a).

(iii)   About October 19, 2017, in an email, promulgated and/or disparately enforced a rule prohibiting employees from accessing the Workday System for non-business purposes without proper business justification.

(c)    On October 18, 2017, Respondent discharged Richard Ortiz.

(d)    On October 19, 2018, Respondent issued a disciplinary warning to Jose Moran.

(e)    Respondent engaged in the conduct described above in paragraphs 8(b)(iii), 8(c) and 8(d), because Jose Moran and Richard Ortiz engaged in the conduct described above in paragraph 8(a) and to discourage its employees from engaging in these and/or other protected concerted activities.

(f)    Respondent engaged in the conduct described above in paragraphs 8(b)(iii), 8(c), and 8(d), because Jose Moran and Richard Ortiz supported and assisted the Union and/or because they engaged in concerted activities, and to discourage employees from engaging in these activities.

9.

By the conduct described above in paragraphs 7 and 8(b) through 8(e), Respondent has been interfering with, restraining and coercing employees in the exercise of their rights guaranteed in Section 7 of the Act in violation of Sections 8(a)(1) of the Act.

10.

By the conduct described above in paragraphs 8(b)(iii), 8(c), 8(d), and 8(f), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of

employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

<div align="center">11.</div>

The unfair labor practices of Respondent described above affect commerce within the meaning of Sections 2(6) and (7) of the Act.

**WHEREFORE**, as part of the remedy for the unfair labor practices described above in paragraphs 7 and 8(b) through 8(f), the General Counsel seeks an order requiring Respondent to Respondent to hold meetings with Respondent's production employees at its Fremont and Sparks facilities, scheduled to ensure the widest possible attendance, at which the Board's Notice is to be read to employees by a responsible management official of Respondent, or at Respondent's option, by a Board agent in that official's presence. Respondent shall be required to allow a representative of the Union to be present during such reading or readings of the Notice.

<div align="center">

## ANSWER REQUIREMENT

</div>

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Second Amended Consolidated Complaint. The answer must be **received by this office on or before April 13, 2018, or postmarked on or before April 12, 2018**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case

<div align="center">13</div>

22-60493.2801

Case: 22-60493    Document: 44-3    Page: 181    Date Filed: 10/25/2022

Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Second Amended Consolidated Complaint are true.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** on June 11, 2018, at 9:00 a.m., at the Oakland Regional Office of the National Labor Relations Board located at 1301 Clay Street,

22-60493.2802

Case: 22-60493    Document: 44-3    Page: 182    Date Filed: 10/25/2022

Oakland, California 94612, at a conference room to be determined, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.    At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Second Amended Consolidated Complaint.    The procedures to be followed at the hearing are described in the attached Form NLRB-4668.    The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

 

**DATED AT** Oakland, California this 30th day of March 2018.

Valerie Hardy-Mahoney
Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

Attachments

22-60493.2803

Case: 22-60493     Document: 44-3     Page: 183     Date Filed: 10/25/2022

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

---

**TESLA, INC.**

       Charged Party

   and

**UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA INTERNATIONAL UNION (UAW)**

       Charging Party

**Case 32-CA-208614**

---

## AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that
on March 13, 2018, I served the above-entitled document(s) by regular mail upon the following
persons, addressed to them at the following addresses:

Gaby Toledano, Chief People Officer
45500 Fremont Blvd
Fremont, CA 94538-6326

Elizabeth Parry, Esq.
Littler Mendelson, P.C.
1255 Treat Blvd, Suite 600
Walnut Creek, CA 94597-7605

John Skonberg, ESQ., Attorney
333 Bush Street
34th Floor
San Francisco, CA 94104-2842

| | |
|---|---|
| March 13, 2018 | Ida Lam, Designated Agent of NLRB |
| Date | Name |
| | /s/ Ida Lam |
| | Signature |

EXHIBIT NO. 6C-1(ii)  RECEIVED ✓  REJECTED___

32-CA-197020

CASE NO ___  CASE NAME: Tesla, Inc.

___ OF 2  DATE: 6/11/18  REPORTER B. RAI

22-60493.2805

Form NLRB - 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32-CA-208614 | 3/13/2018 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Tesla, Inc. | | b. Tel. No. |
|---|---|---|
| | | c. Cell No. |
| d. Address (street, city, state ZIP code)<br>45500 Fremont Blvd, Fremont, CA<br>94538-6326 | e. Employer Representative<br>Gaby Toledano<br>Chief People Officer | f. Fax No. |
| | | g. e-Mail<br>gaby@tesla.com |
| | | h. Dispute Location (City and State)<br>Fremont, CA |
| i. Type of Establishment (factory, nursing home, hotel)<br>Factory | j. Principal Product or Service<br>Automotive Manufacturing | k. Number of workers at dispute location<br>10000 |

1. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

Within the past six months, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of rights guaranteed in Section 7 of the Act by (1) disciplining and/or terminating employees in retaliation for engaging in union and/or protected concerted activities; (2) maintaining an unlawful teamwear policy prohibiting the wearing of Union t-shirts; (3) applying its teamwear policy in a discriminatory manner; (4) intimidating, harassing, and/or threatening employees including, but not limited to, interrogating employees regarding their Section 7 activities; (5) making a statement of futility regarding employee support for the Union; and (6) threatening an employee regarding the wearing of union insignia and engaging in Section 7 activity..

3. Full name of party filing charge (*if labor organization, give full name, including local name and number*)
UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA
INTERNATIONAL UNION (UAW), AFL-CIO

| 4a. Address (street and number, city, state, and ZIP code)<br>8000 East Jefferson Avenue, Detroit, MI 48214 | 4b. Tel. No.<br>313-926-5000 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail<br>sreed@uaw.net |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)
UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA INTERNATIONAL UNION (UAW), AFL-CIO

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No.<br>323-655-4700 |
|---|---|---|
| By: *Margo A Feinberg*<br>(signature of representative or person making charge) | Margo A. Feinberg, Esq.<br>Attorney for Charging Party<br>Print Name and Title | Office, if any, Cell No. |
| | | Fax No.<br>323-655-4488 |
| Address: 8000 East Jefferson Avenue, Detroit,<br>MI 48214 | Date: | e-Mail<br>margo@ssdslaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Date Filed: 10/25/2022    Page 185    Document 44-3    Case 22-60493    Case 22-60493.2806

1 (122)

EXHIBIT NO. GC. I(hh)  RECEIVED ✓  REJECTED ___

32CA-197020

CASE NO. ___  CASE NAME: Tesla, Inc.

___ OF 2  DATE: 6/11/8  REPORTER: B. CAST

22-60493.2807

Case: 22-60493    Document: 44-3    Page: 187    Date Filed: 10/25/2022

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| **TESLA, INC.**<br><br>       **Charged Party**<br><br>   **and**<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), AFL-CIO**<br><br>       **Charging Party** | **Case 32-CA-210879** |

## AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on December 7, 2017, I served the above-entitled document(s) by regular mail upon the following persons, addressed to them at the following addresses:

GABY TOLEDANO
CHIEF PEOPLE OFFICER
TESLA, INC.
45500 FREMONT BLVD
FREMONT, CA 94538-6326

| | |
|---|---|
| December 7, 2017 | Ida Lam, Designated Agent of NLRB |
| Date | Name |
| | /s/ Ida Lam |
| | Signature |



XHIBIT NO. GC-1(88) ✓ RECEIVED ____ REJECTED ____

32-CA-197020

CASE NO    CASE NAME: Tesla, Inc.

OF 2    DATE: 6/11/18    REPORTER: B. RAST

22-60493/2809

FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
FIRST AMENDED **CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 32-CA-210879 | Date Filed 12/06/17 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer Tesla, Inc. | | b. Tel. No. |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax No. |
| d. Address (Street, city, state, and ZIP code) 45500 Fremont Boulevard Fremont, California 94538 | e. Employer Representative | g. e-Mail gaby@tesla.com |
| | | h. Number of workers employed Approximately 7000 |
| i. Type of Establishment (factory, mine, wholesaler, etc.) Factory | j. Identify principal product or service Automotive Manufacturing | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

In the past six months the above-named Employer has interfered with the protected Section 7 rights of William Locklear and those of his coworkers by intimidating him, creating the impression of surveillance of him and his coworkers, engaging in surveillance of his and his coworkers' activities, subjecting him to heightened supervisory scrutiny and interrogating him concerning his support for and activities on behalf of the Charging Party.

In the past six months the Employer has disciplined William Locklear because of his Union and other protected concerted activities and otherwise discriminated against him because of those activities.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO

| 4a. Address (Street and number, city, state, and ZIP code) 800 East Jefferson Detroit, Michigan 48214 | 4b. Tel. No. (313) 926-5000 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

| 6. DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. (323) 655-4700 |
|---|---|
| By _signature_ (signature of representative or person making charge) Henry M. Willis, Attorney (Print/type name and title or office, if any) | Office, if any, Cell No. |
| 12/06/17 (date) | Fax No. (323) 655-4488 |
| Address | e-Mail hmw@ssdslaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

EXHIBIT NO. GC-1(ff) RECEIVED ✓ REJECTED____

32-CA-197020

CASE NO. _____ CASE NAME: Tesla, Inc.

___ OF 2 DATE: 6/11/18 REPORTER: B. RAST

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| **TESLA, INC.**<br><br>    **Charged Party**<br><br>       **and**<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), AFL-CIO**<br><br>    **Charging Party** | **Case 32-CA-210879** |

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on December 4, 2017, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

GABY TOLEDANO, CHIEF
PEOPLE OFFICER
TESLA, INC.
45500 FREMONT BLVD
FREMONT, CA 94538-6326


| December 4, 2017 | Ida Lam, Designated Agent of NLRB |
|---|---|
| Date | Name |
| | /s/ Ida Lam |
| | Signature |

XHIBIT NO. GC-1(ee) ✓ RECEIVED ✓ REJECTED____

32-CA-197020   CASE NAME: Tesla, Inc.

CASE NO   6/11/18

___ OF 2   DATE: REPORTER: B CAST

22-60493.2813

FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case  32-CA-210879 | Date Filed  12/01/17 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer  Tesla, Inc. | | b. Tel. No. |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax No. |
| d. Address (Street, city, state, and ZIP code)  45500 Fremont Boulevard  Fremont, California 94538 | e. Employer Representative | g. e-Mail  gaby@tesla.com |
| | | h. Number of workers employed  Approximately 7000 |
| i. Type of Establishment (factory, mine, wholesaler, etc.)  Factory | j. Identify principal product or service  Automotive Manufacturing | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

In the past sin months the above-named Employer has interfered with the protected Section 7 rights of William Locklear and those of his coworkers by intimidating him, creating the impression of surveillance of him and his coworkers, engaging in surveillance of his and his coworkers' activities, subjecting him to heightened supervisory scrutiny and interrogating him concerning his support for and activities on behalf of the Charging Party.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO

| 4a. Address (Street and number, city, state, and ZIP code)  800 East Jefferson  Detroit, Michigan 48214 | 4b. Tel. No.  (313) 926-5000 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION  I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No.  (323) 655-4700 |
|---|---|
| By _(signature of representative or person making charge)_     Henry M. Willis, Attorney  _(Print/type name and title or office, if any)_ | Office, if any, Cell No. |
| | Fax No.  (323) 655-4488 |
| Schwartz, Steinsapir, Dohrmann & Sommers, LLP          12/01/17  Address  6300 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90048     _(date)_ | e-Mail  hmw@ssdslaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

1 (of 1)

22-60493.2814

EXHIBIT NO. 6C-1(dd)  RECEIVED ✓  REJECTED

32-CA-197020

CASE NO    CASE NAME: Tesla, Inc.

OF 2    DATE: 6/11/18    REPORTER: B. RAST

22-60493.2815

Case: 22-60493    Document: 44-3    Page: 195    Date Filed: 10/25/2022

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

| | |
|---|---|
| TESLA, INC. | |
| and | |
| MICHAEL SANCHEZ, an Individual | Case 32-CA-197020 |
| and | |
| JONATHAN GALESCU, an Individual | Case 32-CA-197058 |
| and | |
| RICHARD ORTIZ, an Individual | Case 32-CA-197091 |
| and | |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO | Case 32-CA-197197<br>Case 32-CA-200530 |
| | Date:  October 26, 2017 |

## AFFIDAVIT OF SERVICE OF ORDER POSTPONING HEARING INDEFINITLY

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) upon the persons at the addresses and in the manner indicated below. Persons listed below under "E-Service" have voluntarily consented to receive service electronically, and such service has been effected on the same date indicated above.

Arnnon Geshuri, Vice President of HR
Tesla Motors Corporation
45500 Fremont Blvd.
Fremont, CA  94538
**VIA CERTIFIED MAIL**
**7015 0920 0001 7784 7800**

Elizabeth Parry, Esq.
Littler Mendelson, P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, CA  94597
**VIA REGULAR MAIL**

Michael J. Lotito, Esq.
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
**VIA REGULAR MAIL**

John M. Skonberg, Esq.
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
**VIA REGULAR MAIL**

1(cc)

XHIBIT NO. GC-1(cc) RECEIVED ✓ REJECTED

32-CA-197020

CASE NO ___ CASE NAME: Tesla, Inc.

OF 3    DATE: 6/11/18    REPORTER: B. RAS

22-60493.2817

Michael Sanchez
25225 Soto Road
Hayward, CA 94544
**VIA REGULAR MAIL**

Margo A. Feinberg, Esq.
Schwartz, Steinsapir, Dohrmann & Sommers LLP
6300 Wilshire Bld., Suite 2000
Los Angeles, CA 90048
**VIA REGULAR MAIL**

Jonathan Galescu
361 Carousel Drive
Vallejo, CA 94589
**VIA REGULAR MAIL**

Susan Reed
IU, UA, A&AWA, AFL-CIO
8000 E Jefferson Avenue
Detroit, MI 48214
**VIA REGULAR MAIL**

Richard Ortiz
37607 Walnut
Newark, CA 94560
**VIA REGULAR MAIL**

National Labor Relations Board
Division of Judges
901 Market St., Suite 300
San Francisco, CA 94103
**E-FILE**

Attn: Davette Repola
AVTranz
7227 N. 16th Street, Suite 207
Phoenix, AZ 85020
**VIA E-MAIL:**
davette.repola@avtranz.com

October 26, 2017

Ida Lam, Designated Agent of NLRB
Name

Signature

22-60493.2818

Case: 22-60493    Document: 44-3    Page: 198    Date Filed: 10/25/2022

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

TESLA, INC.

    and

MICHAEL SANCHEZ, an Individual              Case 32-CA-197020

    and

JONATHAN GALESCU,  an Individual          Case 32-CA-197058

    and

RICHARD ORTIZ, an Individual             Case 32-CA-197091

    and

INTERNATIONAL UNION, UNITED        Case 32-CA-197197
AUTOMOBILE, AEROSPACE AND        Case 32-CA-200530
AGRICULTURAL WORKERS OF
AMERICA, AFL-CIO

## ORDER POSTPONING HEARING INDEFINITELY

On October 25, 2017, a new charge was filed in related Case 32-CA-208614.  **IT
IS HEREBY ORDERED** that, pending the investigation of the new charge in related
Case 32-CA-208614, the hearing in the above matter, which was scheduled to commence
on November 14, 2017, is postponed indefinitely.

**DATED AT** Oakland, California this 26th day of October 2017.

Valerie Hardy-Mahoney
Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

22-60493.2819

-XHIBIT NO. 6C-1(bb) RECEIVED ✓ REJECTED

32-CA-197020

CASE NO. _____ CASE NAME: Tesla, Inc.

OF 2  DATE: 6/11/18  REPORTER: B. RAST

22-60493.2820

Case: 22-60493      Document: 44-3      Page: 200      Date Filed: 10/25/2022

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| **TESLA, INC.**<br><br>**Charged Party**<br><br>**and**<br><br>**UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA INTERNATIONAL UNION (UAW)**<br><br>**Charging Party** | **Case 32-CA-208614** |

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on October 25, 2017, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

GABY TOLEDANO
CHIEF PEOPLE OFFICER
45500 FREMONT BLVD
FREMONT, CA 94538-6326

MICHAEL J. LOTITO
LITTLER MENDELSON, P.C.
333 BUSH ST FL 34
SAN FRANCISCO, CA 94104-2874

ELIZABETH PARRY, ESQ.
LITTLER MENDELSON, P.C.
1255 TREAT BLVD, SUITE 600
WALNUT CREEK, CA 94597-7605

JOHN SKONBERG, ESQ.
333 BUSH ST., 34TH FLOOR
SAN FRANCISCO, CA 94104-2842

| October 25, 2017 | Ida Lam, Designated Agent of NLRB |
|---|---|
| Date | Name |
| | /s/ Ida Lam |
| | Signature |

22-60493.2821

GC-1(AA)

-XHIBIT NO._____ RECEIVED ____✓____ REJECTED____

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

__ OF  ⱬ   DATE: 6/11/18   REPORTER· B. RAST

22-60493.2822

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

FORM EXEMPT UNDER 44 U.S.C 3512

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|------|------------|
| 32-CA-208614 | 10-25-2017 |

INSTRUCTIONS:
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | |
|---|---|---|
| Tesla, Inc. | | b. Tel. No. |
| | | c. Cell No. |
| | | f. Fax No. |
| d. Address (Street, city, state, and ZIP code) | e. Employer Representative | g. e-Mail |
| 45500 Fremont Boulevard<br>Fremont, California 94538 | Gaby Toledano, Chief People Officer | gaby@tesla.com |
| | | h. Number of workers employed<br>10,000 |
| i. Type of Establishment (factory, mine, wholesaler, etc.)<br>Factory | j. Identify principal product or service<br>Automotive Manufacturing | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) (3) and (4) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

See Attachment A

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-CIO

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Tel. No. (313) 926-5000 |
|---|---|
| 8000 East Jefferson<br>Detroit, Michigan 48214 | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail<br>sreed@uaw.net |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), AFL-

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By | *Margo A. Feinberg* | Margo A. Feinberg, Esq.,<br>Attorney for Charging Party | Tel. No. (323) 655-4700 |
|---|---|---|---|
| | (signature of representative or person making charge) | (Print/type name and title or office, if any) | Office, if any, Cell No. |
| | | | Fax No. (323) 655-4488 |
| Address | Schwartz, Steinsapir, Dohrmann & Sommers LLP<br>6300 Wilshire Blvd., Suite 2000, Los Angeles, CA 90048 | 10/25/17<br>(date) | e-Mail<br>margo@ssdslaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.



Case: 22-60493      Document: 44-3      Page: 203      Date Filed: 10/25/2022

## Attachment A

Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating and/or disciplining employees in retaliation for participating in protected concerted activities and National Labor Relations Board activities.

Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating and/or disciplining employees for violating a confidentiality agreement that restricts protected concerted activities.

Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating a group of employees to discourage protected concerted activity by other employees.

Within the past six months and ongoing, Tesla, Inc. has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the National Labor Relations Act by, among other things, terminating a group of employees in retaliation for members of that group participating in protected concerted activities.

Within the past six months and ongoing, Tesla, Inc., through its agents, has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act by, among other acts, restricting employees' right to engage in protected concerted activity, including, but not limited to, wearing items with the Union's logo in Tesla facilities.

Within the past six months and ongoing, Tesla, Inc., through its agents, has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act by, intimidating and harassing employees for their Section 7 activities.

By these and other acts, Tesla, Inc. has violated Section 8(a)(1), 8(a)(3) and 8(a)(4) of the National Labor Relations Act.

EXHIBIT NO. GC-7(2) RECEIVED ✓ REJECTED
32 CA-197020
CASE NO ___ CASE NAME: Tesla, Inc.
OF 2 DATE: 6/14/18 REPORTER: B. Best

ID 338093

22-60493.294

Case: 22-60493    Document: 44-3    Page: 204    Date Filed: 10/25/2022

UNITED STATES OF AMERICA

BEFORE THE NATIONAL LABOR RELATIONS BOARD

REGION 32

TESLA, INC.

and

MICHAEL SANCHEZ, an Individual and

JONATHAN GALESCU, an Individual and

RICHARD ORTIZ, an Individual

and

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL WORKERS OF AMERICA,
AFL-CIO

Case  32-CA-197020

Case 32-CA-197058

Case 32-CA-197091

Case 32-CA-197197

and Case 32-CA-200530

## RESPONDENT TESLA, INC.'S
## ANSWER TO COMPLAINT

Michael J. Lotito
John M. Skonberg
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:  (415) 677-3103
jskonberg@littler.com

Elizabeth D. Parry
LITTLER MENDELSON, P.C.
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Telephone:  (925) 927-4542
mparry@littler.com

*Counsel for Tesla, Inc.*

Case: 22-60493    Document: 44-3    Page: 205    Date Filed: 10/25/2022

## RESPONDENT'S ANSWER TO SECOND ORDER CONSOLIDATING CASES AND SECOND AMENDED CONSOLIDATED COMPLAINT

Responding to the initial unnumbered paragraphs of the Second Amended Consolidated Complaint ("Complaint"), Respondent does not object to consolidation of the charges cited above, but denies that it has engaged in any unfair labor practices set forth in the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*

1. In response to all the subsections of Paragraph 1 of the Complaint, Respondent admits that it received the charges in these proceedings. Respondent further admits that the various charges cited in paragraph 1 of the Complaint were filed and served on the dates alleged. Respondent denies that it violated the Act in any way.

2. (a) In response to Paragraph 2(a) of the Complaint, Respondent admits the material allegations contained in Paragraph 2(a) of the Complaint.

    (b) In response to Paragraph 2(b) of the Complaint, Respondent admits the material allegations contained in Paragraph 2(b) of the Complaint.

3. In response to Paragraph 3 of the Complaint, Respondent admits that it is an employer engaged in commerce within the meaning of Sections 2(2) and 2(6) of the National Labor Relations Act (the Act), but denies that it has burdened or obstructed commerce or the free flow of commerce within the meaning of Section 2(7) of the Act.

4. In response to Paragraph 4 of the Complaint, Respondent admits the material allegations contained in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Respondent admits that Elon Musk is the Chief Executive Officer, Mark Lipscomb was the Vice President of Human Resources and Victor Facha and Armando Rodriguez are supervisors. Respondent denies each and every

ANSWER TO COMPLAINT

22-60493.2826

EXHIBIT NO. GC-1(y) RECEIVED ✓ REJECTED

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

OF 11 DATE: 6/11/18 REPORTER B. LAST

22-60493.2827

remaining allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation pertaining to the unidentified "Red Shirt Supervisor No. 1." The Complaint misidentified Lauren Holcomb's title. She is a "Sr. Environmental Health Safety and Sustainability Specialist." The Complaint misidentifies Liza Lipscomb's title. She is an "Associate Human Resources Manager." The Complaint misidentifies Juan Martinez's title. He is a "Manager, Manufacturing." The Complaint misidentifies Seth Woody's title. He is the "Director, Global Environmental Health Safety and Sustainability." The Complaint misidentifies David Zweig's title. He is a "Senior Human Resources Partner."

6.    In response to Paragraph 6 of the Complaint, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation pertaining to the unidentified "John Does 1-6" and "Unknown Human Resources Agent" in Paragraph 6 of the Complaint.

7.    In response to Paragraph 7(a) of the Complaint, Respondent admits that Paragraphs 7(a)(i)-(vii) of the Complaint contain excerpts from one of Respondent's agreements, but those excerpts have been taken out of context and Respondent denies that they are accurate statements of the complete agreement, and further denies that the agreement violates the Act. In addition, Respondent denies that this Agreement is a "Confidentiality Agreement." The agreement was an acknowledgement of the underlying Employee Proprietary Information and Inventions Agreement. Respondent also denies that this agreement was in effect since October 2016. Except as so specifically admitted, Respondent denies each and every remaining allegation contained in Paragraph 7(a)(i)-(vii) of the Complaint.

22-60493.2828

8.　In response to Paragraph 7(b) of the Complaint, Respondent denies each and every allegation contained therein and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation pertaining to the agreement described in Paragraph 5(a) because no Paragraph 5(a) exists in the Complaint.  To the extent this allegation concerns the acknowledgement described in Paragraph 7(a)(i)-(vii) of the Complaint, Respondent denies that it prohibited any employee from accessing that acknowledgement because it made the full text of that acknowledgement available to all employees on its internal intranet system.

9.　In response to Paragraph 7(c) of the Complaint, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Security Guards 1-4" are not identified in the Complaint.  Respondent denies that following its nondiscriminatory identification and security requirements for all employees and visitors to its Fremont, California manufacturing facility violates the Act.

10.　In response to Paragraph 7(d) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Male Security Guard No. 1" is not identified in the Complaint.

11.　In response to Paragraph 7(e) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Female Security Guard No. 2" is not identified in the Complaint.

22-60493.2829

12.      In response to Paragraph 7(f) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Male Security Guard No. 3" is not identified in the Complaint.

13.      In response to Paragraph 7(g) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Female Security Guard No. 4" is not identified in the Complaint.

14.      In response to Paragraph 7(h) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Red Shirt Male Supervisor No. 1" is not identified in the Complaint.

15.      In response to Paragraph 7(i) of the Complaint, and all of its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Red Shirt Male Supervisor No. 1" and "unnamed Human Resources Agent" are not identified in the Complaint.

16.      In response to Paragraph 7(j) and 7(j)(i) of the Complaint, Respondent denies each and every allegation contained therein.

17.      In response to Paragraph 7(j)(ii) of the Complaint, Respondent denies each and every allegation contained therein.

18.      In response to Paragraph 7(j)(iii) of the Complaint, Respondent denies each and every allegation contained therein.

Case: 22-60493    Document: 44-3    Page: 210    Date Filed: 10/25/2022

19.     In response to Paragraph 7(k) of the Complaint, Respondent denies each and every allegation contained therein.

20.     In response to Paragraph 7(l) of the Complaint, Respondent denies each and every allegation contained therein.

21.     In response to Paragraph 7(m) of the Complaint, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Security Guards" and "Security Guards Nos. 5-6" are not identified in the Complaint. Respondent denies that following its nondiscriminatory identification and security requirements for all employees and visitors to its Fremont, California manufacturing facility violates the Act.

22.     In response to Paragraph 7(n) of the Complaint, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Female Security Guard No. 5" is not identified in the Complaint.

23.     In response to Paragraph 7(o) of the Complaint, and all its subparts, Respondent denies each and every allegation contained therein and does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation because "Male Security Guard No. 6" is not identified in the Complaint.

24.     In response to Paragraph 7(p) of the Complaint, Respondent denies each and every allegation contained therein. As noted above, the Complaint misidentified Lauren Holcomb's title. She is a "Sr. Environmental Health Safety and Sustainability Specialist." The Complaint also misidentifies Liza Lipscomb's title. She is an "Associate Human Resources Manager."

ANSWER TO COMPLAINT

22-60493.2831

25.     In response to Paragraph 8 of the Complaint, Respondent denies each and every allegation contained therein.

26.     In response to Paragraph 9 of the Complaint, Respondent denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1.     The Complaint does not state facts sufficient to constitute an unfair labor practice or a violation of the Act.

2.     To the extent the Complaint contains allegations that are beyond the applicable statute of limitations, the allegations are barred.

