# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 26, 2022

Mr. Daniel E. Curry
Schwartz, Steinsapir, Dohrmann & Sommers, L.L.P.
6300 Wilshire Boulevard
Suite 2000
Los Angeles, CA 90048

Mr. Michael E. Kenneally
Morgan, Lewis & Bockius, L.L.P.
1111 Pennsylvania Avenue, N.W.
Suite 411
Washington, DC 20004

    No. 22-60493   Tesla v. NLRB
                          Agency No. 32-CA-197020

Dear Mr. Curry, Mr. Kenneally,

We have filed the record. PETITIONER'S BRIEF AND RECORD EXCERPTS ARE DUE WITHIN 40 DAYS FROM THE DATE ABOVE, See **FED. R. APP. P.** and **5TH CIR. R.** 28, 30 and 31. Except in the most extraordinary circumstances, the <u>maximum</u> extension for filing briefs is 40 days in agency cases. See also **5TH CIR. R.** 30.1.2 and **5TH CIR. R.** 31.1 to determine if you have to file electronic copies of the brief and record excerpts, and the Portable Document Format (PDF) you MUST use. See also **5TH CIR. R.** 30.1 for the contents of the Record Excerpts which are filed instead of an appendix. You may access our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist.pdf". An intervenor's time is governed by **5TH CIR. R.** 31.2. **5TH CIR. R.** 42.3.2 allows the clerk to dismiss appeals **without notice** if the brief is not filed on time.

**The caption for this appeal is attached, and we ask you to use it on any briefs filed with this court.**

We have filed the certified list. PETITIONER'S BRIEF AND EXCERPTS ARE DUE WITHIN 40 DAYS FROM THE DATE ABOVE, See **FED. R. APP. P.** and **5TH CIR. R.** 28, 30 and 31. Except in the most extraordinary circumstances, the <u>maximum</u> extension for filing briefs is 40 days in agency cases. See also **5TH CIR. R.** 30.1.2 and **5TH CIR. R.** 31.1

to determine if you have to file electronic copies of the brief and record excerpts, and the Portable Document Format (PDF) you MUST use.  See also **5TH CIR. R.** 30.1 for the contents of the Record Excerpts which are filed instead of an appendix.  You may access our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist.pdf".  An intervenor's time is governed by **5TH CIR. R.** 31.2.  **5TH CIR. R.** 42.3.2 allows the clerk to dismiss appeals **without notice** if the brief is not filed on time.

**The caption for this appeal is attached, and we ask you to use it on any briefs filed with this court.**

Because this case is proceeding on a certified list of documents instead of the record, see **5TH CIR. R.** 30.2.  Petitioner must obtain a copy of the portions of the record relied upon by the parties in their briefs, and file them within 21 days from the date of filing of respondent's brief, with suitable covers, numbering and indexing.

<u>Brief Template:</u>  The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief.  To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

**Guidance Regarding Citations for Administrative Records**

See **5TH CIR. R.** 28.2.2 - You must use the proper citation format when citing to the electronic administrative record.

Within the electronic record, the record citation cited at the bottom left hand side of the page is the proper citation to be used.

An example of a proper record citation format is, "ROA" followed by a period, followed by the page number.  For example, "ROA.123".  See **5TH CIR. R.** 28.2.2.

**Reminder as to Sealing Documents on Appeal:**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: /s/Allison Lopez
Allison Lopez, Deputy Clerk
504-310-7702

Enclosure(s)

cc w/encl:
    Mr. David Broderdorf II
    Ms. Ruth E. Burdick
    Mr. David S. Habenstreit
    Ms. Valerie Hardy-Mahoney
    Mr. Micah Prieb Stoltzfus Jost
    Mr. David Bruce Salmons
    Ms. Kira Dellinger Vol

Case No. 22-60493

Tesla, Incorporated; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO,

        Petitioners/Cross-Respondents

v.

National Labor Relations Board,

        Respondent/Cross-Petitioner