3.     To the extent the Complaint contains allegations that are outside the scope of the underlying unfair labor practice charge, the allegations are barred.

4.     The Complaint fails to provide adequate notice to the Respondent of the particular allegations against it, and deprives the Respondent of fundamental due process, because certain allegations in the Complaint fail to identify specific supervisors and agents in a plant of over 10,000 employees. To the extent the Complaint fails to identify the supervisors and agents involved, and plead the allegations with sufficient particularity, the allegations are barred.

5.     Any actions taken by Respondent were taken for lawful business reasons. Respondent has a substantial legitimate business interest in requiring confidentiality to protect its trade secrets and other proprietary information, including as to its manufacturing processes. None of the acknowledgement language alleged in the Complaint can reasonably be construed as chilling employees in the exercise of their protected rights. To the extent that any Board decision holds to the contrary, it is distinguishable or should be overruled.

ANSWER TO COMPLAINT

6.      Respondent also has a substantial business interest in adopting and enforcing uniform security measures governing identification and access to its Fremont, California manufacturing facility to protect trade secrets, manufacturing processes and employee safety.  None of the allegations in the Complaint unlawfully prohibited employees' off-duty access to the facility. Instead, the Respondent enforced reasonable regulations, including identification requirements, designed to ensure the protection of Respondent's property and trade secrets.  Respondent applies these rules uniformly to all off duty employees seeking to gain access to the facility.

7.      The Complaint does not state a claim upon which relief can be granted.

8.      Assuming any allegation in the Complaint is found to be a violation, it is a *de minimis* violation of the Act insufficient to warrant the finding of an unfair labor practice or the issuance of a remedial order.

9.      Assuming any allegation in the Complaint is found to be a violation, the remedy requested by the General Counsel is inappropriate as a matter of law.

10.     The Complaint issued, in whole or in part, without substantial justification.

11.     Respondent reserves the right to modify or supplement defenses as may be appropriate.


Respondent respectfully requests that the Administrative Law Judge dismiss the Complaint in its entirety and grant Respondent all appropriate relief.

Dated: September 15, 2017                LITTLER MENDELSON
                                         A Professional Corporation


By: _____
    JOHN M. SKONBERG
    ELIZABETH D. PARRY
    Attorneys for Respondent
    TESLA, INC.

ANSWER TO COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that, on the 15th day of September 2017, I e-filed the Respondent's Answer to the Complaint on the NLRB's E-filing system and served a copy of this Answer via the U.S. Postal Service, first class mail, and electronic mail, when available, to:

Margo A. Feinberg, Esq.                                      Electronic Mail and U.S. Mail
Schwartz, Steinsapir, Dohrmann
& Sommers LLP
6300 Wilshire Bld., Suite 2000
Los Angeles, CA 90048
margo@ssdslaw.com

Jonathan Galescu
361 Carousel Drive
Vallejo, CA 94589

Richard Ortiz
37607 Walnut
Newark CA 94560

Michael Sanchez
25225 Soto Road
Hayward, CA 94544

Susan Reed
IU, UA, A&A W A, AFL-CIO
8000 E Jefferson Avenue
Detroit, MI 48214

Edris Rodriguez Ritchie                                       Electronic Mail and U.S. Mail
Field Attorney & Special Emphasis Program Coordinator
National Labor Relations Board, Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224
Edris.RodriguezRitchie@nlrb.gov

Valerie Hardy- Mahoney                                        Electronic Filing and U.S. Mail
Regional Director
National Labor Relations Board, Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

22-60493.2834

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or, if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on September 15, 2017, at Walnut Creek, California.

ELIZABETH D. PARRY

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

TESLA, INC.

and

MICHAEL SANCHEZ, an Individual          Case 32-CA-197020

and

JONATHAN GALESCU,  an Individual       Case 32-CA-197058

and

RICHARD ORTIZ, an Individual           Case 32-CA-197091

and

INTERNATIONAL UNION, UNITED AUTOMOBILE,    Case 32-CA-197197
AEROSPACE AND AGRICULTURAL WORKERS OF   Case 32-CA-200530
AMERICA, AFL-CIO

Date:   September 1, 2017

## AFFIDAVIT OF SERVICE OF SECOND ORDER CONSOLIDATING CASES, AMENDED CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) upon the persons at the addresses and in the manner indicated below. Persons listed below under "E-Service" have voluntarily consented to receive service electronically, and such service has been effected on the same date indicated above.

Arnnon Geshuri, Vice President of HR
Tesla Motors Corporation
45500 Fremont Blvd.
Fremont, CA  94538
**VIA CERTIFIED MAIL**
**7015 0920 0001 7784 7596**

Elizabeth Parry, Esq.
Littler Mendelson, P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, CA  94597
**VIA REGULAR MAIL**

Michael J. Lotito, Esq.
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
**VIA REGULAR MAIL**

John M. Skonberg, Esq.
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
**VIA REGULAR MAIL**

EXHIBIT NO. GC-1(X) ✓ RECEIVED___ REJECTED___

32-CA-197020

CASE NO. ___ CASE NAME: Tesla, Inc

___ OF 3 DATE: 4/11/18 REPORTER: BRASS

22-60493.2837

Michael Sanchez
25225 Soto Road
Hayward, CA  94544
**VIA REGULAR MAIL**

Margo A. Feinberg, Esq.
Schwartz, Steinsapir, Dohrmann
& Sommers LLP
6300 Wilshire Bld., Suite 2000
Los Angeles, CA  90048
**VIA REGULAR MAIL**

Jonathan Galescu
361 Carousel Drive
Vallejo, CA  94589
**VIA REGULAR MAIL**

Susan Reed
IU, UA, A&AWA, AFL-CIO
8000 E Jefferson Avenue
Detroit, MI  48214
**VIA REGULAR MAIL**

Richard Ortiz
37607 Walnut
Newark, CA  94560
**VIA REGULAR MAIL**

National Labor Relations Board
Division of Judges
901 Market St., Suite 300
San Francisco, CA  94103
**E-FILE**

September 1, 2017

Ida Lam, Designated Agent of NLRB

Signature

Case: 22-60493   Document: 44-3   Page: 218   Date Filed: 10/25/2022

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 32**

TESLA, INC.

    **and**

MICHAEL SANCHEZ, an Individual            **Case 32-CA-197020**

    **and**

JONATHAN GALESCU, an Individual         **Case 32-CA-197058**

    **and**

RICHARD ORTIZ, an Individual            **Case 32-CA-197091**

    **and**

INTERNATIONAL UNION, UNITED        **Case 32-CA-197197**
AUTOMOBILE, AEROSPACE AND       **Case 32-CA-200530**
AGRICULTURAL WORKERS OF
AMERICA, AFL-CIO

**SECOND ORDER CONSOLIDATING CASES, AMENDED CONSOLIDATED**
**COMPLAINT AND NOTICE OF HEARING**

    Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations

Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 32-

CA-197020, Case 32-CA-197058, 32-CA-197091, 32-CA-197197, and 32-CA-200530, which

are based on charges filed by Michael Sanchez, an Individual, Jonathan Galescu, an Individual,

Richard Ortiz, an Individual, and International Union, United Automobile, Aerospace and

Agricultural Workers of America, AFL-CIO (Union), respectively, against Tesla, Inc.

(Respondent) are consolidated.

    This Second Order Consolidating Cases, Amended Consolidated Complaint and Notice

of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National

Labor Relations Act (the Act), 29 U.S.C. § 151 et seq. and Sections 102.15 and 102.17 of the Board's Rules and Regulations, and alleges Respondent has violated the Act as described below.

1.

(a)     The charge in Case 32-CA-197020 was filed by Michael Sanchez on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(b)     The first-amended charge in Case 32-CA-197020 was filed by Michael Sanchez on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(c)     The charge in Case 32-CA-197058 was filed by Jonathan Galescu on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(d)     The first-amended charge in Case 32-CA-197058 was filed by Jonathan Galescu on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(e)     The charge in Case 32-CA-197091 was filed by Richard Ortiz on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 19, 2017.

(f)     The first-amended charge in Case 32-CA-197091 was filed by Richard Ortiz on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(g)     The charge in Case 32-CA-197197 was filed by the Union on April 19, 2017, and a copy was served on Respondent by U.S. mail on April 20, 2017.

(h)     The first-amended charge in Case 32-CA-197197 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(i)     The charge in Case 32-CA-200530 was filed by the Union on June 12, 2017, and a copy was served on Respondent by U.S. mail on June 13, 2017.

(k)     The first-amended charge in Case 32-CA-200530 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

22-60493.2840

-XHIBIT NO. _GR-1(w)_ RECEIVED _✓_ REJECTED___

32-CA-197020    CASE NAME: _Tesla, Inc._

CASE NO    

_ OF _11_    DATE: _6/11/18_    REPORTER: _BRAST_

2.

(a)    At all material times, Respondent, a Delaware technology and design corporation with its headquarters in Palo Alto, California, and an automotive manufacturing facility in Fremont, California (the Facility), has been engaged in the design, manufacture, and sale of electric vehicles and energy storage systems.

(b)    During the 12-month period ending August 31, 2017, Respondent, in conducting its operations described above in paragraph 2(a), purchased and received goods valued in excess of $50,000 directly from sources located outside the State of California.

3.

At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

4.

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| Victor Facha | - | Supervisor |
| Lauren Holcomb | - | Environmental Health Safety and Sustainability Specialist |
| Liza Lipson | - | Human Resources Business Partner |
| Mark Lipscomb | - | Vice-President of Human Resources |
| Juan Martinez | - | Production Manager |

22-60493.2842

| Elon Musk | - | Chief Executive Officer |
| Armando Rodriguez | - | Supervisor |
| Seth Woody | - | Human Resources Business Partner |
| David Zwieg | - | Human Resources Business Partner |
| Red Shirt Supervisor No. 1 | - | Supervisor |

6.

At all material, the following individuals held the positions set forth opposite their respective names and have been agents Respondent within the meaning of Section 2(13) of the Act:

| John Does 1-6 | - | Security Guards |
| Unknown Human Resources Agent | - | Agent |

7.

(a)    Since at least late October 2016, Respondent has maintained the following rules in its Confidentiality Agreement:

(i)    These obligations are straightforward. Provided that it's not already public information, everything that you work on, learn about or observe in your work about Tesla is confidential information under the agreement that you signed when you first started. This includes information about...customers, suppliers, employees.... and anything similar.

(ii)   Additionally, regardless of whether information has already been made public, it is never OK to communicate with the media or someone closely related to the media about Tesla, unless you have been specifically authorized in writing to do so.

(iii)  Unless otherwise allowed by law or you have received written approval, you must not, for example, discuss confidential information with anyone outside of Tesla,

4

(iv) take or post photos or make video or audio recordings inside Tesla facilities,

(v) forward work e-mails outside of Tesla or to a personal email account,

(vi) or write about your work in any social media, blog, or book. If you are unsure, check with your manager, HR, or Legal.

(vii) The consequences for careless violation of the confidentiality agreement, could include, depending on severity, loss of employment. Anyone engaging in intentional violation of the confidentiality agreement will be liable for all the harm and damage that is caused to the company, with possible criminal prosecution. These obligations remain in place even if no longer working at Tesla.

(b)    About late October 2016 or early November 2016, Respondent, by Human Resources Business Partner David Zweig, at Respondent's Facility, during a one-on-one meeting with an employee, prohibited the employee from taking a picture of Respondent's Confidentiality Agreement described above in paragraph 5(a).

(c)    On February 10, 2017, Respondent, by its Security Guards, including, but not limited to, Security Guards Nos. 1-4, restrained and coerced off-duty employees who were engaged in leafleting on Respondent's premises outside of Respondent's Facility by repeatedly asking them to produce their employee identification badges and/or telling them to leave Respondent's premises.

(d)    On February 10, 2017, Respondent, by Male Security Guard No. 1, outside the entrance to Door 2 at Respondent's Facility:

(i)    On two separate occasions, instructed an off-duty employee to leave Respondent's premises.

(ii)    Male Security Guard No. 1 engaged in the conduct described above in paragraph 5(d)(i) because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

5

22-60493.2844

(e)     On February 10, 2017, Respondent, by Female Security Guard No. 2, outside the
entrance to Door 1 at Respondent's Facility:

     (i)     told off-duty employees to leave Respondent's premises.

     (ii)    Security Guard No. 2 engaged in the conduct described above in
paragraph 5(e)(i) because the employees were engaged in Union
leafleting and to discourage these and other protected, concerted
activities.

(f)     On February 10, 2017, Respondent, by Male Security Guard No. 3, outside the
entrance to Door 1 at Respondent's Facility:

     (i)     told off-duty employees to leave Respondent's premises.

     (ii)    Security Guard No. 3 engaged in the conduct described above in
paragraph 5(f)(i) because the employees were engaged in Union
leafleting and to discourage these and other protected, concerted
activities.

(g)     On February 10, 2017, Respondent, by Female Security Guard No. 4, outside the
entrance to Door 3 at Respondent's Facility:

     (i)     told an off-duty employee to leave Respondent's premises.

     (ii)    Security Guard No. 4 engaged in the conduct described above in
paragraph 5(g)(i) because the employee was engaged in Union
leafleting and to discourage these and other protected, concerted
activities.

(h)     On February 10, 2017, Respondent, by Red Shirt Male Supervisor No. 1, near the
back entrance to Respondent's Facility by the Receiving Addition:

     (i)     told an off-duty employee to leave the premises.

     (ii)    Red Shirt Male Supervisor No. 1 engaged in the conduct described
above in paragraph 5(h)(i) because the employee was engaged in
Union leafleting and to discourage these and other protected,
concerted activities.

(i)     On February 10, 2017, Respondent, by an unnamed Human Resources Agent who
was called by Red Shirt Male Supervisor No. 1, during a phone conversation:

22-60493.2845

      (i)      told an off-duty employee who was on medical leave to leave Respondent's premises.

      (ii)     The unnamed Human Resources Agent engaged in the conduct described above in paragraph 5(i)(i) because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

(j)     On March 23, 2017, Respondent, by Supervisor Armando Rodriguez,

during a pre-shift meeting at Respondent's Facility:

      (i)      told employees that they could not distribute stickers, leaflets, or pamphlets that were not approved by Respondent.

      (ii)     threatened that Respondent would terminate employees if they passed out stickers, leaflets, or materials that were not approved by Respondent.

      (iii)    Supervisor Armando Rodriguez engaged in the conduct described above in paragraph 5(j) because employees engaged in Union activities and to discourage these and other protected, concerted activities.

(k)     On April 5 2017, Respondent, by David Zweig, attempted to prohibit an employee from discussing safety concerns with other employees and/or with the Union.

(l)     On April 28, 2017, Respondent, by Seth Woody, attempted to prohibit an employee from discussing safety concerns with other employees and/or with the Union.

(m)     On May 24, 2017, Respondent, by its Security Guards, including, but not limited to, Security Guards Nos. 5-6, restrained and coerced employees who were engaged in leafleting on Respondent's premises outside of Respondent's Facility by repeatedly asking them to produce their employee identification badges and/or telling them to leave Respondent's premises.

(n)     On May 24, 2017, by Female Security Guard No. 5, at the security counter near the Door 4 entrance at Respondent's Facility, told an employee that the employee could not hand out flyers on Respondent's premises.

22-60493.2846

(o)   On May 24, 2017, by Male Security Guard No. 6, outside the Door 4 entrance at Respondent's Facility:

      (i)   on two occasions, instructed an off-duty employee to leave the premises.

      (ii)   Male Security Guard No. 6 engaged in the conduct described above in paragraph 5(n)(i) because the employee because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

(p)   On May 24, 2017, Respondent, by Respondent's Human Resources Business Partner Lisa Lispon, during separate meetings with two employees, in the presence of Environmental Health Safety and Sustainability Specialist Laurent Holcomb, interrogated the employee about the employee's Union and/or protected, concerted activities and/or the Union and/or protected, concerted activities of other employees.

8.

By the conduct described above in paragraph 7, Respondent has been interfering with, restraining and coercing employees in the exercise of their rights guaranteed in Section 7 of the Act in violation of Sections 8(a)(1) of the Act.

9.

The unfair labor practices of Respondent described above affect commerce within the meaning of Sections 2(6) and (7) of the Act.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Amended Consolidated Complaint. The answer must be **received by this office on or before September 15, 2017, or postmarked on or before**

22-60493.2847

Case: 22-60493     Document: 44-3     Page: 227     Date Filed: 10/25/2022

**September 14, 2017**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Amended Consolidated Complaint are true.

22-60493.2848

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** on November 14, 2017, at 9:00 a.m., at the Oakland Regional Office of the National Labor Relations Board located at 1301 Clay Street, Suite 300N, Oakland, California 94612, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Amended Consolidated Complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

**DATED AT** Oakland, California this 1st day of September 2017.

Valerie Hardy-Mahoney by CW
Valerie Hardy-Mahoney
Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

Attachments

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

| | |
|---|---|
| TESLA, INC.<br><br>and<br><br>MICHAEL SANCHEZ, an Individual<br><br>and<br><br>JONATHAN GALESCU, an Individual<br><br>and<br><br>RICHARD ORTIZ, an Individual<br><br>and<br><br>INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO | Case 32-CA-197020<br><br>Case 32-CA-197058<br><br>Case 32-CA-197091<br><br>Case 32-CA-197197<br>Case 32-CA-200530<br><br>Date:   August 31, 2017 |

## AFFIDAVIT OF SERVICE OF ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINTS AND NOTICE OF HEARING

I, the undersigned employee of the National Labor Relations Board, being duly sworn, depose and say that on the date indicated above I served the above-entitled document(s) upon the persons at the addresses and in the manner indicated below. Persons listed below under "E-Service" have voluntarily consented to receive service electronically, and such service has been effected on the same date indicated above.

Arnnon Geshuri, Vice President of HR
Tesla Motors Corporation
45500 Fremont Blvd.
Fremont, CA  94538
**VIA CERTIFIED MAIL**
**7015 0920 0001 7784 7497**

Elizabeth Parry, Esq.
Littler Mendelson, P.C.
1255 Treat Blvd., Suite 600
Walnut Creek, CA  94597
**VIA REGULAR MAIL**

Michael J. Lotito, Esq.
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
**VIA REGULAR MAIL**

John M. Skonberg, Esq.
Littler Mendelson, P.C.
333 Bush Street, 34th Floor
San Francisco, CA  94104
**VIA REGULAR MAIL**

EXHIBIT NO. _GC-1(V)_ ✓ RECEIVED___ REJECTED___

32-CA-197020

CASE NO _____ CASE NAME: _Tesla, Inc_

OF _3_ DATE: _6/11/18_ REPORTER _BREST_

22-60493.2851

Case: 22-60493   Document: 44-3   Page: 231   Date Filed: 10/25/2022

Michael Sanchez
25225 Soto Road
Hayward, CA  94544
**VIA REGULAR MAIL**

Margo A. Feinberg, Esq.
Schwartz, Steinsapir, Dohrmann & Sommers LLP
6300 Wilshire Bld., Suite 2000
Los Angeles, CA  90048
**VIA REGULAR MAIL**

Jonathan Galescu
361 Carousel Drive
Vallejo, CA  94589
**VIA REGULAR MAIL**

Susan Reed
IU, UA, A&AWA, AFL-CIO
8000 E Jefferson Avenue
Detroit, MI  48214
**VIA REGULAR MAIL**

Richard Ortiz
37607 Walnut
Newark, CA  94560
**VIA REGULAR MAIL**

National Labor Relations Board
Division of Judges
901 Market St., Suite 300
San Francisco, CA  94103
**E-FILE**

Attn: Davette Repola
AVTranz
7227 N. 16th Street, Suite 207
Phoenix, AZ  85020
**VIA E-MAIL:**
davette.repola@avtranz.com

| August 31, 2017 | Ida Lam, Designated Agent of NLRB |
|---|---|
| | Name |
| | _Ida Lam_ |
| | Signature |

22-60493.2852

Case: 22-60493   Document: 44-3   Page: 232   Date Filed: 10/25/2022

<div align="center">

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 32**

</div>

**TESLA, INC.**

   **and**

**MICHAEL SANCHEZ, an Individual**                         Case 32-CA-197020

   **and**

**JONATHAN GALESCU,  an Individual**                      Case 32-CA-197058

   **and**

**RICHARD ORTIZ, an Individual**                           Case 32-CA-197091

   **and**

**INTERNATIONAL UNION, UNITED**                       Case 32-CA-197197
**AUTOMOBILE, AEROSPACE AND**                        Case 32-CA-200530
**AGRICULTURAL WORKERS OF**
**AMERICA, AFL-CIO**

<div align="center">

**ORDER CONSOLIDATING CASES, CONSOLIDATED**
**COMPLAINT AND NOTICE OF HEARING**

</div>

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations

Board (the Board) and to avoid unnecessary costs or delay, IT IS ORDERED THAT Cases 32-

CA-197020, Case 32-CA-197058, 32-CA-197091, 32-CA-197197, and 32-CA-200530, which

are based on charges filed by Michael Sanchez, an Individual, Jonathan Galescu, an Individual,

Richard Ortiz, an Individual, and Service Employees International Union, Local 2015 (Union),

respectively,  against Tesla Motor Corporation (Respondent) are consolidated.

This Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, which

is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act

22-60493.2853

(the Act), 29 U.S.C. § 151 et seq. and Section 102.15 of the Board's Rules and Regulations, and alleges Respondent has violated the Act as described below.

<div align="center">1.</div>

(a)     The charge in Case 32-CA-197020 was filed by Michael Sanchez on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(b)     The first-amended charge in Case 32-CA-197020 was filed by Michael Sanchez on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(c)     The charge in Case 32-CA-197058 was filed by Jonathan Galescu on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 18, 2017.

(d)     The first-amended charge in Case 32-CA-197058 was filed by Jonathan Galescu on July 28, 2017, and a copy was served on Respondent by mail on August 1, 2017.

(e)     The charge in Case 32-CA-197091 was filed by Richard Ortiz on April 17, 2017, and a copy was served on Respondent by U.S. mail on April 19, 2017.

(f)     The first-amended charge in Case 32-CA-197091 was filed by Richard Ortiz on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(g)     The charge in Case 32-CA-197197 was filed by the Union on April 19, 2017, and a copy was served on Respondent by U.S. mail on April 20, 2017.

(h)     The first-amended charge in Case 32-CA-197197 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

(i)     The charge in Case 32-CA-200530 was filed by the Union on June 12, 2017, and a copy was served on Respondent by U.S. mail on June 13, 2017.

(k)     The first-amended charge in Case 32-CA-200530 was filed by the Union on July 28, 2017, and a copy was served on Respondent by U.S. mail on August 1, 2017.

22-60493.2854

EXHIBIT NO. GC-1(u) ✓   RECEIVED____   REJECTED____

32-CA-197020

CASE NO._____   CASE NAME: Tesla, Inc.

__ OF 11   DATE: 4/11/18   REPORTER: B LAST

22-60493.2855

(a)     At all material times, Respondent, a Delaware technology and design corporation with its headquarters in Palo Alto, California, and an automotive manufacturing facility in Fremont, California (the Facility), has been engaged in the design, manufacture, and sale of electric vehicles and energy storage systems.

(b)     During the 12-month period ending August 31, 2017, Respondent, in conducting its operations described above in paragraph 2(a), purchased and received goods valued in excess of $50,000 directly from sources located outside the State of California.

3.

At all material times, Respondent has been an employer engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act and has been a health care institution within the meaning of Section 2(14) of the Act.

4.

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Victor Facha | - | Supervisor |
| Laura Holcomb | - | Environmental Health Safety and Sustainability Specialist |
| Lisa Lipson | - | Human Resources Business Partner |
| Mark Lipscomb | - | Vice-President of Human Resources |

Case: 22-60493     Document: 44-3     Page: 235     Date Filed: 10/25/2022

22-60493.2856

| Juan Martinez | - | Production Manager |
| Elon Musk | - | Chief Executive Officer |
| Armando Rodriquez | - | Supervisor |
| Seth Woody | - | Human Resources Business Partner |
| David Zwieg | - | Human Resources Business Partner |
| Red Shirt Supervisor No. 1 | - | Supervisor |

6.

At all material, the following individuals held the positions set forth opposite their respective names and have been agents Respondent within the meaning of Section 2(13) of the Act:

| John Does 1-6 | - | Security Guards |
| Unknown Human Resources Agent | - | Agent |

7.

(a)     Since at least late October 2016, Respondent has maintained the following rules in its Confidentiality Agreement:

(i)     These obligations are straightforward.  Provided that it's not already public information, everything that you work on, learn about or observe in your work about Tesla is confidential information under the agreement that you signed when you first started.  This includes information about…customers, suppliers, employees…. and anything similar.

(ii)     Additionally, regardless of whether information has already been made public, it is never OK to communicate with the media or someone closely related to the media about Tesla, unless you have been specifically authorized in writing to do so.

22-60493.2857

Case: 22-60493     Document: 44-3     Page: 237     Date Filed: 10/25/2022

(iii) Unless otherwise allowed by law or you have received written approval, you must not, for example, discuss confidential information with anyone outside of Tesla,

(iv) take or post photos or make video or audio recordings inside Tesla facilities,

(v) forward work e-mails outside of Tesla or to a personal email account,

(vi) or write about your work in any social media, blog, or book. If you are unsure, check with your manager, HR, or Legal.

(vii) The consequences for careless violation of the confidentiality agreement, could include, depending on severity, loss of employment. Anyone engaging in intentional violation of the confidentiality agreement will be liable for all the harm and damage that is caused to the company, with possible criminal prosecution. These obligations remain in place even if no longer working at Tesla.

(b)     About late October 2016 or early November 2016, Respondent, by Human Resources Business Partner David Zweig, at Respondent's Facility, during a one-on-one meeting with an employee, prohibited the employee from taking a picture of Respondent's Confidentiality Agreement described above in paragraph 5(a).

(c)     On February 10, 2017, Respondent, by its Security Guards, including, but not limited to, Security Guards Nos. 1-4, restrained and coerced off-duty employees who were engaged in leafleting on Respondent's premises outside of Respondent's Facility by repeatedly asking them to produce their employee identification badges and/or telling them to leave Respondent's premises.

(d)     On February 10, 2017, Respondent, by Male Security Guard No. 1, outside the entrance to Door 2 at Respondent's Facility:

(i)     On two separate occasions, instructed an off-duty employee to leave Respondent's premises.

(ii)     Male Security Guard No. 1 engaged in the conduct described above in paragraph 5(d)(i) because the employee was engaged in

5

22-60493.2858

Union leafleting and to discourage these and other protected, concerted activities.

(e)      On February 10, 2017, Respondent, by Female Security Guard No. 2, outside the

entrance to Door 1 at Respondent's Facility:

    (i)      told off-duty employees to leave Respondent's premises.

    (ii)     Security Guard No. 2 engaged in the conduct described above in paragraph 5(e)(i) because the employees were engaged in Union leafleting and to discourage these and other protected, concerted activities.

(f)      On February 10, 2017, Respondent, by Male Security Guard No. 3, outside the

entrance to Door 1 at Respondent's Facility:

    (i)      told off-duty employees to leave Respondent's premises.

    (ii)     Security Guard No. 3 engaged in the conduct described above in paragraph 5(f)(i) because the employees were engaged in Union leafleting and to discourage these and other protected, concerted activities.

(g)      On February 10, 2017, Respondent, by Female Security Guard No. 4, outside the

entrance to Door 3 at Respondent's Facility:

    (i)      told an off-duty employee to leave Respondent's premises.

    (ii)     Security Guard No. 4 engaged in the conduct described above in paragraph 5(g)(i) because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

(h)      On February 10, 2017, Respondent, by Red Shirt Male Supervisor No. 1, near the

back entrance to Respondent's Facility by the Receiving Addition:

    (i)      told an off-duty employee to leave the premises.

    (ii)     Red Shirt Male Supervisor No. 1 engaged in the conduct described above in paragraph 5(h)(i) because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

(i)    On February 10, 2017, Respondent, by an unnamed Human Resources Agent who was called by Red Shirt Male Supervisor No. 1, during a phone conversation:

      (i)    told an off-duty employee who was on medical leave to leave Respondent's premises.

      (ii)    The unnamed Human Resources Agent engaged in the conduct described above in paragraph 5(i)(i) because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

(j)    On March 23, 2017, Respondent, by Supervisor Armando Rodriguez, during a pre-shift meeting at Respondent's Facility:

      (i)    told employees that they could not distribute stickers, leaflets, or pamphlets that were not approved by Respondent.

      (ii)    threatened that Respondent would terminate employees if they passed out stickers, leaflets, or materials that were not approved by Respondent.

      (iii)    Supervisor Armando Rodriguez engaged in the conduct described above in paragraph 5(j) because employees engaged in Union activities and to discourage these and other protected, concerted activities.

(k)    On April 5 2017, Respondent, by David Zweig, attempted to prohibit an employee from discussing safety concerns with other employees and/or with the Union.

(l)    On April 28, 2017, Respondent, by Seth Woody, attempted to prohibit an employee from discussing safety concerns with other employees and/or with the Union.

(m)    On May 24, 2017, Respondent, by its Security Guards, including, but not limited to, Security Guards Nos. 5-6, restrained and coerced employees who were engaged in leafleting on Respondent's premises outside of Respondent's Facility by repeatedly asking them to produce their employee identification badges and/or telling them to leave Respondent's premises.

22-60493.2860

(n)     On May 24, 2017, by Female Security Guard No. 5, at the security counter near the Door 4 entrance at Respondent's Facility, told an employee that the employee could not hand out flyers on Respondent's premises.

(o)     On May 24, 2017, by Male Security Guard No. 6, outside the Door 4 entrance at Respondent's Facility:

(i)     on two occasions, instructed an off-duty employee to leave the premises.

(ii)    Male Security Guard No. 6 engaged in the conduct described above in paragraph 5(n)(i) because the employee because the employee was engaged in Union leafleting and to discourage these and other protected, concerted activities.

(p)     On May 24, 2017, Respondent, by Respondent's Human Resources Business Partner Lisa Lispon, during separate meetings with two employees, in the presence of Environmental Health Safety and Sustainability Specialist Laurent Holcomb, interrogated the employee about the employee's Union and/or protected, concerted activities and/or the Union and/or protected, concerted activities of other employees.

8.

By the conduct described above in paragraph 7, Respondent has been interfering with, restraining and coercing employees in the exercise of their rights guaranteed in Section 7 of the Act in violation of Sections 8(a)(1) of the Act.

9.

The unfair labor practices of Respondent described above affect commerce within the meaning of Sections 2(6) and (7) of the Act.

Case: 22-60493    Document: 44-3    Page: 241    Date Filed: 10/25/2022

## **ANSWER REQUIREMENT**

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Consolidated Complaint. The answer must be **received by this office on or before September 14, 2017, or postmarked on or before September 13, 2017**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules

22-60493.2862

and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Consolidated Complaint are true.

## NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** on November 14, 2017, at 9:00 a.m., at the Oakland Regional Office of the National Labor Relations Board located at 1301 Clay Street, Suite 300N, Oakland, California 94612, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Consolidated Complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

**DATED AT** Oakland, California this 31st day of August 2017.

Valerie Hardy-Mahoney
Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

Attachments

Case: 22-60493    Document: 44-3    Page: 242    Date Filed: 10/25/2022

22-60493.2863

Case: 22-60493    Document: 44-3    Page: 243    Date Filed: 10/25/2022

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**TESLA MOTORS CORPORATION**

      **Charged Party**

      **and**

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO**

      **Charging Party**

Case 32-CA-200530

## AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on August 1, 2018, I served the above-entitled document(s) by regular mail upon the following persons, addressed to them at the following addresses:

Arnnon Geshuri, Vice President of HR
Tesla Motors Corporation
45500 Fremont Blvd
Fremont, CA 94538-6326

John M. Skonberg, Attorney at Law
Littler Mendelson, P.C.
333 Bush Street,
34th Floor
San Francisco, CA 94104-2842

Elizabeth Parry, Esq.
Littler Mendelson, P.C.
1255 Treat Blvd, Suite 600
Walnut Creek, CA 94597-7605

Michael J. Lotito
Littler Mendelson, P.C.
333 Bush St Fl 34
San Francisco, CA 94104-2874

August 1, 2017
_____
Date

Ida Lam, Designated Agent of NLRB
_____
Name

/s/ Ida Lam
_____
Signature

22-60493.2864

EXHIBIT NO. GC 1(+) ✓ RECEIVED ✓ REJECTED ___
32-CA-197020
CASE NO ___ CASE NAME: Tesla, Inc.
___ OF 2 DATE: 6/11/18 REPORTER: BRAS___

22-60493.2865

Form NLRB - 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

FIRST AMENDED **CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32-CA-200530 | 7-28-2017 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer  Tesla Motors Corporation | b. Tel. No.  (510)249-3650 |
|---|---|
| | c. Cell No.  (650)454-5386 |
| d. Address (street, city, state ZIP code)  45500 Fremont Blvd, Fremont, CA 94538-6326 | e. Employer Representative  Amnon Geshuri  Vice President of HR | f. Fax No. |
| | | g. e-Mail  amnon@tesla.com |
| | | h. Dispute Location (City and State)  Fremont, CA |
| i. Type of Establishment (factory, nursing home, hotel)  Factory | j. Principal Product or Service  Automotive Manufacturing | k. Number of workers at dispute location  Approximately 7000 |

i. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsection (1) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the last six months, the above-named Employer, through its agents, violated the Act by: enforcing an overly broad confidentiality policy; interrogating employees regarding their protected concerted activities; intimidating and harassing employees engaged in Section 7 activities; and promulgating and/or maintaining an unlawful rule restricting Section 7 activity, including an overly broad distribution policy.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)  International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO | |
|---|---|
| 4a. Address (street and number, city, state, and ZIP code)  8000 E JEFFERSON AVE, DETROIT, MI 48214-2699 | 4b. Tel. No.  (313)926-5000 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO

| 6. DECLARATION  I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. |
|---|---|
| By: *Margo A. Feinberg* (signature of representative or person making charge)  Margo Feinberg, Esq., Attorney for Charging Party  Print Name and Title | Office, if any, Cell No.  (323) 655-4700 |
| Address: 8000 E JEFFERSON AVE, DETROIT, MI 48214-2699     Date: 7/28/17 | Fax No.  (323) 655-4488 |
| | e-Mail  margo@ssdslaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Date Filed: 10/25/2022     Page: 245     Document: 44-3     Case: 22-60493

22-60493.2866

EXHIBIT NO. Gc-1(s) RECEIVED ✓ REJECTED

32-CA-197020     CASE NAME: Tesla, Inc.

CASE NO

2     DATE: 6/11/18     REPORTER: B.CAST
OF

22-60493.2867

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**TESLA MOTORS CORPORATION**

      **Charged Party**

      **and**

**INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL WORKERS OF AMERICA,
AFL-CIO**

      **Charging Party**

**Case 32-CA-197197**

## AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on August 1, 2017, I served the above-entitled document(s) by regular mail upon the following persons, addressed to them at the following addresses:

ARNNON GESHURI, VICE PRESIDENT
OF HR TESLA MOTORS CORPORATION
45500 FREMONT BLVD
FREMONT, CA 94538-6326

JOHN M. SKONBERG
LITTLER MENDELSON, P.C.
333 BUSH STREET, 34TH FLOOR
SAN FRANCISCO, CA 94104-2842

ELIZABETH PARRY, ESQ.
LITTLER MENDELSON, P.C.
1255 TREAT BLVD, SUITE 600
WALNUT CREEK, CA 94597-7605

MICHAEL J. LOTITO
LITTLER MENDELSON, P.C.
333 BUSH ST FL 34
SAN FRANCISCO, CA 94104-2874

August 1, 2017
Date

Ida Lam, Designated Agent of NLRB
Name

/s/ Ida Lam
Signature

EXHIBIT NO. CP 1(r)   RECEIVED V   REJECTED___

32-CA-197020

CASE NO _____   CASE NAME: Tesla, Inc

OF 2   DATE: 6/11/18   REPORTER: B. RASS

22-60493.2869

Case: 22-60493     Date Filed: 10/25/2022     Page: 249     Document: 44-3

Form NLRB - 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32-CA-197197 | 7-28-2017 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>**Tesla Motors Corporation** | b. Tel. No.<br>(510)249-3650 |
| | c. Cell No.<br>(650)454-5386 |
| d. Address (street, city, state ZIP code)<br>45500 Fremont Blvd, Fremont, CA<br>94538-6326 | e. Employer Representative<br>Arnnon Geshuri<br>Vice President of HR | f. Fax No. |
| | | g. e-Mail<br>arnnon@tesla.com |
| | | h. Dispute Location (City and State)<br>Fremont, CA |
| i. Type of Establishment (factory, nursing home, hotel)<br>Factory | j. Principal Product or Service<br>Automotive Manufacturing | k. Number of workers at dispute location<br>Approximately 7,000 |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsection (1) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the last six months, the above-named Employer, through its agents, violated the Act by promulgating and/or maintaining unlawful rules restricting Section 7 activity, including overly broad confidentiality provisions and rules pertaining to use of social media, authorization requirements, the taking of photographs, videos, and recordings, distribution, and employee access to the Employer's facility and/or enforcing existing rules in an unlawful manner in response to employees' Section 7 activities; and intimidating and harassing employees for their Section 7 activities.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO

| 4a. Address (street and number, city, state, and ZIP code)<br>8000 E Jefferson Ave, Detroit, MI 48214-2699 | 4b. Tel. No. |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO

6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By: *Margo A. Feinberg* (signature of representative or person making charge) | Margo Feinberg, Esq.,<br>Attorney for Charging Party<br>Print Name and Title | Tel. No.<br>Office, if any, Cell No.<br>(323) 655-4700 |
|---|---|---|
| Address: Schwartz, Steinsapir, Dohrmann & Sommers, LLP, 6300 Wilshire Blvd, Suite 2000, L.A., CA 90048 | Date: 7/28/17 | Fax No.<br>(323) 655-4488 |
| | | e-Mail<br>margo@ssdslaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

22-60493.2870

-XHIBIT NO. GC-1(a) RECEIVED ✓ REJECTED___

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

OF 2 DATE: 6/11/18 REPORTER: B. RAST

22-60493.2871

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| **TESLA MOTORS CORPORATION**<br><br>        **Charged Party**<br><br>    **and**<br><br>**JONATHAN GALESCU**<br><br>        **Charging Party** | **Case 32-CA-197058** |

## AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on August 1, 2017, I served the above-entitled document(s) by regular mail upon the following persons, addressed to them at the following addresses:

ARNNON GESHURI, VICE PRESIDENT OF HR
TESLA MOTORS CORPORATION
45500 FREMONT BLVD
FREMONT, CA 94538-6326

ELIZABETH PARRY, ESQ.
LITTLER MENDELSON, P.C.
1255 TREAT BLVD, SUITE 600
WALNUT CREEK, CA 94597-7605

MICHAEL J. LOTITO
LITTLER MENDELSON, P.C.
333 BUSH ST FL 34
SAN FRANCISCO, CA 94104-2874

JOHN M. SKONBERG, ATTORNEY AT LAW
LITTLER MENDELSON, P.C.
333 BUSH STREET, 34TH FLOOR
SAN FRANCISCO, CA 94104-2842

| August 1, 2017 | Ida Lam, Designated Agent of NLRB |
|---|---|
| Date | Name |
| | /s/ Ida Lam |
| | Signature |

1 (A)

EXHIBIT NO. 6C-1(P)  RECEIVED ✓  REJECTED___

32-CA-197020

CASE NO _____  CASE NAME: Tesla, Inc.

OF 2    DATE: 6/11/18  REPORTER: B. RAST.

22-60493.2873

Form NLRB - 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32-CA-197058 | 7-28-2017 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| | |
|---|---|
| a. Name of Employer<br>Tesla Motors Corporation | b. Tel. No.<br>(510)249-3650 |
| | c. Cell No.<br>(650)454-5386 |
| d. Address (street, city, state ZIP code)<br>45500 Fremont Blvd, Fremont, CA<br>94538-6326 | e. Employer Representative<br>Arnnon Geshuri<br>Vice President of HR |
| | f. Fax No. |
| | g. e-Mail<br>arnnon@tesla.com |
| | h. Dispute Location (City and State)<br>Fremont, CA |
| i. Type of Establishment (factory, nursing home, hotel)<br>Factory | j. Principal Product or Service<br>Automotive Manufacturing | k. Number of workers at dispute location<br>Approximately 7,000 |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsection (1) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the last six months, the above-named Employer, through its agents, violated the Act by promulgating and/or maintaining unlawful rules restricting Section 7 activity, including overly broad confidentiality provisions and rules pertaining to use of social media, authorization requirements, the taking of photographs, videos, and recordings, distribution, and employee access to the Employer's facility and/or enforcing existing rules in an unlawful manner in response to employees' Section 7 activities; and intimidating and harassing employees for their Section 7 activities.

| | |
|---|---|
| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Jonathan Galescu | |
| 4a. Address (street and number, city, state, and ZIP code)<br>361 Carousel Dr, Vallejo, CA 94589-4334 | 4b. Tel. No. |
| | 4c. Cell No.<br>(925)822-8774 |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. |
|---|---|
| By: *Margo A. Feinberg*      Margo Feinberg, Esq.,<br>(signature of representative or person making charge)   Attorney for Charging Party<br>Print Name and Title | Office, if any, Cell No.<br>(323) 655-4700 |
| Address: Schwartz, Steinsapir, Dohrmann &<br>Sommers, LLP, 6300 Wilshire Blvd, Suite<br>2000, L.A., CA 90048     Date: 7/28/17 | Fax No.<br>(323) 655-4488 |
| | e-Mail<br>margo@ssdslaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Case: 22-60493    Document: 44-3    Page: 253    Date Filed: 10/25/2022

22-60493.2874

EXHIBIT NO. GC 1(o)     RECEIVED ✓ . REJECTED____

32-CA-197020
CASE NO _____     CASE NAME: Tesla, Inc.

· OF   2     DATE: 6/11/18     REPORTER: BiRAS

22-60493.2875

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**TESLA MOTORS CORPORATION**

      **Charged Party**

      **and**

**RICHARD ORTIZ**

      **Charging Party**

**Case 32-CA-197091**

## AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on August 1, 2017, I served the above-entitled document(s) by regular mail upon the following persons, addressed to them at the following addresses:

ARNNON GESHURI, VICE PRESIDENT OF HR
TESLA MOTORS CORPORATION
45500 FREMONT BLVD
FREMONT, CA 94538-6326

ELIZABETH PARRY, ESQ.
LITTLER MENDELSON, P.C.
1255 TREAT BLVD, SUITE 600
WALNUT CREEK, CA 94597-7605

MICHAEL J. LOTITO
LITTLER MENDELSON, P.C.
333 BUSH STREET, 34TH FLOOR
SAN FRANCISCO, CA 94104-2842

JOHN M. SKONBERG, ATTORNEY AT LAW
LITTLER MENDELSON, P.C.
333 BUSH STREET, 34TH FLOOR
SAN FRANCISCO, CA 94104-2842

| August 1, 2017 | Ida Lam, Designated Agent of NLRB |
|---|---|
| Date | Name |
| | /s/ Ida Lam |
| | Signature |

EXHIBIT NO. GC-1(n) RECEIVED ✓ REJECTED___
32-CA-197020
CASE NO _____ CASE NAME: Tesla, Inc.
___ OF 2   DATE: 6/11/18   REPORTER B. RAST

22-60493.2877

Form NLRB - 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 32-CA-197091 | 7-28-2017 |

Case: 22-60493    Document: 44-3    Page: 257    Date Filed: 10/25/2022

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>**Tesla Motors Corporation** | b. Tel. No.<br>(510)249-3650 |
| | c. Cell No.<br>(650)454-5386 |
| d. Address (street, city, state ZIP code)<br>45500 Fremont Blvd, Fremont, CA<br>94538-6326 | e. Employer Representative<br>Arnnon Geshuri<br>Vice President of HR |
| | f. Fax No. |
| | g. e-Mail<br>arnnon@tesla.com |
| | h. Dispute Location (City and State)<br>Fremont, CA |
| i. Type of Establishment (factory, nursing home, hotel)<br>Factory | j. Principal Product or Service<br>Automotive Manufacturing |
| | k. Number of workers at dispute location<br>Approximately 7,000 |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsection (1) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the last six months, the above-named Employer, through its agents, violated the Act by promulgating and/or maintaining unlawful rules restricting Section 7 activity, including overly broad confidentiality provisions and rules pertaining to use of social media, authorization requirements, the taking of photographs, videos, and recordings, distribution, and employee access to the Employer's facility and/or enforcing existing rules in an unlawful manner in response to employees' Section 7 activities; and intimidating and harassing employees for their Section 7 activities.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Richard Ortiz | |
|---|---|
| 4a. Address (street and number, city, state, and ZIP code)<br>37607 Walnut, Newark, CA 94560 | 4b. Tel. No. |
| | 4c. Cell No.<br>(510)943-2723 |
| | 4d. Fax No. |
| | 4e. e-Mail<br>richardortiz1966@yahoo.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. |
|---|---|
| By: *Margo A. Feinberg*    Margo Feinberg, Esq.,<br>(signature of representative or person making charge)    Attorney for Charging Party<br>Print Name and Title | Office, if any, Cell No.<br>(323) 655-4700 |
| Address: Schwartz, Steinsapir, Dohrmann & Sommers, LLP, 6300 Wilshire Blvd, Suite 2000, L.A., CA 90048    Date: 7/28/17 | Fax No.<br>(323) 655-4488 |
| | e-Mail<br>margo@ssdslaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

22-60493.2878

EXHIBIT NO. GC-1(m) RECEIVED ✓ REJECTED_____

CASE NO 32-CA-197020   CASE NAME: Tesla, Inc.

___ OF 2   DATE: 6/11/18   REPORTER: B. RAST

22-60493.2879

Case: 22-60493      Document: 44-3      Page: 259      Date Filed: 10/25/2022

<div align="center">

UNITED STATES OF AMERICA

**BEFORE THE NATIONAL LABOR RELATIONS BOARD**

</div>

| |
|---|
| **TESLA MOTORS CORPORATION**<br><br>      **Charged Party**<br><br>      **and**<br><br>**MICHAEL SANCHEZ**<br><br>      Charging Party |

Case 32-CA-197020

## AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on August 1, 2017, I served the above-entitled document(s) by regular mail upon the following persons, addressed to them at the following addresses:

ARNNON GESHURI
TESLA MOTORS CORPORATION
45500 FREMONT BLVD
FREMONT, CA 94538-6326

ELIZABETH PARRY, ESQ.
LITTLER MENDELSON, P.C.
1255 TREAT BLVD, SUITE 600
WALNUT CREEK, CA 94597-7605

MICHAEL J. LOTITO
333 BUSH ST FL 34
SAN FRANCISCO, CA 94104-2874

JOHN M. SKONBERG
LITTLER MENDELSON, P.C.
333 BUSH STREET, 34TH FLOOR
SAN FRANCISCO, CA 94104-2842

| August 1, 2017 | Ida Lam , Designated Agent of NLRB |
|---|---|
| Date | Name |
| | /s/ Ida Lam |
| | Signature |



EXHIBIT NO. GC-7(L)   RECEIVED ✓   REJECTED____

32-CA-197020

CASE NO ____ CASE NAME: Tesla, Inc.

____ OF 2   DATE: 6/11/18   REPORTER: B. RAS

22-60493.2881

Form NLRB – 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**
INSTRUCTIONS:

Case: 22-60493     Document: 44-3     Page: 261     Date Filed: 10/25/2022

| DO NOT WRITE IN THIS SPACE | |
| --- | --- |
| Case | Date Filed |
| 32-CA-197020 | 7-28-2017 |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Tel. No. |
| --- | --- | --- |
| Tesla Motors Corporation | | (510)249-3650 |
| | | c. Cell No. |
| | | (650)454-5386 |
| d. Address (street, city, state ZIP code) | e. Employer Representative | f. Fax No. |
| 45500 Fremont Blvd, Fremont, CA 94538-6326 | Arnnon Geshuri Vice President of HR | |
| | | g. e-Mail |
| | | arnnon@tesla.com |
| | | h. Dispute Location (City and State) |
| | | Fremont, CA |
| i. Type of Establishment (factory, nursing home, hotel) | j. Principal Product or Service | k. Number of workers at dispute location |
| Factory | Automotive Manufacturing | Approximately 7,000 |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsection (1) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the last six months, the above-named Employer, through its agents, violated the Act by promulgating and/or maintaining unlawful rules restricting Section 7 activity, including overly broad confidentiality provisions and rules pertaining to use of social media, authorization requirements, the taking of photographs, videos, and recordings, distribution, and employee access to the Employer's facility and/or enforcing existing rules in an unlawful manner in response to employees' Section 7 activities; and intimidating and harassing employees for their Section 7 activities.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) | |
| --- | --- |
| Michael Sanchez | |
| 4a. Address (street and number, city, state, and ZIP code) | 4b. Tel. No. |
| 25225 Soto Rd, Hayward, CA 94544-2807 | |
| | 4c. Cell No. |
| | (510)388-5058 |
| | 4d. Fax No. |
| | 4e. e-Mail |
| | raidereapermjg@yahoo.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

| 6. DECLARATION | | |
| --- | --- | --- |
| I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No. |
| By: *Margo A. Feinberg* (signature of representative or person making charge) | Margo Feinberg, Esq., Attorney for Charging Party Print Name and Title | Office, if any, Cell No. (323) 655-4700 |
| | | Fax No. (323) 655-4488 |
| Address: Schwartz, Steinsapir, Dohrmann & Sommers, LLP, 6300 Wilshire Blvd, Suite 2000, L.A., CA 90048 | Date: 7/28/17 | e-Mail margo@ssdslaw.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

22-60493.2882

EXHIBIT NO. GC 1(K)   RECEIVED ✓   REJECTED____

32-CA-197020
CASE NO _____ CASE NAME: Tesla, Inc.

___ OF 2   DATE: 6/11/18   REPORTER: B. RAS

22-60493.2883

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| **TESLA MOTORS CORPORATION**<br><br>    Charged Party<br><br>    and<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO**<br><br>    Charging Party | **Case 32-CA-200530** |

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on June 13, 2017, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

ARNNON GESHURI, VICE PRESIDENT OF HR
TESLA MOTORS CORPORATION
45500 FREMONT BLVD
FREMONT, CA 94538-6326

ELIZABETH PARRY, ESQ.
LITTLER MENDELSON, P.C.
1255 TREAT BLVD, SUITE 600
WALNUT CREEK, CA 94597-7605

MICHAEL J. LOTITO
LITTLER MENDELSON, P.C.
333 BUSH ST FL 34
SAN FRANCISCO, CA 94104-2874

JOHN M. SKONBERG, ATTORNEY
LITTLER MENDELSON, P.C.
333 BUSH ST., 34TH FLOOR
SAN FRANCISCO, CA 94104-2842

| | |
|---|---|
| June 13, 2017 | Cathy Hendrick, Designated Agent of NLRB |
| _____ | _____ |
| Date | Name |
| | /s/ Cathy Hendrick |
| | _____ |
| | Signature |

EXHIBIT NO. GC-7(s)  RECEIVED ✓  REJECTED

32-CA-197020

CASE NO _____  CASE NAME: TESLA, INC.

___ OF 2   DATE: 6/11/18   REPORTER: B. RAST

INTERNET
FORM NLRB-501
(2-08)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

**DO NOT WRITE IN THIS SPACE**

| Case | 32-CA-200530 | Date Filed | 06/12/2017 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

a. Name of Employer

**Tesla Motors Corporation**

b. Tel. No. (510) 249-3650 or
(650) 681-5454

c. Cell No. (650) 454-5386

f. Fax No.

d. Address *(Street, city, state, and ZIP code)*
**45500 Fremont Boulevard
Fremont, California 94538**

e. Employer Representative
**Vice President of HR, Arnnon Geshuri**

g. e-Mail
**arnnon@tesla.com**

h. Number of workers employed
**Approximately 7000**

i. Type of Establishment *(factory, mine, wholesaler, etc.)*
**Factory**

j. Identify principal product or service
**Automotive Manufacturing**

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* **(3)** of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

**Please see Attachment A**

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*

**International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO**

4a. Address *(Street and number, city, state, and ZIP code)*

**8000 East Jefferson Avenue
Detroit, Michigan 48214**

4b. Tel. No. **(313) 926-5000**

4c. Cell No.

4d. Fax No.

4e. e-Mail

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)* **International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO**

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By *Margo A. Feinberg*
*(signature of representative or person making charge)*

Attorney for Charging Party,
Margo A. Feinberg, Esq.
*(Print/type name and title or office, if any)*

**Schwartz, Steinsapir, Dohrmann & Sommers, LLP
6300 Wilshire Blvd., Suite 2000, L.A., CA 90048**
Address

6/12/17
*(date)*

Tel. No. (323) 655-4700

Office, if any, Cell No.

Fax No. (323) 655-4488

e-Mail margo@ssdslaw.com

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

22-60493.2886

## ATTACHMENT A

On or about February 10, 2017 and ongoing, the above-named Employer violated the Act by interrogating, intimidating, and harassing Jose Moran for engaging in protected concerted activity and expressing support for the union.

On or about February 10, 2017 and ongoing, the above-named Employer violated the Act by creating the appearance of discipline, interrogation, and harassment of Jose Moran for engaging in protected concerted activity and expressing support for the union.

On or about May 25, 2017 and ongoing, the above-named Employer violated the Act by interrogating, intimidating, and harassing Jonathan Galescu, Richard Ortiz, and others for engaging in protected concerted activity regarding worker safety concerns and other working conditions.

On or about May 25, 2017 and ongoing, the above-named Employer violated the Act by creating the appearance of discipline, interrogation, and harassment of Jonathan Galescu, Richard Ortiz, and others for engaging in protected concerted activity regarding worker safety concerns and other working conditions.

On or about May 24, 2017 and ongoing, the above-named Employer violated the Act by intimidating, creating the appearance of surveillance and conducting surveillance on Richard Ortiz, Michael Catura, Branton Phillips and others for their union activities and/or union sentiments, including passing out literature regarding working conditions at Tesla.

On or about May 24, 2017 and ongoing, the above-named Employer violated the Act by creating the appearance of surveillance and conducting surveillance on employees who were receiving literature from fellow employees regarding working conditions at Tesla.

EXHIBIT NO. GC-1(i)   RECEIVED ✓   REJECTED

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

— OF   2   DATE: 6/11/18   REPORTER: B. RASE

ID 326809

Case: 22-60493    Document: 44-3    Page: 267    Date Filed: 10/25/2022

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| **TESLA MOTORS CORPORATION**<br><br>    Charged Party<br><br>    and<br><br>**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL WORKERS OF AMERICA, AFL-CIO**<br><br>    Charging Party | **Case 32-CA-197197** |

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on April 20, 2017, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

ARNNON GESHURI, VICE PRESIDENT OF HR
TESLA MOTORS CORPORATION
45500 FREMONT BLVD
FREMONT, CA 94538-6326

ELIZABETH PARRY, ESQ.
LITTLER MENDELSON, P.C.
1255 TREAT BLVD, SUITE 600
WALNUT CREEK, CA 94597-7605

MICHAEL J. LOTITO
LITTLER MENDELSON, P.C.
333 BUSH ST FL 34
SAN FRANCISCO, CA 94104-2874

MICHAEL G. PEDHIRNEY, ESQ.
LITTLER MENDELSON, P.C.
333 BUSH ST., 34TH FLOOR
SAN FRANCISCO, CA 94104-2842

| | |
|---|---|
| April 20, 2017 | Cathy Hendrick, Designated Agent of NLRB |
| _____<br>Date | _____<br>Name |
| | /s/ Cathy Hendrick<br>_____<br>Signature |

22-60493.2888

EXHIBIT NO. Ga-1(h) RECEIVED ✓ REJECTED___

32-CA-197020

CASE NO          CASE NAME: Tesla, Inc.

OF  2   DATE: 6/11/18   REPORTER: B. RAST

22-60493.2889

Case: 22-60493    Document: 44-3    Page: 269    Date Filed: 10/25/2022

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| **DO NOT WRITE IN THIS SPACE** | | |
|---|---|---|
| Case | 32-CA-197197 | Date Filed 04/19/2017 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| **a. Name of Employer**<br>Tesla Motors Corporation | **b. Tel. No.** (510) 249-3650 or |
| | **c. Cell No.** |
| | **f. Fax No.** |

| **d. Address** *(Street, city, state, and ZIP code)*<br>45500 Fremont Boulevard<br>Fremont, California 94538 | **e. Employer Representative**<br>Vice President of HR, Arnnon Geshuri | |
|---|---|---|
| | | **g. e-Mail**<br>arnnon@tesla.com |
| | | **h. Number of workers employed**<br>Approximately 7,000 |

| **i. Type of Establishment** *(factory, mine, wholesaler, etc.)*<br>Factory | **j. Identify principal product or service**<br>Automotive Manufacturing |
|---|---|

**k.** The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Please see Attachment A

**3. Full name of party filing charge** *(if labor organization, give full name, including local name and number)*
International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO

| **4a. Address** *(Street and number, city, state, and ZIP code)*<br>8000 East Jefferson Avenue<br>Detroit, Michigan 48214 | **4b. Tel. No.** (313) 926-5000 |
|---|---|
| | **4c. Cell No.** |
| | **4d. Fax No.** |
| | **4e. e-Mail** |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** *(to be filled in when charge is filed by a labor organization)* International Union, United Automobile, Aerospace and Agricultural Workers of America, AFL-CIO

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By *(signature of representative or person making charge)* Margo A. Feinberg

Attorney for Charging Party,
Margo A. Feinberg, Esq.
*(Print/type name and title or office, if any)*

Schwartz, Steinsapir, Dohrmann & Sommers, LLP
Address 6300 Wilshire Blvd., Suite 2000, L.A., CA 90048

4/19/17
*(date)*

| **Tel. No.** (323) 655-4700 |
|---|
| Office, if any, Cell No. |
| Fax No. (323) 655-4488 |
| e-Mail margo@ssdslaw.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

22-60493.2890

# ATTACHMENT A

On or about November 5, 2016 and ongoing the above-named Employer through its agents violated the Act by implementing and maintaining, and repeatedly requiring compliance with, a company confidentiality agreement that coerces and intimidates employees from freely exercising their rights to engage in concerted and union activity.

On or about February 10, 2017 and ongoing the above-named Employer violated the Act by intimidating, creating the appearance of surveillance and conducting surveillance on Richard Ortiz, Jose Moran, Michael Sanchez and others for their union activities and/or union sentiments, including passing out literature regarding union organizing efforts, working conditions, the confidentiality agreement, and their rights under the NLRA.

On or about February 10, 2017 and ongoing the above-named Employer through its agents violated the Act by creating the appearance of surveillance and conducting surveillance on employees who were receiving literature from fellow employees regarding union organizing efforts, working conditions, the confidentiality agreement, and their rights under the NLRA.

On or about March 23, 2017 and ongoing the above-named Employer through its agents violated the Act by instructing employees that they were not allowed to pass out any literature unless it was pre-approved by the Employer.

-XHIBIT NO. GC-1(g)  RECEIVED ✓  REJECTED

32-CA-197020

CASE NO.  CASE NAME: Tesla, Inc.

OF 2  DATE: 6/11/18  REPORTER: B. RAST

Case: 22-60493    Document: 44-3    Page: 271    Date Filed: 10/25/2022

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**TESLA MOTORS CORPORATION**

    Charged Party

    and

**RICHARD ORTIZ**                  **Case 32-CA-197091**

    Charging Party

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on April 19, 2017, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

ARNNON GESHURI, VICE PRESIDENT OF HR
TESLA MOTORS CORPORATION
45500 FREMONT BLVD
FREMONT, CA 94538-6326

ELIZABETH PARRY, ESQ.
LITTLER MENDELSON, P.C.
1255 TREAT BLVD, SUITE 600
WALNUT CREEK, CA 94597-7605

MICHAEL G. PEDHIRNEY, ESQ.
LITTLER MENDELSON, P.C.
333 BUSH ST., 34TH FLOOR
SAN FRANCISCO, CA 94104-2842

MICHAEL J. LOTITO
LITTLER MENDELSON, P.C.
333 BUSH ST FL 34
SAN FRANCISCO, CA 94104-2874

April 19, 2017                    Cathy Hendrick, Designated Agent of
                                     NLRB

        Date                               Name

                                    /s/ Cathy Hendrick
                                      Signature

22-60493.2892

EXHIBIT NO. GC-7(F)  RECEIVED  ✓  REJECTED

32-CA-197020

CASE NO _____  CASE NAME: Tesla, Inc.

OF  2  DATE: 6/11/18  REPORTER B. RAST

22-60493.2893

FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|---|---|
| 32-CA-197091 | 04/18/2017 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Tesla Motors Corporation | b. Tel. No. (510) 249-3650 or<br>(650) 681-5454 |
| | c. Cell No. (650) 454-5386 |
| | f. Fax No. |

| d. Address *(Street, city, state, and ZIP code)*<br>45500 Fremont Boulevard<br>Fremont, California 94538 | e. Employer Representative<br>Vice President of HR, Arnnon Geshuri |
|---|---|

| g. e-Mail<br>arnnon@tesla.com |
|---|
| h. Number of workers employed<br>Approximately 7,000 |

| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Factory | j. Identify principal product or service<br>Automotive Manufacturing |
|---|---|

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

See Attachment A

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*<br>Richard Ortiz |
|---|

| 4a. Address *(Street and number, city, state, and ZIP code)*<br>37607 Walnut<br>Newark, California 94560 | 4b. Tel. No. |
|---|---|
| | 4c. Cell No. (510) 943-2723 |
| | 4d. Fax No. |
| | 4e. e-Mail<br>richardortiz1966@yahoo.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By | | Tel. No. |
|---|---|---|
| *(signature of representative or person making charge)* | Richard Ortiz<br>*(Print/type name and title or office, if any)* | Office, if any, Cell No.<br>(510) 943-2723 |
| | | Fax No. |
| Address 37607 Walnut, Newark, California 94560 | 4/18/17<br>*(date)* | e-Mail<br>richardortiz1966@yahoo.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Date Filed: 10/25/2022   Page: 273   Document: 44-3   Case: 22-60493

Case: 22-60493.2894

1(e)

# ATTACHMENT A

On or about November 5, 2016 and ongoing the above-named Employer through its agents violated the Act by implementing and maintaining, and repeatedly requiring compliance with, a company confidentiality agreement that coerces and intimidates employees from freely exercising their rights to engage in concerted and union activity.

On or about February 10, 2017 and ongoing the above-named Employer violated the Act by intimidating, creating the appearance of surveillance and conducting surveillance on Richard Ortiz, Jose Moran, Michael Sanchez and others for their union activities and/or union sentiments, including passing out literature regarding union organizing efforts, working conditions, the confidentiality agreement, and their rights under the NLRA.

On or about February 10, 2017 and ongoing the above-named Employer through its agents violated the Act by creating the appearance of surveillance and conducting surveillance on employees who were receiving literature from fellow employees regarding union organizing efforts, working conditions, the confidentiality agreement, and their rights under the NLRA.

On or about March 23, 2017 and ongoing the above-named Employer through its agents violated the Act by instructing employees that they were not allowed to pass out any literature unless it was pre-approved by the Employer.

Case: 22-60493     Document: 44-3     Page: 274     Date Filed: 10/25/2022

EXHIBIT NO. CA-1(e)   RECEIVED ✓   REJECTED___
32-CA-197020
CASE NO ____ CASE NAME: Tesla, Inc.
OF   2   DATE: 6/11/18   REPORTER B RAST

22-60493.2895

Case: 22-60493    Document: 44-3    Page: 275    Date Filed: 10/25/2022

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**TESLA MOTORS CORPORATION**

    Charged Party

        and

**JONATHAN GALESCU**

    Charging Party

**Case 32-CA-197058**

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on April 18, 2017, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

ARNNON GESHURI, VICE PRESIDENT OF HR
TESLA MOTORS CORPORATION
45500 FREMONT BLVD
FREMONT, CA 94538-6326

April 18, 2017

_____
Date

Cathy Hendrick, Designated Agent of
NLRB
_____
Name

/s/ Cathy Hendrick
_____
Signature



-XHIBIT NO. 6c-1(d) ___ RECEIVED __V__ REJECTED___

3d-CA-197020

CASE NO ___ CASE NAME: Iesta, Inc.

OF 2    DATE: 6/11/18    REPORTER B. RAST

22-60493.2897

FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| **DO NOT WRITE IN THIS SPACE** | |
|---|---|
| Case 32-CA-197058 | Date Filed 04/17/2017 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>**Tesla Motors Corporation** | | b. Tel. No. (510) 249-3650 or<br>(650) 681-5454 |
|---|---|---|
| | | c. Cell No. (650) 454-5386 |
| | | f. Fax No. |
| d. Address *(Street, city, state, and ZIP code)*<br>**45500 Fremont Boulevard**<br>**Fremont, California 94538** | e. Employer Representative<br>Vice President of HR, Arnnon Geshuri | g. e-Mail<br>arnnon@tesla.com |
| | | h. Number of workers employed<br>Approximately 7,000 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Factory | j. Identify principal product or service<br>Automotive Manufacturing | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

See Attachment A

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*<br>Jonathan Galescu | | |
|---|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br>**361 Carousel Drive**<br>**Vallejo, California 94589** | 4b. Tel. No. | |
| | 4c. Cell No. (925) 822-8774 | |
| | 4d. Fax No. | |
| | 4e. e-Mail | |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. |
|---|---|
| By _(signature of representative or person making charge)_ | Office, if any, Cell No.<br>(925) 822-8774 |
| Jonathan Galescu<br>*(Print/type name and title or office, if any)* | Fax No. |
| Address 361 Carousel Drive, Vallejo, California 94589   4/7/17<br>*(date)* | e-Mail |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Date Filed: 10/25/2022   Page: 277   Document: 44-3   Case: 22-60493

22-60493.2898

# ATTACHMENT A

On or about November 5, 2016 and ongoing the above-named Employer through its agents violated the Act by implementing and maintaining, and repeatedly requiring compliance with, a company confidentiality agreement that coerces and intimidates employees from freely exercising their rights to engage in concerted and union activity.

On or about February 10, 2017 and ongoing the above-named Employer violated the Act by intimidating, creating the appearance of surveillance and conducting surveillance on Richard Ortiz, Jose Moran, Michael Sanchez and others for their union activities and/or union sentiments, including passing out literature regarding union organizing efforts, working conditions, the confidentiality agreement, and their rights under the NLRA.

On or about February 10, 2017 and ongoing the above-named Employer through its agents violated the Act by creating the appearance of surveillance and conducting surveillance on employees who were receiving literature from fellow employees regarding union organizing efforts, working conditions, the confidentiality agreement, and their rights under the NLRA.

On or about March 23, 2017 and ongoing the above-named Employer through its agents violated the Act by instructing employees that they were not allowed to pass out any literature unless it was pre-approved by the Employer.

EXHIBIT NO. GC-1(c)  RECEIVED ✓  REJECTED ___

32-CA-197020

CASE NO ___  CASE NAME: Tesla, Inc.

OF  2  DATE: 6/11/18  REPORTER: B RAST

22-60493.2899

# UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

<div style="margin-left: 2em; font-size: 0.9em; writing-mode: vertical">

Case: 22-60493    Document: 44-3    Page: 279    Date Filed: 10/25/2022

</div>

**TESLA MOTORS CORPORATION**

    Charged Party

    and

**MICHAEL SANCHEZ**

    Charging Party

**Case 32-CA-197020**

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on April 18, 2017, I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

ARNNON GESHURI, VICE PRESIDENT OF HR
TESLA MOTORS CORPORATION
45500 FREMONT BLVD
FREMONT, CA 94538-6326

April 18, 2017

_____
Date

Cathy Hendrick, Designated Agent of NLRB
_____
Name

/s/ Cathy Hendrick
_____
Signature

EXHIBIT NO. GC 1(b) RECEIVED ✓ REJECTED

32-CA-197020   CASE NAME: Tesla, Inc.

CASE NO

OF 2   DATE: 6/11/18   REPORTER: B. RAST

22-60493.2901

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 32-CA-197020 | Date Filed 04/17/2017 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | |
|---|---|
| a. Name of Employer<br>Tesla Motors Corporation | b. Tel. No. (510) 249-3650 or (650) 681-5454 |
| | c. Cell No. (650) 454-5386 |
| | f. Fax No |
| d. Address *(Street, city, state, and ZIP code)*<br>45500 Fremont Boulevard<br>Fremont, California 94538 | e. Employer Representative<br>Vice President of HR, Arnnon Geshuri |
| | g. e-Mail arnnon@tesla.com |
| | h. Number of workers employed Approximately 7,000 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Factory | j. Identify principal product or service<br>Automotive Manufacturing |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

See Attachment A

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Michael Sanchez

| | |
|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br>25225 Soto Road<br>Hayward, California 94544 | 4b. Tel. No. |
| | 4c. Cell No. (510) 388-5058 |
| | 4d. Fax No. |
| | 4e. e-Mail |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. |
|---|---|
| By _(signature of representative or person making charge)_  Michael Sanchez _(Print/type name and title or office, if any)_ | Office, if any, Cell No. (510) 388-5058 |
| | Fax No. |
| Address 25225 Soto Road, Hayward, California 94544 _(date)_ | e-Mail raidereapermjg@yahoo.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses of the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Date Filed: 10/25/2022    Page: 281    Document: 44-3    Case: 22-60493

22-60493.2902

1(a)

# ATTACHMENT A

On or about November 5, 2016 and ongoing the above-named Employer through its agents violated the Act by implementing and maintaining, and repeatedly requiring compliance with, a company confidentiality agreement that coerces and intimidates employees from freely exercising their rights to engage in concerted and union activity.

On or about February 10, 2017 and ongoing the above-named Employer violated the Act by intimidating, creating the appearance of surveillance and conducting surveillance on Richard Ortiz, Jose Moran, Michael Sanchez and others for their union activities and/or union sentiments, including passing out literature regarding union organizing efforts, working conditions, the confidentiality agreement, and their rights under the NLRA.

On or about February 10, 2017 and ongoing the above-named Employer through its agents violated the Act by creating the appearance of surveillance and conducting surveillance on employees who were receiving literature from fellow employees regarding union organizing efforts, working conditions, the confidentiality agreement, and their rights under the NLRA.

On or about March 23, 2017 and ongoing the above-named Employer through its agents violated the Act by instructing employees that they were not allowed to pass out any literature unless it was pre-approved by the Employer.

EXHIBIT NO. GC-1(A)  RECEIVED ✓  REJECTED

32-CA-197020  CASE NAME: Tesla, Inc.

CASE NO

2  DATE: 6/11/18  REPORTER: BLAS

OF

Date Filed: 10/25/2022    Page: 282    Document: 44-3    Case: 22-60493

22-60493.2903

**OFFICIAL REPORT OF PROCEEDINGS**

**BEFORE THE**

**NATIONAL LABOR RELATIONS BOARD**

**REGION 32**

In the Matter of:

| | | |
|---|---|---|
| TESLA, INC., | Case No. | 32-CA-197020 |
| | | 32-CA-197058 |
| and | | 32-CA-197091 |
| | | 32-CA-197197 |
| MICHAEL SANCHEZ, AN INDIVIDUAL, | | 32-CA-200530 |
| | | 32-CA-208614 |
| and | | 32-CA-210879 |

JONATHAN GALESCU, AN INDIVIDUAL,

and

RICHARD ORTIZ, AN INDIVIDUAL,

and

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL WORKERS OF AMERICA,
AFL-CIO,

        Charging Party,

————————————————

————————————————

**GENERAL COUNSEL EXHIBITS**

Place: Oakland, California

Dates: June 14, 2018

**OFFICIAL REPORTERS**
**eScribers, LLC**
**E-Reporting and E-Transcription**
**7227 North 16th Street, Suite 207**
**Phoenix, AZ 85020**
**(602) 263-0885**

22-60493.2904



www.escribers.net | 800-257-0885

22-60493.2905



Case: 22-60493    Document: 44-3    Page: 284    Date Filed: 10/25/2022

GC-2

-XHIBIT NO.6C-2 RECEIVED ✓ REJECTED___
32CA-197020
CASE NO _____ CASE NAME: Tesla, Inc
⌐ OF 2 DATE: - REPORTER B.CAST

**GC EXHIBIT 003**



GC
22-60493.2907

22-60493.2908

EXHIBIT NO. GC-3 RECEIVED ✓ REJECTED___
32-CA-197020
CASE NO. _____ CASE NAME: Tesla, Inc.
OF 2 DATE: 4/11/18 REPORTER: B.CAST

# GC EXHIBIT 004



22-60493.2909

EXHIBIT NO. GC4 RECEIVED ✓ REJECTED___
32-CA-197020
CASE NO _____ CASE NAME: Tesla, Inc.
⇒ OF __ ∂ __ DATE: 6/11/18 REPORTER: B. RAST.

22-60493.2910

**GC EXHIBIT 005**





22-60493.2912

EXHIBIT NO. GC-5 RECEIVED ✓ REJECTED

32-CA-197020

CASE NO. _____ CASE NAME: Tesla, Inc.

OF 2 DATE: 6/11/18 REPORTER

# GC EXHIBIT 006-001



22-60493.2913

22-60493.2914

EXHIBIT NO. GC-6 RECEIVED ✓ REJECTED___

32-CA-197020

CASE NO ____ CASE NAME: Tesla, Inc.

__ OF 3    DATE: 6/11/18 REPORTER: BRAST

**GC EXHIBIT 006-002**



22-60493.2915

EXHIBIT EXCLUDED

Leading Case Number  32-CA-197020

Leading Case Name  Tesla, Inc.

Exhibit Number  GC-7

Description _____

_____

_____

The above-referenced exhibit is not included herein for the following reason:

1. **Exhibit Withdrawn** _____

2. **Exhibit Rejected** _____

3. Other (Explain)  # not used

_____

_____

Exhibit retained by _____

_____

B RAST
Court Reporter

# Time for Tesla to Listen

*By Jose Moran, Tesla Employee*

I'm proud to be part of a team that is bringing green cars to the masses. As a production worker at Tesla's plant in Fremont for the past four years, I believe Tesla is one of the most innovative companies in the world. We are working hard to build the world's #1 car—not just electric, but overall. Unfortunately, however, I often feel like I am working for a company of the future under working conditions of the past.

Most of my 5,000-plus coworkers work well over 40 hours a week, including excessive mandatory overtime. The hard, manual labor we put in to make Tesla successful is done at great risk to our bodies.

Preventable injuries happen often. In addition to long working hours, machinery is often not ergonomically compatible with our bodies. There is too much twisting and turning and extra physical movement to do jobs that could be simplified if workers' input were welcomed. Add a shortage of manpower and a constant push to work faster to meet production goals, and injuries are bound to happen.

A few months ago, six out of eight people in my work team were out on medical leave at the same time due to various work-related injuries. I hear that ergonomics concerns in other departments are even more severe. Worst of all, I hear coworkers quietly say that they are hurting but they are too afraid to report it for fear of being labeled as a complainer or bad worker by management.

Ironically, many of my coworkers who have been saying they are fed up with the long hours at the plant also rely on the overtime to survive financially. Although the cost of living in the Bay Area is among the highest in the nation, pay at Tesla is near the lowest in the automotive industry.

Most Tesla production workers earn between $17 and $21 hourly. The average auto worker in the nation earns $25.58 an hour, and lives in a much less expensive region. The living wage in Alameda county, where we work, is more than $28 an hour for an adult and one child (I have two). Many of my coworkers are commuting one or two hours before and after those long shifts because they can't afford to live closer to the plant.

While working 60-70 hours per week for 4 years for a company will make you tired, it will also make you loyal. I've invested a great deal of time and sacrificed important moments with my family to help Tesla succeed. I believe in the vision of our company. I want to make it better.

I think our management team would agree that our plant doesn't function as well as it could, but until now they've underestimated the value of listening to employees. In a company of our size, an "open-door policy" simply isn't a solution. We need better organization in the plant, and I, along with many of my coworkers, believe we can achieve that by coming together and forming a union.

Many of us have been talking about unionizing, and have reached out to the United Auto Workers for support. The company has begun to respond. In November, they offered a raise to employees' base pay—the first we've seen in a very long time.

But at the same time, management actions are feeding workers' fears about speaking out. Recently, every worker was required to sign a confidentiality policy that threatens consequences if we exercise our right to speak out about wages and working conditions. Thankfully, five members of the California State Assembly have written a letter to Tesla questioning the policy and calling for a retraction.

I'm glad that someone is standing up for Tesla workers, and we need to stand up for ourselves too. The issues go much deeper than just fair pay. Injuries, poor morale, unfair promotions, high turnover, and other issues aren't just bad for workers — they also impact the quality and speed of production. They can't be resolved without workers having a voice and being included in the process.

Tesla isn't a startup anymore. It's here to stay. Workers are ready to help make the company more successful and a better place to work. Just as CEO Elon Musk is a respected champion for green energy and innovation, I hope he can also become a champion for his employees. As more of my coworkers speak out, I hope that we can start a productive conversation about building a fair future for all who work at Tesla.

Facebook.com/AFairFutureAtTesla/

**GC Exhibit 8-001**

22-60493.2917

State Capitol
P.O. Box 942849
Sacramento, CA 94249-0115

# Assembly
## California Legislature

January 10, 2017

Elon Musk, CEO, Tesla Motors
3500 Deer Creek Road, Palo Alto, CA 94304

Dear Mr. Musk:

As Members of the California State Assembly, we applaud Tesla's commitment to a better environment and its innovative technological advances.

However, it was brought to our attention that Tesla recently asked employees to sign a confidentiality agreement, including asking the workers to attest to the fact that they have complied with the policy over the last twelve months. While we certainly appreciate a company's right to protect its trade secrets and other proprietary information, we have concerns that the breadth of this agreement impermissibly violates protected employee activity under state and federal law, including the right to communicate to each other and the public about wages, working conditions, and other issues.

Primarily, the breadth of the agreement appears to violate employee rights under the National Labor Relations Act (NLRA) by both promulgating overly broad work rules directed at employees' union or concerted activities and by threatening employees for engaging in conduct which is part of union or concerted activities.

As the General Counsel of the NLRB recently stated in a March 18, 2015 memo, "Employees have a Section 7 right to discuss wages, hours, and other terms and conditions of employment with fellow employees, as well as with nonemployees, such as union representatives. Thus, an employer's confidentiality policy that either specifically prohibits employee discussions of terms and conditions of employment—such as wages, hours, or workplace complaints — or that employees would reasonably understand to prohibit such discussions, violates the Act."

In addition, several provisions of California law prohibit employers from having policies that prohibit employees from discussing wages and working conditions, or from retaliating against employees for doing so. (See California Labor Code sections 232, 232.5 and 1197.5(j)(1)).

We are concerned that over-broad language in the confidentiality agreement violates these provisions and has resulted in a chilling effect on workers' ability to engage in protected activity. As we are confident that this was not your intention, we respectfully request that Tesla revise this policy to protect employee rights and comply with the law, and immediately communicate this clarification to all workers.

Thank you for your attention to this matter, and we look forward to your reply.

Sincerely,

| TONY THURMOND | BILL QUIRK | KANSEN CHU | ROB BONTA | ASH KALRA |
|---|---|---|---|---|
| *Assemblymember,* | *Assemblymember,* | *Assemblymember,* | *Assemblymember,* | *Assemblymember,* |
| *15th District* | *20th District* | *25th District* | *18th District* | *27th District* |

cc: Peter Hochholdinger, Vice President, Production; Mark Lipscomb, Vice President, Human Resources

**GC Exhibit 8-002**

EXHIBIT NO. GC-8 RECEIVED ✓ REJECTED

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

__ OF 3 DATE: 6/11/18 REPORTER: B RAST

22-60493.2919

GC EXHIBIT 9-001



DRIVING A FAIR
# FUTURE
AT TESLA

## The Truth about Injuries at Tesla

Workers have been raising concerns about health & safety at Tesla over the past several months. In response, the company has argued to both workers and the public that Tesla is "creating the safest car factory in the world." But the company's own injury reporting data reveals that, currently, this is far from the truth.

Hopefully, Tesla will one day be a champion for workplace health & safety—that has been workers' hope in raising these concerns in the first place. To get there, it is important to know the reality of current conditions first.

Tesla is required by law to keep a log of work-related injuries and illnesses, reported on OSHA Form 300. According to both federal and California law, employers are required to provide copies of the OSHA Form 300 and OSHA Form 300A to current or former employees upon request. Tesla workers recently exercised their right to this data, and shared it with a California non-profit organization that specializes in workplace health and safety issues for analysis. The findings of that analysis have been written into a report for workers so that they may better understand the reality of their working conditions at Tesla.

**To read the full report, go to www.fairfutureattesla.org/injuryreport.**



Total Recordable Incidence Rate (TRIR)

■ Tesla Fremont Plant   ▨ Industry Average



Days Away, Restricted Duty, or Transfer Rate (DART)

■ Tesla Fremont Plant   ▨ Industry Average

**Workers continue to press forward in forming their union with the UAW at Tesla.** Standing together as a strong union, workers can address concerns about health & safety, along with many other issues such as wages, hours, favoritism, leveling-up procedure, shift scheduling, and so much more. To learn more and to get involved, contact a member of the worker organizing committee at work, or get in touch in these other ways:

**UAW ORGANIZING OFFICE**
**44790 S. Grimmer Blvd, Suite 100**
**Fremont, CA 94538**
**(corner of S. Grimmer & Fremont Blvd)**

**(510) 877-0829 (call or text)**
**www.facebook.com/AFairFutureAtTesla**
**www.FairFutureAtTesla.org**

## For text updates, text TESLA to 99795 (messaging & data rates may apply)

**If you have concerns** about a potential health & safety hazard in your work area—whether it be related to chemical exposure, ergonomics, welding safety, exhaustion, or anything else!—please contact the UAW organizing office for assistance in getting more information about how to better protect yourself on the job.

# Charley Briese | Production Associate, General Assembly



On May 31, 2016, Tesla management made the following entry into its injury log related to a worker in the General Assembly department named Charlotte Briese: "Sprains, Strains affecting the Shoulder occurred from Unknown caused by Unknown." But her injury isn't, in fact, a mystery. It's part of a nearly three-year ordeal that reveals a lot about just how difficult it can be to work at Tesla — even if, like Charley, you just recently turned 21.

"I started working at Tesla in August 2014. I was so excited. I felt like I was part of the future. I moved to North Stockton and was driving 70 miles to get to work every day. That was the only place I could afford a one-bedroom apartment. I was making $17 an hour — I didn't mind," Charley said. "But in the three years I've been working there, I've been injured three times. After working there for three years, it's just unacceptable that I've been injured this many times and to this degree."

Charley's first on-the-job injury came in July 2015. Her position at the time required her to pull down a hanging drill three times a minute for 12 to 16 hours a day. On a 12 hour shift, that means she made the same motion about 2,200 times a day, or 15,000 times a week, or 60,000 times a month. "After six months I had severe tendinitis in my elbow and wrist," Charley said. The injury was severe enough that she had to go on medical leave until October of that year.

In April 2016, she was injured again when a torque gun slipped from her hand. It crushed her thumb, and she was transferred to light duty in the plant for about a month.

"When I came back, I was rotated to a new station," Charley said. "I was working on the Model S, building the side view mirror and putting the skull caps on the mirrors. It takes a lot of strength to put them on, and it's very fast paced. I was uncomfortable starting on it right away, after being on light duty for a month, and I raised my concern to my lead. But I was told that if I didn't feel comfortable doing it I should go home and not come back. So I stayed."

"After three days I told them I couldn't lift my arms above my head. It was too painful," she continues. "I was sent to the nurse and she changed my restrictions to show that I should keep my elbows at my waist and not lift more than ten pounds. Eventually I was put on a leave of absence, and my pay was reduced. I had to move because I couldn't afford my apartment anymore."

This third injury, suffered in late May 2016, resulted in her being placed on medical leave starting in July 2016. Charley's leave has extended into 2017. But because of a technicality in the law — which allows companies to stop counting after a worker reaches a total of 180 days on leave or on job transfer[11] — Tesla's recordkeeping only reflects that she has missed only 154 days due to injury, and spent 26 days on job transfer. While this is legal, it does not capture the full extent of her injury.

"I still believe in Tesla's mission, and hope to have it be a job that I'm comfortable in — a career," Charley said. "But if things don't change, what's keeping Tesla from firing me for no reason, or working me until I become permanently disabled?"

-XHIBIT NO. GC-9 RECEIVED ✓ REJECTED ___
32-CA-197020
CASE NO ___    CASE NAME: Tesla, Inc.
__ OF 2    DATE: 6/13/18    REPORTER B. RAST

*Request for Copies of Employment Records*

Pursuant to my rights under the California Labor Code, I am requesting copies of the following records:

- My personnel file, including all records relating to my performance, evaluations, and any grievance concerning me. (Labor Code § 1198.5)
- All documents I signed that relate to my obtaining and holding of employment. (Labor Code § 432)
- All of my payroll records for the past two years. (Labor Code §§ 226(b)-(c))

Please send a complete copy of these records directly to me. I expect to receive all records within 30 days of this request.

Thank you and sincerely,

_____          _____
Name                                                              Job Title

_____
Mailing Address

_____
Email

**GC EXHIBIT 010**

EXHIBIT NO. GC-10 RECEIVED ✓ REJECTED___

32-CA-197020

CASE NO ___ CASE NAME: Tesla, Inc.

___ OF 2 DATE: 6/13/18 REPORTER: B. RAST

Accepted offer | Richard Ortiz | Esign ID: AI4U1JY38SI-3L5GPYWUY | Esigned Date: 9/29/16 | Page: 1 of 7



September 27, 2016

Rich Ortiz
1501 Dunn
Richmond, ca 94801

Dear Rich:

Tesla Motors, Inc. ("Tesla" or the "Company") is pleased to offer you the non-exempt, hourly position of Production Associate on the terms set forth below. As Production Associate, you will perform the duties customarily associated with this position. You will report to Juan Martinez, Associate Mgr Manufacturing, Body Center. Your duties, responsibilities, job title, and work location may be changed at any time by Tesla.

Your rate of pay will be $17.00 per hour, subject to standard payroll deductions and withholdings. As a non-exempt employee, you will be entitled to overtime. You will be eligible for vacation and sick leave according to Tesla's standard policy. Subject to the rules of the applicable plan documents, you will also be eligible to receive other benefits Tesla may provide to its employees (e.g., health and dental insurance coverage) beginning on your date of hire. Tesla may consider you for bonuses, although the amount of such bonuses, if any, and the criteria for determining the award of such bonuses, if any, shall be in the sole discretion of Tesla. Of course, Tesla reserves the right to modify your compensation and benefits from time to time, as it deems necessary.

Tesla Motors, Inc. offers a competitive benefits package described below:

> **Shares:** Should you decide to accept the position we will recommend to Tesla's Board of Directors, or committee thereof, that the company grant you an equity award of $6,000 in the form of Restricted Stock Units ("RSUs"), which you will only receive at the time of vesting, as described below. This value is determined based on our standard equity granting policies. The actual number of RSUs that you receive will depend on the value of our stock at or around the time your grant is approved, as determined by Tesla's Compensation Committee. This award, shall be subject to the terms and conditions of Tesla's 2010 Equity Incentive Plan and your Award Agreement, including vesting requirements. Specifically, the RSUs shall vest over a period of four years as follows: twenty-five percent (25%) of the award shall vest on the first anniversary and six and twenty-five hundredths percent (6.25%) shall vest quarterly thereafter for the following twelve quarters of the date vesting begins (such date to be indicated in your Award Agreement), subject to your continuing eligibility through the applicable vesting dates. No RSUs shall vest other than on the first anniversary and twelve subsequent quarterly vest dates.
>
> Please be aware that Tesla makes no representation about the future value of the equity award granted herein, and you should be aware that the value of this award will fluctuate in the future. Finally, the receipt of this award is subject to your signing the appropriate Award Agreement through the E*Trade portal.

*Ortiz*                                    Page 1 of 6

**GC EXHIBIT 11-001**

22-60493.2924

*GC-11*

22-60493.2925

EXHIBIT NO. GC-11 RECEIVED ✓ REJECTED___
32-CA-197000
CASE NO _____ CASE NAME: Tesla, Inc.
OF 5   DATE: 6/13/18   REPORTER: B. RAST

Accepted offer | Richard Ortiz | Esign ID: AI4U1JY38SI-3L5GPYWUY | Esigned Date: 9/29/16 | Page: 2 of 7

**401K Program:** You will be eligible to participate in Tesla's 401K program after your first pay check. Our 401K program is administered by Fidelity Investments.

**Vacation Program:** Regular full-time employees and part-time employees who work 20 hours per week are eligible for PTO immediately and accrue PTO at 1.25 days per month (for a total of 15 days per calendar year).

The Company is excited about your joining and looks forward to a beneficial and fruitful relationship. Nevertheless, you should be aware that your employment with the Company is for no specified period and constitutes at-will employment. As a result, you are free to resign at any time, for any reason or for no reason, with or without notice. Similarly, the Company is free to conclude its employment relationship with you at any time, with or without cause, and with or without notice.

We ask that, if you have not already done so, you disclose to Tesla any and all agreements relating to your prior employment that may affect your eligibility to be employed by Tesla or limit the manner in which you may be employed. It is Tesla's understanding that any such agreements will not prevent you from performing the duties of your position and you represent that such is the case. We want to emphasize that we do not wish you to bring any confidential or proprietary materials of any former employer which would violate any obligations you may have to your former employer. You agree not to make any unauthorized disclosure to Tesla or use on behalf of Tesla any confidential information belonging to any of your former employers (except in accordance with agreements between Tesla and any such former employer). You also warrant that you do not possess any property containing a third party's confidential and proprietary information. Of course, during your employment with Tesla, you may make use of information generally known and used by persons with training and experience comparable to your own, and information which is common knowledge in the industry or is otherwise legally available in the public domain. Moreover, you agree that, during the term of your employment with the Company, you will not engage in any other employment, occupation, consulting or other business activity directly related to the business in which Tesla is now involved or becomes involved during the term of your employment, nor will you engage in any other activities that conflict with your obligations to Tesla.

As a Tesla employee, you will be expected to abide by all Tesla policies and procedures, and, as a condition of your employment, you will sign and comply with Tesla's standard confidentiality agreement which prohibits unauthorized use or disclosure of Tesla confidential information or the confidential information of Tesla's clients.

In addition, to ensure the rapid and economical resolution of disputes that may arise in connection with your employment with Tesla, you and Tesla agree that any and all disputes, claims, or causes of action, in law or equity, arising from or relating to your employment, or the termination of your employment, will be resolved, to the fullest extent permitted by law by *final, binding and confidential arbitration* in your city and state of employment conducted by the Judicial Arbitration and Mediation Services/Endispute, Inc. ("JAMS"), or its successors, under the then current rules of JAMS for employment disputes; provided that:

a.  Any claim, dispute, or cause of action must be brought in a party's individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding; and

b.  The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute and to award such relief as would otherwise be permitted by law; and

c.  The arbitrator shall not have the authority to consolidate the claims of other employees

**GC EXHIBIT 11-002**

22-60493.2926

TSLA-ORTIZ006

Accepted offer | Richard Ortiz | Esign ID: AI4U1JY38SI-3L5GPYWUY | Esigned Date: 9/29/16 | Page: 3 of 7

and shall not have the authority to fashion a proceeding as a class or collective action or to award relief to a group or class of employees in one arbitration proceeding; and

d.   The arbitrator shall issue a written arbitration decision including the arbitrator's essential findings and conclusions and a statement of the award; and

e.   Both you and Tesla shall be entitled to all rights and remedies that you or Tesla would be entitled to pursue in a court of law; and

f.   Tesla shall pay all fees in excess of those which would be required if the dispute was decided in a court of law.

Nothing in this agreement is intended to prevent either you or Tesla from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration. Notwithstanding the foregoing, you and Tesla each have the right to resolve any issue or dispute arising under the Proprietary Information and Inventions Agreement by Court action instead of arbitration.

Arbitrable claims do not include, and this Agreement does not apply to or otherwise restrict, administrative claims you may bring before any government agency where, as a matter of law, the parties may not restrict your ability to file such claims (including discrimination and/or retaliation claims filed with the Equal Employment Opportunity Commission and unfair labor practice charges filed with the National Labor Relations Board). Otherwise, it is agreed that arbitration shall be the exclusive remedy for administrative claims.

You acknowledge and agree that: (i) in the course of your employment by the Company, it will be necessary for you to create, use, or have access to (A) technical, business, or customer information, materials, or data relating to the Company's present or planned business that has not been released to the public with the Company's authorization, including, but not limited to, confidential information, materials, or proprietary data belonging to the Company or relating to the Company's affairs (collectively, "Confidential Information") and (B) information and materials that concern the Company's business that come into the Company's possession by reason of employment with the Company (collectively, "Business Related Information"); (ii) all Confidential Information and Business Related Information are the property of the Company; (iii) the use, misappropriation, or disclosure of any Confidential Information or Business Related Information would constitute a breach of trust and could cause serious and irreparable injury to the Company; and (iv) it is essential to the protection of the Company's goodwill and maintenance of the Company's competitive position that all Confidential Information and Business Related Information be kept confidential and that you do not disclose any Confidential Information or Business Related Information to others or use Confidential Information or Business Related Information to your own advantage or the advantage of others.

In recognition of the acknowledgment above, you agree that until the Confidential Information and/or Business Related Information becomes publicly available (other than through a breach by you), you shall: (i) hold and safeguard all Confidential Information and Business Related Information in trust for the Company; (ii) not appropriate or disclose or make available to anyone for use outside of the Company's organization at any time any Confidential Information and Business Related Information, whether or not developed by you; (iii) keep in strictest confidence any Confidential Information or Business Related Information; (iv) not disclose or divulge, or allow to be disclosed or divulged by any person within your control, to any person, firm, or corporation, or use directly or indirectly, for your own benefit or the benefit of others, any Confidential Information or Business Related Information; and (v) upon the termination of your employment, return all Confidential Information and Business Records and not make or retain any copies or exacts thereof.

*Ortiz*                                              Page 3 of 6

**GC EXHIBIT 11-003**

22-60493.2927

TSLA-ORTIZ007

Accepted offer | Richard Ortiz | Esign ID: AI4U1JY38SI-3L5GPYWUY | Esigned Date: 9/29/16 | Page: 4 of 7

If you accept our offer, your first day of employment will be October 2, 2016. This letter agreement constitutes the complete, final and exclusive embodiment of the entire agreement between you and Tesla with respect to the terms and conditions of your employment, and it supersedes any other agreements or promises made to you by anyone, whether oral or written. This Agreement cannot be changed, amended, or modified except in a written agreement signed by an officer of Tesla. This letter agreement shall be construed and interpreted in accordance with the laws of the State of California.

As required by immigration law, this offer of employment is conditioned upon satisfactory proof of your right to work in the United States.

This offer of employment is contingent upon the successful completion of your reference and background checks.

If you choose to accept our offer under the terms described above, please indicate your acceptance, by signing below and returning it to me prior to September 30, 2016 after which date this offer will expire.

We look forward to your favorable reply and to a productive and enjoyable work relationship.

Very truly yours,
Tesla Motors, Inc.

Elon Musk
*Chairman of the Board and CEO*

Accepted by: _____         Date: _____

Start Date:    October 2, 2016

**GC EXHIBIT 11-004**

22-60493.2928

TSLA-ORTIZ008



**Ortiz, Richard**

Manager:

Evaluated By: Jonathan Hung

**1'H2017 GPF Performance Revie**

Organizatio

Locatior

01/01/2017 - 06/30/20

## Overall Rating After Calibration

**Manager Overall Evaluation**

| | |
|---|---|
| Calculated Rating: | 3 |
| Rating: | 3 - Consistently Strong |

## Skills

### INDIVIDUAL: Mindset and Attitude (GPF)

Exhibits behavior that does not put themselves or others at a safety risk. Follows proper personal protective equipment procedures. Reports all near misses, accidents, or injuries immediately to their supervisor. Does what's right for the company as a whole. Reflects Tesla's values. Briefly provide support for your rating.

| Manager Evaluation | Employee Evaluation |
|---|---|
| Rating:  4 - Great | Rating:  5 - Phenomenal |
| Comment:  Richard was a constant on the floor. He actively engaged with everyone in his area, and maintained a positive attitude throughout his light duty assignment. He was not timid to do what was right for his intersection, interacting with pedestrians and forklift drivers throughout his shift to ensure safe crossings. | Comment:  Being one of the first Associate's to come to second shift in BIW2 Closers department I was asked to train incoming Production Associate's on the jobs they had been assigned<br>I did this while constantly emphasizing the importance of Safety while performing each process<br>I an also very pro active with regards to Safety in my day to day routine while on the line I am constantly replacing Safety tape on the floor that has been worn out and keeping marked. Fire lanes free of materials and open in case o emergency<br>When placed on light duty and assigned to traffic control a job that most consider a meaningless job I saw it as an opportunity to help make my fellow co-workers safe and awa of the hazerdus environment we take for granted and highten there self awareness of there own safety while walking through the plant everyday |

### INDIVIDUAL: Skillset and Knowledge

Demonstrates versatility and knowledge in required work area. Thoughtfully questions why and how we do things and pushes for what's right. Proactively seeks out realistic process improvement ideas. Participates and provides feedback to leads/ supervisors. Briefly provide support for your rating in the comment box below.

| Manager Evaluation | Employee Evaluation |
|---|---|

**GC EXHIBIT 12-001**

22-60493.2929

TSLA-ORTIZ018

GC-12

EXHIBIT NO. GC-b RECEIVED ✓ REJECTED

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

- OF 3   DATE: 6/13/8   REPORTER: B. RAST

Rating:   3 - Consistently Strong                          Rating:
Comment:      Richard met all expectations of a traffic guard.     Comment:
              He was engaged and thoughtfully asked
              questions in his role. He was committed to
              improving the overall safety level of his area.

## TEAM: Collaborative and Dependable

Builds an atmosphere of trust and encourages working together towards a common goal. Cultivates an environment of respect and inclusion. Can be relied upon to attend work and get the job done safely and with quality. Effectively communicates with team members. Briefly provide support for your rating in the comment box below.

| Manager Evaluation | Employee Evaluation |
|---|---|

Rating:   2 - Needs Improvement                          Rating:
Comment:      Early on in the review period, Richard struggled     Comment:
              with maintaining a strong attendance record.
              However, as a light duty associate, he was
              reliable, and could be counted on to collaborate
              with his peers to help drive traffic safety. He
              could also be depended on to proactively
              communicate his schedule with his light duty
              supervisor, and show-up for work engaged and
              ready to go.

## TEAM: High Productivity and Quality Results (GPF)

Understands and works towards achieving production goals. Routinely delivers high quality work. Follows work instructions, provides input and seeks out ways to continuously improve. Excellence is the passing grade. Briefly provide support for your rating in the comment box below.

| Manager Evaluation | Employee Evaluation |
|---|---|

Rating:   4 - Great                                      Rating:
Comment:      Richard worked in one of the busiest               Comment:
              intersections in the factory. He constantly
              interacted with individuals walking through his
              area, and was committed to positively
              impacting the overall safety in his intersection. I
              received positive feedback from his peers and
              other managers on his commitment, and he
              thoughtfully questioned why we do things.

Section Summary

| Manager Evaluation | Employee Evaluation |
|---|---|
| Rating:    3 - Consistently Strong | Rating:    1 - Unsatisfactory |

**GC EXHIBIT 12-002**

TSLA-ORTIZ019



**Ortiz, Richard**

Manager:
Evaluated By: Arnold Camat

2017 Supplemental Performan
Revi
Organizatio
Locatio
07/01/2016 - 06/30/2

## Section 1: Skills

### 1. Performance and Expertise

For example:

- Is seen by peers and/or subordinates as effective.
- Possesses appropriate subject matter expertise relative to the role.
- Produces high quality work product.
- Reliably performs job duties and meets performance expectations, including attendance.
- Does not take a disproportionate amount of my time for coaching and feedback.

Manager Evaluation
Rating:     **Often**

### 2. Attitude

For example:

- Is receptive to constructive feedback, and consistently looks for areas to improve and learn new skills.
- Demonstrates commitment to the Company's mission of accelerating the world's transition to sustainable energy.
- Takes initiative, offers to help team members, and pitches in where needed; goes above and beyond.
- Takes ownership and responsibility over assigned tasks.
- Demonstrates integrity and honesty.

Manager Evaluation
Rating:     **Often**

### 3. Positive Impact

For example:

- Demonstrates positive personal regard (professionalism) when interacting with others.
- Avoids gossip and work disruption.
- Handles new and stressful situations with professionalism.

Manager Evaluation
Rating:     **Often**

**GC EXHIBIT 13-001**

TSLA-ORTIZ020

GC-13

EXHIBIT NO. GC-13 RECEIVED ✓ REJECTED

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

OF 3 DATE: 6/13/18 REPORTER: B. RAST

4. <u>Teamwork</u>

For example:

• Listens carefully and sincerely considers the ideas of others.

• Encourages collaboration.

• Is a trusted team player.

• Proactively keeps others appropriately informed.

Manager Evaluation

Rating:        Often


Section Summary

**Manager Evaluation**

Rating:

## Section 3: Overall Rating

6. Considering this new criteria, please provide an updated overall 2017 performance rating.

Manager Evaluation

Rating:        3 - Consistently Strong


Section Summary

**Manager Evaluation**

Rating:

**GC EXHIBIT 13-002**

TSLA-ORTIZ021

22-60493.2934

# T E S L A

## 1'H2017 Goals and Performance Feedback
## January – June 2017 Performance Award

October 8, 2017

Dear Richard Ortiz,

As part of Tesla, Inc.'s Goals and Performance feedback program, your performance rating is **Consistently Strong.** The changes detailed below recognize your contribution, impact and effort to foster a culture of dependability, collaboration, innovation and performance.

**Awards Summary**

| | |
|---|---|
| Employee Id: | 667019 |
| Performance Rating: | Consistently Strong |
| Performance Award: | 2,807 USD |

**Awards Details**

You will receive a Performance Award with an estimated value as detailed below from Tesla, Inc.

**Performance Award:**

| |
|---|
| 2,807 USD |

As reflected in the table above, you have also been nominated to receive a Performance Award, subject to approval by the Board of Directors. Tesla is allowing you to decide the form in which you will receive this discretionary award.

The choices are Cash Award, Restricted Stock Award, or Stock Option Award. ***The default award is a Restricted Stock Award; this will remain the default unless you actively elect a Cash Award or Stock Option Award.*** Additional information regarding the election alternatives and process will be provided in the coming weeks. This award is subject to approval by the Board of Directors and will be deemed earned only when vested, per the vesting schedules described below.

Cash Awards and Restricted Stock Awards shall vest in 4 equal amounts, quarterly, over one year from the vesting commencement date. Stock Option Awards shall vest in 12 equal amounts, monthly, over one year from the vesting commencement date. Your ability to earn a vested Cash Award, Restricted Stock Award or Stock Option Award will also, of course, depend on your continued employment through the applicable vesting dates (in accordance with Tesla policies).

As mentioned above, you will receive a separate email with additional information on these alternatives as well as instructions on how to make your election.

For any questions, please contact your manager or HR representative.

Thank you for your contribution in accelerating the world's transition to sustainable energy.

**GC EXHIBIT 014**

22-60493.2935

TSLA-ORTIZ023

GC-14

22-60493.2936

EXHIBIT NO. GC-14 RECEIVED ✓ REJECTED

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

OF 2 DATE: 9/13/18 REPORTER: B RAST



In response to recent leaks of confidential Tesla information, we are reminding everyone who works at Tesla, whether full-time, temporary or via contract, of their confidentiality obligations and asking them to reaffirm their commitment to honor them.

These obligations are straightforward. Everything that you work on, learn about or observe in your work about Tesla is confidential information under the agreement that you signed when you first started. This includes information about products and features, pricing, customers, suppliers, employees, financial information, and anything similar.

Unless otherwise allowed by law or you have received written approval, you must not, for example, discuss confidential information with anyone outside of Tesla, take or post photos or make video or audio recordings inside Tesla facilities, forward work emails outside of Tesla or to a personal email account, or write about your work in any social media, blog, or book. If you are unsure, check with your manager, HR, or Legal. Of course, these obligations are not intended to limit proper communications with government agencies.

The consequence for careless violation of the confidentiality agreement, could include, depending on severity, loss of employment. Anyone engaging in intentional violation of the confidentiality agreement will be held liable for all the harm and damage that is caused to the company, with possible criminal prosecution. These obligations remain in place even if no longer working at Tesla.

---

By signing below, I affirm my agreement to comply with my confidentiality obligations to Tesla. I also represent that at no time over the past 12 months have I disclosed any Tesla confidential information outside of Tesla unless properly authorized to do so.



If you did not realize the severity of the consequences, Tesla will be providing a one-time complete forgiveness of responsibility, provided that you fully disclose all significant confidentiality violations below:

TESLA

TSLA-ORTIZ024

**GC EXHIBIT 015** – ∞1

GC-15

22-60493.2938

EXHIBIT NO. GC-15 RECEIVED ✓ REJECTED___
32-CA-197020
CASE NO ___ CASE NAME: Tesla, Inc.
OF 3 DATE: 6/13/18 REPORTER: BLAST



In response to recent leaks of confidential Tesla information, we are reminding everyone who works at Tesla, whether full-time, temporary or via contract, of their confidentiality obligations and asking them to reaffirm their commitment to honor them.

These obligations are straightforward. Provided that it's not already public information, everything that you work on, learn about or observe in your work about Tesla is confidential information under the agreement that you signed when you first started. This includes information about products and features, pricing, customers, suppliers, employees, financial information, and anything similar. Additionally, regardless of whether information has already been made public, it is never OK to communicate with the media or someone closely related to the media about Tesla, unless you have been specifically authorized in writing to do so.

Unless otherwise allowed by law or you have received written approval, you must not, for example, discuss confidential information with anyone outside of Tesla, take or post photos or make video or audio recordings inside Tesla facilities, forward work emails outside of Tesla or to a personal email account, or write about your work in any social media, blog, or book. If you are unsure, check with your manager, HR, or Legal. Of course, these obligations are not intended to limit proper communications with government agencies.

The consequence for careless violation of the confidentiality agreement, could include, depending on severity, loss of employment. Anyone engaging in intentional violation of the confidentiality agreement will be held liable for all the harm and damage that is caused to the company, with possible criminal prosecution. These obligations remain in place even if no longer working at Tesla.

___

By signing below, I affirm my agreement to comply with my confidentiality obligations to Tesla. I also represent that at no time over the past 12 months have I disclosed any Tesla confidential information outside of Tesla unless properly authorized to do so.

Sign: _____

Print Name: _____

Print Tesla email address: _____

Date: _____

Witnessed by: _____

Print name: _____

If you did not realize the severity of the consequences, Tesla will be providing a one-time complete forgiveness of responsibility, provided that you fully disclose all significant confidentiality violations below:

T E S L A

# GC EXHIBIT 015-002

**From:** Jonathan Galescu
**Sent:** Tuesday, April 4, 2017 11:11 AM
**To:** Aleksandra Janevska <alerodriguez@tesla.com>; Josh Hedges <jhedges@tesla.com>; Brian Sherman <bsherman@tesla.com>; Safety <Safety@tesla.com>; HR Reply <HRReply@tesla.com>
**Cc:** Richard Ortiz <rlortiz@tesla.com>
**Subject:** Requesting OSHA forms

Josh Hedges, Director of HR via jhedges@tesla.com
Brian Sherman, Sr. Manager of Ergonomics & Equipment Safety via bsherman@tesla.com

**GC EXHIBIT 16-001**

22-60493.2940

GC-16

**Aleksandra Janevska, Safety Department**
HRReply@tesla.com
safety@tesla.com

**Tesla, Inc.**
**45500 Fremont Blvd**
**Fremont, CA 94538**

April 4, 2017

As current employees of Tesla, Inc. located at 45500 Fremont Blvd, Fremont, CA 94538, we are exercising our rights guaranteed in the 1970 Occupational Safety and Health Act to obtain copies of the following documents: OSHA 300 Logs and OSHA 300-A Summaries.

We are concerned about the health and safety conditions at Tesla that affect all employees and their families. We are requesting copies of the OSHA logs and related documents because we are exposed to unsafe conditions and hazards that impact both us and our co-workers.

A key step in improving health and safety conditions at Tesla is understanding the hazards faced by ourselves and our co-workers. This includes reviewing an accounting of workplace injuries and illnesses.

Please provide both paper copies signed by the certified and authorized company representative and electronic copies to the employee designated below. Please remit the requested documents as soon as they become available.

**1. OSHA 300 Log:**

As current employees we are requesting copies of the OSHA 300 Log of Work-Related Injuries and Illnesses for the current calendar year and the five previous calendar years per the California Code of Regulations, Title 8, Section 14300.35.

Please deliver copies of the OSHA 300 logs to the current employee below:

Jonathan Galescu
jgalescu@tesla.com

Per the California Code of Regulations, Title 8, Section 14300.35, please provide copies of the requested OSHA 300 Logs by the next business day (within 24 hours of receipt of this request). Section 14300.35 also states that an Employer may not charge for copies the first time the relevant logs are provided to a current employee.

**2. OSHA 300-A Summary of Work-Related Injuries and Illnesses:**

EXHIBIT NO. GC-16 RECEIVED ✓ REJECTED
32-CA-197020
CASE NO. _____ CASE NAME: Tesla, Inc.
OF 3 DATE 4/13/18 REPORTER BLAST

As current employees of Tesla, Inc. we are requesting certified copies of the OSHA 300-A Summary of Work-Related Injuries and Illness for the previous five calendar years per the California Code of Regulations, Title 8, Section 14300.35.

Section 14300.35 requires employers to create an annual summary of injuries and illnesses recorded on the OSHA 300 Log, certify the summary and post the summary in a conspicuous place or places where notice to employees are customarily posted.

Please deliver copies of the OSHA 300-A Summary to the current employee below:

Jonathan Galescu
jgalescu@tesla.com

Per the California Code of Regulations, Title 8, Section 14300.35, please provide copies of the requested OSHA 300-A Summaries by the next business day (within 24 hours of receipt of this request).  Section 14300.35 also states that an Employer may not charge for copies the first time the relevant logs are provided to a current employee.

Thank you for your attention to this matter.

Sincerely,

Jonathan Galescu
Richard Ortiz


Sent from my iPhone

**GC EXHIBIT 16-003**

From: David Zweig
Sent: Wednesday, April 05, 2017 4:57 PM
To: Jonathan Galescu <jgalescu@tesla.com>
Cc: 'Josh Hedges (jhedges@tesla.com)' <jhedges@tesla.com>; Richard Ortiz <rlortiz@tesla.com>
Subject: RE: Requesting OSHA forms

Dear Jonathan:

In response to your request dated April 4, 2017, we are producing:

- Current OSHA 300 logs for 2017, and OSHA 300 logs for the calendar years of 2012 – 2016 [we are processing this data and we will send shortly]
- OSHA 300A Summaries for 2012 – 2016 [note that our Form 300A Summaries are completed following the end of each calendar year – summaries for 2017 will not be available until February 1, 2018]

Cal/OSHA Form 300s and 300A annual summaries are being provided to you with the understanding that you and Richard Ortiz are exercising your rights as current employees to access injury and illness records under Cal. Code Regs. Title 8, §14300.35. To protect the privacy and confidential health information of injured and ill employees, we have not provided names on the Cal/OSHA 300 logs.

Please note that Cal/OSHA 300 forms may be revised and updated to include newly discovered recordable injuries and illnesses, and to show any changes that have occurred in the classification of previously recorded injuries and illnesses. We also reserve the right to update our annual summaries on the Cal/OSHA 300A forms, should revisions become necessary.

Please do not hesitate to contact me if you have any questions about the attachments.

**David Zweig** | HR | Human Resources
45500 Fremont Boulevard | Fremont, CA 94538

T E S L A

The content of this message is the proprietary and confidential property of Tesla Motors, and should be treated as such. If you are not the intended recipient and have received this message in error, please delete this message from your computer system and notify me immediately by reply e-mail. Any unauthorized use or distribution of the content of this message is prohibited. Thank you.

Please consider the environment before printing this email.

22-60493.2944

-XHIBIT NO. GC-17 RECEIVED✓ REJECTED
32-CA-197020
CASE NO _____ CASE NAME: Tesla, Inc.
- OF 14 DATE: 6/13/18 REPORTER B. RAST

**Attention:** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health programs. See CCR Title 8 14300.29(b)(6)-(10)


STATE OF CALIFORNIA CAL OSHA

Cal/OSHA Form 300 (Rev.7/2007)
**Log of Work-Related Injuries and Illnesses**

**Year: 2017**

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in CCR Title 8 Section 14300 8 through 14300 12. Feel free to use two lines for a single case if you need to. You must complete an Injury and Illness Incident Report (Cal OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local Cal OSHA office for help.

**Establishment name:** Tesla Motors    **City/State:** Fremont, CA

| Case # | Employee's Name | Job Title (e.g. welder) | Date of injury or onset of illness (month/day) | Where the event occurred (e.g. Loading dock north end) | Describe injury or illness, parts of body affected and object/substance that directly injured or made person ill. (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Job transfer or restriction (I) | Other recordable cases (J) | Away from work (K) | On the job transfer or restriction (L) | (M)(1) Injury | (2) Skin Disorder | (3) Respiratory Condition | (4) Poisoning | (5) Hearing Loss | (6) All other illnesses |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Material Handler | 4/3 | Materials/GA Conveyance | Manual Handling - Strain/sprain to back | | X | | | days | days | X | | | | | |
| 2 | | Material Handler | 3/30 | Battery Pack/Powertrain | Musculoskeletal disorder - Strain/sprain to back | | | X | | days | 4 days | X | | | | | |
| 3 | | Production Associate | 3/20 | Body Line 1/BIW | Musculoskeletal disorder - Strain/sprain to back | | X | X | | 4 days | 3 days | X | | | | | |
| 4 | | Production Associate | 3/28 | Body Line 1/BIW | Struck against - Cut to wrist | | | X | | days | days | X | | | | | |
| 5 | | Production Associate | 3/29 | Battery Pack/Powertrain | Musculoskeletal disorder - Strain/sprain to shoulder | | | X | | days | days | X | | | | | |
| 6 | | Production Associate | 3/27 | Body Line 2/BIW | Musculoskeletal disorder - Strain/sprain to wrist | | | X | | 6 days | days | X | | | | | |
| 7 | | Production Associate | 3/26 | Trim 2/GA | Ergonomic injury - Strain/sprain to shoulder | | | X | | days | days | X | | | | | |
| 8 | | Production Associate | 3/23 | Electrics/Powertrain | Musculoskeletal disorder - Strain/sprain to wrist | | | X | | 13 days | days | X | | | | | |
| 9 | | Production Associate | 3/22 | Body Line 1/BIW | Skin disorder - Foreign body on upper arm (Allergy) | | | X | | days | days | | X | | | | |
| 10 | | Body Fitter | 3/23 | Chassis & Final | Ergonomic injury - Strain/sprain to knee | | | X | | days | 8 days | X | | | | | |
| 11 | | Lead Production Associate | 3/22 | Small Drive Unit/Powertrain | Musculoskeletal disorder - Strain/sprain to back | | X | X | | 5 days | 6 days | X | | | | | |
| 12 | | Lead Production Associate | 1/26 | Trim 2/GA | Ergonomic injury - Strain/sprain to shoulder | | | X | | 7 days | 40 days | X | | | | | |
| 13 | | Production Associate | 3/7 | Body Paint/Paint Center | Musculoskeletal disorder - Strain/sprain to hand | | | X | | days | 14 days | X | | | | | |
| 14 | | Contingent worker | 3/20 | Trim 3/GA | Slip/trip - Strain/sprain to ankle | | | X | | days | days | X | | | | | |
| 15 | | Production Associate | 3/3 | Stamping/Press Center | Musculoskeletal disorder - Strain/sprain to back | | | X | | days | days | X | | | | | |
| | | | | | **Page Totals** | 0 | 3 | 14 | 0 | 22 days | 88 days | 14 | 1 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Page 1 of 7

| Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|
| | | | | | |

**GC EXHIBIT 017-002**

Cal/OSHA Form 300 (Rev.7/2007)
**Log of Work-Related Injuries and Illnesses**



Year: **2017**

**Attention:** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health programs. See CCR Title 8 14300.29(b)(6)-(10)

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in CCR Title 8 Section 14300.8 through 14300.12. Feel free to use two lines for a single case if you need to. You must complete an Injury and Illness Incident Report (Cal/OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local Cal/OSHA office for help.

**Establishment name:** Tesla Motors    **City/State:** Fremont, CA

| Case # | Employee's Name | Job Title | Date of injury (month/day) | Where the event occurred | Describe injury or illness | Death (G) | Days away from work (H) | Job transfer or restriction (I) | Other recordable cases (J) | Away from work (K) | On job transfer/restriction (L) | (1) | (2) | (3) | (4) | (5) | (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | | Production Associate | 3/15 | Body Line 2/BIW | Musculoskeletal disorder - Strain/sprain - wrist | 0 | 3 X | 14 X | 0 | 22 days 15 | 88 days 14 1 | X | | | | | |
| 17 | | Lead Production Associate | 3/15 | Chassis & Final/GA | Slip/trip - Bruising to back | | | X | | | 11 | X | | | | | |
| 18 | | Production Associate | 3/15 | Trim 0.5/GA | Ergonomic injury - strain/sprain to wrist | | | X | | | 14 | X | | | | | |
| 19 | | Production Associate | 3/14 | Battery Module/Powertrain | Contact with electricity - Burns to fingers | | | | X | | 3 | X | | | | | |
| 20 | | Production Associate | 3/14 | Trim 0.5/GA | Ergonomic injury - Strain/sprain to back | | | X | | | 17 | X | | | | | |
| 21 | | Production Associate | 3/14 | Trim 02/GA | Ergonomic injury - Strain/sprain to neck | | | X | | | 15 | X | | | | | |
| 22 | | Production Associate | 3/14 | Chassis & Final/GA | Ergonomic injury - Strain/sprain to back | | X | | | | 15 | X | | | | | |
| 23 | | Production Associate | 3/13 | Electrics/Powertrain | Musculoskeletal disorder - Strain/sprain to wrist | | | X | | | 15 | X | | | | | |
| 24 | | Production Associate | 3/13 | Body Line 1/BIW | Musculoskeletal disorder - Strain/sprain to wrist | | | X | | | 17 | X | | | | | |
| 25 | | Production Associate | 3/11 | Body Line 1/BIW | Ergonomic injury - Strain/sprain to fingers | | | X | | | 17 | X | | | | | |
| 26 | | Production Associate | 3/9 | Door Line/GA | Ergonomic injury - Strain/sprain to back | | | X | | | 15 | X | | | | | |
| 27 | | Production Associate | 3/7 | EOL/GA | Ergonomic injury - Strain/sprain to back | | | X | | | 12 | X | | | | | |
| 28 | | Body Fitter | 3/7 | Chassis & Final/GA | Ergonomic injury - Strain/sprain to upper arm | | | X | | | 15 | X | | | | | |
| 29 | | Production Associate | 3/7 | Trim 01/GA | Ergonomic injury - Strain/sprain to back | | | X | | | 21 | X | | | | | |
| 30 | | Production Associate | 2/16 | Chassis & Final/GA | Ergonomic injury - Strain/sprain to back | | X | X | | 5 | 17 | X | | | | | |
| | | | | | **Page Totals** | 0 | 6 | 27 | 1 | 42 days | 293 days 29 | 1 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Page    2 of 7

**GC EXHIBIT 017-003**

22-60493.2946

**Attention:** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health programs. See CCR Title 8 14300.29(b)(6)-(10)



Cal/OSHA Form 300 (Rev.7/2007)

## Log of Work-Related Injuries and Illnesses

**Year: 2017**

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work- related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in CCR Title 8 Section 14300 8 through 14300.12. Feel free to use two lines for a single case if you need to. You must complete an Injury and Illness Incident Report (Cal/OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local Cal/OSHA office for help.

**Establishment name:** Tesla Motors    **City/State:** Fremont, CA

**Identify the person** | **Describe the case** | **Classify the case**

| (A) Case # | (B) Employee's Name | (C) Job Title (e.g. welder) | (D) Date of injury or onset of illness (month/day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected and object/substance that directly injured or made person ill. (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Job transfer or restriction (I) | Other recordable cases (J) | Away from work (K) | On the job transfer or restriction (L) | Injury (M)(1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 0 | 6 | 27 | 1 | 42 days | 293 days | 29 | 1 | 0 | 0 | 0 | 0 |
| 31 | | Production Associate | 3/2 | Mold/Plastics Center | Hand/arm vibration - Strain/sprain to hand | | | X | | | 15 | X | | | | | |
| 32 | | Production Associate | 3/6 | Body Line 1/BIW | Musculoskeletal disorder - Strain/sprain to shoulder | | | X | | | 26 | X | | | | | |
| 33 | | Production Associate | 2/25 | Battery Module/Powertrain | Loading module or shed hand btwn 2 totes | | | X | | | 12 | X | | | | | |
| 34 | | Production Associate | 3/2 | Battery Module/Powertrain | Back is sore from working the WB RW machine | | | X | | | 34 | X | | | | | |
| 35 | | Equipment Mant Tech | 3/2 | Battery Module/Powertrain | Edison cleaning scroll off the die bed when he was startled by the sound and the bobber moving and slipped in oil when Associate is unsure of cause for pain in right lower back/hip area | | | X | | | 34 | X | | | | | |
| 36 | | Production Associate | 3/2 | Press Center Stamping 6A | | | | X | | | 6 | X | | | | | |
| 37 | | Welder | 3/1 | Body Line 1/Underbody | Associate complained of wrist pain on his left hand | | | X | | | 35 | X | | | | | |
| 38 | | Contigent Worker | 3/1 | Final Line 1 | Dr. tee tripped the associate's knee causing it it to hyper-extend backwards | | x | | | | | X | | | | | |
| 39 | | Production Associate | 2/27 | Paint Center Sealer | injuite fell on associate's back while working on slat 3 station | | | X | | | 18 | X | | | | | |
| 40 | | Production Associate | 2/8 | Battery Module Powertrain | Vanessa reported lower back pain from moving modules | | | X | | | 17 | X | | | | | |
| 41 | | Production Associate | 2/8 | PWT Cooling Tube | Associate was feeling discomfort on her legs and feet After a couple hours, associate was feeling shooting pain on her foot | | X | | | 2 | | X | | | | | |
| 42 | | Production Associate | 2/17 | GA Trim 5 | Torqued from impact gun kicked awkwardly and caused pain in his elbow | | x | X | | 33 | 2 | X | | | | | |
| 43 | | Production Associate | 2/10 | Battery Module/Powertrain | Working EOL felt a discomfort in right wrist and went to the nurse for observation | | | X | | | 54 | X | | | | | |
| 44 | | Production Associate | 2/13 | PWT Electrics Cnt Display | EE did not report injury or doctor's appt to supervisor prior to event. EE now on leave. | | | X | | | 9 | X | | | | | |
| 45 | | EOL Technician | 2/19 | EOL Repair | piece of plastic cut through his finger | | | X | | | 15 | X | | | | | |
| | | | | | **Page Totals** | 0 | 9 | 40 | 1 | 77 days | 570 days | 44 | 1 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Page    3    of    7

| | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|

GC EXHIBIT 017-004

22-60493.2947

**Attention:** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health programs. See CCR Title 8 14300.29(b)(6)-(10)



Cal/OSHA Form 300 (Rev.7/2007)
## Log of Work-Related Injuries and Illnesses

**Year: 2017**

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work- related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in CCR Title 8 Section 14300 8 through 14300.12. Feel free to use two lines for a single case if you need to. You must complete an Injury and Illness Incident Report (Cal/OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local Cal/OSHA office for help.

**Establishment name:** Tesla Motors    **City/State:** Fremont, CA

### Identify the person / Describe the case / Classify the case

| Case # (A) | Employee's Name (B) | Job Title (e.g. welder) (C) | Date of injury or onset of illness (month/day) (D) | Where the event occurred (e.g. Loading dock north end) (E) | Describe injury or illness, parts of body affected and object/substance that directly injured or made person ill. (e.g. Second degree burns on right forearm from acetylene torch) (F) | Death (G) | Days away from work (H) | Job transfer or restriction (I) | Other recordable cases (J) | Away from work (K) | On the job transfer or restriction (L) | Injury (M)(1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 46 | | Contigent Worker | 2/17 | SDU Rotor | Bumped his head as he stood up. He started to feel dizzy | | 9 | 40 | 1 | 77 days | 570 days | X | 1 | 0 | 0 | 0 | 0 |
| 47 | | Production Associate | 2/17 | PWT Electrics Cnt Display | Associate complained of pain in wrist and working station CD1-07000 | | X | X | | | 20 | X | | | | | |
| 48 | | Production Associate | 2/17 | PWT Electrics Gen 3 | When she went to turn around she stepped over a small air extractor that rested on the floor causing her to fall to the | | X | X | | | 36 | X | | | | | |
| 49 | | Production Associate | 2/8 | PWT Electrics Cnt Display | Discomfort in right shoulder. Associate didn't report any pain from a week ago until now | | X | X | | | 9 | X | | | | | |
| 50 | | Production Associate | 2/15 | PWT Electrics Cnt Display | Associate expresses numbness in left arm after waking up in the morning. This is a result of the push and pull | | | X | | | 49 | X | | | | | |
| 51 | | Production Associate | 2/14 | Supercharger | Felt more left discomfort and requested to go to the clinic during work | | 7 | X | | | 50 | X | | | | | |
| 52 | | Contigent Worker | 2/12 | Battery Module/Powertrain | Associate was placing a pallet as he bent down to grab the pallet he felt a pull | | X | X | | | | X | | | | | |
| 53 | | Contigent Worker | 2/12 | Battery Module/Powertrain | Associate feeling pain on both feet | | X | X | | | 0 | X | | | | | |
| 54 | | Production Associate | 1/31 | W242 Energy Module | Feeling a slight discomfort in her left wrist | | | X | | | 13 | X | | | | | |
| 55 | | Production Associate | 2/13 | W242 Energy Module | Right shoulder pain | | X | X | | | 5 | X | | | | | |
| 56 | | Contigent Worker | 2/2 | PWT Battery Pack Line | Injured his back and hand due to repetitive motion | | X | | | | | X | | | | | |
| 57 | | Lead Prod. Associate | 2/10 | PWT Electrics Cnt Display | Associate started feeling pain in left wrist while working, woke up in the morning with numbness in fingers and weakness in left hand | | X | X | | | 49 | X | | | | | |
| 58 | | Production Associate | 2/8 | PW Electrics Cnt Display | Soreness in her right shoulder, regarding injuries sustained in a car accident outside of work. | | | X | | | 49 | X | | | | | |
| 59 | | Production Associate | 1/29 | Paint Center Inspection | Team member was walking outside topcoat tack-off area entrance and slipped on floor landing on shoulder | | X | X | | | 27 | X | | | | | |
| 60 | | Production Super. GA | 2/7 | GA Trim Panel 2 | By last break eye was red and irritated. Unknown how he got foreign material in his eye | | | X | | | | X | | | | | |
| | | | | | **Page Totals** | 0 | 18 | 53 | 1 | 77 days | 877 days | 59 | 1 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Page    4 of 7

| | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|

**GC EXHIBIT 017-005**

22-60493.2948



**Attention:** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health programs. See CCR Title 8 14300.29(b)(6)-(10)

Cal/OSHA Form 300 (Rev.7/2007)
## Log of Work-Related Injuries and Illnesses

**Year: 2017**

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work- related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in CCR Title 8 Section 14300.8 through 14300.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness Incident Report (Cal OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local Cal OSHA office for help.

**Establishment name:** Tesla Motors    **City/State:** Fremont, CA

| Case # | Employee's Name | Job Title (e.g. welder) | Date of injury or onset of illness (month/day) | Where the event occurred (e.g. Loading dock north end) | Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill. (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Job transfer or restriction (I) | Other recordable cases (J) | Away from work (K) days | On the job transfer or restriction (L) days | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 61 | | Temp Employee | 2/1 | Battery Pack Line | Operator reported to lead that his hands began to bother him due to performing module load task, specifically the | 0 | 18 | 53 | | 77 days | 877 days | X | 1 | 0 | 0 | 0 | 0 |
| 62 | | Production Associate | 2/7 | Rear Door Right Hand | EE strained his RH forearm/e bow when lifting a casting at RDR fasteners | | X | | | 8 | 29 | X | | | | | |
| 63 | | Production Associate | 2/2 | Main Line Underbody | Associate felt pain on Left knee while working within his scope of job | | X | | | 41 | | X | | | | | |
| 64 | | Contingent Worker | 2/6 | Production Control/ Materials | Team Member was loading material from a bin on his forklift into a bin on the Line and pulled a muscle. | | | | | | | X | | | | | |
| 65 | | Contingent Worker | 2/6 | Main Line Underbody | EE aggravated his left knee with stepping up the incline at station UB11301 H... | | | | | | | X | | | | | |
| 66 | | Material Handler | 1/9 | Materials/PWT Conveyance | Manual handling - Strain/sprain to hand | | | X | | | 18 | X | | | | | |
| 67 | | Contingent Worker | 1/4 | Chassis & Final/GA | Strain/sprain to neck | | | | | | | X | | | | | |
| 68 | | Production Associate | 1/5 | Door Line/GA | Repetitive Motion Type injury to hand/wrist | | | | | | 54 | X | | | | | |
| 69 | | Manufacturing Tech | 1/4 | EOL/GA | Laceration to fingers | | | X | | | 28 | X | | | | | |
| 70 | | Contingent Worker | 1/3 | Small Drive Unit/Power train | Crushing of thumb | | | | | | | X | | | | | |
| 71 | | Production Associate | 1/9 | Body Line 1/BIW | Manual handling - Strain/sprain to spine | | | X | | | 35 | X | | | | | |
| 72 | | Production Associate | 1/11 | Small Drive Unit/Powertrain | Musculoskeletal disorder - Strain/sprain to wrist | | | X | | | 42 | X | | | | | |
| 73 | | Contingent Worker | 1/4 | Trim 02/GA | Ergonomic injury - Strain/sprain to back | | | X | | | | X | | | | | |
| 74 | | Production Associate | 1/4 | Body Line 1/BIW | Contact with chemicals - Foreign body in eye | | X | | | | 52 | | | | | | X |
| 75 | | Production Associate | 1/6 | Small Drive Unit/Powertrain | Musculoskeletal disorder - Strain/sprain to back | | | X | | | 56 | X | | | | | |
| | | | | | **Page Totals** | 0 | 21 | 59 | 1 | 126 days | 1191 days | 73 | 1 | 0 | 0 | 0 | 1 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Page    5  of  7

CONFIDENTIAL

**GC EXHIBIT 017-006**

22-60493.2949



**Attention:** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health programs. See CCR Title 8 14300.29(b)(6)-(10)

Cal/OSHA Form 300 (Rev.7/2007)

## Log of Work-Related Injuries and Illnesses

**Year:** 2017

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work- related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in CCR Title 8 Section 14300.8 through 14300.12. Feel free to use two lines for a single case if you need to. You must complete an Injury and Illness Incident Report (Cal OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local Cal OSHA office for help.

**Establishment name:** Tesla Motors    **City/State:** Fremont, CA

| | | | | | | Classify the case | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Identify the person | | | Describe the case | | | Using these four categories, check ONLY the most serious result for each case: | | | | Enter the number of days the injured or ill worker was: | | Check the "injury" column or choose one type of illness | | | | | |
| (A) | (B) | (C) | (D) | (E) | (F) | Death | Days away from work | Job transfer or restriction | Other recordable cases | Away from work | On the job transfer or restriction | (M) Injury | Skin Disorder | Respiratory Condition | Poisoning | Hearing loss | All other illnesses |
| Case # | Employee's Name | Job Title (e.g. welder) | Date of injury or onset of illness (month/day) | Where the event occurred (e.g. Loading dock north end) | Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill. (e.g. Second degree burns on right forearm from acetylene torch) | (1G) | (H) | (I) | (J) | (K) | (L) | (1) | (2) | (3) | (4) | (5) | (6) |
| 76 | | Contingent Worker | 05-Feb-2017 | General Assembly/ Trim 02 | Associate called me 15 minutes prior to shift start 2/6/17 and informed me that he is unable to come in to | | 21 | 59 | | 126 days | 1191 days | X | | | | | |
| 77 | | Material Handler | 07-Feb-2017 | Production Control/GA Conveyance | Associate was picking up a tote ... when he lifted up he felt a pinch in his back | | | x | | | 20 | x | | | | | |
| 78 | | Production Associate | 28-Jan-2017 | Powertrain/ Battery Pack Line | While performing module ... associate twisted his lower back due to the roll of the lift. Associate felt for the | | | x | | 4 | 7 | x | | | | | |
| 79 | | Production Associate | 31-Jan-2017 | Plastics Center | Associate was sanding parts with an electric sander & started to feel some pain in her left elbow. | | | x | | 16 | 21 | x | | | | | |
| 80 | | Production Associate | 03-Feb-2017 | Body in White/ Line 1 | Prior to the incident ... Associate was working at station 10-20 in DayX. At approximately 8:00 AM Associate | | | x | | | 25 | x | | | | | |
| 81 | | Material Handler | 02-Feb-2017 | Production Control/ Materials | team member was straddling to his tugger / his left foot slipped he caught himself on the tugger causing his left | | | x | | | 33 | x | | | | | |
| 82 | | Production Associate | 01-Feb-2017 | Powertrain/ Electrics | Soreness in right hand. Unable to squeeze all the ... | | | x | | | 48 | x | | | | | |
| 83 | | Production Associate | 25-Jan-2017 | Press Center/ Stamping | Associate was standing on the last step (5th step) of stairs right before the top deck inside the 4d press leading to die | | | x | | | 27 | x | | | | | |
| 84 | | Production Associate | 30-Jan-2017 | Powertrain/ SDU Inverter | Associate was reaching for the scanner with her right hand and doing MES transactions as well and started | | | x | | | 69 | x | | | | | |
| 85 | | Production Associate | 26-Jan-2017 | General Assembly Chassis 02A | ...ker molding on to the vehicle, when working towards the vehicle Varaman stated that he might have had step | | | x | | | 40 | x | | | | | |
| 86 | | Material Handler | 28-Jan-2017 | Production Control/ Materials | Associate was coming out of north roll up door as he was approaching the EOL roll up door a blue model x backed into him. | | | x | | | 37 | x | | | | | |
| 87 | | Production Associate | 26-Jan-2017 | General Assembly/ Trim 02 | assigned processes at the quarter glass station. His process requires him to pick up quarter glass parts which | | | x | | 13 | 31 | x | | | | | |
| 88 | | Production Associate | 25-Jan-2017 | Body Side Right | At approximately 3:55 pm the Associate removed a RH B-pillar outer from the cell and when placing it on the | | | x | | | 31 | x | | | | | |
| 89 | | Manufacturing Technician | 26-Jan-2017 | End of Final Line Repair | Technician reported to supervisor that he had pain in his right eye. Supervisor took him to eye wash station, | | | | x | | | | | | | | X |
| 90 | | Production Associate | 03-Jan-2017 | Battery Pack Line | When loading modules he begins to feel discomfort in upper shoulders and neck | | | x | | | 60 | x | | | | | |
| | | | | | **Page Totals** | 0 | 21 | 72 | 2 | 159 days | 1640 days | 87 | 1 | 0 | 0 | 0 | 2 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

| Injury | Skin Disorder | Respiratory Condition | Poisoning | Hearing loss | All other illnesses |
|---|---|---|---|---|---|
| (1) | (2) | (3) | (4) | (5) | (6) |

**GC EXHIBIT 017-007**

22-60493.2950

**Attention:** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health programs. See CCR Title 8 14300.29(b)(6)-(10)



Cal/OSHA Form 300 (Rev.7/2007)
## Log of Work-Related Injuries and Illnesses

**Year: 2017**

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in CCR Title 8 Section 14300.8 through 14300.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident Report (Cal/OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local Cal/OSHA office for help.

**Establishment name: Tesla Motors      City/State: Fremont, CA**

| Case # | Employee's Name | Job Title (e.g. welder) | Date of injury or onset of illness (month/day) | Where the event occurred (e.g. Loading dock north end) | Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill. (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Remained at work – Job transfer or restriction (I) | Remained at work – Other recordable cases (J) | Away from work (K) | On the job transfer or restriction (L) | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 0 | 21 | 72 | 2 | 159 days | 1640 days | 87 | 1 | 0 | 0 | 0 | 2 |
| 91 | | Contingent Worker | 1/24 | Chassis & Final/GA | Ergonomic injury - Strain/sprain to shoulder | | | X | | | | X | | | | | |
| 92 | | Production Associate | 1/21 | Blanking/Press Center | Musculoskeletal disorder - Strain/sprain to leg | | | X | | | 20 | X | | | | | |
| 93 | | Equipment Maintenance Tech | 1/23 | Battery Module/Powertrain | Struck against - Cuts to head | | | | X | | 8 | X | | | | | |
| 94 | | Production Associate | 1/23 | Large Drive Unit/Powertrain | Contact with machinery - Bruising of hand/wrist | | | X | | | 32 | X | | | | | |
| 95 | | Contingent Worker | 1/18 | Battery Module/Powertrain | Struck by object - Crush of fingers | | | X | | | | X | | | | | |
| 96 | | Production Associate | 1/18 | Large Drive Unit/Powertrain | Musculoskeletal disorder - Strain/sprain to back | | | X | | | 49 | X | | | | | |
| 97 | | Production Associate | 1/3 | Trim 0.5/GA | Musculoskeletal disorder - Strain/sprain to trunk | | | X | | | 23 | X | | | | | |
| 98 | | Contingent Worker | 1/17 | Chassis & Final/GA | Musculoskeletal disorder - Cuts to fingers | | | X | | | | X | | | | | |
| 99 | | Production Associate | 1/13 | Body Line 2/BIW | Musculoskeletal disorder - Strain/sprain to hand | | X | X | | 5 | 53 | X | | | | | |
| 100 | | Quality Inspector | 1/11 | Product Excellence | Contact with hand tools - Strain/sprain to hand | | | | X | | 27 | X | | | | | |
| 101 | | | | | | | | | | | | | | | | | |
| 102 | | | | | | | | | | | | | | | | | |
| 103 | | | | | | | | | | | | | | | | | |
| 104 | | | | | | | | | | | | | | | | | |
| 105 | | | | | | | | | | | | | | | | | |
| | **Page Totals** | | | | | 0 | 22 | 80 | 4 | 164 days | 1852 days | 97 | 1 | 0 | 0 | 0 | 2 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Page  7  of  7

| | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |

## GC EXHIBIT 017-008

22-60493.2951

Cal/OSHA Form 300A (Rev. 7/2007)

## Summary of Work-Related Injuries and Illnesses



**Year: 2012**

All establishments covered by CCR Title 8 Section 14300 must complete this Annual Summary, even if no work-related injuries or illnesses occurred during the year. Remember to review the Log to verify that the entries are complete and accurate before completing this summary.

Using the Log, count the individual entries you made for each category. Then write the totals below, making sure you've added the entries from every page of the Log. If you had no cases, write "0."

Employees, former employees, and their representatives have the right to review the Cal/ OSHA Form 300 in its entirety. They also have limited access to the Cal/ OSHA Form 301 or its equivalent. See CCR Title 8 Section 14300.35, in Cal/ OSHA's recordkeeping rule, for further details on the access provisions for these forms.

### Number of Cases

| Total number of deaths | Total number of cases with days away from work | Total number of cases with job transfer or restriction | Total number of other recordable cases |
|---|---|---|---|
| 0 | 11 | 22 | 13 |
| (G) | (H) | (I) | (J) |

### Number of Days

| Total number of days away from work | Total number of days of job transfer or restriction |
|---|---|
| 55 | 560 |
| (K) | (L) |

### Injury and Illness Types

Total number of...
(M)

| | | | |
|---|---|---|---|
| (1) Injuries | 43 | (4) Poisonings | 0 |
| (2) Skin Disorders | 3 | (5) Hearing loss | 0 |
| (3) Respiratory Conditions | 0 | (6) All other illnesses | 0 |

### Facility Information

Establishment name: Tesla Motors Inc.

Str... 45500 F... ont Blvd

Ci. F...mont    State CA    ZIP    94538

Industr... escription:    Manufacturing Electric vehicle powertrains

Standar... Industrial Classification (SIC)
If known (e.g., SIC 3715)    3711

### Employment Information
(If you don't have these figures, use the optional Worksheet to estimate)

Annual average number of employees    1217

Total hours worked by all employees last year    3,110,595

### Sign here

**Knowingly falsifying this document may result in a fine.**

I certify that I have examined this document and that to the best of my knowledge the entries are true, accurate, and complete.

Arnnon Geshuri    VP of Human Resources
Company executive    Title

(650) 681-5454    1/31/2013
Phone    Date

**Post this Annual Summary from February 1 to April 30 of the year following the year covered by the form.**

CONFIDENTIAL

# OSHA's Form 300A (Rev. 01/2004)
## Summary of Work-Related Injuries and Illnesses

Year __2013__



U.S. Department of Labor
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176

*All establishments covered by Part 1904 must complete this Summary, even if no injuries or illnesses occurred during the year. Remember to review the Log to verify that the entries are complete and accurate before completing this summary.*

*Using the Log, count the individual entries you made for each category. Then write the totals below, making sure you've added the entries from every page of the log. If you had no cases write "0."*

*Employees former employees, and their representatives have the right to review the OSHA Form 300 in its entirety. They also have limited access to the OSHA Form 301 or its equivalent. See 29 CFR 1904 35, in OSHA's Recordkeeping rule, for further details on the access provisions for these forms.*

### Number of Cases

| Total number of deaths | Total number of cases with days away from work | Total number of cases with job transfer or restriction | Total number of other recordable cases |
|---|---|---|---|
| 0 | 15 | 101 | 38 |
| (G) | (H) | (I) | (J) |

### Number of Days

| Total number of days away from work | Total number of days of job transfer or restriction |
|---|---|
| 364 | 2246 |
| (K) | (L) |

### Injury and Illness Types

Total number of... (M)

| | | | |
|---|---|---|---|
| (1) Injury | 153 | (4) Poisoning | 0 |
| (2) Skin Disorder | 0 | (5) Hearing Loss | 0 |
| (3) Respiratory Condition | 1 | (6) All Other Illnesses | 0 |

### Establishment information

Your establishment name __Tesla Factory__

Street __45500 Fremont Blvd__

City __Fremont__     State __CA__     Zip __94538__

Industry descrip (e.g., Manufacture of motor truck trailers)
__Manufacture Electric Vehicles__

Standard Industrial Classification (SIC), if known (e.g., SIC 3715)
__7__ __1__ __1__

OR North American Industrial Classification (NAICS), if known (e.g., 336212)

### Employment information

Annual average number of employees __3384__

Total hours worked by all employees last year __7237087__

### Sign here

**Knowingly falsifying this document may result in a fine.**

I certify that I have examined this document and that to the best of my knowledge the entries are true, accurate, and complete.

_____ Company executive

__650-681-5454__ Phone

__VP, HR__ Title

__Feb 1, 2014__ Date

**Post this Summary page from February 1 to April 30 of the year following the year covered by the form**

Public reporting burden for this collection of information is estimated to average 58 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave. NW, Washington, DC 20210. Do not send the completed forms to this office.

CONFIDENTIAL

# GC EXHIBIT 017-010

**OSHA's Form 300A** (Rev. 01/2004)
## Summary of Work-Related Injuries and Illnesses

Year __2014__

**U.S. Department of Labor**
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176



All establishments covered by Part 1904 must complete this Summary page, even if no injuries or illnesses occurred during the year. Remember to review the Log to verify that the entries are complete and accurate before completing this summary.

Using the Log, count the individual entries you made for each category. Then write the totals below, making sure you've added the entries from every page of the log. If you had no cases write "0."

Employees former employees, and their representatives have the right to review the OSHA Form 300 in its entirety. They also have limited access to the OSHA Form 301 or its equivalent. See 29 CFR 1904.35, in OSHA's Recordkeeping rule, for further details on the access provisions for these forms.

### Number of Cases

| Total number of deaths | Total number of cases with days away from work | Total number of cases with job transfer or restriction | Total number of other recordable cases |
|---|---|---|---|
| 0 | 58 | 344 | 76 |
| (G) | (H) | (I) | (J) |

### Number of Days

| Total number of days away from work | Total number of days of job transfer or restriction |
|---|---|
| 1114 | 19155 |
| (K) | (L) |

### Injury and Illness Types

Total number of... (M)

| | | | |
|---|---|---|---|
| (1) Injury | 497 | (4) Poisoning | 0 |
| (2) Skin Disorder | 1 | (5) Hearing Loss | 1 |
| (3) Respiratory Condition | 0 | (6) All Other Illnesses | 0 |

**Establishment Information**

Your establishment name  Tesla Factory
Street  45500 Fremont Blvd
City  Fremont    State  CA    Zip  94538
Industry description (e.g. Manufacture of motor truck trailers)
  Manufacturing Electric Vehicles
Standard Industrial Classification (SIC), if known (e.g., SIC 3715)
  3  7  1  1
OR North American Industrial Classification (NAICS), if known (e.g., 336212)
  3  3  6  1  0  0

**Employment Information**

Annual average number of employees  5043
Total hours worked by all employees last year  11314289.47

**Sign here**

Knowingly falsifying this document may result in a fine.

I certify that I have examined this document and that to the best of my knowledge the entries are true, accurate, and complete.

_____ Company executive    VP, HR  Title
650 681-5000  Phone    1/30/2015  Date

Post this Summary page from February 1 to April 30 of the year following the year covered by the form

Public reporting burden for this collection of information is estimated to average 58 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

CONFIDENTIAL

**GC EXHIBIT 017-011**

**OSHA's Form 300A** (Rev. 01/2004)

# Summary of Work-Related Injuries and Illnesses

Year__ **2015**
U.S. Department of Labor
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176



*All establishments covered by Part 1904 must complete this Summary page, even if no injuries or illnesses occurred during the year. Remember to review the Log to verify that the entries are complete and accurate before completing this summary.*

*Using the Log, count the individual entries you made for each category. Then write the totals below, making sure you've added the entries from every page of the log. If you had no cases write "0."*

*Employees former employees, and their representatives have the right to review the OSHA Form 300 in its entirety. They also have limited access to the OSHA Form 301 or its equivalent. See 29 CFR 1904.35, in OSHA's Recordkeeping rule, for further details on the access provisions for these forms*

## Number of Cases

| Total number of deaths | Total number of cases with days away from work | Total number of cases with job transfer or restriction | Total number of other recordable cases |
|---|---|---|---|
| 0 | 214 | 364 | 63 |
| (G) | (H) | (I) | (J) |

## Number of Days

| Total number of days away from work | Total number of days of job transfer or restriction |
|---|---|
| 10650 | 17692 |
| (K) | (L) |

## Injury and Illness Types

Total number of...
(M)

| | | | |
|---|---|---|---|
| (1) Injury | 644 | (4) Poisoning | 0 |
| (2) Skin Disorder | 0 | (5) Hearing Loss | 0 |
| (3) Respiratory Condition | 0 | (6) All Other Illnesses | 0 |

**Post this Summary page from February 1 to April 30 of the year following the year covered by the form**

Public reporting burden for this collection of information is estimated to average 58 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

### Establishment information

Your establishment name   Tesla Factory

Street   45500 Fremont Blvd

City   Fremont                    CA          Zip   94538

Industry description (e.g., Manufacture of motor truck trailers)
Manufacturing Electric Vehicles

Standard Industrial Classification (SIC), if known (e.g., SIC 3715)
3 _ _ _

OR North American Industrial Classification (NAICS), if known (e.g., 336212)
3   3   6   1   0   0

### Employment information

Annual average number of employees        6995

Total hours worked by all employees last year        14591741

**Sign here**

Knowingly falsifying this document may result in a fine.

I certify that I have examined this document and that to the best of my knowledge the entries are true, accurate, and complete.

Mark Lipscomb
Company executive

408.679.335
Phone

VP, Human Resources
Title

2/1/2016
Date

CONFIDENTIAL

**OSHA's Form 300A** (Rev. 01/2004)

# Summary of Work-Related Injuries and Illnesses

Year __2016__



U.S. Department of Labor
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176

*All establishments covered by Part 1904 must complete this Summary page, even if no injuries or illnesses occurred during the year. Remember to review the Log to verify that the entries are complete and accurate before completing this summary.*

*Using the Log, count the individual entries you made for each category. Then write the totals below, making sure you've added the entries from every page of the log. If you had no cases write "0."*

*Employees former employees, and their representatives have the right to review the OSHA Form 300 in its entirety. They also have limited access to the OSHA Form 301 or its equivalent. See 29 CFR 1904.35, in OSHA's Recordkeeping rule, for further details on the access provisions for these forms.*

### Number of Cases

| Total number of deaths | Total number of cases with days away from work | Total number of cases with job transfer or restriction | Total number of other recordable cases |
|---|---|---|---|
| 0 | 139 | 507 | 59 |
| (G) | (H) | (I) | (J) |

### Number of Days

| Total number of days away from work | Total number of days of job transfer or restriction |
|---|---|
| 4468 | 18035 |
| (K) | (L) |

### Injury and Illness Types

Total number of...
(M)

| | | | |
|---|---|---|---|
| (1) Injury | 705 | (4) Poisoning | 0 |
| (2) Skin Disorder | 0 | (5) Hearing Loss | 0 |
| (3) Respiratory Condition | 0 | (6) All Other Illnesses | 0 |

**Establishment information**

Your establishment _____ a Factory

Street 45500 ___mont Blvd

City Frem___        State CA        Zip 94538

Industry description (e.g., Manufacture of motor truck trailers)
    Automobile Manufacturing

Standard Industrial Classification (SIC), if known (e.g., SIC 3715)
    _7_ _1_ _1_

OR North American Industrial Classification (NAICS), if known (e.g., 336212)
    _3_ _6_ _1_ _1_ _1_

**Employment information**

Annual average number of employees        9173

Total hours worked by all employees last year        16335417

**Sign here**

Knowingly falsifying this document may result in a fine.

I certify that I have examined this document and that to the best of my knowledge the entries are true, accurate, and complete

Company executive        VP, Production
                                    Title

650-681-5000        1-Feb-17
Phone        Date

**Post this Summary page from February 1 to April 30 of the year following the year covered by the form**

Public reporting burden for this collection of information is estimated to average 58 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office

AS-IS

**GC EXHIBIT 017-013**

**From:** David Zweig
**Sent:** Wednesday, April 05, 2017 6:40 PM
**To:** Jonathan Galescu <jgalescu@tesla.com>
**Cc:** Richard Ortiz <rlortiz@tesla.com>; Josh Hedges <jhedges@tesla.com>
**Subject:** RE: Requesting OSHA forms

Dear Jonathan:

Please see Part 2 of the requested Cal/OSHA 300 logs attached.

Sincerely,

**David Zweig | HR | Human Resources**

45500 Fremont Boulevard | Fremont, CA 94538



1

# GC EXHIBIT 018-001

GC-18

22-60493.2957

-XHIBIT NO. GP-18 RECEIVED ✓ REJECTED

32-CA-197020

CASE NO _____ CASE NAME: Tesla, Inc.

OF 217 DATE: 6/13/18 REPORTER: B. RAST

22-60493.2958

Cal/OSHA Form 300 (Rev.7/2007)

# Log of Work-Related Injuries and Illnesses

Attention: This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes. See CCR Title 8 14300.29(b)(6)-(10)

**Year: 2012**

Telsa Factory — Fremont, CA 94538

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in CCR Title 8 Section 14300.8 through 14300.12. Feel free to use two lines for a single case if you need to. You must complete an Injury and Illness Incident Report (Cal/OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local Cal/OSHA office for help.

| Case # | Employee's Name | Job Title (e.g. welder) | Date of injury or onset of illness (month/day) | Where the event occurred (e.g. Loading dock north end) | Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill. (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Job transfer or restriction (I) | Other recordable cases (J) | Away from work (K) days | On the job transfer or restriction days | Injury (1) | Skin Disorder (2) | Respiratory condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | Process Engineer | 1/17 | Aisle in front of remelt furnace #100, Clarksville TN | Burns to area above ear, shoulder and back from hot metal | | | X | | days | days | X | | | | | |
| 2 | | Controls Engineer | 2/28 | Battery Pack line general assembly | Sprained Anke from slipping on water on floor | | | X | | days | 32 days | X | | | | | |
| 3 | | Contract Quality Employee | 3/30 | BIW V Aisle Fab Shop | Broken Thumb when panel fell on it. | | | | X | days | days | X | | | | | |
| 4 | | Tool & Die Maker | 5/15 | Stamping Bay 5 | Metal shaving in eye, from grinding | | | X | | days | 2 days | X | | | | | |
| 5 | | Inspector | 5/23 | BIW Inspection area | Table pushed in legs causing bruised lower leg | | | X | | days | 44 days | X | | | | | |
| 6 | | Temp Laborer | 5/17 | Tennesse Contech facility | Laceration to wrist/forearm | | | | X | days | days | X | | | | | |
| 7 | | Supervisor Stamping | 6/5 | Stamping Coil Storage area | Tripped and fell, concussion to forehead from impact | | X | | | 1 days | days | X | | | | | |
| 8 | | Maintenance Engineering | 7/6 | Tennesse Contech facility | 2nd degree burn to shoulder from metal slug | | | X | | days | days | X | | | | | |
| 9 | | Manufacturing Technician | 7/19 | Maintenace Machine Shop | Projectile from press caused laceration to head | | | X | | days | days | X | | | | | |
| 10 | | Manufacturing Technician | 7/19 | Maintenace Machine Shop | Skin contact with old hydraulic fluid caused rash | | | X | | days | days | | X | | | | |
| 11 | | Material Handler | 7/28 | Fremont front lobby | Cut to the knee from walking into a glass wall | | | X | | days | days | X | | | | | |
| 12 | | Engineer | 6/27 | Vehicle test shop | Sprain / Strain Upper back | | | X | | days | 35 days | X | | | | | |
| 13 | | Assembly Assoc. | 8/17 | Battery Assembly Line | Strain of legs Knees, Tendonitis, physical assertion | | | X | | days | 53 days | X | | | | | |
| 14 | | Vehicle Tech. | 9/1 | Battery Assembly Line | Finger pinched between pack and cart, laceration | | | X | | days | 12 days | X | | | | | |
| 15 | | BIW Assocaite | 9/6 | Body In White Doors | Dermatitis on extremities, cause unknown | | X | | | 3 days | days | | X | | | | |
| 16 | | Assembly Assoc. | 9/9 | Battery Assembly Line | Cut to R foot | | | X | | days | 28 | X | | | | | |
| 17 | | Production Associate | 9/16 | PWT Production floor | Twisted and sprained left ankle while moving battery | | X | | | 6 days | 6 | X | | | | | |
| 18 | | Warehouse associate | 9/10 | Receiving South Dock | Sprain/Strain Thoracic Sping Midback, pulled muscle when lifting box | | | X | | days | 112 | X | | | | | |
| 19 | | Paint Technician | 9/14 | Paint shop inspection deck | Tendinitis of hand and wrist from polishing cars | | | X | | days | 52 | X | | | | | |
| 20 | | Paint Technician | 9/24 | Paint shop inspection deck | Sprain/Strain Thoracic Sping Midback reworking painted finishe of cars, repetetive bending | | | X | | days | 28 | X | | | | | |
| 21 | | CMM Technician | 9/24 | Steps from Restroom Q21 | Sprain ankle, slipped decending steps from restroom | | | X | | days | 8 | X | | | | | |
| 22 | | Paint Technician | unknown | unknown | Possible back injury to be determined | | X | | | 7 days | | X | | | | | |
| 23 | | Production Associate | 9/28 | General Assembly Trim 2 | Hands Swollen from repetetive motion | | X | | | 1 days | | X | | | | | |
| 24 | | Plastics Assoc | 10/12 | Plastics rework area | Laceration to thumb by exacto knife | | | | X | days | | X | | | | | |
| 25 | | Body center | 10/4 | Body in White | Allergic reaction to adhesive | | X | | | 4 days | | | X | | | | |
| 26 | | General Assembly | 10/24 | Chassis suspension install | Bruised ribs from impact of AGC Cart | | X | | | 45 days | | X | | | | | |
| 27 | | Production Associate | 10/3 | PWT Manufacturing (Stator) | Corneal Abrasion | | | | X | days | | X | | | | | |
| 28 | | Production Associate | 10/10 | Paint | Left ankle sprain | | | | X | days | | X | | | | | |
| 29 | | Tool & Die Maker | 11/1 | Die storage | Back Strain when trying to push die into position | | | X | | days | | X | | | | | |
| 30 | | Production Associate | 11/1 | Powertrain Module Line | Back strain pushing a module into machine | | X | | | 2 days | 2 | X | | | | | |
| 31 | | Production ... | | | ...Strain when trying to move pallet | | | X | | 12 days | | X | | | | | |

CONFIDENTIAL

Cal/OSHA Form 300 (Rev.7/2007)

# Log of Work-Related Injuries and Illnesses

STATE OF CALIFORNIA — CAL/OSHA

Attention: This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health programs. See CCR Title 8 14300.29(b)(6)-(10)

You must record information about every work-related death and about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in CCR Title 8 Section 14300.8 through 14300.12. Feel free to use two lines for a single case if you need to. You must complete an Injury and Illness Incident Report (Cal OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local Cal OSHA office for help.

**Telsa Factory**     **Fremont, CA 94538**     **Year: 2012**

| (A) | (B) | (C) | (D) Date of injury or | (E) Where the event occurred | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made | Death (G) | Days away from work (H) | Remained at work: Job transfer or restriction (I) | Remained at work: Other recordable cases (J) | Away from work (K) | On the job transfer or restriction (L) | Injury (1) | Skin Disorder (2) | Respiratory condition (3) | Poisoning (4) | Hearing loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 32 | ▓▓ | Prodcution Associate | 11/5 | PWT Stairs | Sprained ankle on stairs | | X | | | 2 | 3 | X | | | | | |
| 33 | ▓▓ | Production Control | 11/26 | South Dock Warehouse | Strained wrist trying to move pallet | | X | | | 9 | | X | | | | | |
| 34 | ▓▓ | Maintenance Engineering | 11/26 | Paint center | Back Strain removing hydraulic pump | | X | | | 24 | | X | | | | | |
| 35 | ▓▓ | Quality | 11/30 | Quality Destruct Lab | Finger laceration by grinder | | | X | | 18 | | X | | | | | |
| 36 | ▓▓ | Paint Technician | 11/15 | Paint Deck | Associate jumped off carrier straining his knee | | | | X | | | X | | | | | |
| 37 | ▓▓ | Manufacturing associate | 11/14 | Castins scrap conveyor | Torn ligament in arm trying to move scrap bin | | | | | | 20 | X | | | | | |
| 38 | ▓▓ | Production Assoiate | 12/15 | PWT Manufacturing (Drive-unit) | Laceration/Contusion to left leg | | | X | | 7 | | X | | | | | |
| 39 | ▓▓ | Production Assoiate | 12/15 | PWT Manufacturing (Drive-unit) | Contusion to head | | | | X | | | X | | | | | |
| 40 | ▓▓ | Production Assoiate | 12/28 | PWT Manufacturing (Stator) | Strain/Sprain to back | | | X | | 12 | | X | | | | | |
| 41 | ▓▓ | Production Associate | 11/14 | PWT Manufacturing (Inverter) | Strain/Sprain in right shoulder and neck | | X | | | 3 | | X | | | | | |
| 42 | ▓▓ | Quality Inspector | 11/14 | inspection platform | Strained tendon in leg, while running to car | | X | | | 3 days | days | X | | | | | |
| 43 | ▓▓ | Production associate | 12/10 | Chassis staging area | bruised ribs from bear hug from colleague | | | X | | 8 | | X | | | | | |
| 44 | ▓▓ | Production Associate | 12/16 | Body In white operator station | sprained elbow from lifting parts | | X | | | 7 | | X | | | | | |
| 45 | ▓▓ | Production Associate | 12/21 | Body In white operator station | sprained wrist from lifting parts | | | | X | | | X | | | | | |
| 46 | ▓▓ | Prodcution Associate | 12/22 | General Assembly Chassis 2 | Sore wrist from hammering door panels in car door | | | X | | 4 | | X | | | | | |
| | | | | | **Page Totals** | 0 | 11 | 22 | 13 | 55 days | 560 days | 43 | 3 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Page    1   of   1

NOTE: If additional pages are required: Copy this page; Insert a new Worksheet (Sheet1-2,etc); Paste the copy in it; then Copy the Page Totals from row 31 (columns L-Y) of that previous page; and Paste-Special (values) them into row 15 (columns L-Y) of this Form 300 page. This will update the Form 300A linked to this page with the most current totals. Then update row 34's Page # on each page.

CONFIDENTIAL

# OSHA's Form 300 (Rev. 01/2004)
# Log of Work-Related Injuries and Illnesses

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year __2013__

**U.S. Department of Labor**
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176

You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid.  You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional.  You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12.  Feel free to use two lines for a single case if you need to.  You must complete an injury and illness incident report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form.  If you're not sure whether a case is recordable, call your local OSHA office for help.

Establishment name     Tesla Factory

City   Fremont          State   CA

| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g., Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Job transfer or restriction (I) | Other recordable cases (J) | Away From Work (days) (K) | On job transfer or restriction (days) (L) | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00105 | ▓▓▓ | Process Engine | 03/02 | Powertrain Manufacturing PWT M | Cut, Laceration, Puncture affecting the Fingers occurred from Holding or Carrying caused by Box. | | | x | | | | x | | | | | |
| 00113 | ▓▓▓ | Production Asso | 02/26 | Powertrain Manufacturing Pack E | Concussion affecting the Thumb occurred from Lifting or Handling caused by Hoist Equipment. | | | x | | | | x | | | | | |
| 00129 | ▓▓▓ | Body Center En | 01/09 | VM Body Center Main Line Body | Sprains, Strains affecting the Back/ Spine occurred from Lifting or Handling caused by | | | x | | | 63 | x | | | | | |
| 00130 | ▓▓▓ | Quality Inspecto | 01/12 | VM Quality Quality Inspection Are | Sprains, Strains affecting the Multiple Body Parts occurred from Slip / Fall caused by Ladder or | | | x | | | 66 | x | | | | | |
| 00131 | ▓▓▓ | Production Asso | 01/16 | VM Body Center Main Line Body | Sprains, Strains affecting the Wristt occurred from Repetitive motion caused by Hand Tool. | | | x | | | 80 | x | | | | | |
| 00132 | ▓▓▓ | Production Asso | 01/17 | VM Paint Center Conveyors | Cut, Laceration, Puncture affecting the Fingers occurred from Contact with caused by Sharp | | | | x | | | x | | | | | |
| 00133 | ▓▓▓ | Production Asso | 01/18 | VM Paint Center Main Line Body | Sprains, Strains affecting the Back/ Spine occurred from Repetitive motion caused by | | | x | | | 3 | x | | | | | |
| 00134 | ▓▓▓ | Production Asso | 01/18 | VM Press Center Laser / Blank Lo | Sprains, Strains affecting the Knee occurred from Slip / Fall caused by Debris on Floor. | | | x | | | 44 | x | | | | | |
| | | | | | **Page totals** | 0 | 0 | 5 | 3 | 0 | 256 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information.  Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  If you have any comments about these estimates or any aspects of this data collection, contact:  US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210.  Do not send the completed forms to this office.

Page   1 of 21

(1) Injury  (2) Skin Disorder  (3) Respiratory Condition  (4) Poisoning  (5) Hearing Loss  (6) All other illnesses



22-60493.2962 **GC EXHIBIT 018-005**

# OSHA's Form 300 (Rev. 01/2004)
# Log of Work-Related Injuries and Illnesses

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year __2013__



**U.S. Department of Labor**
Occupational Safety and Health Administration

You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Form approved OMB no. 1218-0176

Establishment name __Tesla Factory__

City __Fremont__   State __CA__

| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g., Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | (G) Death | (H) Days away from work | (I) Job transfer or restriction | (J) Other record-able cases | (K) Away From Work (days) | (L) On job transfer or restriction (days) | (M)(1) Injury | (2) Skin Disorder | (3) Respiratory Condition | (4) Poisoning | (5) Hearing Loss | (6) All other illnesses |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00135 | | Production Supe | 01/22 | VM Assembly Center Chassis | Contusion, Crushing, Bruise affecting the Fingers occurred from Contact with caused by Hand Tool. | | x | | | 1 | | x | | | | | |
| 00136 | | Manufacturing T | 01/22 | VM Castings Center (HPDC) Fur | Sprains, Strains affecting the Shoulder occurred from Overexertion caused by Throwing Motion. | | | x | | | 20 | x | | | | | |
| 00138 | | Production Asso | 01/26 | VM Assembly Center Chassis | Sprains, Strains affecting the Back/ Spine occurred from Unknown caused by Unknown. | | | | x | | | x | | | | | |
| 00139 | | Supervisor Prod | 01/26 | VM Castings Center (HPDC) HPE | Burns (Heat) affecting the Multiple Body Parts occurred from Contact with caused by Hot Objects | | | | x | | | x | | | | | |
| 00140 | | Paint Productio | 01/30 | VM Paint Center Paint Conveyor | Cut, Laceration, Puncture affecting the Fingers occurred from Contact with caused by Conveyor. | | | | x | | | x | | | | | |
| 00143 | | Production Asso | 01/31 | VM CNC Machining Center Mach | Sprains, Strains affecting the Arm occurred from Material Handling caused by Repetitive Motion. | | | x | | | 51 | x | | | | | |
| 00145 | | Production Asso | 02/04 | VM Assembly Center Column B2 | Contusion, Crushing, Bruise affecting the Head occurred from Bicycle Wreck caused by getting | | x | | | 1 | | x | | | | | |
| 00147 | | Production Asso | 02/05 | VM Body Center Weld House R | Sprains, Strains affecting the Multiple Body Parts occurred from Overexertion caused by No Known | | | | x | | | x | | | | | |
| | | | | | **Page totals** | 0 | 2 | 2 | 4 | 2 | 71 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

| | | | | | | Injury | Skin Disorder | Respiratory Condition | Poisoning | Hearing Loss | All other illnesses |

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

Page __2__ of 21

(1)   (2)   (3)   (4)   (5)   (6)

CONFIDENTIAL

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

# OSHA's Form 300 (Rev. 01/2004)
# Log of Work-Related Injuries and Illnesses

Year __2013__



**U.S. Department of Labor**
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176

You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Establishment name ___Tesla Factory___

City ___Fremont___   State ___CA___

| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g., Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | (G) Death | (H) Days away from work | (I) Remained at work — Job transfer or restriction | (J) Remained at work — Other recordable cases | (K) Away From Work (days) | (L) On job transfer or restriction (days) | (M) (1) Injury | (2) Skin Disorder | (3) Respiratory Condition | (4) Poisoning | (5) Hearing Loss | (6) All other illnesses |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00149 | | Production Asso | 02/05 | VM Assembly Center Trim 1 | Cut, Laceration, Puncture affecting the Hand occurred from Sharp edge caused by Vehicle. | | | | x | | | x | | | | | |
| 00151 | | Paint Production | 02/07 | VM Paint Center Sealer Deck | Sprains, Strains affecting the Wrist occurred from Overexertion caused by Hand Tools | | | x | | | 10 | x | | | | | |
| 00153 | | Production Asso | 02/07 | VM Assembly Center Chassis | Sprains, Strains affecting the Back/ Spine occurred from Reaching caused by Awkward | | | x | | | 13 | x | | | | | |
| 00156 | | Material Handle | 02/09 | VM Production Control Tire Load | Sprains, Strains affecting the Abdomen occurred from Lifting or Handling caused by Personal | | | x | | | 32 | x | | | | | |
| 00157 | | Quality Inspecto | 02/11 | VM Assembly Center Trim 1 | Cut, Laceration, Puncture affecting the Fingers from cut contact with caused by leatherman | | | | x | | | x | | | | | |
| 00158 | | Material Handle | 03/26 | Powertrain Material Hub (Dock L) | Cut, Laceration, Puncture affecting the Hand occurred from Contact with caused by Exposed | | | x | | | 4 | x | | | | | |
| 00159 | | Production Asso | 01/17 | Powertrain Manufacturing Cooling | was diagnosed with Tendinitis ,Carpal Tunnel, and Epicondylitis. | | | | x | | | x | | | | | |
| 00160 | | Production Asso | 03/26 | Powertrain Manufacturing High V | Contusion, Crushing, Bruise affecting the Leg occurred from Contact with caused by Falling or | | | x | | | 8 | x | | | | | |
| | | | | | **Page totals** | 0 | 0 | 5 | 3 | 0 | 67 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

|  | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

Page ___3 of 21___

22-60493.2964

# GC EXHIBIT 018-007



# OSHA's Form 300 (Rev. 01/2004)
## Log of Work-Related Injuries and Illnesses

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year  2013

**U.S. Department of Labor**
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176

You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Establishment name  Tesla Factory

City  Fremont   State  CA

| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g., Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Remained at work — Job transfer or restriction (I) | Remained at work — Other recordable cases (J) | Away From Work (days) (K) | On job transfer or restriction (days) (L) | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00162 | | Production Asso | 03/04 | VM Body Center Special Means | Eye affecting the Eye(s), Pupil occurred from Exposure to caused by Foreign Matter/Body | | | | x | | | x | | | | | |
| 00164 | | CTL Operator | 03/29 | Powertrain Manufacturing CTL Li | Head Pain affecting the Head occurred from Collision caused by Machine(s) Machinery | | x | | | 1 | | x | | | | | |
| 00165 | | Production Asso | 02/14 | VM Assembly Center Trim 2 | Concussion affecting the Head occurred from Forklift incident caused by Forklift. | | x | | | 4 | 10 | x | | | | | |
| 00166 | | Maintenance Te | 01/30 | VM Paint Center Conveyors | Sprains, Strains affecting the Back/ Spine occurred from Lifting or Handling caused by Applying excessive force | | x | | | 20 | 15 | x | | | | | |
| 00167 | | IT associate | 02/28 | VM IT MES & Facilities IT offices | Sprains, Strains affecting the Hip(s) Pelvis occurred from Slip, Fall caused by Stairs. | | | x | | | 18 | x | | | | | |
| 00168 | | Production Asso | 03/04 | VM Assembly Center Chassis | Sprains, Strains affecting the Back/ Spine occurred from Lifting or Handling caused by Awkward Position | | | x | | | 15 | x | | | | | |
| 00169 | | Production Asso | 03/05 | VM Assembly Center Chassis | Fracture affecting the Arm occurred from Slip, Fall caused by Stairs. | | x | | | 30 | | x | | | | | |
| 00171 | | Sr Test Enginee | 03/19 | Vehicle Test Workshop and Lab | Cut, Laceration, Puncture affecting the Fingers occurred from Contact with caused by Scissors. | | | x | | | 7 | x | | | | | |
| | | | | | **Page totals** | 0 | 4 | 3 | 1 | 55 | 65 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

Page  4 of 21

Injury (1)  Skin Disorder (2)  Respiratory Condition (3)  Poisoning (4)  Hearing Loss (5)  All other illnesses (6)

# GC EXHIBIT 018-008

**OSHA's Form 300** (Rev. 01/2004)

# Log of Work-Related Injuries and Illnesses

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year __2013__



**U.S. Department of Labor**
Occupational Safety and Health Administration

You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Form approved OMB no. 1218-0176

Establishment name     Tesla Factory

City     Fremont          State     CA

| Identify the person | | | | Describe the case | | Classify the case | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g., Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | **CHECK ONLY ONE** box for each case based on the most serious outcome for that case: | | | | Enter the number of days the injured or ill worker was: | | Check the "injury" column or choose one type of illness: | | | | | |
| | | | | | | Death (G) | Days away from work (H) | Remained at work | | Away From Work (days) (K) | On job transfer or restriction (days) (L) | (M) | | | | | |
| | | | | | | | | Job transfer or restriction (I) | Other record-able cases (J) | | | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
| 00173 | | Production Asso | 04/04 | PWT MFG - Stator Encapsulation | Crushing affecting the Fingers occurred from Caught On, In, Under or Between caused by Machine or Machinery. | | | x | | | 28 | x | | | | | |
| 00177 | | Material Handle | 04/12 | VM Production Control Warehouse | Contusion, Crushing, Bruise affecting the Other occurred from Struck or Injured caused by Bungee Cord. | | | x | | | 14 | x | | | | | |
| 00178 | | Production Asso | 04/12 | Powertrain Manufacturing Aisle b | Sprains, Strains affecting the Feet occurred from Slip, Fall caused by Wet Floor. | | | x | | | 47 | x | | | | | |
| 00179 | | Material Handle | 04/22 | Powertrain Production Control PV | Contusion, Crushing, Bruise affecting the Ankle occurred from Caught On, In, Under or Between caused by Electric Pallet Jack and Wall. | | | x | | | 28 | x | | | | | |
| 00180 | | Trimmer | 04/19 | VM Assembly Center Third Row S | Sprains, Strains affecting the Arm occurred from Overexertion caused by Handling Objects. | | | x | | | 126 | x | | | | | |
| 00181 | | Maintenance Te | 04/22 | Maintenance Equipment and Engi | Laceration, Puncture affecting the Fingers occurred from Caught On, In, Under or Between caused by Handling Objects. | | | x | | | 10 | x | | | | | |
| 00182 | | Production Asso | 04/22 | VM Assembly Center Chassis | Sprains, Strains affecting the Back/ Spine occurred from Overexertion caused by No Known Event. | | | x | | | 10 | x | | | | | |
| 00183 | | Production Asso | 04/29 | PWT Manufacturing - Inverter Po | Carpal Tunnel Syndrome affecting the Wrist occurred from Strain or Injury caused by Repetitive Motion. | | | x | | | 28 | x | | | | | |
| | | | | | Page totals | 0 | 0 | 8 | 0 | 0 | 291 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

| | | | | | | | | Injury | Skin Disorder | Respiratory Condition | Poisoning | Hearing Loss | All other illnesses |

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

Page     5 of 21          (1)   (2)   (3)   (4)   (5)   (6)

CONFIDENTIAL

22-60493.2966

# GC EXHIBIT 018-009

**OSHA's Form 300** (Rev. 01/2004)

# Log of Work-Related Injuries and Illnesses

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year **2013**



**U.S. Department of Labor**
Occupational Safety and Health Administration

You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Form approved OMB no. 1218-0176

Establishment name    Tesla Factory
City    Fremont    State    CA

| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g., Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Remained at work — Job transfer or restriction (I) | Remained at work — Other recordable cases (J) | Away From Work (days) (K) | On job transfer or restriction (days) (L) | Injury (M)(1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00184 | | Production Assoc | 05/14 | Powertrain Manufacturing Druve | Tendinitis affecting the Wrist occurred from Strain or Injury caused by Repetitive Motion. | | | x | | | 14 | x | | | | | |
| 00185 | | Manufacturing E | 05/29 | Powertrain Manufacturing Engine | Andrew suffered a neck strain. He could... move his neck. | | x | | | 2 | | x | | | | | |
| 00186 | | Material Handle | 05/09 | VM Production Control Toyota-Ts | Sprains, Strains affecting the Back/ Spine occurred from Lifting or Handling caused by Handling Object. | | x | | | 2 | | x | | | | | |
| 00187 | | Production Assoc | 05/17 | VM Plastics Center Injection Mold | Cut, Laceration, Puncture affecting the Hand occurred from Caught On, In, Under or Between caused by Pinch Point. | | | x | | | 5 | x | | | | | |
| 00188 | | Quality Inspecto | 05/21 | VM Body Center Quality Inspecti | Sprains, Strains affecting the Back/ Spine ...d from Slip, Fall caused by Improper ... used as stool. | | | x | | | | x | | | | | |
| 00189 | | Production Assoc | 05/31 | VM Body Center Body ...er Bac | ...l, Laceration, Puncture affecting the Knee occ...red from Sharp Edge caused by Falling or Flying Object. | | | x | | | | x | | | | | |
| 00191 | | Production Assoc | 04/09 | VM Press Center Press ...er to | Sprains, Strains affecting the Arm occurred from Reaching caused by Pushing Object. | | | x | | | 60 | x | | | | | |
| 00195 | | Production Assoc | 06/01 | VM CNC Mac...ning Center CNC | Contusion, Crushing, Bruise affecting the Fingers occurred from Struck or Injured caused by Box. | | | x | | | 10 | x | | | | | |
| | | | | | **Page totals** | 0 | 2 | 4 | 2 | 4 | 89 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

Page    6 of 21

| Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |

22-60493.2967

# GC EXHIBIT 018-010

# OSHA's Form 300 (Rev. 01/2004)
# Log of Work-Related Injuries and Illnesses

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.



Year __2013__
**U.S. Department of Labor**
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176

You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident report (OSHA 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Establishment name __Tesla Factory__

City __Fremont__    State __CA__

| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g. Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | Death (H) | Days away from work (I) | Remained at work: Job transfer or restriction (I) | Remained at work: Other recordable cases (J) | Away From Work (days) (K) | On job transfer or restriction (days) (L) | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00196 | | Production Asso | 06/01 | VM CNC Machining Center CNC | Concussion affecting the Head occurred from Slip, Fall caused by Liquid or Grease Spills. | x | | | | 3 | | x | | | | | |
| 00197 | | Paint Production | 06/24 | VM Paint Center sound deadene | Sprains, Strains affecting the Back / Spine occurred from Reaching caused by Awkward Position. | | | x | | | 7 | x | | | | | |
| 00198 | | Paint Production | 06/26 | VM Paint Center Outside on facto | Eye affecting the Eye / Pupil occurred from Unknown caused by Unknown. | | | | x | | | x | | | | | |
| 00199 | | Production Asso | 06/21 | VM Castings Center (HPDC) Scr | Burns (Heat) affecting the Hand occurred from Contact with caused by Hot Objects or Substances. | | | x | | | 7 | x | | | | | |
| 00200 | | Production Asso | 06/20 | VM Assembly Center Panoramic | Sprains, Strains affecting the Knee occurred from Fall caused by Debris on Floor. | | | | x | | | x | | | | | |
| 00201 | | Production Asso | 06/18 | VM Assembly Center Third Row | Sprains, Strains affecting the Shoulder occurred from Lifting or Handling caused by Awkward Position. | | | | x | | | x | | | | | |
| 00202 | | Paint Production | 06/17 | VM Paint Center Body armour ap | Cut, Laceration, Puncture affecting the Hand occurred from Contact with caused by Sharp Object(s). | | | x | | | 7 | x | | | | | |
| 00203 | | Production Asso | 06/13 | VM Assembly Center Trim 1 | Sprains, Strains affecting the Arm occurred from Overexertion caused by Repetetive Motion. | | | x | | | 7 | x | | | | | |
| | | | | | **Page totals** | 0 | 1 | 4 | 3 | 3 | 28 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

| | Injury | Skin Disorder | Respiratory Condition | Poisoning | Hearing Loss | All other illnesses |
|---|---|---|---|---|---|---|
| | (1) | (2) | (3) | (4) | (5) | (6) |

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

Page    7 of 21

CONFIDENTIAL

# GC EXHIBIT 018-011

22-60493.2968

# OSHA's Form 300 (Rev. 01/2004)
# Log of Work-Related Injuries and Illnesses

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.



Year **2013**

**U.S. Department of Labor**
Occupational Safety and Health Administration

You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Form approved OMB no. 1218-0176

Establishment name ___ Tesla Factory ___

City ___ Fremont ___    State ___ CA ___

| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g., Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Remained at work — Job transfer or restriction (I) | Remained at work — Other recordable cases (J) | Away From Work (days) (K) | On job transfer or restriction (days) (L) | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00204 | ▆▆▆ | Production Asso | 06/03 | VM Assembly Center Trim 1 | Contusion, Crushing, Bruise affecting the fingers occurred from Jumping caused by Trip and Fall. | | | | x | | | x | | | | | |
| 00205 | ▆▆▆ | Production Asso | 05/28 | VM Assembly Center Chassis | Sprains, Strains affecting the Back/ Spine occurred from Reaching caused by Awkward Position. | | | x | | | 7 | x | | | | | |
| 00206 | ▆▆▆ | Production Asso | 05/23 | VM Assembly Center Trim 2 | Sprains, Strains affecting the fingers occurred from Caught On, In, Under or Between caused by Power Hand Tool. | | | | x | | | x | | | | | |
| 00207 | ▆▆▆ | Production Asso | 05/23 | VM Body Center Body center Bat | Other affecting the Eye(s), Pupil occurred from Exposure to Noise by Respirator filtered air. | | | | x | | | x | | | | | |
| 00208 | ▆▆▆ | Material Handle | 05/14 | VM Production Control TTL1 Loa | Eye affecting the Eye(s), Pupil occurred from Illness caused by Foreign Matter (Body). | | | | x | | | x | | | | | |
| 00209 | ▆▆▆ | Production Asso | 04/25 | VM Assembly Center Chassis | Contusion, Crushing, Bruise affecting the Hand occurred from Lifting or Handling caused by Hand Tool. | | | | x | | | x | | | | | |
| 00210 | ▆▆▆ | Production Asso | 04/25 | VM Body Center GL Hot area | Dermatitis - Allergenic or Contact ... occurred from Contact with caused by Chemicals. | | | | x | | | x | | | | | |
| 00211 | ▆▆▆ | Production Asso | 02/15 | VM Assembly Center Chassis | Sprains, Strains affecting the Back/ Spine occurred from Lifting or Handling caused by Awkward Position. | | | | x | | | x | | | | | |
| | | | | | **Page totals** | 0 | 0 | 1 | 7 | 0 | 7 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

| | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

# GC EXHIBIT 018-012

22-60493.2969

# OSHA's Form 300 (Rev. 01/2004)
# Log of Work-Related Injuries and Illnesses

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year __2013__

**U.S. Department of Labor**
Occupational Safety and Health Administration



You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Form approved OMB no. 1218-0176

Establishment name _____ Tesla Factory _____

City ____ Fremont ____    State ____ CA ____

| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g., Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Remained at work — Job transfer or restriction (I) | Remained at work — Other recordable cases (J) | Away From Work (days) (K) | On job transfer or restriction (days) (L) | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00213 | ███ | Production Asso | 02/27 | VM Assembly Center Trim 2 | Carpal Tunnel Syndrome affecting the Hand occurred from Repetitive motion caused by Applying excessive force. | | | | x | | | x | | | | | |
| 00215 | ███ | Quality Technic | 07/11 | Powertrain Quality PWT Gearbox | Pinched left hand thumb caused by... | | | x | | | 7 | x | | | | | |
| 00216 | ███ | Lead Production | 06/22 | Powertrain Manufacturing Module | Cut, Laceration, Puncture affecting the Hand occurred from Contact with caused by exposed blade on knife. | | | x | | | 5 | x | | | | | |
| 00219 | ███ | Paint Production | 06/18 | VM Plastics Paint Bumper Tack | Sprains, Strains affecting the Arm occurred from Repetitive motion caused by No Known Event. | | | | x | | | x | | | | | |
| 00220 | ███ | Production Asso | 07/02 | VM Press Center Metal Finishing | Sprains, Strains affecting the Arm occurred from ... caused by Hand Tool. | | | x | | | 14 | x | | | | | |
| 00222 | ███ | Production Asso | 06/06 | VM Quality Chassis | ...action affecting the Fingers occurred from Contact with caused by Fixed Object. | | | x | | | 6 | x | | | | | |
| 00223 | ███ | Production Asso | 07/12 | VM Assembly Center Chassis | Eye affecting the Eye(s), Pupil occurred from Exposure to caused by Foreign Matter (Body). | | | | x | | | x | | | | | |
| 00224 | ███ | Production Asso | 07/18 | VM Body Center Main Line Body | Sprains, Strains affecting the Shoulder occurred from Holding or Carrying caused by Awkward Position. | | | x | | | 10 | x | | | | | |
| **Page totals** | | | | | | 0 | 0 | 5 | 3 | 0 | 42 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

Totals columns: Injury (1), Skin Disorder (2), Respiratory Condition (3), Poisoning (4), Hearing Loss (5), All other illnesses (6)

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

(1)  (2)  (3)  (4)  (5)  (6)

CONFIDENTIAL

# GC EXHIBIT 018-013

# OSHA's Form 300 (Rev. 01/2004)
# Log of Work-Related Injuries and Illnesses

**Attention** This form contains information relating to employee health and must be used in a manner that protects the confidentiality of employees to the extent possible while the information is being used for occupational safety and health purposes.

Year __2013__

**U.S. Department of Labor**
Occupational Safety and Health Administration



Form approved OMB no. 1218-0176

You must record information about every work-related injury or illness that involves loss of consciousness, restricted work activity or job transfer, days away from work, or medical treatment beyond first aid. You must also record significant work-related injuries and illnesses that are diagnosed by a physician or licensed health care professional. You must also record work-related injuries and illnesses that meet any of the specific recording criteria listed in 29 CFR 1904.8 through 1904.12. Feel free to use two lines for a single case if you need to. You must complete an injury and illness incident report (OSHA Form 301) or equivalent form for each injury or illness recorded on this form. If you're not sure whether a case is recordable, call your local OSHA office for help.

Establishment name   Tesla Factory

City   Fremont          State   CA

| (A) Case No. | (B) Employee's Name | (C) Job Title (e.g., Welder) | (D) Date of injury or onset of illness (mo./day) | (E) Where the event occurred (e.g. Loading dock north end) | (F) Describe injury or illness, parts of body affected, and object/substance that directly injured or made person ill (e.g. Second degree burns on right forearm from acetylene torch) | Death (G) | Days away from work (H) | Remained at work — Job transfer or restriction (I) | Remained at work — Other recordable cases (J) | Away From Work (days) (K) | On job transfer or restriction (days) (L) | Injury (1) | Skin Disorder (2) | Respiratory Condition (3) | Poisoning (4) | Hearing Loss (5) | All other illnesses (6) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00225 | ▇▇▇▇ | Production Asso | 07/23 | VM Assembly Center Trim 2 | Sprains, Strains affecting the Fingers occurred from Overexertion caused by Repetitive Motion | | | x | | | 14 | x | | | | | |
| 00227 | ▇▇▇▇ | Production Asso | 01/08 | VM Body Center Body center Bat | Sprains, Strains affecting the Shoulder occurred from Slip, Fall caused by Debris on Floor | | | x | | | 14 | x | | | | | |
| 00228 | ▇▇▇▇ | Die Maker | 07/08 | VM Press Center Press center to | Tendinitis affecting the Multiple Body Pa occurred from Overexertion caused by Hand Tool. | | | | x | | | x | | | | | |
| 00229 | ▇▇▇▇ | Manager Packa | 07/04 | Supply Chain/Logiistics Warehou | Sprains, Strains ... occurred from Lifting or Handling caused by Handling Objects. | | | | x | | | x | | | | | |
| 00230 | ▇▇▇▇ | Material Handle | 07/22 | VM Production Control Warehou | Contusion, Crushing, Bruise affecting the Foot occurred from Struck or Injured caused by pallet jac | | | x | | | 10 | x | | | | | |
| 00232 | ▇▇▇▇ | Production Asso | 07/23 | VM Press Center Press | Sprains, Strains affecting the Back/ Spine occurred from Bending caused by Hand Tool. | | | x | | | 14 | x | | | | | |
| 00233 | ▇▇▇▇ | Production Asso | 07/07 | VM Press Center, Metal Finishing | Tendinitis affecting the Wrist occurred from Repetitive motion caused by Hand Tool. | | | x | | | 14 | x | | | | | |
| 00234 | ▇▇▇▇ | Production Asso | 07/26 | VM Assembly Center Trim 2 | Contusion, Crushing, Bruise affecting the Chest occurred from Struck or Injured caused by Tugger and Dolly. | | | x | | | 14 | x | | | | | |
| | | | | | **Page totals** | 0 | 0 | 6 | 2 | 0 | 80 | 8 | 0 | 0 | 0 | 0 | 0 |

Be sure to transfer these totals to the Summary page (Form 300A) before you post it.

|  | Injury | Skin Disorder | Respiratory Condition | Poisoning | Hearing Loss | All other illnesses |
|---|---|---|---|---|---|---|
| | (1) | (2) | (3) | (4) | (5) | (6) |

Public reporting burden for this collection of information is estimated to average 14 minutes per response, including time to review the instruction, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistics, Room N-3644, 200 Constitution Ave, NW, Washington, DC 20210. Do not send the completed forms to this office.

Page   10 of 21

CONFIDENTIAL

**GC EXHIBIT 018-014**